UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

Michael R. Johnson (*Pro Hac Vice*)
Austin C. Nate (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  anate@rqn.com
*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| In re:<br><br>MCCLAIN FEED YARD, INC., et al.,<br><br>     Debtors. | CASE NO. 23-20084-rlj7<br><br>(Jointly Administered Cases) |
|---|---|
| In re:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>     Debtors. | CASE NO. 23-50096-rlj12<br><br>(Jointly Administered Cases) |

| | |
|---|---|
| AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA and THORLAKSON DIAMOND T FEEDERS, LP, <br><br>       Plaintiffs, <br><br> EDWARD DUFURRENA et al., <br><br>       Intervenor Plaintiffs, <br><br> v. <br><br> RABO AGRIFINANCE LLC et al., <br><br>       Defendants. | ADVERSARY NO. 24-02007-rlj <br><br> (Consolidated Adversary Proceeding) |
| HTLF BANK, as successor to FIRST BANK & TRUST, <br><br>       Plaintiff, Counter-Defendant, and Cross-Claim Defendant, <br><br> v. <br><br> 2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and REBECCA A. ROBINSON, <br><br>       Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants, <br><br> v. <br><br> RABO AGRIFINANCE LLC and MECHANICS BANK, <br><br>       Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | ADVERSARY NO. 24-02007-rlj <br><br> (Consolidated Adversary Proceeding) |

| HTLF BANK, as successor to FIRST BANK & TRUST, |  |
|---|---|
|       Plaintiff and Counter-Defendant, |  |
| v. |  |
| 2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and REBECCA A. ROBINSON, |  |
|       Defendants and Counter-Plaintiffs. |  |

**RABO'S OPPOSITION TO PETITION IN INTERVENTION FILED BY RIDGEFIELD CAPITAL ASSET MANAGEMENT, LP, ROBERT ELLIS, CARRAWAY CATTLE, LLC, BIG SEVEN CAPITAL PARTNERS, LLC, RICHARD CARRAWAY, DREW PHILLIPS, BARRY PHILLIPS, PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, WILEY ROBY RUSSELL, JR., W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART [DKT. 9]**

Defendant/Third-Party Defendant/Third-Party Counterclaim Plaintiff/Cross-Claim Plaintiff Rabo AgriFinance LLC ("**Rabo**"), through counsel, hereby files this opposition to the *Petition for Intervention* (the "**Petition**") filed on September 19, 2024 by proposed intervenors Ridgefield Capital Asset Management, LP, Robert Ellis, Carraway Cattle, LLC, Big Seven Capital Partners, LLC, Richard Carraway, Drew Phillips, Barry Phillips, Priest Cattle Company, Ltd, Priest Victory Investment LLC, Wiley Roby Russell, Jr., W. Robbie Russell Living Trust, and Eddie Stewart (collectively, the "**Proposed Intervenors**").

## ARGUMENT

The Petition should be denied, without prejudice to its re-filing on or after December 18, 2024 once this Court's stay/abatement of this consolidated adversary proceeding expires. In the Petition, the Proposed Intervenors seek leave to intervene in this consolidated adversary

proceeding so that they can assert similar if not identical claims, against Rabo and others, to the claims that have been asserted against Rabo by AgTexas Farm Credit Services, AgTexas, PCA and Thorlakson Diamond T. Feeders (collectively, the "**AgTexas Parties**").

As the Proposed Intervenors freely admit in their Petition, this Court has entered two orders in this consolidated adversary proceeding staying/abating <u>everything</u>, other than discovery.  [See Dkts. 2 and 7] That includes motion practice, including the filing, briefing and oral argument about of the Petition that the Proposed Intervenors have now filed in violation of the Court's two orders.

If the Proposed Intervenors wish to intervene in this case, then they should wait to request that relief until the stay/abatement expires at the end of the day on December 17, 2024.  Not only is that what this Court's orders require, it is also fair and equitable to Rabo and other parties in this case.  As noted above, the Proposed Intervenors want to assert against Rabo and others the very same type of claims that the AgTexas Parties have asserted against Rabo and others.  As the Court is aware, both Shawn Ragland [Dkt. 14, Adv. No. 24-02002] and Rabo [Dkt. 19, Adv. No. 24-02002] filed motions to dismiss the claims asserted by the AgTexas Parties last April.  The Court's stay/abatement orders also stayed and abated further briefing on, and any arguments concerning, those already pending motions until after the Court's stay/abatement expires.

If the Proposed Intervenors are allowed to intervene and file their Petition, Rabo will then need to respond to that Petition on the merits in order to protect its rights.  In this regard, while the Proposed Intervenors "agree to abide by [the Court's stay/abatement orders] and only participate in discovery for the Consolidated Adversary Proceeding until 120 days have lapsed," [Dkt. 9, pg. 13], they <u>do not</u> ask that Rabo be excused from the obligations it would otherwise have to respond to the Petition with either an answer or a motion.  Thus, granting the Petition

now would trigger a deluge of additional motion or pleadings practice, by Rabo and perhaps others, all of which would be contrary to what the Court clearly intended when it issued its stay/abatement orders.

Finally, it makes no sense to allow the Proposed Intervenors to intervene now and assert the same type of claims against Rabo that the AgTexas Parties have asserted, when Rabo has a pending motion to dismiss all of the AgTexas' Parties' claims.  If the Petition filed by the AgTexas Parties fails to state claims against Rabo upon which relief can be granted,[1] then the claims the Proposed Intervenors likewise fail to state claims upon which relief can be granted. Case law provides that motions to intervene may be denied when the claims that would be presented by the intervening party would be futile.  In *In re American White Cross, Inc.*, 269 B.R. 555, 559-60 (D. Del. 2001), for example, the Delaware District Court affirmed the Bankruptcy Court's denial of a motion to intervene by one party because the Bankruptcy Court had previously concluded that the same type of legal claims asserted by another party were without merit.  The District Court held: "Thus, because the Bankruptcy Court found no merit in AWC's contention that the former shareholders' claims were contractually subordinated to its other unsecured debt, it correctly denied Electra's motion to intervene as futile. While the Bankruptcy Court did not address whether Electra's claims might have been entitled to mandatory intervention pursuant to Rule 24(a) or permissive intervention under Rule 24(b), each of which have different standards for review of the denial of a motion to intervene, this court need not now resolve which standard is appropriate for Electra's motion. Because Electra's motion to intervene was futile, the Bankruptcy Court correctly denied the intervention."

---

[1] Rabo has asserted precisely this argument in its motion to dismiss [Dkt. 19, Adv. No. 24-02002].

The same logic applies here.  Rabo contends that the claims the Proposed Intervenors want to assert against Rabo are futile and subject to dismissal, for the same reasons that the AgTexas Parties' claims against Rabo are futile and subject to dismissal as outlined in Rabo's pending motion to dismiss.  Before deciding whether the Proposed Intervenors should be allowed to intervene and assert the claims set forth in the Petition, the Court should decide Rabo's motion to dismiss the AgTexas Parties' claims.

WHEREFORE, for the reasons set forth therein, the Petition should be denied, at least without prejudice until the Court's stay/abatement of this consolidated adversary proceeding expires on December 17, 2024.

DATED:  October 1, 2024.

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
Austin C. Nate *(Pro Hac Vice)*
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  anate@rqn.com

*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, the foregoing **RABO'S OPPOSITION TO PETITION IN INTERVENTION FILED BY RIDGEFIELD CAPITAL ASSET MANAGEMENT, LP, ROBERT ELLIS, CARRAWAY CATTLE, LLC, BIG SEVEN CAPITAL PARTNERS, LLC, RICHARD CARRAWAY, DREW PHILLIPS, BARRY PHILLIPS, PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, WILEY ROBY RUSSELL, JR., W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART [DKT. 9]** was filed with the Clerk of the Court in the above-entitled case, which sent notice of electronic filing to all electronic filing users in the case.

*/s/ Michael R. Johnson*
Michael R. Johnson

1684989

8