Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 1499
Lubbock, Texas 79408-1499
(806) 762-5281
(806) 762-3510 (fax)

*ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY*

James D. Bradbury
State Bar No. 02814500
jim@bradburycounsel.com
Kyle K. Weldon
State Bar No. 24097192
kyle@bradburycounsel.com
**JAMES D. BRADBURY, PLLC**
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone:      817-339-1105
Fax:                 817-886-3495

*ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, WILEY ROBY RUSSELL, JR., W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-20084-rlj7 |
| McClain Feed Yard, Inc., et al., | § | Jointly Administered |
| | § | |
| Debtors. | § | |
| | § | |
| _____ | § | _____ |
| | § | |
| In re: | § | |
| | § | |
| | § | Case No. 23-50096-rlj12 |
| 2B Farms, a Texas General Partnership, et al.., | § | Jointly Administered |
| | § | |
| Debtors. | § | |
| | § | |
| _____ | § | _____ |

1

| | | |
|---|---|---|
| AgTexas Farm Credit Services, AgTexas, PCA, Thorlakson Diamond T Feeders, LP, § § § § | | |
| Plaintiffs, § § | | |
| Edward Dufurrena, et al., § § | | |
| Intervenor-Plaintiffs, § § | | |
| v. § § | Adversary No. 24-02007-rlj | |
| § § | Consolidated Adversary Proceeding | |
| Rabo AgriFinance, LLC, et al., § § | | |
| Defendants. § § § § | | |
| HTLF Bank, as successor to First Bank & Trust, § § § § | | |
| Plaintiff, Counter-Defendant, and Cross-Claim Defendant, § § § | | |
| v. § § | Adversary No. 24-02007-rlj | |
| 2B Farms, a Texas General Partnership, Terry M. Robinson, and Rebecca A. Robinson, § § § § | Consolidated Adversary Proceeding | |
| Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants, § § § § § | | |
| v. § § | | |
| Rabo AgriFinance, LLC and Mechanics Bank, § § § | | |
| Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. § § § § § | | |

2

# INTERVENORS' RESPONSE TO RABO AGRIFINANCE LLC'S OPPOSITION TO PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Intervenors Ridgefield Capital Asset Management, LP, Robert Ellis, Carraway Cattle, LLC, Big Seven Capital Partners, LLC, Richard Carraway, Drew Phillips, Barry Phillips, Priest Cattle Company, Ltd, Priest Victory Investment LLC, Wiley Roby Russell, Jr., W. Robbie Russell Living Trust, and Eddie Stewart (hereinafter, collectively, "Intervenors") and file this Response to Rabo AgriFinance LLC's ("Rabo") Opposition to Petition in Intervention [Dkt. 21], and respectfully show the Court as follows:

## I. INTRODUCTION

### A. Background

As set forth in the Petition in Intervention, intervenors are eleven operations and entities that assert more than $10 million in damages against Rabo and other defendants in this suit. They seek to assert their direct claims against Rabo and other defendants for their direct conduct in handling the McClain matter, including both lender liability claims as well as claims for Rabo's conduct prior to the bankruptcy. The Court should now be well acquainted with Brian McClain's entities and the plethora of adversary proceedings arising out of his cattle feeding operations that are now pending before this Court. Intervenor's claims are directed to Rabo's independent conduct and are separate from claims the Trustee may assert against Rabo. Specifically, they involve Rabo's conduct as a lender and its actions regarding assets prior to the bankruptcy. While Rabo was taking possession of McClain's business records and documents from McClain's Kentucky headquarters and shipping them to its investigators in Chicago, hundreds of cattle producers, including Intervenors, had live animals on feed at McClains' yards, continuing to unknowingly pay for feed, buy cattle, and expect McClain to send them checks for cattle purchased and/or sold

3

on their behalf. Millions of dollars went into McClain's accounts, which were then controlled by Rabo. Despite knowing of McClain's situation, Rabo continued to keep the cattle producers in the dark until it was prepared to fold the matter into bankruptcy, where it was set to be the largest "secured" creditor.

**B.      Suit Against Rabo and Intervention**

AgTexas PCA, Thorlakson Diamon T Feeders, LP, and over forty intervenors (all generally similarly situated to Intervenors here) filed suit against Rabo and others in District Court in Deaf Smith County, which was stayed due to the filing of the bankruptcies. This suit was removed and is now pending before this Court, based on the Order entered by this Court on August 16, 2024 [Dkt. 1].

Intervenors filed their Petition in Intervention [Dkt. 9] on September 19, 2024, seeking to intervene in the consolidated adversary proceeding. Intervenors possess their own unique individual claims against Defendants in the suit and these claims must be asserted to preserve the Intervenors legal rights. Intervenors were prepared to file in the state court proceeding but held their intervention while the Court heard arguments and decided the proper forum. Intervenors have been actively engaged in the McClain proceedings to date, filing proofs of claims in the bankruptcies, responding to the Trustee's discovery requests, and even being sued by Rabo in the "Dealer Trust" adversary proceeding. Intervenors merely sought a determination by this Court regarding the locale of the venue of the suit against before they filed to intervene.

Understanding and recognizing the Court's stay of the proceeding, save for discovery, Intervenors made it clear in their Petition in Intervention that they would "abide by such order and only participate in the discovery for the Consolidated Adversary Proceeding until the 120 days have lapsed." [Dkt. 9, ¶ 54].

C. <u>**Rabo's Opposition to Intervention**</u>

Rabo does not contest Intervenors' standing to intervene under the Federal Rules, rather it merely complains regarding the timing of the intervention. As Rabo admits, "… Intervenors want to assert against Rabo and others the very same type of claims that the AgTexas Parties have asserted against Rabo and others." [Dkt. 21, p. 4]. Rabo goes on to state that "it makes no sense to allow the Proposed Intervenors to intervene now and assert the same type of claims against Rabo that the AgTexas Parties have asserted, when Rabo has a pending motion to dismiss all of the AgTexas Parties' claims." [Dkt. 21, p. 5]. To the contrary, Intervenors have independent claims and damages that they wish to legally pursue and intervention should be permitted. If Rabo elects to oppose those claims as it has with others, these Intervenors should be permitted to litigate that issue directly.

## II.     <u>LEGAL ARGUMENT</u>

When a non-party makes a timely motion to intervene and has a "claim or defense" that shares with the main action a "common question of law or fact" a court may grant permissive intervention. Fed. R. Civ. P. 24(b)(1). "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal citation omitted).

Here, Rabo has not contested Intervenors' right to intervention under Federal Rule of Civil Procedure 24. To the contrary, it seems to agree with Intervenors that they assert claims regarding common questions of law or fact that are currently pending in this suit. *See* Dkt. 21, p. 5. Instead, Rabo argues that Intervenors' timing will "trigger a deluge of additional motion or pleading practice" and is not in conformance with the Court's Order staying the Consolidated Adversary Proceeding. *Id*. This is, however, the nature of a large multi-claim proceeding. A party is not

5

entitled to prevent the assertion of claims simply on the basis that it would be additional work for the defendant.

In response, Intervenors again represent to the Court that it will abide by the Court's Order—limiting any involvement in this suit to discovery as the other parties are currently engaged in. Moreover, any other pleading or motion practice, including Rabo's pending Motion to Dismiss, can be addressed once the stay is lifted. No one will be hurt and greater justice will be attained if Intervenors are allowed to intervene in the suit now.

Rabo's citation of the 2001 Delaware District Court's *In re American White Cross, Inc.* case is simply not applicable here. In that case, the Bankruptcy Court had previously made a ruling that certain legal claims were without merit. *In re American White Cross, Inc.*, 269 B.R. 555, 559 (D. Del. 2001). Here, the consolidated suit and discovery are just beginning and the Court has made no dispositive determinations regarding the claims currently pending in the suit. Allowing Intervenors to intervene now will serve the interests of judicial economy and the efficient administration of this case. Moreover, Intervenors' claims are unique and they should be allowed the opportunity to engage in discovery and respond to any motion to dismiss regarding these claims while in the suit, not on the outside looking in.

### III.    CONCLUSION

For the above reasons, Intervenors respectfully request that this Court grant them status as "Intervenor-Plaintiffs" and grant them all the same rights and responsibilities as a party to the lawsuit.

Respectfully submitted,

*/s/ Amber S. Miller*
Amber S. Miller
State Bar No. 24050320
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 1499
Lubbock, Texas 79408-1499
(806) 762-5281
(806) 762-3510 (fax)
*ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY*

-and-

*/s/ James D. Bradbury*
James D. Bradbury
State Bar No. 02814500
jim@bradburycounsel.com
Kyle K. Weldon
State Bar No. 24097192
kyle@bradburycounsel.com
**JAMES D. BRADBURY, PLLC**
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
*ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, WILEY ROBY RUSSELL, JR., W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, the foregoing document was filed with the Clerk of the Court in the foregoing Adversary Proceeding using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

*/s/ Kyle K. Weldon*
Kyle K. Weldon