UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN:
240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
Austin C. Nate (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com
Email:  anate@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| In re:<br><br>MCCLAIN FEED YARD, INC., et al.,<br><br>   Debtors. | CASE NO. 23-20084-rlj7<br><br>(Jointly Administered Cases) |

| | |
|---|---|
| In re:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>     Debtors.<br><br>AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA and THORLAKSON DIAMOND T FEEDERS, LP,<br><br>     Plaintiffs,<br><br>EDWARD DUFURRENA et al.,<br><br>     Intervenor Plaintiffs,<br><br>v.<br><br>RABO AGRIFINANCE LLC et al.,<br><br>     Defendants. | CASE NO. 23-50096-rlj12<br><br>(Jointly Administered Cases)<br><br><br><br>ADVERSARY NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |
| HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>     Plaintiff, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>     Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br>RABO AGRIFINANCE LLC and MECHANICS BANK, | ADVERSARY NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |

|  |  |
|---|---|
| Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff.<br><br><br>HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>    Defendants and Counter-Plaintiffs. |  |

**RABO AGRIFINANCE LLC'S MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT MEAGAN B. GOAD'S MOTION TO DISMISS FOR AN ALLEGED LACK OF SUBJECT MATTER JURISDICTION**

---

Rabo AgriFinance LLC ("**Rabo**") submits this Memorandum in Support of Opposition to that portion of Meagan B. Goad's ("**Ms. Goad**") Motion to Dismiss [Dkt No. 33] and Memorandum of Law in Support (collectively, the "**Motion**") [Dkt No. 33-1] that asserts lack of subject matter jurisdiction over the claims asserted against Ms. Goad. Rabo takes no position on that portion of the Motion asserting that Plaintiffs' claims against Ms. Goad fail to state a claim upon which relief may be granted.

3

## SUMMARY OF ARGUMENT

The Court should deny that portion of the Motion asserting that this Court lacks subject matter jurisdiction over the claims being asserted (and to be asserted in the future) against Ms. Goad. First, as the Court is aware, the Trustee filed a motion last May before the Court's consolidation order asserting, among other things, ownership over Plaintiffs' claims and requesting an abatement of these proceedings and enforcement of the automatic stay (presumably meaning the Trustee believes Plaintiffs' claims against Ms. Goad are claims belonging to the bankruptcy estates). In the Court's August 19, 2024 Order [see Dkt. 2], the Court said it was "reluctant to decide if and which specific claims might belong to the McClain Debtors' bankruptcy estates" and indicated that it would defer a decision on that issue until when the Trustee "asserts actions with overlapping facts on behalf of the estate." As such, the Court denied the Trustee's motion to enforce the automatic stay "without prejudice to reurging." [Dkt. 2] Because the automatic stay is a right created and governed by the Bankruptcy Code, this Court has "arising under" jurisdiction over Plaintiffs' claims and this action, at least to the extent necessary to decide whether any claims asserted in this case, by any party against any other party, belong to the bankruptcy estate.

Second, even if the automatic stay is not implicated by the claims being asserted against Ms. Goad in this adversary proceeding, this Court clearly enjoys related-to jurisdiction over Plaintiffs' claims against Ms. Goad, a fact that this Court has *already decided*.

4

## STATEMENT OF BACKGROUND FACTS

1.      On April 21, 2023, the original plaintiffs in this action, AgTexas Farm Credit Services, AgTexas, PCA and Thorlakson Diamond T. Feeders, LP, filed their original petition (the "**Petition**") in Texas state court (Cause No. CI-2023D-025 in the 222nd Judicial District Court, Deaf Smith County (the "**State Court Action**") against only McClain Feed Yard, Inc., 7M Cattle Feeders, Inc., RAF, and Chelsea Walters McClain.

2.      The same original plaintiffs filed an amended petition in the State Court Action on April 28, 2023 (the "**First Amended Petition**").

3.      The First Amended Petition named as defendants, among others, McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc. (collectively, the "**Debtors**").

4.      That same day, the Debtors filed their voluntary petitions for relief under chapter 7 of the Bankruptcy Code with this Court, Case Nos. 23-20084, 23-20085 and 23-20086 (Bankr. N.D. Tex) (collectively, the "**Bankruptcy Case**"). The Debtors' cases are being jointly administered under Case No. 23-20084.

5.      That same day, the same original plaintiffs filed a Notice of Partial Nonsuit Without Prejudice related to their claims against the Debtors.

6.      On March 21, 2024, the original plaintiffs filed a third amended petition (the "**Third Amended Petition**").

7.      The Third Amended Petition named Ms. Goad as a defendant for the first time.

8.      Rabo filed its Notice of Removal of the State Court Action to this Court on March 28, 2024, which instituted Adversary Proceeding No. 24-02002 (the "**AgTexas Proceeding**").

*See* Dkt No. 1.  Subsequently, the Court consolidated the AgTexas Proceeding with Adversary Proceeding No. 23-05002, with the consolidated adversary proceeding being this adversary proceeding, Adversary Proceeding No. 24-02007.

9.      In addition to the original plaintiffs named above, numerous "intervenor-plaintiffs" have likewise intervened in this now consolidated proceeding and have asserted similar if not identical claims to the claims original asserted by the original plaintiffs against Ms. Goad and others.

10.     The current group of "plaintiffs" in the AgTexas Proceeding portion of this consolidated adversary proceeding, all of whom are collectively referred to as "**Plaintiffs**" and all of whom are collectively asserting claims against Ms. Goad, are: (a) AgTexas Farm Credit Services, AgTexas, PCA and Thorlakson Diamond T. Feeders, LP (represented by Naman Howell Smith & Lee, PLLC), (b) Edward Duferena and Open A Arena, LLC (represented by Stockard, Johnston, Brown, Netardus & Doyle, P.C.), (c) Dennis Buss, Buss Family Trust, Eddie Bryant, Robert E. Gray, Ronnie Gray, Gray Brothers, Steven Ryan, Janice Lawhon, AJ Jacques Living Trust, Gungoll Cattle, LLC, Leah Gungoll, Morrison Cafe, LLC, Gary Lesh, Jan Lesh, Lesh Family Trust, Jared Lesh, Jordan Lesh, LLC, Joel Brookshire, Gene Brookshire Family, LP, Douglas Finley, Scarlet and Black Cattle, LLC, Bryan Blackman, Steve T. Scott Farm, Inc., Scott Livestock Company, Inc., Arnold Braun Trust, Robert Braun, Jim Rininger, Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockweood, Nikki Lockwood, Lynda} Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Susan Van Buskirk, Jimmy Greer, Dustin Johnson, and Dora Blackman (represented

6

by Simmons Smith Brown, PLLC and Sprouse Shrader Smith PLLC), and (d) Ridgefield Capital Asset Management, LP, Robert Ellis, Carraway Cattle, LLC, Big Seven Capital Partners, LLC, Richard Carraway, Drew Phillips, Barry Phillips, Priest Cattle Company, Ltd, Priest Victory Investment LLC, Wiley Roby Russell, Jr., W. Robbie Russell Living Trust, and Eddie Stewart (represented by Crenshaw, Dupree & Milam, LLP and James D. Bradbury, PLLC).

11.     On April 26, 2024, prior to consolidation of the AgTexas Proceeding into this consolidated adversary proceeding, the original plaintiffs filed a motion to remand the case back to state court (the "**Remand Motion**"). *See* Dkt No. 22.

12.     On May 17, 2024, the Trustee filed a Motion to Consolidate and Abate and Alternatively to Intervene and in the Further Alternative, to Enforce Automatic Stay (the "**Trustee's Motion**"). *See* Dkt No. 32, Adv. 24-02002.

13.     On August 19, 2024, the Court entered its order addressing the Trustee's Motion and the Remand Motion (the "**Jurisdiction Order**"). *See* Dkt No. 2.

14.     Specifically, the Court ruled

> that it, as the bankruptcy court, has related-to jurisdiction of the [AgTexas Proceeding]. *See* 28 U.S.C. § 1334(b). The ultimate range of outcomes of the consolidated proceedings is, at this stage, too difficult to predict. But it is clear they will impact the McClain Debtors' bankruptcy estates, even if the McClain Debtors (or the Trustee) are not a named party. *See In re Schouten*, 657 B.R. 531, 536 (Bankr. N.D. Tex. 2024). The alleged facts that underlie the multiple causes of action overlap with the McClain Debtors' alleged fraudulent enterprise. The Court also predicts that the Trustee will affirmatively intervene as a party

*Id.* at 12.

7

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) applies to adversary proceedings pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure. *See* Fed. Bank. R. 7012(b). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted *only* if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (emphasis added).

### I.   THE JURISDICTION ORDER ALREADY ADDRESSES AND DISPOSES OF THE MOTION AS IT RELATES TO SUBJECT MATTER JURISDICTION.

In the Motion, Ms. Goad recognizes the Jurisdiction Order, but then, in essence, asks the Court to reconsider that order as to Ms. Goad because the claims against her are "based upon a *nondebtor* filing state law claims against a *nondebtor*." (Memo. at 9 (emphasis in original).) But that circumstance is no different than any of the other claims or parties at issue in this consolidated adversary proceeding. Specifically, Plaintiffs—none of which are debtors—also bring their Third Amended Petition and their claims in intervention against Rabo, HTLF Bank, Shawn Ragland, and Mechanics Bank—none of which are debtors. In doing so, Plaintiffs advance *solely* state law claims against all Defendants. (*See* Third Amended Petition at 17-24; Claims in Intervention.) Despite this, the Court entered the Jurisdiction Order. Therefore, Ms. Goad's attempt at distinguishing herself is without merit as this Court clearly has related to

8

subject matter jurisdiction in this adversary proceeding for the reasons it already determined in the Jurisdiction Order.[1]

### II.   AS THIS COURT HAS ALREADY FOUND, IT HAS RELATED-TO JURISDICTION OVER MS. GOAD IN THIS ACTION.

To the extent the Court desires to revisit the Jurisdiction Order (it should not), Rabo incorporates herein by reference all its arguments regarding this Court's jurisdiction over this matter in its Joint Opposition to Motion to Remand or in the Alternative Motion to Abstain [Dkt No. 37, Adv. Proc. No. 24-02002-rlj at 4-9]. Therefore, the Motion should be denied.

### III.   MS. GOAD'S CHOICE OF LAW ANALYSIS IS IRRELEVANT TO JURISDICTION.

Ms. Goad engages in a short analysis suggesting that Kentucky law applies to her in this case instead of Texas law. (Motion at 10.) Even if Kentucky law applies to the claims asserted against her, it simply provides no basis to avoid this Court's subject matter jurisdiction. This is because "the question of subject matter jurisdiction is entirely independent of choice of law analysis." *See, e.g.*, *Broussard v. John E. Graham & Sons*, 798 F. Supp. 370, 373 (M.D. La. 1992). Indeed, courts routinely apply the law of a foreign state while simultaneously exercising proper jurisdiction over parties and claims. Thus, even if Kentucky law applies to the claims against Ms. Goad as Ms. Goad argues, that creates no basis to avoid this Court's already-established jurisdiction over her.

---

[1] It also bears mentioning that this Court previously ruled that it had proper related-to jurisdiction over cases between non-debtors involving state law claims because the Court's resolution of such claims could impact the amount of allowed claims against the bankruptcy estate. *See In re Waggoner Cattle, LLC*, No. 18-20126-RLJ-11, 2019 WL 469367, at *11 (Bankr. N.D. Tex. Feb. 6, 2019).

**IV.    EVEN IF THE COURT DETERMINES THAT PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST MS. GOAD, RABO INTENDS TO PURSUE CLAIMS AGAINST HER IN THIS COURT.**

Ms. Goad alleges a variety of reasons why she believes that Plaintiffs have failed to state a claim against her upon which relief may be granted. (Memo at 11-17.) While Rabo takes no position as to the viability or legitimacy of Plaintiffs' claims against Ms. Goad, even if the Court were inclined to dismiss such claims, Rabo intends to pursue its own claims against Ms. Goad in this Court due to the material role that she played in the McClain Entities' operations and fraudulent scheme. Ms. Goad signed at least three Borrowing Base Reports which were full of false and fraudulent representations.  Ms. Goad's dubious efforts to disclaim knowledge of the McClain Entities' operations (despite the wealth of documents and text messages showing her intimate involvement) are unavailing for purposes of a motion to dismiss.  Whether claims against her are ultimately asserted by the Trustee, Plaintiffs, or Rabo, this Court has proper jurisdiction over Ms. Goad.

**CONCLUSION**

Based on the foregoing reasoning, Rabo respectfully requests that Ms. Goad's motion to dismiss for lack of subject matter jurisdiction be denied.  As noted above, Rabo takes no position on Ms. Goad's assertion that Plaintiffs' claims against her fail to state a claim upon which relief may be granted.

10

DATED:  January 6, 2025.

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
Matthew M. Cannon (*Pro Hac Vice*)
Austin C. Nate (*Pro Hac Vice*)
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com
Email:  anate@rqn.com


*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case.

> /s/ Michael R. Johnson
> Michael R. Johnson

1694757