**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>    Debtors. | Case No. 23-20084-rlj<br>Chapter No. 7<br><br>Jointly Administered |
| IN RE:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>    Debtors. | Case No. 23-50096-rlj<br>Chapter No. 12<br><br>Jointly Administered |
| IN RE:<br><br>AGTEXAS FARM CREDIT SERVICES; AGTEXAS, PCA; AND THORLAKSON DIAMOND T FEEDERS, LP<br><br>    Plaintiffs,<br><br>and<br><br>EDWARD DUFURRENA et al.,<br>    Intervenor-Plaintiffs<br>v.<br><br>RABO AGRIFINANCE, LLC et al.,<br><br>    Defendants | ADV. PROC. NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |
| IN RE:<br><br>HTLF BANK, as successor to FIRST BANK & TRUST, | ADV. PROC. NO. 24-02007-rlj |

| | |
|---|---|
| Plaintiffs, Counter-Defendant, and Cross-Claim Defendant, | (Consolidated Adversary Proceeding) |
| v. | |
| 2B FARMS, a Texas General Partnership, et al., TERRY M. ROBINSON, and REBECCA A. ROBINSON, | |
| Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants, | |
| v. | |
| RABO AGRIFINANCE LLC and MECHANICS BANK, | |
| Third-Party Defendants, and as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | |

**PLAINTIFFS' AND INTERVENORS' OMNIBUS REPONSE TO DEFENDANT MECHANICS BANK'S MOTION TO DISMISS THIRD AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the Intervenor Parties (collectively, "Intervenors") and AgTexas Farm Credit Services, AgTexas PCA ("AgTexas"), and Thorlakson Diamond T. Feeders, LP ("Thorlakson," and collectively with AgTexas, "Plaintiffs"), by and through their counsel of record, and file the following in response to Defendant Mechanics Bank's Motion to Dismiss the Third Amended Petition. (ECF No. 49.)

### Introduction and Summary

Defendant Mechanics Bank urges this Court to dismiss the claims against it under either Rule 9(b) or 12(b)6 of the Federal Rules of Civil Procedure. Intervenors and Plaintiffs have pled their causes of action against Mechanics Bank with sufficient particularity to survive the Motion.

2

However, if the Court should find some defect in the Third Amended Petition, which was filed in state court under Texas's notice-pleading standard, the Court should grant leave to Plaintiffs and Intervenors so as to replead rather than dismissing.

**Procedural Background**

This lawsuit arises from direct causes of action that Plaintiffs and Intervenors have against Megan Goad, Rabo, Mechanics Bank, First Bank/ HTLF, and an individual bank lending officer at First Bank, Shawn Ragland (the "Defendants"). These claims are partly based on common law fraud and civil conspiracy under Texas law.

In the months, and in some cases, years leading up to the filing of the McClain Bankruptcy Cases, the Defendants in the underlying lawsuit had relationships with the McClain Entities. Plaintiffs and Intervenors have alleged that Rabo knew the McClain entities were involved in a check kiting scheme. Plaintiffs and Intervenors have also alleged that Defendants either knew or should have known the fraudulent activity that the McClain entities had engaged in or directly facilitated the fraudulent activity.

Plaintiffs originally filed their petition in the Texas District Court for Deaf Smith County and Defendant Rabo removed to this Court on March 28, 2024. Rabo's Notice of Removal alleged that the Court has "related-to" jurisdiction over the underlying suit. Adversary No. 24-02002 Dkt. 1 at p. 5, ¶¶ 14-16. Plaintiffs contested Rabo's claim and moved to remand or in the alternative that the Court should abstain under Section 1334. Adversary No. 24-02002, Dkt. 22. The Court concluded that it had related-to jurisdiction, denied the Motion to Remand without specifically addressing the issue of abstention, and consolidated the case with other Adversary Proceedings before the Court under this Cause number. (ECF No. 1).

Relating specifically to Mechanics Bank, Intervenors and Plaintiffs contend that, as the depositing bank for the McClain entities, Mechanics Bank was negligent in its oversight of their

3

financial doings. More specifically, the McClain entities maintained three deposit accounts at Mechanics Bank with complete credit turnover on a month-to-month basis for a substantial period of time. Hundreds of millions of dollars were involved. Transactions involving large sums were registered into and out of the accounts on an almost daily basis with obvious frequency – the end result being a zero account balance at the close of each month. This "recurrent cycle" should have alerted Mechanics Bank to the dubious activities of the McClain entities. (ECF No. 1-2 at 117.) In sum, Intervenors and Plaintiffs allege that Mechanics Bank knew or should have known the transactions were incident to a check kiting scheme. (*Id.*).

Although discovery has been limited so far, it is clear that Mechanics Bank was involved on a continual basis in active monitoring of the McClain accounts. As the account balances approached or exceed their authorized limits, Mechanics Bank and Rabo representatives exchanged emails about how to keep the accounts in "balance," which had the effect of continuing the check kite and from which both entities receive benefits.

## Argument and Authorities

I. **Plaintiffs and Intervenors have pled their allegations with sufficient particularity to survive a 12(b)(6) motion. Likewise, the fraud allegations have been sufficiently pled under Rule 9(b).**

Under the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts are to "accept as true all well-pled facts and construe the complaint in the light most favorable to the plaintiff." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (citation omitted). However, conclusory allegations, unwarranted factual inferences, or legal conclusions need not be accepted. *Id.*; *Sw. Airlines Pilots Ass'n v. Sw. Airlines Co.*, 120 F.4th 474, 482 (5th Cir. 2024).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that no set of facts can be proven which would entitle relief. *Search Int'l, Inc. v. Snelling &*

*Snelling, Inc.*, 168 F. Supp. 2d 621, 624 (N.D. Tex. 2001). Under this standard, motions to dismiss are disfavored and rarely granted. *Kaiser Aluminum & Chem Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citation omitted).

Contrary to Mechanics Bank's assertions in the Motion, Plaintiffs and Intervenors have pled their fraud allegations with sufficient particularity. Under Texas law, to state a claim for fraud, a plaintiff must assert a material misrepresentation on the part of a defendant, knowledge by the defendant of the falsity, intent to induce action, and justifiable reliance by the plaintiff. *Taft v. Sherman*, 301 S.W.3d 452, 457 (Tex. App.—Amarillo 2009, no pet.).

Here, in the section of the Third Amended Petition specifically relating to Mechanics Bank, particular allegations as to each of those elements can be found. First, on a monthly basis throughout the period relevant in this matter, Mechanics Bank regularly issued statements on the financial doings of the McClain entities but specifically omitted any hint of their impropriety. Second, Mechanics Bank obviously knew about the impropriety by virtue of its obligation to monitor its deposit accounts for misdeeds. In view of this knowing misrepresentation, it is eminently reasonable to infer that Mechanics Bank intended to perpetuate the McClain entities' operation so it could continue to profit from the business – in the process inducing the reliance of the Intervenors and Plaintiffs, who relied on Mechanics Bank to only allow its accounts and itself to be used in a forthright fashion. Therefore, the allegations as to fraud have been pled with the requisite particularity.

While it is correct to state that fraud allegations have a heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure, that burden has been met. The Fifth Circuit has conclusively held that fraud allegations must be pled specifically: "a complaint for fraud must state the who, what, where, when, and how of the alleged fraud." *Rodriguez v. Fuentes (In re Cogent Energy Servs., LLC)*, Nos. 23-33659, 23-3212, 2024 Bankr. LEXIS 1878, at *10 (Bankr. S.D. Tex.

5

2024) (collecting cases and noting Fifth Circuit standards). Such standard does not require a plaintiff to prove their entire case in an initial pleading. "[A] pleading is sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993).

The Third Amended Petition satisfies each of those requirements. Intervenors and Plaintiffs allege who committed the fraud: Mechanics Bank; what they did: obscured the fraudulent nature of the McClain entities' activities; where: within the Mechanics Bank accounts; when: during the pendency of the McClain scheme; and the how: by issuing regular statements without any mention of the plainly obvious fraud.

There can be no conclusion but that the allegations have been pled sufficiently. Indeed, all the ingredients required by law are present.

## II. Aiding and Abetting fraud is a valid cause of action in this case.

Plaintiffs and Intervenors concede that Mechanics Bank is correct to state that the Texas Supreme Court has not *explicitly* recognized a cause of action for aiding and abetting. However, it is important to note that the Texas Supreme Court has not *rejected* such a cause of action either. *See, e.g.*, *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001) (assuming aiding and abetting fraud was sufficiently pled, concluding that summary judgment that there was no underlying fraud also supported summary judgment on aiding and abetting); *see also First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 225 (Tex. 2017) (assuming aiding and abetting a tort is a Texas cause of action and applying its elements to determine whether such claim had been pled or supported by evidence). It would be inappropriate for the Court to reject an aiding and abetting claim in this case because its validity is undecided when it is such a robustly litigated and argued issue. *D'a Petro., LLC v. Buster*, Civil Action No. 3:19-cv-02770-M, 2020 U.S. Dist. LEXIS 262937, at *28 (N.D. Tex. 2020).

6

If courts were to routinely dismiss causes of action, let alone ones that are considerably more novel than this, that are as yet unrecognized, the law would never advance. It could very well be this controversy that provides the Texas Supreme Court the opportunity to consider the validity of an aiding and abetting claim. If this Court dismiss the claim now, the matter would continue to evade review.

Furthermore, and lest the Court believe itself to be alone on a branch, another bankruptcy court in this circuit has concluded that Texas courts are likely to recognize aiding and abetting fraud to be a valid cause of action. *In re Hous. Reg'l Sports Network, L.P.*, 547 B.R. 717, 759 (Bankr. S.D. Tex. 2016). Accordingly, the Court would not be alone in recognizing this claim and would further the cause of justice by allowing the question to be properly reviewed.

### III. The pleading burden as to civil conspiracy has been met.

Mechanics Bank contends that because Plaintiffs and Intervenors have not stated a valid cause of action on any other issue, the civil conspiracy claim must be dismissed. For the reasons stated above, all claims stated by Plaintiffs and Intervenors are facially valid and proper at this stage of the litigation. Thus, the civil conspiracy claim stands.

### IV. Allowing Intervenors and Plaintiffs to amend is appropriate.

Texas courts follow a "fair notice" pleading standard, which only requires that "the opposing party can ascertain from the pleading[s] the nature and basic issues of the controversy and what testimony will be relevant." *Pharos Capital Group, LLC v. Nutmeg Ins. Co.*, 999 F. Supp. 2d 947, 954 (N.D. Tex. 2014) (quoting, *inter alia*, *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). For all of the reasons set forth above, Plaintiffs urge that their current pleading meets the 12(b)(6) standard as well and the Motion to Dismiss should be denied. If, however, the Court has any concern about the nature or sufficiency of Plaintiffs' pleading,

7

Plaintiffs hereby alternatively request that the Court grant them leave to amend prior to any dismissal.

Specifically, when state court pleadings are challenged after removal under Rule 12(b)(6) for failure to state a claim, the "general practice" is to allow at least one opportunity to amend prior to dismissing the claims for failure to state a claim. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal").

Although it is within the Court's discretion to grant leave to amend a petition, that discretion is to be guided by Rule 15(a), which states that leave to amend must be "freely given when justice so requires." Fed. R. Civ. P. 15(a); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). The Fifth Circuit has repeatedly noted that the term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872 (5th Cir. 2000)). Thus, the "court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). Without that substantial reason, "the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981); see also *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 182 (5th Cir. 1980) ("Permission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief.").

The courts have set forth five general factors to consider in reviewing a motion for leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] [5] futility of the amendment." *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman*, 371 U.S. at 182); *see also Mayeaux*, 376 F.3d. at 425. None of those factors apply here, and therefore, respectfully, it would be an abuse of discretion to not allow an amendment before dismissing this case. See, e.g., *Great American Ins. Co. v. Lopez*, No. 5:17cv1126, 2018 WL 2235053 * 3 (W.D. Tex. Apr. 26, 2018) (noting that the fact that it was the plaintiff's first request to amend, and that there is no evidence of undue delay, bad faith, or dilatory motive, it would be an abuse of discretion to deny the motion).

Each of these factors weigh in favor of allowing amendment. In particular, given the difference in pleading standards between Texas state courts and federal courts, and the fact that Plaintiffs and Intervenors have not had the opportunity to amend yet before this Court, allowing an opportunity to cure any deficiencies this Court may find is appropriate.

## PRAYER

For the reasons set forth above, Plaintiffs and Intervenors respectfully request that Mechanics Bank's motion to dismiss pursuant to Rule 12(b)(6) be denied. In the alternative, if the Court finds some defect in the pleading, Plaintiffs and Intervenors request that the Court should grant Plaintiffs and Intervenors leave to replead the state-court Petition. Plaintiffs and Intervenors also respectfully request any such further relief to which they may be entitled to at law or in equity.

DATED this 9th day of January, 2025.

Respectfully submitted,

**SPROUSE SHRADER SMITH PLLC**

John F. Massouh, SBN 24026866
Joshua D. Kundert, SBN 24143877
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

By:   */s/ John F. Massouh*
     John F. Massouh

**Attorneys For Dennis Buss, Buss Family Trust, Eddie Bryant, Robert E. Gray, Ronnie Gray, Gray Brothers, Craig Sutton, Amy Sutton, Steve Ryan, Janice Lawhon, AJ Jacques Living Trust, Gungoll Cattle, LLC, Leah Gungoll, Morrison Café, LLC, Gary Lesh, Jan Lesh, Lesh Family Trust, Jared Lesh, Jordan Lesh, LLC, Joel Brookshire, Gene Brookshire Family, LP, Douglas Finley, Scarlet And Black Cattle, LLC, Bryan Blackman, Steve T Scott Farm, Inc., Scott Livestock Company, Inc., Arnold Braun Trust, Robert Braun, Jim Rininger, Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Lyndal Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Susan Van Buskirk, Jimmy Greer, Dustin Johnson And Dora Blackman**

**-And-**

By:   */s/ Abel A. Leal*
     Abel A. Leal

Abel A. Leal
State Bar No. 24026989
  abel@leal.law
Tel. (214) 395-5325; Fax. (806) 364-2526
8144 Walnut Hill Lane, Suite 1080
Dallas, Texas 75231

**-And-**

**CRENSHAW, DUPREE & MILAM, L.L.P.**
Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
P.O. Box 1499

10

Lubbock, Texas 79408-1499
(806) 762-5281
(806) 762-3510 (fax)


By: */s/ Amber S. Miller*
Amber S. Miller

**ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY**

-**And**-


JAMES D. BRADBURY, PLLC
Kyle K. Weldon, SBN 24097192
kyle@bradburycounsel.com
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

By: */s/ Kyle K. Weldon*
Kyle Weldon

**ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, WILEY ROBY RUSSELL, JR., W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART**


-**And**-


NAMAN HOWELL SMITH & LEE, PLLC

8310 N. Capital of Texas Hwy., Suite 490
Austin, Texas 78731
(512) 479-0300
(512) 474-1901 (FAX)
Email: dlebas@namanhowell.com

BY: */s/ David L. LeBas*
David L. LeBas
State Bar No. 12098600

11

        Michael S. Duncan
        State Bar No. 24097628

**ATTORNEYS FOR THORLAKSON
DIAMOND T FEEDERS, LP, AGTEXAS
FARM CREDIT SERVICES AND AGTEXAS
PCA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2025, the foregoing document was filed with the Clerk of the Court in the foregoing case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case.

*/s/ John F. Massouh*
John F. Massouh