Timothy T. Pridmore; SBN: 00788224
Todd J. Johnston; SBN: 24050837
MCWHORTER, COBB & JOHNSON, LLP
1722 Broadway (79401)
P. O. Box 2547
Lubbock, Texas 79408
806/762-0214; 806/762-8014 (fax)
*Attorneys for Debtors/Defendants/Counter-Plaintiffs/Third-Party Plaintiffs/Third-Party Defendants 2B Farms, a Texas General Partnership, Terry M. Robinson, Rebecca A. Robinson and Non-Debtor, Angela Robinson*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>     Debtors. | Case No. 23-20084-rlj7<br>Jointly Administered |
| IN RE:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>     Debtors. | Case No. 23-50096-rlj12<br>Jointly Administered |
| IN RE:<br><br>AGTEXAS FARM CREDIT SERVICES; AGTEXAS, PCA; AND THORLAKSON DIAMOND T FEEDERS, LP<br><br>     Plaintiffs,<br><br>and<br><br>EDWARD DUFURRENA et al.,<br>     Intervenor-Plaintiffs,<br><br>v. | ADV. PROC. NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page **1** of **20**
    Third-Party Plaintiffs' Amended Complaint

| | |
|---|---|
| RABO AGRIFINANCE, LLC et al.,<br><br>    Defendants | |
| HTLF Bank, successor t First Bank & Trust,<br><br>    Plaintiff, Counter-Defendant, and Cross-Claim Defendant,<br><br><br><br>v.<br><br><br>2B FARMS, a Texas General Partnership, et al., TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br><br><br>    Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br><br><br>RABO AGRIFINANCE LLC and MECHANICS BANK,<br><br>    Third-Party Defendants, and as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | ADV. PROC. NO. 24-02007-rlj<br>(Consolidated Adversary Proceeding) |

**2B FARMS, A TEXAS GENERAL PARTNERSHIP, TERRY M. ROBINSON AND REBECCA A. ROBINSON'S RESPONSE IN OPPOSITION TO RABO AGRIFINANCE LLC'S MOTION TO DISMISS THIRD-PARTY PLAINTIFFS' AMENDED COMPLAINT AND BRIEF IN SUPPORT**

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page **2** of **20**
Third-Party Plaintiffs' Amended Complaint

# TABLE OF CONTENTS

Page

I. Summary of the Argument..................................................................................6

II. Argument.........................................................................................................7

   A.  2B Farms Adequately Pled Its Fraud & Conversion Claims Against Rabo......................8

   B.  2B Farms Met Its Pleading Burden for Negligent Lending, Supervision
      and Hiring Claims...........................................................................................10

   C.  2B Farms Correctly Pled Aiding and Abetting Fraud Which is Recognized in Texas ....11

   D.  2B Farms Satisfied Its Pleading Burden for Civil Conspiracy........................................12

   E.  2B Farms Has Adequately Identified the Fraudulent Transfers Pled with Particularity .13

      (i)      The Cattle Sale Checks.....................................................................13

      (ii)     Cattle Purchase Wires.......................................................................16

           (a) 2B Farms Has Adequately Pled Facts in Support of Its Fraudulent Transfer
               Claims Under 11 U.S.C. § 548(a)(1)(B) for the Cattle Purchase Wires..........16

           (b) 2B Farms Has Adequately Pled Facts in Support of Its Fraudulent
               Transfer Claims Under §§ 24.006(a) and 24.006(b) for TUFTA for the
               Cattle Purchase Wires...................................................................17

               TUFTA Constructive Fraud § 24.006(a).......................................................17

               TUFTA Constructive Fraud § 24.006(b) (withdrawn)....................................18

   F.  Rabo Was an Initial Transferee Which Also Benefited from the Cattle Sale
      Checks and the Cattle Purchase Wires.................................................................18

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss          Page **3** of **20**
Third-Party Plaintiffs' Amended Complaint

# INDEX OF AUTHORITIES

Page(s)

<u>Other Authorities</u>

*Ibe v. Jones,*
> 836 F.3d 516, 524 (5th Cir. 2016) ............................................................................7

*Delta Fuel Co., Inc. v. Taylor,*
> No. MO:18-CV-00184-DC, 2019 WL 13159879, at *5 (W.D. Tex. Mar.22, 2019) ......................7

*David Fernea v. Merrill Lynch Pierce Fenner & Smith,*
> 559 S.W.3d 537 (Tex.App.-Austin July 12, 2011) .....................................................10

*Capece v. Navisite, Inc.,*
> No. 03–02–00113–CV, 2002 WL 31769032, at *4 (Tex.App.-Austin Dec. 12, 2002, no pet.) ....10

*Guidry v. National Freight, Inc.,*
> 944 S.W.2d 807, 809 (Tex.App.-Austin 1997, no writ) ............................................10

*LaBella v. Charlie Thomas, Inc.,*
> 942 S.W.2d 127, 137 (Tex.App.-Amarillo 1997, writ denied) ....................................10

*Robertson v. Church of God, Int'l,*
> 978 S.W.2d 120, 125 (Tex.App.-Tyler 1997, pet. denied) ........................................10

*Immobiliere Jeuness Establissement v. Amegy Bank Nat'l Ass'n,*
> 525 S.W.3d 875, 882 (Tex. App. 2017) ....................................................................11

*Nguyen v. Watts,*
> 605 S.W.3d 761, 793 (Tex. App. – Houston [1st Dist.] 2020) ...................................11

*Benchmark Electronics, Inc. v. J.M. Huber Corp.,*
> 343 F.3d 719, 724 (5th Cir. 2003) ..........................................................................12

*Ray G. Besing, et al. v. Lyn Noble Hawthorne,*
> 981 F.2d 1488, 1492 (5th Cir. 1993) .......................................................................15

*Reagor Auto Mall, Ltd. v. FirstCapital Bank, N.A.,*
> 2020 WL 4939180 (Bankr. N.D. Tex. Aug. 24, 2020) ................................................15

*In re SMTC Mfg. of Texas,*
> 421 B.R. 251, 316 (Bankr. W.D. Tex. 2009) ...........................................................17

*Rotstain v. Trustmark Nat'l Bank,* No. 3:09-CV-2384-N,
> 2015 WL 13034513, at *5 (N.D. Tex. Apr. 21, 2015) ...............................................19

*Nordberg v. Societe Generale* (*In re Chase & Sanborn Corp.*),
> 848 F.2d 1196, 1200 (11th Cir. 1988) .....................................................................19

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                                 Page **4** of **20**
Third-Party Plaintiffs' Amended Complaint

<u>Statutes</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure ...........................................................................7

Section 548(a)(1)(B) of the Bankruptcy .........................................................................................7,13,16

§ 24.006(a) of TUFTA ................................................................................................................17,18

§ 24.006(b) of TUFTA ....................................................................................................................18

11 U.S.C. §§ 550(a)(1), (2) ..............................................................................................................18

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                Page **5** of **20**
        Third-Party Plaintiffs' Amended Complaint

2B Farms, a Texas General Partnership, Terry M. Robinson and Rebecca A Robinson (collectively, "**2B Farms**" and/or "**Debtors**") submit this *Response in Opposition to Rabo AgriFinance LLC's* ("**Rabo**") *Motion to Dismiss Third-Party Plaintiffs' Amended Complaint* (the "**Motion**") [Adv. Dkt No. 62].

## I.    SUMMARY OF THE ARGUMENT

1.    Third-Party Plaintiff 2B Farms' *Amended Third-Party Complaint Against Rabo AgriFinance, LLC and Mechanics Bank* (the "**Amended Complaint**") [Adv. Dkt. No. 48] asserts nearly identical claims and factual allegations against the Third-Party Defendants as the approximately forty-seven (47) similarly situated plaintiffs and intervenor-plaintiffs have asserted against Rabo AgriFinance, LLC ("**Rabo**") and Rabo in consolidated Adversary Case No. 24-02007.  Like 2B Farms, the above-referenced plaintiffs and intervenor-plaintiffs are primarily cattle ranchers and producers in and around the Texas Panhandle that suffered injury due to the McClain Scheme, and have all alleged claims against Rabo and Mechanic's Bank, among other parties.  Rabo and Mechanics Bank were clearly and undeniably key and controlling players in the McClain Scheme.  For Rabo to now file this Motion against 2B Farms just does not ring true and should be denied.

2.    In addition to the state law claims the cattle ranchers and producers, including 2B Farms, have asserted, 2B Farms, as a Debtor currently in Chapter 12 Bankruptcy, has also asserted in its Amended Complaint certain fraudulent transfer claims available to it under the Bankruptcy Code as well as under the Texas Uniform Fraudulent Transfer Act ("**TUFTA**") against Rabo.  These fraudulent transfer claims are related to certain transfers of the Debtor's assets to its account at Mechanics Bank in April 2023, **immediately prior to** the collapse of the McClain Scheme.  In the first instance, the Court should deny the Motion because it directly implicates the nearly identical claims and factual allegations of the approximate forty-seven (47) plaintiff and intervenor-plaintiff cattle ranchers and producers that are similarly situated as 2B Farms, all of which are legitimate and properly pled.

3.    The Court should also deny the Motion because it fails to provide any legitimate basis to dismiss 2B Farms' claims. First, 2B Farms has adequately pled its fraud, conversion and negligent

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page **6** of **20**
Third-Party Plaintiffs' Amended Complaint

lending and hiring claims against Rabo. Second, the Amended Complaint adequately alleges aiding and abetting fraud and conspiracy claims because it adequately pled the heightened pleadings requirement of the beforementioned fraud claims as an alleged prerequisite to establishing such claims. Next, 2B Farms has adequately identified the transfers that are the subject of its fraudulent transfer claims asserted against Rabo under Section 548(a)(1)(B) of the Bankruptcy Code and Section 24.006(a) under TUFTA and pled facts in support of same.

4.      2B Farms also adopts and incorporates into this Response the any response  filed by, or to be filed by the Intervenor Parties, AgTexas Farm Credit Services, AgTexas PCA ("AgTexas"), and Thorlakson Diamond T Feeders, LLC and all other responses to any Motion to Dismiss filed by Rabo (collectively, the "**Responses**"), which were filed by similarly situated defendants, including the arguments, evidence and legal authorities of the Responses which are incorporated by reference into this Response. Finally, to the extent the Court is inclined to grant any portion of the Motion, 2B Farms respectfully requests leave to amend the Complaint to cure any perceived pleading deficiencies.

## II.      ARGUMENT

5.      Rule 12(b)(6) of the Federal Rules of Civil Procedure applies to adversary proceedings pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure. *See* Fed. Bank. R. 7012(b). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, **accepted as true, to 'state a claim to relief that is plausible on its face.**" *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016) (emphasis added). In conducting this analysis, **courts must "accept [] all well-pleaded facts as true and view [] those facts in the light most favorable to the plaintiff."** *Id.* **Moreover, "a plaintiff need not detail in [its] complaint *every* fact on which they may eventually rely to prove their claim."** *Delta Fuel Co., Inc. v. Taylor*, No. MO:18-CV-00184-DC, 2019 WL 13159879, at *5 (W.D. Tex. Mar.22, 2019) (emphasis added) (internal quotation marks omitted). 2B Farms refers to and incorporates by reference herein its Amended Third-Party Complaint [Adv. Dkt No. 56].  The facts, allegations and

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                                    Page **7** of **20**
    Third-Party Plaintiffs' Amended Complaint

claims made therein clearly warrant the denial Rabo's Motion. Notwithstanding, 2B Farms hereby responds below to each issue raised in the Motion.

**A. 2B FARMS ADEQUATELY PLED ITS CONVERSION AND FRAUD CLAIMS AGAINST RABO.**

6.      In Count One of the 2B Farms' Amended Complaint, 2B Farms alleges Rabo is liable for conversion and/or common law fraud in its dealings with 2B Farms' funds. In its Amended Complaint, 2B Farms clearly states a viable claim for both fraud and conversion against Rabo. Specifically, 2B Farms alleges that Rabo and Mechanics Bank maintained three (3) separate accounts (the "**McClain Accounts**") for the McClain Entities: one for 7M Cattle Feeders, Inc.; one for McClain Farms, Inc.; and one for McClain Feedyards, Inc. (collectively, the "**McClain Entities**") (Amended Complaint at ¶¶ 32.). In the months leading up to the fall of the McClain Scheme, a substantial volume of funds, **totaling hundreds of millions of dollars**, flowed in and out of all three (3) McClain Accounts at Rabo (Amended Complaint at ¶¶ 33). Rabo was the primary party that would see the total amount of transactions/funds flowing in and out of the McClain Accounts. Any reasonable bank would question the amount and frequency of the transactions going through same, especially if it were utilizing data analytics software. This is evident and was established through Johnny Earp, who was corporate representative/witness for HTLF Bank in his deposition.

7.      As of April 2023, Rabo had implemented its deposit account control agreements ("**DACA's**") with Mechanics Bank regarding the management of the McClain Accounts. Rabo's own pleadings in Bankruptcy Court allege that it had exercised control over the Mechanics Bank accounts used by the McClain Entities through its DACA's. (Amended Complaint at ¶¶ 24). The bank statements provided by Mechanics Bank prominently display the designation: "Rabo AgriFinance Powered by Mechanics Bank," signifying the collaborative and interactive nature of the financial arrangements between the two banks (Amended Complaint at ¶¶ 33).

8.      As of April 2023, the McClain Entities' bank accounts reached a deposit amount in excess of $22,000,000.00 (Amended Complaint at ¶¶ 34). Rabo eventually froze the accounts, but not before it had exercised control over the accounts to the detriment of 2B Farms by knowingly and

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page **8** of **20**
Third-Party Plaintiffs' Amended Complaint

wrongfully permitting and accepting transfers of 2B Farms' funds into the McClain Accounts, including three (3) wires totaling $7,458,956.92 on April 4th, 5th and 6th, 2023, but, at the same time, preventing McClain checks given to 2B Farms from clearing the McClain Accounts during this exact same time period, totaling $7,601,318.86 (Amended Complaint at ¶¶ 38-39). And further, that it did so during a time period that Rabo had actual or constructive knowledge of McClain's Scheme (Amended Complaint at ¶¶ 26).

9.      2B Farms further alleges in its Amended Complaint that Rabo had prior knowledge, or should have known, that the McClain Entities were operating a financial/check-kiting scheme through the McClain Accounts.  That Rabo had both actual and constructive knowledge of McClain Scheme based upon the sheer number of transactions and the amount of those transactions going through the McClain Entities' bank accounts. Applicable banking industry standards required Rabo to review these transactions to detect illicit activity (Amended Complaint at ¶¶ 33).  But, at the very least, Rabo was aware of the cattle inspection report conducted by Rabo's inspector in February 2023, expressly exposing the McClain Entities' fraud and related bad acts (Amended Complaint at ¶¶ 21).  This inspection report was further attached to our Amended Complaint.  Prior to the February 2023 inspector report,  there were other reports that would have put a bank on actual, if not constructive, notice on the McClain bad acts, and the banks involved in same. Again, HTLF Bank witness, Johnny Earp, testified to this issue as well in his recent deposition. But still, they chose not to report said fraudulent activity to the detriment of 2B Farms and others.

10.      Based upon the above, 2B Farms contends that it sufficiently pled, with specificity, facts establishing 'the who, what, when, where, and how' of Rabo's conversion and fraud in this matter both as it relates to 2B Farms' transactions involving the McClain Accounts at Rabo in April 2023, and prior to this time frame. Furthermore, 2B Farms has pled that Rabo and Mechanics Bank, as the financial institutions exercising direct control over 2B Farms' funds by accepting its wires into the McClain Accounts in early April 2023, but at the same time, denying the negotiation of 2B Farms' cattle proceed

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                                              Page 9 of 20
       Third-Party Plaintiffs' Amended Complaint

checks as the basis for its fraud and conversion claims against Rabo. As such, the Motion should be denied.

### B.  2B FARMS MET ITS PLEADING BURDEN FOR NEGLIGENT LENDING AND HIRING CLAIM.

11.  2B Farms alleged the following in its Amended Complaint:

Third-Party Defendants were negligent in their banking and lending practices, including, but not limited to, their underwriting, investigative, and assessment of their customer, and in the hiring or supervision of their management personnel. Third-Party Defendants further failed to properly monitor and manage their lending relationships with the McClain Entities. . . .

(Amended Complaint at ¶¶ 45). Despite its knowledge of millions of dollars in transactions occurring through the McClain Accounts almost daily or, at the very least, Rabo's knowledge of the McClain Scheme itself (certainly by early April 2023), when it was allowing wires of 2B Farms' funds into the McClain Accounts, while, at the same time, being fully aware of the fraudulent scheme being perpetrated through the McClain Accounts as of at least February 2023 based upon the report of its own cattle inspector (Amended Complaint at ¶¶ 11), (and prior inspection reports) Rabo contends it had no duty to 2B Farms that would give rise to a negligent lending and hiring claim.

12.  In the case of *David Fernea v. Merrill Lynch Pierce Fenner & Smith*, 559 S.W.3d 537 (Tex.App.-Austin July 12, 2011), the Court held that "[w]hile the employee need not be acting in the scope of his employment to impose liability on the employer, the theory of negligent hiring and supervision does require that a plaintiff's harm be the result of the employment." *Id.* Stated another way, **"[t]he employer-employee relationship ... may create a duty to a third party only if the third party's harm is brought about by reason of the employment and is, in some manner, job-related."** *Capece v. Navisite, Inc.,* No. 03–02–00113–CV, 2002 WL 31769032, at *4 (Tex.App.-Austin Dec. 12, 2002, no pet.) (mem. op.); *see also Guidry v. National Freight, Inc.,* 944 S.W.2d 807, 809 (Tex.App.-Austin 1997, no writ). This "nexus" requirement has also been stated in terms of proximate cause. *See LaBella v. Charlie Thomas, Inc.,* 942 S.W.2d 127, 137 (Tex.App.-Amarillo 1997, writ denied) ("[T]he negligence in [hiring, training, or supervising] must be the proximate cause of the injuries to the plaintiff."); *Robertson v. Church of God, Int'l,* 978 S.W.2d 120, 125 (Tex.App.-Tyler

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page 10 of 20
Third-Party Plaintiffs' Amended Complaint

1997, pet. denied).

13.    Here, 2B Farms contends that Rabo had a duty to 2B Farms as a third-party by virtue of its employment of one or more individuals, which, it wholly failed to adequately train and/or supervise to properly monitor the McClain Accounts or, at the very least, stop the transactions going in and out of the McClain Accounts upon becoming aware of the McClain check kiting scheme based upon the February 2023 report of its own cattle inspector, and those inspection reports produced earlier.   It was the breach of this duty that proximately caused the Third-Party Plaintiffs' damages identified in the Amended Complaint.

14.    Still further, the facts pled clearly support the "negligent lending" claim against Rabo. 2B Farms incorporates by reference the facts set forth above and in its Amended Complaint which show a negligent pattern of conduct by Rabo in the handling, monitoring, and supervision of the McClain Accounts.  Said actions and inactions were not reasonable and failed to meet the industry standard for commercial lending institutions.  For these reasons, the Motion should be denied.

### C.    2B FARMS CORRECTLY PLED AIDING AND ABETTING FRAUD WHICH IS RECOGNIZED IN TEXAS.

15.    Texas courts have recognized "aiding and abetting" and "assisting and encouraging" type claims. *See, e.g., Immobiliere Jeuness Establissement v. Amegy Bank Nat'l Ass'n*, 525 S.W.3d 875, 882 (Tex. App.- Houston [14th Dist.] 2017) (identifying the elements of an aiding and abetting claim); *Renate Nixdorf GmbH & Co. KG v. TRA Midland Properties, LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *5 (Tex. App. – Dallas 2019).

16.    Under Texas law, "aiding and abetting" type claims are derivative claims that rely on the commission of an underlying tort. *See Nguyen v. Watts*, 605 S.W.3d 761, 793 (Tex. App. – Houston [1st Dist.] 2020). Here, Rabo contends that 2B Farms' aiding and participating claim fail because it failed to allege that Rabo (1) knew that the McClain Entities were committing fraud; (2) had intent to assist the McClain Entities in perpetrating fraud; or (3) gave the McClain Entities assistance or encouragement in perpetrating the fraud.

17.    As set forth in the Amended Complaint, 2B Farms has alleged that "[d]espite the

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                                                    Page 11 of 20
Third-Party Plaintiffs' Amended Complaint

findings from the February 2023 Inspection Report, Rabo did not shut down the McClain Entities' operation or inform any others of the massive McClain Scheme, including 2B Farms. Instead, Rabo allowed the McClain Entities to continue operations and caused damage to parties such as 2B Farms. This decision was intentional to Third-Party Plaintiffs' detriment. Indeed, Rabo knew that it had invested roughly $50 million in the McClain Entities' Scheme, which enabled the Scheme to grow exponentially. Yet, Rabo elected to act and protect its own interest by continuing to allow 2B Farms and other Third-Party Plaintiffs and others to deposit millions of dollars in the McClain Entities' bank accounts while, at the same time, preventing payments from being made to 2B Farms and other Third-Party Plaintiffs on checks written on the McClain accounts." (Amended Complaint at ¶¶ 22).

18.     Rabo breached its common law duty by engaging in and assisting the McClain Entities' commission of fraud and other elements required to support these claims. (*See* Amended Complaint at ¶¶ 18-40 and above.) 2B Farms has satisfied the required pleading standard as to this claim. Therefore, 2B Farms has adequately alleged its aiding and participating claim, and the Motion should be denied.

### D.   2B FARMS SATISFIED ITS PLEADING BURDEN FOR CIVIL CONSPIRACY.

19.     Rabo contends that 2B Farms' civil conspiracy claim similarly fails because 2B Farms allegedly failed to adequately plead its civil conspiracy.  Primarily, its contends that 2B Farms failed to segregate and allege as to Rabo when such acts allegedly occurred, who committed them, and how they occurred.  2B Farms contends that it sufficiently pled, with specificity, facts establishing "the who, what, when, where, and how" of Rabo's fraud in this matter both as it relates to the transactions involving 2B Farms in April 2023, and also prior to this time frame. *Benchmark Electronics, Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

20.     In particular, 2B Farms has pled that despite Rabo's direct and actual knowledge of the February Inspection Report where fraudulent acts were discussed, Rabo did not shut down the McClain Entities' operation or inform any others of the massive McClain Scheme, including 2B Farms.

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page 12 of 20
    Third-Party Plaintiffs' Amended Complaint

Instead, Rabo allowed the McClain Entities to continue operations and cause damage to parties such as 2B Farms. This decision was intentional to 2B Farms and other Third-Party Plaintiffs' detriment. Indeed, Rabo knew that it had invested roughly $50 million in the McClain Entities' Scheme, which enabled the Scheme to grow exponentially. Yet, Rabo elected to act and protect its own interest and those of McClain by continuing to allow 2B Farms and other Third-Party Plaintiffs to deposit millions of dollars in the McClain Entities' Bank Accounts while, at the same time, preventing payments from being made to 2B Farms and other Third-Party Plaintiffs on checks written on the McClain Accounts. (Amended Complaint at ¶¶ 22). As such, the pleadings requirements were met, and this portion of the Motion should be denied.

### E. 2B FARMS HAS ADEQUATELY IDENTIFIED THE FRAUDULENT TRANSFERS PLED WITH PARTICULARITY.

21.     2B Farms has asserted fraudulent transfer actions against Rabo related to two (2) separate types of transfers.  They include both direct wire transfers ("**Cattle Purchase Wires**") to the McClain Accounts controlled by Rabo through its DACA as well as transfers related to checks which Rabo and Mechanics Bank failed to honor ("**Cattle Sale Checks**") despite 2B Farms' repeated attempts to negotiate same.  Here, Rabo attacks 2B Farms' fraudulent transfer claims under both the Bankruptcy Code and TUFTA stating that 2B Farms' claims related to the dishonored Cattle Sale Checks are factually deficient, conclusory and lack plausibility.

### (i) The Cattle Sale Checks.

21.     Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim.  With regard to the Cattle Sale Checks referenced above, Section 548(a)(1)(B) of the Bankruptcy sets forth the following elements: (1) a transfer was made of the Debtor's property; (2) the transfer was made within two years of the Petition Date; (3) the Debtor received less than reasonably equivalent value in exchange for such transfer; and (4) the Debtor was insolvent at the time of such transfer, or became insolvent as a result of such transfer or obligation. *Id.*

23.     2B Farms has pled that in early April 2023, an HTLF representative filled out the following three (3) checks based upon sale statements prepared by McClain Feedyard, and then deposited

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page **13** of **20**
Third-Party Plaintiffs' Amended Complaint

them into Third-Party Plaintiffs' account without endorsement:

| Check | Date of Check | Amount of Check |
|-------|---------------|-----------------|
| McClain Farms Inc. Check # 7331 | April 4, 2023 | $2,530,920.39 |
| McClain Farms Inc. Check # 7620 | April 5, 2023 | $2,559,407.02 |
| McClain Farms Inc. Check # 7621 | April 6, 2023 | $2,510,991.45 |
| | **TOTAL:** | **$7,601,318.86** |

(Amended Complaint at ¶¶ 37).  At the time attempts were made to negotiate the checks, the McClain Entities' Bank Accounts reached a deposit amount in excess of $22,000,000.00, including the near $7,500,000.00 it received from 2B Farms in wire transfers during this exact same time period (Amended Complaint at ¶¶ 34) (see para. 27 below).

24.    In addition to the specific facts pled above, 2B Farms has pled the following with particularity:

- None of Cattle Sale Checks were permitted to clear the McClain Account at Mechanics Bank as Rabo and Mechanics Bank had taken control of the account at that time and directly prevented their successful transaction through the McClain Account – namely refusing to honor the three (3) checks for 2B Farms' cattle sold (Amended Complaint at ¶¶ 37);

- Mechanics Bank and Rabo were actively managing and transferring balances in the various McClain Accounts at this time and funds were available to successfully negotiate the referenced checks if Mechanics Bank and Rabo had chosen to do so, but they chose not to; (Amended Complaint at ¶¶ 37) and

- 2B Farms pled that by stopping payment on 2B Farms' Cattle Sale Checks, but then allowing for the continued receipt of wires from 2B Farms and others, Rabo and Mechanics Bank were able to avoid any loses on the McClain Accounts which they controlled to the detriment of 2B Farms. (Amended Complaint at ¶¶ 38)

25.    Rabo's *active control and management* of the McClain Accounts to its benefit during the time period when it was aware of the McClain Scheme in early April 2023, distinguishes this matter from the case law that Mechanics Bank (incorporated by Rabo into its Motion to Dismiss) cites in its Motion, and as such the same is applicable to the case at bar.  By refusing to allow the Cattle Sale Checks to clear the McClain Accounts at a point when there were funds available in the accounts to honor same, Rabo and Mechanics Bank received a transfer, even if it was an "indirect transfer" of the funds in the McClain Account to its benefit, as such term is used and defined under Section 101(54)(D) of the Bankruptcy

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                                    Page 14 of 20
Third-Party Plaintiffs' Amended Complaint

Code.  In the Fifth Circuit case of *Ray G. Besing, et al. v. Lyn Noble Hawthorne*, 981 F.2d 1488, 1492 (5th

Cir. 1993), the Fifth Circuit Court of Appeals held the following

> As the Debtors correctly point out, **Congress intended for the Code's definition of "transfer" to be as broad as possible**. *See* S.REP. No. 95–989, 95th Cong.2d Sess. 27 (1978) ("A transfer is a disposition of an interest in property. The **definition ... is as broad as possible**."), *reprinted in* 1978 U.S.C.C.A.N. p. 5787, 5813; H.R.REP. No. 95–595, 95th Cong. 1st Sess. 314 (1977) (same language), *reprinted in* 1978 U.S.C.C.A.N. p. 5963, 6271. "**The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another....**" *Pirie v. Chicago Title & Trust Co.,* 182 U.S. 438, 444, 21 S.Ct. 906, 908, 45 L.Ed. 1171 (1901) (construing former section 1(30) of the Bankruptcy Act from which the current Code definition was derived). Indeed, **the Code's expansive definition literally encompasses "every mode ... of ... parting with ... an interest in property**." 11 U.S.C. § 101(54).

*Besing*, 981 F.2d at 1492. (emphasis added).

26.     Moreover, In the case of *Reagor Auto Mall, Ltd. v. FirstCapital Bank, N.A.*, 2020 WL

4939180 (Bankr. N.D. Tex. Aug. 24, 2020), this Court concluded that the Rule 9(b) standard applies to

fraudulent-transfer cases, but explained that Rule 9(b) is "context-specific" and that "there is not a clear

checklist on how a plaintiff meets the Rule 9(b) pleading standard." *FirstCapital Bank*, 2020 WL

4939180, at *8-10.  Here, 2B Farms contends that it has adequately and specifically pled that Rabo

received an indirect transfer of 2B Farms cattle proceeds by dishonoring 2B Farms' checks when funds

were available to honor same (while at the same time accepting 2B Farms' Cattle Purchase Wires into the

account) in its orchestrated effort to avoid loses in an account that it controlled to its own benefit and to

the detriment of 2B Farms.  It did so during a time period that it knew that the McClain Entities had been

operating a fraudulent scheme through its accounts at the bank.

**(ii) Cattle Purchase Wires.**

27.     2B Farms has further pled with the requisite specificity that the following wire transfers

were also initiated and sent out to the McClain Accounts at to purchase additional cattle based upon cattle

offered for sale by McClain:

| Wire Out Date | Recipient | Amount | #Cattle Intended to Purchase from McClain |
|---|---|---|---|
| April 4, 2023 | McClain Feedyard, Inc. | $2,473,847.58 | 2205 hd |
| April 5, 2023 | McClain Feedyard, Inc. | $2,499,037.72 | 2222 hd |

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page **15** of **20**
        Third-Party Plaintiffs' Amended Complaint

| April 6, 2023 | McClain Feedyard, Inc. | <u>$2,486,071.62</u> | <u>2219 hd</u> |
| | **TOTAL:** | **$7,458,956.92** | **6,646 hd** |

(Amended Complaint at ¶¶ 38) (hereinafter collectively referred to as the "**Cattle Purchase Wires**").

28.    2B Farms has pled that such wires were in fact transfers to Rabo and Mechanics Bank during a time period that Rabo knew of the McClains Entities' on-going fraudulent scheme and controlled the accounts, but accepted 2B Farms' cattle purchase wires nonetheless.  As such, the Motion should be denied.

### (a) 2B Farms has Adequately Pled Facts in Support of Its Fraudulent Transfer Claims Under 11 U.S.C. § 548(a)(1)(B) for the Cattle Purchase Wires.

29.    Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim.  With regard to the Cattle Purchase Wires referenced above, Section 548(a)(1)(B) of the Bankruptcy sets forth the following elements: (1) a transfer was made of the Debtor's property; (2) the transfer was made within two years of the Petition Date; (3) the Debtor received less than reasonably equivalent value in exchange for such transfer; and (4) the Debtor was insolvent at the time of such transfer, or became insolvent as a result of such transfer or obligation." *Id.*

30.    With regards to each element, 2B Farms has pled that the Cattle Purchase Wire transfers were its property as they came from the Debtor's (2B Farms) account at HTLF Bank.  It is undisputed that the Cattle Purchase Wires were made within two (2) years of 2B Farms' bankruptcy petition date on June 1, 2023.  Further, 2B Farms specifically pled that it was insolvent at the time of the transfers or became insolvent as a result of such transfers based upon its combined loss of $15,060,275.78 within an approximate three (3) day period in early April 2023, when these transfers occurred (Amended Complaint at ¶¶ 39 and 62).  The sheer magnitude of this loss and 2B Farms subsequent insolvency ultimately necessitated its Chapter 12 bankruptcy filing.  Again, these facts cannot be disputed and have been properly pled in the Amended Complaint directly or by direct inference.

31.    With regard to the Cattle Purchase Wires, Rabo appears to focus on 2B Farms' alleged failure to plead the "less than reasonably equivalent value" element of this cause of action. 2B Farms pled that Rabo had both actual and constructive knowledge of McClains Scheme at a time when it actively

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                Page **16** of **20**
        Third-Party Plaintiffs' Amended Complaint

exercised control over the accounts (Amended Complaint at ¶¶ 33-35).  It was during that period that it accepted 2B Farms' wires into the account to Rabo's ultimate benefit but for no reasonably equivalent value to 2B Farms as, unbeknownst to 2B Farms, the entire enterprise was a sham being perpetrated through the McClain Accounts. It is also undisputed that Rabo and the McClain Entities knew what was happening, but 2B Farms did not.  As such, the Motion should be denied.

### (b) 2B Farms has Adequately Plead Facts in Support of Its Fraudulent Transfer Claims Under §§ 24.006(a) and 24.006(b) of TUFTA for the Cattle Purchase Wires.

32.    **TUFTA Constructive Fraud § 24.006(a).** Under § 24.006(a) of TUFTA, the Trustee must prove the following elements: 1) the transaction constituted a transfer; 2) the debtor received less than reasonably equivalent value in exchange for the transfer; and 3) the debtor was insolvent at the time of the transfer or as a result of the transfer. *See In re SMTC Mfg. of Texas*, 421 B.R. 251, 316 (Bankr. W.D. Tex. 2009). 2B Farms contends that it sufficiently pled facts in support of its TUFTA § 24.006(a) claims to avoid dismissal.

33.    As for the first element of this cause of action, the three (3) Cattle Purchase Wires were specifically identified in 2B Farms' Amended Complaint as transfers that were subject of its recovery action (Amended Complaint at ¶¶ 38-39).   Further, 2B Farms pled that Rabo also had both actual and constructive knowledge of McClains' Scheme at a time when its actively exercised control over the accounts (Amended Complaint at ¶¶ 20-23).   Importantly, it was during that same time period that it allowed 2B Farms' Cattle Purchase Wires into the McClain Account to its ultimate benefit but for no reasonably equivalent value to 2B Farms.   Lastly, 2B Farms specifically pled that it was insolvent at the time of the transfers or became insolvent as a result of such transfers based upon its combined loss of $15,060,275.78 within an approximate three (3) day period in early April 2023, when these transfers occurred (Amended Complaint at ¶¶ 39 and 62).  The magnitude of this loss ultimately necessitated 2B Farms' Chapter 12 bankruptcy filing.   Because the Amended Complaint sets forth facts which establish the elements of a fraudulent transfer claim under § 24.006(a) of TUFTA, the relief requested by Rabo should be denied.

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page **17** of 20
   Third-Party Plaintiffs' Amended Complaint

34.    **TUFTA Constructive Fraud § 24.006(b)**.    To prove a claim under § 24.006(b) of TUFTA, 2B Farms must prove: 1) a transfer made by a debtor which is fraudulent as to a creditor whose claim arose before the transfer was made; 2) the transfer was made to an insider for an antecedent debt; 3) the debtor was insolvent at that time; and 4) the insider had reasonable cause to believe that the debtor was insolvent. *See* TEX. BUS. & COM. CODE § 24.006(b).

35.    2B Farms acknowledges the potential deficiency as to the "insider" element of this particular cause of action.  To avoid causing the Court to expend undue time and judicial resources on this particular matter, 2B Farms agrees to dismiss this claim against Rabo under § 24.006(b) of TUFTA.

### F.    Rabo Was An Initial Transferee Which Also Benefited from the Cattle Sale Checks and the Cattle Purchase Wires.

36.    Rabo next argues that 2B Farms cannot satisfy certain elements of Section 550 of the Bankruptcy Code, namely, as it contends, that it was not an initial transferee of the Cattle Sales Checks or Cattle Purchase Wires, nor did it allegedly benefit from the transfers.    Bankruptcy Code Section 550 states that "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from — (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. §§ 550(a)(1), (2).

37.    2B Farms contends that it has sufficiently pled that the transfers, which are the subject of the Amended Complaint, occurred at a point in time when Rabo had actual or constructive knowledge that the McClain Entities were operating a Scheme through the McClain Accounts at Mechanics Bank (Amended Complaint at ¶¶ 33).  That it allowed the accounts to remain open despite knowledge of this fraudulent scheme and exercised control over the accounts to 2B Farms' detriment. (Amended Complaint at ¶¶ 34).

38.    In the first instance, 2B Farms states that given Rabo's knowledge of the McClain's fraud in early April 2023, Rabo and Mechanics Bank were an "initial transferee" and/or "mediate transferee of such initial transferee" of the Cattle Sales Checks and/or Cattle Purchase Wires and that the case law

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page 18 of 20
Third-Party Plaintiffs' Amended Complaint

cited by Rabo in its Motion is unpersuasive.    Rabo primarily relies on Fifth Circuit case law that states that to be considered a "transferee" an entity must have "dominion or control" over the disputed assets. *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N, 2015 WL 13034513, at *5 (N.D. Tex. Apr. 21, 2015) (citing *In re Coutee*, 984 F.2d 138, 141 (5th Cir. 1993)).  Rabo further cites case law that a bank does not have actual control of deposits of funds it receives and therefore is not a section 550 initial transferee. *See Nordberg v. Societe Generale* (*In re Chase & Sanborn Corp.*), 848 F.2d 1196, 1200 (11th Cir. 1988).

39.    Even under its own case law cited in its Motion, Rabo qualifies as an initial transferee, as 2B Farms has alleged, it <u>did</u> exercise control over the McClain Accounts at a point when it was clear that a significant fraudulent enterprise was being perpetrated through same.  This control was further evidenced by its denial of Cattle Sales Checks, while at the same time, acceptance of 2B Farms' Cattle Purchase Wires at a point when it had implemented its DACA agreements with Mechanics Bank.  It clearly exercised direct control of both actions.  Rabo further benefited as a transferee of their direct actions taken on the Cattle Sales Checks and Cattle Purchase Wires.

40.    Ultimately, 2B Farms satisfactorily pled the pleading requirements that Rabo, in conjunction with Mechanics Bank, were actively managing and controlling the McClain Accounts in April 2023 to avoid losses to the McClain Accounts at the bank.  Rabo, in conjunction with Mechanics Bank, exercised control by dishonoring checks presented to draw on the McClain Accounts, such as those made payable to 2B Farms for the Cattle Sales Checks (Amended Complaint at ¶¶ 37), but, at the same time, allowing Cattle Purchase Wires into the McClain Accounts such as the funds wired by 2B Farms to purchase cattle (Amended Complaint at ¶¶ 38). As such, Rabo's portion should in all things be denied.

WHEREFORE, 2B Farms, a Texas General Partnership, Terry M. Robinson and Rebecca A Robinson pray that the Motion be denied in its entirety, or, if the Court is inclined to grant the Motion in any respect, that they be granted leave to amend its complaint.

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                                    Page **19** of **20**
    Third-Party Plaintiffs' Amended Complaint

DATED:  January 28, 2025.

Respectfully submitted,

**McWhorter, Cobb & Johnson, L.L.P.**
1722 Broadway (79401)
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214 - Telephone
(806) 762-8014 – Facsimile

Timothy T. Pridmore
SBN:  00788224
*tpridmore@mcjllp.com*
Todd J. Johnston
SBN:  24050837
*tjohnston@mcjllp.com*

By: */s/ Timothy T. Pridmore*
     Timothy T. Pridmore
***ATTORNEYS FOR DEFENDANTS, COUNTER-PLAINTIFFS, THIRD-PARTY PLAINTIFFS AND THIRD-PARTY DEFENDANTS 2B FARMS, A GENERAL TEXAS PARTNERSHIP, TERRY ROBINSON, REBECCA ROBINSON, AND ANGELA ROBINSON***

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2025, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case, including the following:

- **Michael R. Johnson** *at* *mjohnson@rqn.com*
- **Thomas C. Riney** *at* *tom.riney@uwlaw.com*
- **W. Heath Hendricks** at *heath.hendricks@uwlaw.com*

*/s/ Timothy T. Pridmore*
     Timothy T. Pridmore

AgTexas Farm Credit Services, et al vs. Rabo AgriFinance, LLC, et al
2B Farms' Response in Opposition to Rabo AgriFinance, LLCs Motion to Dismiss                    Page **20** of 20
    Third-Party Plaintiffs' Amended Complaint