Charity S. Bird, *Pro Hac Vice*
KY State Bar 92622
GA State Bar 153021
cbird@kaplanjohnsonlaw.com
**KAPLAN JOHNSON ABATE & BIRD, LLP**
710 W. Main Street
4th Floor
Louisville, Kentucky 40202
Telephone: (502) 540-8285
*Counsel for Meagan Goad*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>    Debtors. | Case No. 23-20084-rlj<br>Chapter No. 7<br><br>Jointly Administered |
| IN RE:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>    Debtors. | Case No. 23-50096-rlj<br>Chapter No. 12<br><br>Jointly Administered |
| IN RE:<br><br>AGTEXAS FARM CREDIT SERVICES; AGTEXAS, PCA; AND THORLAKSON DIAMOND T FEEDERS, LP<br><br>    Plaintiffs,<br><br>and<br><br>EDWARD DUFURRENA et al.,<br>    Intervenor-Plaintiffs<br>v. | ADV. PROC. NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |

| | |
|---|---|
| RABO AGRIFINANCE, LLC et al.,<br><br>    Defendants | |
| IN RE:<br><br>HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>    Plaintiffs, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, et al., TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>    Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br>RABO AGRIFINANCE LLC and MECHANICS BANK,<br><br>    Third-Party Defendants, and as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | ADV. PROC. NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |

## MEAGAN B. GOAD'S REPLY BRIEF TO RESPONSE
## TO GOAD'S MOTION TO DISMISS

Meagan B. Goad ("Goad"), by and through undersigned counsel, and files this Reply Brief ("Reply") rebutting Plaintiffs' Response to Goad's Motion to Dismiss ("Response"), Adversary Case No. 24-02007-rlj, Docket No. 56, as follows:

2

## I. Factual Background

1. This Reply incorporates by reference all of the allegations made in Goad's initial Motion to Dismiss Adversary Proceeding ("Motion to Dismiss"), *id.*, Docket No. 34, filed in response to the deficient allegations in the Plaintiffs' Complaint (the "Complaint"), Adversary Case No. 24-02002-rlj, Docket No. 1-2.

2. This Reply also incorporates Goad's testimony proffered at her deposition, which the Plaintiffs rely upon in error to defend the Complaint. See *Response* (citing the "Goad Transcript" or "Goad Tr.").

## II. Legal Standards

3. Goad renews her argument in the alternative for relief pursuant to Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4. In light of the deficiencies of the allegations outlined in the Motion to Dismiss and this Reply, and the deficiencies of the Plaintiffs' Response, Goad seeks a denial of the Plaintiffs' request to amend their Complaint. A denial is warranted where the Court possesses a 'substantial reason' to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

## III. Argument and Citation of Authority

The Court should dismiss all claims against Meagan B. Goad with prejudice due for failure to state a claim upon which relief can be granted. Goad acknowledges this Court's ruling on jurisdiction entered prior to Goad's filing of the Motion to Dismiss and respectfully reserves the right to renew its objection to jurisdiction at a later stage. If the Court does have

jurisdiction, this Reply explains why, in the alternative, the Plaintiffs' claims against Goad (A) should be dismissed with prejudice pursuant to Rule 12(b)(6) and (B) should not be revived by another amended complaint. In addition to Plaintiffs failure to allege with a basis for relief, as already discussed in the Motion to Dismiss, Plaintiffs lack standing. Plaintiffs' request to amend their Complaint should, for the same reasons, be denied.

### A. Plaintiffs Fail to State a Claim Upon Which Relief May Be Granted due to Lack of Standing.

If a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim. *Matter of Educators Grp. Health Tr.*, 25 F.3d 1281, 1283 (5th Cir. 1994) (citations omitted). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This includes state law causes of action. *Id.* (collecting cases). The Fifth Circuit's legal framework for determining whether the trustee or an individual creditor is the appropriate actor provides that there are three kinds of action: (1) actions by the estate belonging to the estate; (2) actions by individual creditors asserting a generalized injury to the debtor's estate, which ultimately affects all creditors; and (3) actions by individual creditors that affect only that creditor personally. *In re Schimmelpennink*, 183 F.3d 347, 359-60 (5th Cir. 1999) (citations omitted) (cited in Adversary Case No. 24-02007-rlj, Docket No. 68 ("Rabo's Joinder")). Standing vests in the trustee for the first two categories, *Id.* at 360, namely the second—which is most applicable here. See *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 585 (5th Cir. 2008) (such cases are those which are "merely derivative of an injury to the debtor").

Here, the terms of the Complaint indicate that the reason the McClain Entities are in bankruptcy is because of the alleged Ponzi scheme that McClain was running through said entities. "As raised by the Trustee, this may well trigger causes of action by the Trustee: the

4

cattle loss directly diminished the McClain Debtors' bankruptcy estates and is the type of loss that courts view as estate claims properly brought by the trustee for the benefit of all creditors." Adversary Case No. 24-02007-rlj, Docket No. 1, p. 9. If it is the case that "fifty-one creditors of the McClain Debtors are asserting that Mechanics Bank, Rabo, and others engaged in conduct that caused the parties who invested with the McClain Debtors to suffer harm through the loss of their investments," this case is clearly one "by individual creditors asserting a generalized injury to the debtor's estate, which ultimately affects all creditors." *Rabo's Joinder* at p. 2.

A creditor in this circuit has attempted and failed to make the type of claim asserted by the Plaintiffs as has been raised before. See *Educators Grp. Health Tr.*, supra. There, a number school districts brought suit against the administrator of the debtor alleging negligent management on account of the loss of the trust funds the debtor held as part of benefits packages for teachers. *Id*. The Court reasoned that because the plaintiffs there alleged that the defendants negligently managed the debtor causing the debtor to become insolvent and unable to pay the claims of employees of the plaintiff school districts, those claims are essentially derivative of an injury to the debtor, and therefore property of the estate. *Id*. at 1284-85. Here, the Complaint alleges that Goad was, along with the other defendants, part of a Ponzi scheme in which she asserted control over the McClain Entities to commit the fraud, causing the Debtors to incur a massive amount of obligations. See *Complaint*, ¶¶ 49, 69, 75, among others. It follows that the claims asserted against Goad, however deficient, likewise belong to the trustee in the debtors' cases.

Plaintiffs might argue that lack of standing warrants a remand. See *Response*, p. 9. But statutory standing is not jurisdictional. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572

5

U.S. 118, 128, 134 S. Ct. 1377, 1388, 188 L. Ed. 2d 392 (2014) ("the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the court's statutory or constitutional *power* to adjudicate the case.'"); *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 666 (5th Cir. 2020) ("Unlike Article III standing, statutory standing is not jurisdictional") (citations omitted). "A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim." *Id*. (citations omitted). And it is well understood in this circuit that a trustee's exclusive standing is statutory rather than jurisdiction. See, e.g., *In re Neighbors Legacy Holdings, Inc.*, 645 B.R. 864, 877–78 (Bankr. S.D. Tex. 2022) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)) (lack of standing by a trustee results in a preclusive judgment).

On this basis alone, the Plaintiffs Complaint against Goad should be dismissed, not to mention the pleading deficiencies.

### B. Plaintiffs should not be permitted to amend their complaint because any such amendment would be futile.

There are five factors to consider in reviewing a motion for leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] [5] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 317 U.S. 178, 182 (1962)). "A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend." *Id*. (citing *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982).

Addressing futility first, it "appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief." *Hildebrand v. Honeywell, Inc.*, 662 F.2d 179, 182 (5th Cir.

6

1980). The lack of standing alone warrants dismissal with prejudice. *In re Neighbors Legacy Holdings, Inc.*, 645 B.R. 864, 877–78 (Bankr. S.D. Tex. 2022) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)) (cited in the previous section).

Besides that, Plaintiffs attempted, in their Response, to supplement the pleadings by referring to Goad's transcripts and internal communications with McClain concerning work matters. The vast amount of evidence Plaintiffs had access to and cited in their Response provided no support for their claims, as the record consists of Goad's testimony and consistent text messages showing that she had no intent to participate in or knowledge of McClain's allegedly fraudulent acts. See *Goad Tr.* 30 ln. 24 – 31 ln. 2 ("Q. So [McClain] *would tell you the information* that is set forth in the projected closeout, and you would create the [Cattle Feeding Agreement]? A. Yes.") (emphasis added); Goad Tr. 95 ln. 2 – 4 ("Q. So you would create [Borrowing Base Certificates] based on information that *he had provided*, correct? A. Yes.") (emphasis added); *Goad Tr.* 180, lns. 17-22 (after telling McClain not to back date invoices, he "just blew [her] off and said 'I'll deal with it'").

The evidence in favor of Goad's position is "substantial", *Smith v. EMC Corp.*, 393 F.3d 282, 286 (5th Cir. 2004) (quotations omitted) (cited supra), and the evidence against it is non-existent. See *In re EveryWare Global, Inc. Securities Litigation*, 175 F.Supp.3d 837, 836 (S.D. Ohio 2016) (dismissal with prejudice because, among other reasons, "Plaintiffs' complaint does not indicate how any of the other confidential witnesses. . . would have been in a position to know that the Company was running out of money"); *Taubenfeld v. Hotels.com*, 385 F.Supp.2d 587, 592-93 (N.D. Tex. 2004) (impossibility of amendments to predicate statements of alleged misrepresentation cannot be corrected, warranting dismissal with prejudice).

The futility of this case, in turn, amount to an undue prejudice, giving the likely repetition of unnecessary discovery. **Plaintiffs AGTexas, PCA and Thorlakson Diamond T Feeders, LP were present at the 2004 Examination of Goad.** They participated in the initial "licensed fishing expedition[]" permitted by the Bankruptcy Rules, *In re NE 40 Partners, Ltd. P'ship*, 440 B.R. 124, 129 (Bankr. S.D. Tex. 2010), combing through Goad's text messages and interrogating her on each of the details they mention in their Response, and found nothing as previously discussed herein. Nothing in their Complaint or Response suggests that an amendment would state any factual content demonstrating or leading to the inference of the requisite control or knowledge they want this Court to make. Continuing to permit litigation would cause an unnecessary and prejudicial burden on Goad to defend baseless allegations.

These factors, in addition to the fact that the Plaintiffs failed to state a claim initially, as shown hereinabove, puts this Court well within its discretion, see *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), to permit denial of leave to amend the Complaint.

### IV. Conclusion

Based upon the above and the preceding Motion to Dismiss, Goad respectfully reiterates its requests that the Court dismiss with the claims with prejudice pursuant to Rule 12(b)(6), deny the Plaintiffs' request for leave to amend their complaint pursuant to Rule 15, and grant any such other and further relief as the Court deems appropriate.

Goad reiterates that she does not consent to the jurisdiction or the entry of final orders or judgment by the United States Bankruptcy Court for the Northern District of Texas in this proceeding and she retains her right to a jury trial.

Respectfully Submitted,

By: */s/ Charity S. Bird*
Charity S. Bird, KYBAR 92622
Kaplan Johnson Abate & Bird LLP
710 West Main Street, 4th Floor
Louisville, KY 40202
Phone: (502) 540-8285
Email:  cbird@kaplanjohnsonlaw.com

Todd A Farmer, KYBAR 86214
Farmer & Wright, PLLC
4978 Alben Barkley Drive, Suite 1
Paducah, KY 42001
Phone: (270) 443-4431
Email: tfarmer@farmerwright.com
William A. Franklin, SBN: 24007200
Boerner, Dennis & Franklin, PLLC
P.O. Box 1738
Lubbock, TX 79408-1738
Phone: (806) 763-0044
Email:  bfranklin@bdflawfirm.com

**ATTORNEYS FOR MEAGAN GOAD**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2025, a true and correct copy of the foregoing was served via the Court's ECF system on all parties that have appeared and requested notice via the Court's ECF system.

*/s/ Charity S. Bird*
Charity S. Bird

9