David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Michael S. Duncan, SBN 24097628
mduncan@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES AGTEXAS, PCA AND THORLAKSON DIAMOND T FEEDERS, LP*

John Massouh, SBN 24026866
John.massouh@sprouselaw.com
Josh Kundert, SBN 24143877
Josh.kundert@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

--and--

Abel A. Leal, SBN 24026989
abel@leal.law
LEAL LAW FIRM, LLC
14180 N. Dallas Parkway, Suite 300
Dallas, Texas 75254
(214) 395-5325

*Attorneys For Dennis Buss, Buss Family Trust, Eddie Bryant, Robert E. Gray, Ronnie Gray, Gray Brothers, Craig Sutton, Amy Sutton, Steve Ryan, Janice Lawhon, AJ Jacques Living Trust, Gungoll Cattle, LLC, Leah Gungoll, Morrison Café, LLC, Gary Lesh, Jan Lesh, Lesh Family Trust, Jared Lesh, Jordan Lesh, LLC, Joel Brookshire, Gene Brookshire Family, LP, Douglas Finley, Scarlet And Black Cattle, LLC, Bryan Blackman, Steve T Scott Farm, Inc., Scott Livestock Company, Inc., Arnold Braun Trust, Robert Braun, Jim Rininger, Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Lyndal Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Susan Van Buskirk, Jimmy Greer, Dustin Johnson And Dora Blackman*

Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
CRENSHAW, DUPREE & MILAM, L.L.P.
4411 98th Street, Suite 400
Lubbock TX 79424
(806) 762-5281
(806) 762-3510 (fax)

*Attorney for Ridgefield Capital Group, Drew Phillips, Carraway Cattle, Robert Ellis, Barry Phillips, Big Seven Capital Partners, Richard Carraway*

James D. Bradbury, SBN 02814500
jim@bradburycounsel.com
Kyle K. Weldon, SBN 24097192
kyle@bradburycounsel.com
JAMES D. BRADBURY, PLLC
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

*Attorneys for Priest Cattle Company, Ltd, Priest Victory Investment LLC, W. Robbie Russell Living Trust, and Eddie Stewart*

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
TEXAS AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>  Debtors. | Case No. 23-20084-rlj<br>Chapter No. 7<br><br>Jointly Administered |
| IN RE:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>  Debtors. | Case No. 23-50096-rlj<br>Chapter No. 12<br><br>Jointly Administered |
| IN RE: | |

| | |
|---|---|
| AGTEXAS FARM CREDIT SERVICES; AGTEXAS, PCA; AND THORLAKSON DIAMOND T FEEDERS, LP<br><br> Plaintiffs,<br><br>and<br><br>EDWARD DUFURRENA et al.,<br> Intervenor-Plaintiffs<br>v.<br><br>RABO AGRIFINANCE, LLC et al.,<br><br> Defendants | ADV. PROC. NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |
| IN RE:<br><br>HTLF BANK, as successor to FIRST BANK & TRUST,<br><br> Plaintiffs, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, et al., TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br> Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br>RABO AGRIFINANCE LLC and MECHANICS BANK,<br><br> Third-Party Defendants, and as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | ADV. PROC. NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |

**PLAINTIFFS AND INTERVENORS' OPPOSED MOTION FOR LEAVE TO AMEND AND CONSOLIDATE PLEADINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs AgTexas Farm Credit Services, AgTexas PCA ("**AgTexas**"), and Thorlakson Diamond T. Feeders, LP ("**Thorlakson**"), joined by those certain undersigned Intervenors, through their counsel of record, and file the following Motion for Leave to Amend and Consolidate Pleadings.

## Introduction and Summary

Plaintiffs and Intervenors ask that the Court grant leave to amend and consolidate their state-court petitions and direct the Clerk to file the attached Plaintiffs' and Intervenors' Original Federal Complaint Amending and Consolidating Their State Court Petitions (the "Federal Complaint"), attached hereto as Exhibit A, as such amended pleading. This is Plaintiffs' and Intervenors' first request for leave to amend their pleadings.

This motion is believed to be partially opposed. Defendants Rabo Agrifinance LLC, Mechanics Bank, and Shawn Ragland have previously stipulated to continue deadlines on their respective motions to dismiss provided that Plaintiffs and Interventors file a motion for leave to file a single integrated amended complaint by February 10, 2025. *See* Dkt. 91. Counsel for HTLF Bank indicated by telephone on February 10, 2025, that HTLF is unopposed. Plaintiffs' counsel was unable to reach counsel for Defendant Meagan Goad, but assumes that that Goad is opposed. *See* Dkt. 94 at 6.

## Procedural Background

This lawsuit arises from direct causes of action that Plaintiffs have against Rabo AgriFinance, LLC, Mechanics Bank, HTLF Bank, as successor to First Bank & Trust, Meagan Goad, and Shawn Ragland (the "**Defendants**").

Plaintiffs filed this litigation in the Texas District Court for Deaf Smith County and the Intervenors represented by Sprouse Shrader Smith and the Leal Law Firm intervened therein. *See* Adversary No. 24-02002 Dkt. 1-2 at 2-16 (Plaintiffs Original [state-court] Petition, filed April 21, 2023); *id.* at 131-57 (Plaintiffs' Third Amended [state-court] Petition, filed March 21, 2024). Intervenors joined that state-court litigation through intervention. *Id.* at 41-60 (Intervenors' Original Plea in Intervention, filed April 28, 2023); *id.* at 62-82 (Intervenors' First Amended Plea in Intervention, filed May 1, 2023). The Intervenors represented by the Crenshaw, Dupree & Milam and James D. Bradbury law firms intervened after removal to this Court. Adversary No. 24-02007 Dkts. 9, 36.

Defendant Rabo AgriFinance LLC removed the state-court case to this Court on March 28, 2024. *Id.* Dkt. 1 (notice of removal). The Notice of Removal alleged that the Court has "related-to" jurisdiction over the underlying suit. Adversary No. 24-02002 Dkt. 1 at 5, ¶¶ 14-16.

Plaintiffs moved to remand or in the alternative that the Court should abstain under Section 1334. Adversary No. 24-02002, Dkt. 22. While the motion to remand was under consideration, the Court abated further proceedings. Adversary No. 24-02002, Dkt. 41. Ruling on the motion to remand as well as a motion to consolidate and abate cases filed by the Trustee, the Court concluded that it had related-to jurisdiction, denied Plaintiffs' Motion to Remand without specifically addressing the issue of abstention, and consolidated the case with other Adversary Proceedings before the Court under this Cause number. Dkt. 1 at 12, 15. The Court also abated further proceedings in this case other than discovery through late December 2024. *Id.* at 15.

This Court has not entered a scheduling order in this case.[1]

---

[1] The Court did enter an Alternative Scheduling Order in Adversary Proceeding Number 23-02005, which is related to the same bankruptcy proceedings, but that order did not set a deadline for amended pleadings in that case either, instead noting:

> There is no express deadline for the filing of amended pleadings without leave given, among other reasons, the staggered structure of this proceeding and abatement of certain issues. The intent of this Scheduling Order is to allow for the prosecution of certain initial issues without prejudicing the

**Argument and Authorities**

Plaintiffs and Intervenors hereby request that the Court grant them leave to amend and consolidate their live pleadings by filing the Federal Complaint attached hereto as **Exhibit A**.

The current live pleadings of Plaintiffs and Interventors were filed in Texas state court. Texas courts follow a "fair notice" pleading standard, which only requires that "the opposing party can ascertain from the pleading[s] the nature and basic issues of the controversy and what testimony will be relevant." *Pharos Capital Group, LLC v. Nutmeg Ins. Co.*, 999 F. Supp. 2d 947, 954 (N.D. Tex. 2014) (quoting, *inter alia*, *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). Several Defendants filed Rule 12(b)(6) motions asserting that the *state* court pleadings do not meet the *federal* pleading standard. While Plaintiffs' and Intervenors' prior pleadings meet the federal standard, they ask leave to amend and consolidate their prior pleadings, better focus their claims, and to add claims and a Defendant.

Although it is within the Court's discretion to grant leave to amend a petition, that discretion is limited by Rule 15(a), which states that leave to amend must be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). The Fifth Circuit has repeatedly noted that the term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). Thus, the "court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

---

rights of any parties to alleging additional claims or defenses. Any party may seek leave at any time to assert additional claims or defenses, and leave shall be freely given.

Adversary Proceeding No. 23-02005, Dkt. 178 at 3 n.4.

Without a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981); *see also Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 182 (5th Cir. 1980) ("Permission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief."). Indeed, when state court pleadings are challenged after removal under Rule 12(b)(6), the "general practice" is to allow at least one opportunity to amend prior to dismissing the claims for failure to state a claim. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal").

The courts have set forth five general factors to consider in reviewing a motion for leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] [5] futility of the amendment." *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (*quoting Foman*, 371 U.S. at 182); see also *Mayeaux,* 376 F.3d. at 425. None of those factors apply here, and therefore, there is a strong bias against denying the motion. *See, e.g.*, *Great American Ins. Co. v. Lopez,* No. 5:17cv1126, 2018 WL 2235053 * 3 (W.D. Tex. Apr. 26, 2018) (noting that the fact that it was the plaintiff's first request to amend, and that there is no evidence of undue delay, bad faith, or dilatory motive, it would be an abuse of discretion to deny the motion).

This is Plaintiffs' and Intervenors' first attempt to amend their pleadings since removal to federal court and there is no evidence of undue delay, bad faith, or dilatory motive. For most of 2024 after the removal of the litigation to this Court, the case was abated for all activity other than discovery. And during that time, the parties have actively pursued discovery: eight depositions have been taken and approximately 20,000 documents have been exchanged since removal alone,

with additional discovery still needed.

Furthermore, this motion is filed prior to any docket control order related to these claims.

By this amendment, Plaintiffs and Intervenors seek to bring better focus to their claims against Defendants, to consolidate Plaintiffs and Intervenors claims into a single pleading and to add a defendant, Rabo Diversified Services LLC, which is an internal support organization for one of the current Defendants, Rabo AgriFinance LLC.  Plaintiffs and Intervenors believe that such consolidation and amendment will economize the time both of the numerous parties and of the Court, and will better serve the interests of justice.  As such it is not done for delay, in bad faith, or with dilatory motive.

## **Prayer**

For the reasons set forth above, Plaintiffs and Intervenors respectfully request that the Court should grant Plaintiffs and Intervenors leave to amend and consolidate their pleadings, and that the Court direct the clerk to file the Federal Complaint attached hereto as Exhibit A to the docket of Adversary Proceeding No. 24-02007-rlj.  Plaintiffs and Intervenors also respectfully request any such further relief to which they may be entitled to at law or in equity.

DATED this 10th day of February, 2025.

Respectfully submitted,

**NAMAN HOWELL SMITH & LEE, PLLC**
David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Michael S. Duncan, SBN 24097628
mduncan@namanhowell.com
8310 N. Capital of Texas Hwy., Suite 490
Austin, Texas 78731
(512) 479-0300
(512) 474-1901 (FAX)

BY: */s/ David L. LeBas*
    David L. LeBas

**ATTORNEYS FOR THORLAKSON DIAMOND T FEEDERS, LP, AGTEXAS FARM CREDIT SERVICES AND AGTEXAS PCA**

-And-

**LEAL LAW FIRM, LLC**
Abel A. Leal, SBN 24026989
abel@leal.law
14180 N. Dallas Parkway, Suite 300
Dallas, Texas 75254
(214) 395-5325

By: */s/ Abel A. Leal*
    Abel A. Leal

*and*

**SPROUSE SHRADER SMITH PLLC**
John Massouh, SBN 24026866
John.massouh@sprouselaw.com
Josh Kundert, SBN 24143877
Josh.kundert@sprouselaw.com
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

By: */s/ John Massouh*
    John Massouh

**Attorneys For Dennis Buss, Buss Family Trust, Eddie Bryant, Robert E. Gray, Ronnie Gray,**

**Gray Brothers, Craig Sutton, Amy Sutton, Steve Ryan, Janice Lawhon, AJ Jacques Living Trust, Gungoll Cattle, LLC, Leah Gungoll, Morrison Café, LLC, Gary Lesh, Jan Lesh, Lesh Family Trust, Jared Lesh, Jordan Lesh, LLC, Joel Brookshire, Gene Brookshire Family, LP, Douglas Finley, Scarlet And Black Cattle, LLC, Bryan Blackman, Steve T Scott Farm, Inc., Scott Livestock Company, Inc., Arnold Braun Trust, Robert Braun, Jim Rininger, Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Lyndal Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Susan Van Buskirk, Jimmy Greer, Dustin Johnson And Dora Blackman**

-And-

**CRENSHAW, DUPREE & MILAM, L.L.P.**
Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
4411 98th Street, Suite 400
Lubbock TX 79424
(806) 762-5281
(806) 762-3510 (fax)

By: /s/ Amber S. Miller
    Amber S. Miller

**Attorney for Ridgefield Capital Group, Drew Phillips, Carraway Cattle, Robert Ellis, Barry Phillips, Big Seven Capital Partners, Richard Carraway**

-And-

**JAMES D. BRADBURY, PLLC**
James D. Bradbury, SBN 02814500
jim@bradburycounsel.com
Kyle K. Weldon, SBN 24097192
kyle@bradburycounsel.com
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

By: /s/ James D. Bradbury
    James D. Bradbury

***Attorneys for Priest Cattle Company, Ltd, Priest Victory Investment LLC, W. Robbie Russell Living Trust, and Eddie Stewart***

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants Rabo Agrifinance LLC, Mechanics Bank, and Shawn Ragland have previously stipulated to continue deadlines on their respective motions to dismiss provided that Plaintiffs and Intervenors file a motion for leave to file a single integrated amended complaint by February 10, 2025. Dkt. 91. I further certify that on February 10, 2025, counsel for Defendant HTLF indicated HTLF is unopposed to this motion. Finally, the undersigned counsel was unable to reach counsel for Defendant Goad, but assumes that Goad is opposed. *See* Dkt. 94 at 6.

*/s/ David L. LeBas*
David L. LeBas

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2025, the foregoing document was filed with the Clerk of the Court in the foregoing case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case.

*/s/ David L. LeBas*
David L. LeBas