

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 6, 2025**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| McClain Feed Yard, Inc., et al.,[1] | § § § | Case No. 23-20084-rlj7 Jointly Administered |
| Debtors. | § § | |
| In re: | § § § | |
| 2B Farms, Texas General Partnership, et al.,[2] | § § § | Case No. 23-50096-rlj12 Jointly Administered |
| Debtors. | § § § | |
| AgTexas Farm Credit Services, AgTexas, PCA, Thorlakson Diamond T Feeders, LP, | § § § § | |
| Plaintiffs, | § § § | |
| Edward Dufurrena, et al.,[3] | § | |

---

[1] The jointly administered debtors in Case No. 23-20084 are McClain Feed Yard, Inc., McClain Farms, Inc. (Case No. 23-20085-rlj7), and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj7).

[2] The jointly administered debtors under Case No. 23-50096 are 2B Farms, a Texas General Partnership, and Terry M. and Rebecca A. Robinson (Case No. 23-50097-rlj12).

[3] The Intervenor-Plaintiffs are Edward Dufurrena, Open A Arena, LLC, Dennis Buss, Buss Family Trust, Eddie Bryant, Robert E Gray, Ronnie Gray, Gray Brothers, Craig Sutton, Amy Sutton, Steve Ryan, Janice Lawhon, AJ Jacques Living Trust, Gungoll Cattle, LLC, Leah Gungoll, Morrison Cafe, LLC, Gary Lesh, Jan Lesh, Lesh Family Trust, Jared Lesh, Jordan Lesh, LLC, Joel Brookshire, Gene Brookshire Family, LP, Douglas Finley, Scarlet and Black Cattle, LLC, Bryan Blackman, Steve T Scott Farm, Inc., Scott Livestock Company, Inc., Arnold Braun Trust, Robert Braun, Jim Rininger,

1

|  |  |
|---|---|
| Intervenor-Plaintiffs, | |
| v. | Adversary No. 24-02007-rlj |
| Rabo AgriFinance, LLC, HTLF Bank, successor to First Bank & Trust, Shawn Ragland, Mechanics Bank, Meagan Goad, | Consolidated Adversary Proceeding |
| Defendants. | |

|  |  |
|---|---|
| HTLF Bank, successor to First Bank & Trust, | |
| Plaintiff, Counter-Defendant, and Cross-Claim Defendant, | |
| v. | Adversary No. 24-02007-rlj |
| 2B Farms, Terry M. Robinson, Rebecca A. Robinson, and Angela Robinson, | Consolidated Adversary Proceeding |
| Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs, and Third-Party Counterclaim Defendants, | |
| v. | |
| Rabo AgriFinance, LLC and Mechanics Bank, | |
| Third-Party Defendants and, as to Rabo AgriFinance, LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | |

---

Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Lyndal Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Susan Van Buskirk, Jimmy Greer, Dustin Johnson, Dora Blackman, Ridgefield Capital Asset Management, LP, Robert Ellis, Carraway Cattle, LLC, Big Seven Capital Partners, LLC, Richard Carraway, Drew Phillips, Barry Phillips, Priest Cattle Company, Ltd, Priest Victory Investment, LLC, Wiley Roby Russell, Jr., Trustee of the W. Robbie Russell Living Trust, and Eddie Stewart.

2

# **ORDER**

Cross-claim Defendant HTLF Bank, as successor to First Bank & Trust (the "Bank"), moves under Federal Rule 12(b)(6) for partial dismissal of Rabo AgriFinance, LLC's (Rabo) third-party action against the Bank.[4] The Bank seeks dismissal of Rabo's causes two through eight of its causes of action. The motion was abated on August 28, 2024 by the Court's order upon consolidation of adversary proceedings, 24-02002 and 23-05002, under Adversary No. 24-02007. *See* Court's Order [Adversary No. 24-02007, ECF No. 7]. The abatement expired on December 17, 2024.

## I.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a case if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[5] Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most

---

[4] The Bank's motion was originally filed in Adversary No. 23-05002 [Adv. No. 23-05002, ECF No. 36]. The Court's order of August 19, 2024 consolidated Adversary No. 23-05002 with another adversary; both are now consolidated in this proceeding, Adversary No. 24-02007. The Bank's motion to dismiss is docketed in this proceeding at ECF No. 60.
[5] Rule 12 applies in adversary proceedings as incorporated by Federal Rule of Bankruptcy Procedure 7012(b).
[6] Rule 8 applies in adversary proceedings as incorporated by Federal Rule of Bankruptcy Procedure 7008.

favorable to the plaintiff. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

II.

Rabo's third-party action describes in rich detail the factual "red flags" of the kiting scheme that the McClain Borrowers[7] engaged in with the involvement of the 2B Parties[8] and the Bank. *See* Rabo's Third-Party Answer, Counterclaim, and Cross-Claim [Adv. No. 23-05002, ECF No. 23]. The complaint provides the history, timing, and context of the scheme. For example, Rabo describes how, from early January 2023 to late March 2023, the McClain Borrowers, 2B Parties, and the Bank were engaged in a "circular kiting scheme" under which the 2B Parties used the Bank to wire over $135 million to the McClain Feed Yard account at Mechanics Bank and how, in return, irregular checks were drawn on the *McClain Farms'* account in an amount in excess of $124 million and issued to the 2B Parties through their account at the Bank. In addition, Rabo makes the discrete allegation that the 2B Parties, immediately after Brian McClain's reported suicide, removed 552 head of yearlings and 250 head of heifers, valued at $552,000 and $250,000, respectively. And alleges further that "[i]f and to the extent the Bank received proceeds of the Removed Cattle, then the Bank … has deprived Rabo of the use and benefit of its property interest." *Id.* ¶ 169.

The described kiting scheme is itself a fraudulent enterprise. Rabo alleges facts—the irregular practice of using signed-but-otherwise blank checks for the benefit of the 2B Parties and the Bank—that potentially implicate the Bank in the scheme. A kiting scheme is a different kind of

---

[7] The "McClain Borrowers" are McClain Feed Yard, Inc., McClain Farms, Inc., 7M Cattle Feeders, Inc., and Brian McClain.
[8] The "2B Parties" are 2B Farms, Terry M. Robinson, and Rebecca A. Robinson.

4

fraud, but it still reveals a pattern of misrepresentations within the scheme. The Court cannot fathom how a party in Rabo's position could plead it in a way that identifies precisely how much of the losses covered by the practice drained the McClain Borrowers' accounts. Rabo pleads that its debt exceeds $50 million and is secured by all of the McClain Borrowers' cattle and cattle proceeds.

To date, Kent Ries, the Chapter 7 Trustee of the bankruptcy estates of McClain Feed Yard, Inc. (Case No. 23-20084-rlj7), McClain Farms, Inc. (Case No. 23-20085-rlj7), and 7M Cattle Feeders, Inc. (Case No. 23-20085-rlj7), has not intervened in this adversary proceeding to assert an action based on a Ponzi or check kiting scheme. However, on March 2, 2025, the Trustee filed his complaint in Adversary No. 25-02003 alleging the McClain debtors operated a massive Ponzi scheme. The suit is a stand-alone action that names over 135 parties, including Angela Robinson, Terry Robinson, Rebecca Robinson, and 2B Farms. The Trustee's complaint brings causes of action for fraudulent transfers; alternative claims of constructive trust, unjust enrichment, and/or money had and received; preferences; and disallowance and subordination of claims.

III.

Rabo's claims are based on its alleged security interest. At this stage of the proceeding, the Court conceives of no reason why Rabo cannot protect its interests through the charges it makes. The Bank is on fair notice of the charges.

Upon careful consideration of the Bank's motion and Rabo's response, the Court concludes that Rabo has sufficiently alleged claims upon which relief can be granted. It is, therefore,

ORDERED that the Bank's motion for dismissal under Rule 12(b)(6) is denied.

### End of Order ###