**Matthew Muckleroy**
State Bar No. 24066796
mmuckleroy@cwl.law
**Dallas Flick**
State Bar No. 24104675
dflick@cwl.law
CRAWFORD, WISHNEW & LANG, PLLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: 214-817-4500
Facsimile: 214-602-6551
**Attorney for Defendant Shawn Ragland**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>Debtors. | CASE NO.: 23-20084-rlj7<br><br>CHAPTER 7 |
| IN RE:<br><br>2B FARMS, A TEXAS GENERAL PARTNERSHIP, *ET AL.,*<br><br>Debtors. | CASE NO. 23-50096-rlj12 |
| AGTEXAS FARM CREDIT SERVICES, *ET AL.*,<br><br>Plaintiff(s),<br><br>EDWARD DUFURRENA, *ET AL.*,<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>RABO AGRIFINANCE, LLC. *ET AL.*, | ADV. PROC. NO.: 24-02007-swe<br>CONSOLIDATED ADVERSARY PROCEEDING |

**BRIEF IN SUPPORT OF DEFENDANT RAGLAND'S MOTION TO DISMISS**    PAGE 1

| | |
|---|---|
| Defendant(s). | |
| IN RE:<br><br>HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>    Plaintiffs, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, et al., TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>    Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br>RABO AGRIFINANCE LLC AND MECHANICS BANK,<br><br>    Third-Party Defendants, and as to Rabo AgriFinance LLC only, Third,-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | ADV. PROC. 24-02007-swe<br>CONSOLIDATED ADVERSARY PROCEEDING |

**BRIEF IN SUPPORT OF DEFENDANT SHAWN RAGLAND'S
MOTION TO DISMISS PLAINTIFFS AND INTERVENORS'
ORIGINAL FEDERAL COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant Shawn Ragland ("**_Ragland_**") files this *Brief in Support of Defendant Shawn Ragland's Motion to Dismiss Plaintiffs and Intervenors' Original Federal Complaint Amending and Consolidating their State Court Petitions* (the "**_Motion_**"). In support of the Motion, Ragland state the following:

## SUMMARY

On April 19, 2024, Ragland filed his first motion to dismiss based on Plaintiffs and Intervenors' deficient pleadings in their recently removed Third Amended Petition. On March 14, 2025, Plaintiffs and Intervenors filed their Original Federal Complaint Amending and Consolidating their State Court Petitions,[1] ostensibly to bring their pleadings in conformity with federal pleading rules. Yet amazingly—*after almost a full year*—the Complaint remains woefully deficient for all the reasons Ragland previously addressed in his original motion to dismiss.

First, despite having ample time to investigate and conduct discovery, the Complaint still lacks the factual allegations necessary for a fraud claim under Rule 9(b)'s heightened pleading standard. Second, their negligence claims still fail as a matter of law because Ragland never owed any duty whatsoever to Plaintiffs or Intervenors. Third, their aiding and abetting/knowing participation claim fails as a matter of law, as Texas law still does not recognize such claims, and the Court cannot imply such a claim exists while sitting in diversity. Finally, the conspiracy claim fails under Rule 8's more generous pleading standard based on a total lack of allegations concerning a "meeting of the minds" or any other conspiratorial intent between him and the other Defendants.

Plaintiffs and Intervenors' inability to bring adequately pled claims against Ragland is no surprise—he should have never been added to the lawsuit in the first place. Plaintiffs most likely named Ragland as a defendant in the original lawsuit to capture venue in Deaf Smith County prior to removal to this Court. To point, despite Plaintiffs and Intervenors bringing claims against multiple banks for their allegedly fraudulent and negligent conduct, Ragland is the individually named defendant from those banks. Thankfully, Plaintiffs and Intervenors have run out of reasons to keep Ragland in the lawsuit. The Court should dismiss their claims against Ragland with prejudice.

---

[1] *See* Adv. Dkt. 103 (the "Complaint").

**BRIEF IN SUPPORT OF DEFENDANT RAGLAND'S MOTION TO DISMISS**     **PAGE 3**

## LEGAL STANDARD

To defeat a motion to dismiss brought under Rule 12(b)(6), a nonmovant must allege enough facts "to state a claim that is plausible on its face."[2] While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[3] The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"[4] and must state a claim that is "plausible on its face."[5] But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[6] When the allegations of the pleadings do not allow the court to reasonably infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.[7]

## ARGUMENTS AND AUTHORITIES

**A.  Plaintiffs and Intervenors' fraud and conspiracy claims fall well short of Rule 9(b)'s heightened pleading standard.**

Per Rule 9(b), a claimant must plead the circumstances constituting fraud with particularity[8]—they must present the "who, what, when, where, and how" for the alleged fraud."[9]

---

[2]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).

[3]  *Twombly*, 550 U.S. at 555.

[4]  *Id.* (quotation marks, citations, and footnote omitted).

[5]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6]  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

[7]  *Iqbal*, 556 U.S. at 679.

[8]  *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010).

[9]  *Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437, 437-38 (5th Cir. 2016) (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003)); *see also Reagor Auto Mall, Ltd. v. Firstcapital Bank of Texas, N.A. (In re Reagor-Dykes Motors, LP)*, Adv. No. 20-05002, 2020 WL 4939180, at *10 (Bankr. N.D. Tex. Aug. 24, 2020) (citing *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir.), *cert. denied*, 558 U.S. 873 (2009)).

In applying this standard, the Fifth Circuit has disapproved of "group pleading," or asserting fraud against multiple defendants without distinguishing the fraudulent misrepresentations as to each defendant.[10] "[T]he plaintiff is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud."[11] Rule 9(b)'s heightened pleading standards apply also to claims involving conspiracy to commit fraud.[12]

In their Complaint, Plaintiffs and Intervenors generally allege that Ragland lacked experience in financing cattle operations and was involved in the McClains and 2B Farms' alleged check kite.[13] None of these allegations provide the requisite "who, what, when, where, or how" for any fraudulent misrepresentations necessary to satisfy the Rule 9(b) standard. Instead, Plaintiffs and Intervenors allege just once—in broad and conclusory fashion—that Defendants made fraudulent misrepresentations:

> The Defendants made misrepresentations to Plaintiffs and Intervenors recklessly without any knowledge of the truth and as a positive assertion. Moreover, the misrepresentations were made with the intention that they should be acted on by Plaintiffs and Intervenors, and Plaintiffs and Intervenors in fact relied upon those misrepresentations, suffering injury and damage as a result thereof. Thus, the misrepresentations and reliance so described were a proximate cause of injury and damage to Plaintiffs and Intervenors for which they now sue in a sum within the jurisdictional limits of the Court.[14]

---

[10]  *Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015); *Hidden Values, Inc. v. Wade*, No. 3:11-cv-1917-L, 2012 WL 1836087, at *3 (N.D. Tex. May 18, 2012).

[11]  *Coates v. Heartland Wireless Comms., Inc.*, 26 F. Supp. 2d 910, 915 (N.D. Tex. 1998).

[12]  *Castillo v. First City Bancorporation of Tex., Inc.*, 43 F.3d 953, 961 (5th Cir. 1994); *Halprin v. Federal Deposit Insurance Corp.*, No. 5:13-CV-1042-RP, 2016 WL 11372614, *3 (W.D. Tex. Sept. 30, 2016).

[13]  *See* Complaint, ¶¶ 126-32.

[14]  *See id*, ¶ 148.

These pleadings constitute impermissible group pleading as to "Defendants" generally.[15] As pled, Plaintiffs and Intervenors' common law fraud claim falls well short of the Rule 9(b) heightened pleading standard and must be dismissed as a matter of law.

**B.  Plaintiffs and Intervenors' negligence and negligent undertaking claims fail as a matter of law because Ragland did not owe them any duty.**

Plaintiffs and Intervenors assert claims against all Defendants for negligence in "their banking and lending practices" and their "hiring or supervision of their management personnel."[16] They also assert a negligent undertaking claim against the Defendants generally for "[undertaking] to perform services for Plaintiffs and Intervenors that it knew or should have known were necessary for Plaintiffs and Intervenors protection."[17] But the Complaint lacks allegations that Ragland owed Plaintiffs and Intervenors a duty in any regard.

In Texas, to prove up a negligence claim, a "plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach."[18] Whether a legal duty exists is therefore a threshold question; absent that duty, no liability exists.[19] "[T]he existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question."[20] As a general matter, however, no duty exists to control

---

[15] *See, e.g.*, *Gilmour v. Blue Cross and Blue Shield of Alabama*, No. 4:19-cv-160, 2020 WL 2813197, at *20 (E.D. Tex. May 29, 2020), *vacated in part on other grounds*, 2021 WL 1196272 (Mar. 30, 2021) ("The complaint alleges that 'the BCBS Entities' representatives' made representations . . . [that] were false[.] While such allegations might suffice under Rule 8(a), they fail to satisfy the heightened requirements under Rule 9(b)."); *Hidden Values*, 2012 WL 1836087, at *4 ("[Plaintiff's] pleadings . . . lump together and refer to [the entity defendant] and the three [individual defendants] collectively as "Counter-Defendants" and "they" without distinguishing which entity or persons committed the various alleged fraudulent conduct . . . the court therefore concludes that . . . [plaintiff's] pleadings do not satisfy Rule 9(b)'s 'who' requirement[.]").

[16] *See* Complaint, ¶ 151 (Count Two).

[17] *See id.*, ¶ 154.

[18] *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).

[19] *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).

[20] *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

---

the conduct of third persons.[21] Indeed, Texas courts have held "a bank does not owe a duty to someone who is not in a prior relationship with the bank or who is not a customer."[22]

Neither Plaintiffs nor Intervenors allege a relationship with HTLF and/or Ragland. Rather, they assert that HTLF's customer was 2B Farms,[23] and that Ragland was the Robinsons' and 2B Farms' loan officer.[24] If Plaintiffs and Intervenors were not customers of or had any other relationship with either Ragland or 2B Farms, neither Ragland nor HTLF owed any duty to Plaintiffs or Intervenors.[25] To point, Plaintiffs and Intervenors plead specifically that "Defendants failed to properly monitor and manage *their lending relationships with McClain*"—confirming the claim can only concern banks that worked directly with McClain, not HTLF.[26] Accordingly, the Court must dismiss the claim as a matter of law.

Plaintiffs and Intervenors' also assert their negligent hiring and supervision of personnel claim against "Defendants" generally.[27] As a matter of law, an employee cannot be held liable for their employer's negligent hiring and supervision if that employee did not employ the individual who carried out the allegedly tortious conduct.[28] Plaintiffs and Intervenors did not plead any facts suggesting Ragland personally employed the individuals carrying out the alleged scheme. Accordingly, this claim should be dismissed as to Ragland.

---

[21] *See id.*; *Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 618 (W.D. Tex. 2017).

[22] *See State Farm Bank, F.S.B. v. Manheim Auto. Fin. Serv's, Inc.*, No. 3:10-cv-00519-L, 2010 WL 3156008, at *3 (N.D. Tex. Aug. 6, 2010) (citing Texas state court cases).

[23] *See* Complaint at ¶ 126 ("HTLF, a bank that facilitated multiple transactions and millions of dollars exchanged between *its customer, 2B Farms*, and McClain . . .").

[24] *See id.*, ¶¶ 126, 129-32.

[25] *See State Farm Bank*, 2010 WL 3156008, at *3 (dismissing negligence claim against bank with prejudice for failing to identify a duty to support the claim); *Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App.—Tyler 2006, no pet.) (same).

[26] *See* Complaint at ¶ 151.

[27] *See id.*, ¶¶ 150-52 (Count Two).

[28] *See, e.g.*, *Mutaba v. Halliburton Co.*, 949 F. Supp. 2d 677, 685 (S.D. Tex. 2013).

Finally, Plaintiffs and Intervenors assert a "negligent undertaking" claim against Defendants generally.[29] The Complaint specifies that "Defendants undertook to perform services *for Plaintiffs and Intervenors* that it knew or should have known were necessary for Plaintiffs and Intervenors protection."[30] As detailed throughout, however, Plaintiffs and Intervenors did not retain HTLF nor Ragland for any services. As such, this claim is inapplicable to Ragland and should be dismissed.

C.  **Plaintiffs and Intervenors' TUFTA claim does not apply to Ragland.**

Plaintiffs and Intervenors assert a TUFTA claim against Defendants based on "transfers made by McClain to Defendants."[31] But the Complaint only specifies that HTLF, not Ragland personally, received any funds from transfers made by McClain.[32] As such, this claim is also inapplicable to Ragland and should be dismissed.

D.  **Texas law does not recognize claims for aiding and abetting fraud or knowing participation of fraud.**

Plaintiffs and Intervenors' assert a cause of action against Ragland for "aiding and abetting and/or knowing participation of fraud"[33]—a non-cognizable claim under Texas law. The Fifth Circuit made clear in *In re Depuy Orthopaedics* that a federal court "exceeds the bounds of its legitimacy in fashioning novel causes of action not recognized by the state courts."[34] It held in *Depuy* and later in *Midwestern Cattle Mktg.* that aiding and abetting did not exist as a cognizable claim as applied to a check-kiting scheme.[35] Likewise, the Northern District of Texas and other

---

[29]  *See* Complaint at ¶¶ 153-54 (Count Three).

[30]  *See id.* ¶ 154.

[31]  *See id.* ¶ 156 (Count Four).

[32]  *See id.* ¶¶ 125-27.

[33]  *See* Complaint ¶¶ 165-176 (Count Seven).

[34]  *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 781 (5th Cir. 2018).

[35]  *See Midwestern Cattle Mktg., L.L.C. v Legend Bank, N.A.*, 800 Fed. App'x 239, 249 (5th Cir. 2020) (analyzing aiding and abetting claims as applied to check-kiting scheme); *In re DePuy Orthopaedics*, 888 F.3d at 781–82 (granting plaintiff a "JMOL on plaintiffs' aiding-and-abetting claim because no such claim exists in Texas").

federal and state courts have confirmed that a common law cause of action for aiding and abetting has not been recognized in Texas.[36] Accordingly, the Court should dismiss Plaintiffs and Intervenors' claim against Ragland for aiding and abetting/knowing participation of fraud.[37]

**E.     Plaintiffs and Intervenors' fail to allege any facts from which the Court can infer that Ragland conspired with any other Defendants.**

Aside from its insufficiencies under Rule 9(b), Plaintiffs and Intervenors' conspiracy claim fails to allege sufficient facts to state a claim under the more generous Rule 8 standard. Under Texas law, the elements of an actionable civil conspiracy include:

(1)     two or more persons;

(2)     an object to be accomplished;

(3)     a meeting of the minds on the object or course of action;

(4)     one or more unlawful, overt acts; and

(5)     damages as a proximate result.[38]

It does not suffice to argue "a joint intent to engage in the conduct that resulted in the injury."[39] Rather, "civil conspiracy requires specific intent to agree to accomplish an unlawful

---

[36] *See, e.g.*, *Smith v. Buffalo Wild Wings*, No. 3:20-cv-2875-D, 2021 WL 4265849, at *3 (N.D. Tex. Sept. 20, 2021) (Fitzwater, S.J.) (dismissing claim for aiding and abetting in a case not involving strict liability); *In re Rose*, No. 4:19-CV-98, 2021 WL 3795421, at *25 (E.D. Tex. Aug. 25, 2021) (stating that "neither the Texas Legislature nor the Texas Supreme Court has recognized an aiding and abetting claim in civil lawsuits," and declining to recognize such a claim); *Garcia v. Vasilia*, No. H-17-1601, 2019 WL 4105559, at *11 (S.D. Tex. Aug. 29, 2019) (summarily dismissing aiding and abetting fraud claim because "no such claim has been expressly recognized by the State of Texas."); *Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 5 (Tex. App.—Austin 2020), *rev. denied* (Sept. 3, 2021) ("In the absence of recognition by the Supreme Court of Texas or the Legislature, we conclude that a common-law cause of action for aiding and abetting does not exist in Texas."); *Span Enterprises v. Wood*, 274 S.W.3d 854, 859 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("It is not settled whether 'knowing participation/aiding and abetting' fraud is a viable cause of action in Texas.").

[37] Even if the Court recognized a claim for aiding and abetting under Texas law, Plaintiffs and Intervenors' "aiding and abetting" claim would still fail for the same reasons as their conspiracy claim. *See* Section II(B)(i), *supra*.

[38] *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

[39] *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996).

---

purpose or to accomplish a lawful purpose by unlawful means."[40] Moreover, liability for conspiracy to commit fraud requires a defendant must not only have the requisite intent, it must "also participate in the underlying fraud."[41]

Here, the only allegations potentially relevant to Plaintiffs and Intervenors' conspiracy claim relate to an alleged "check kite." But absent from the Complaint are any allegation that the Robinsons, and thus Ragland (by extension), knew that the amounts told to them by the McClain Entities were false.[42] Plaintiffs and Intervenors' also allege HTLF deposited the checks into 2B Farms' HTLF account; the checks were immediately honored; and that 2B Farms "would write a check back to the McClain Entities, using funds that HTLF had given it immediate credit, thus enabling a check kite."[43] But still absent are allegations that the Robinsons or Ragland had a meeting of the minds with the McClain Entities.

Such conclusory statements fall far short of the notice pleading standard of Rule 8, let alone Rule 9(b) heightened pleading requirements.[44] Accordingly, the Court should dismiss Plaintiffs and Intervenors' cause of action for conspiracy.

---

[40] *Id.* (internal quotation marks omitted); *see also Firestone Steel Prod. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996) ("For a civil conspiracy to arise, the parties must be aware of the harm or the wrongful conduct at the beginning of the combination or agreement . . . One cannot agree, expressly or tacitly, to commit a wrong about which he has no knowledge.").

[41] *Enron*, 490 F. Supp. 2d at 795; *see also Tilton*, 925 S.W.2d at 686 (Gonzalez, J., concurring in part) (stating that liability for civil conspiracy "can arise only if a defendant or a co-conspirator participated in the underlying unlawful acts" and that "the plaintiffs must again show the elements of the underlying torts, plus that [the defendant] personally participated in them").

[42] *See generally* Complaint ¶¶ 126-32.

[43] *Id.* ¶ 129.

[44] *See, e.g.*, *U.S. Enercorp, Ltd. v. SDC Montana Bakken Expl., LLC*, No. SA 12-CV-1231-DAE, 2014 WL 1491252, at *5 (W.D. Tex. Apr. 15, 2014) (dismissing complaint that "lacks any facts supporting a meeting of the minds and does not plead with particularity any overt act taken in furtherance of the alleged conspiracy"); *Berger on behalf of Income Opportunity Realty Invs., Inc. v. Transcon. Realty Invs., Inc.*, No. 3:19-CV-00286-E, 2020 WL 1528994, at *7 (N.D. Tex. Mar. 31, 2020) (plaintiff failed to state a plausible claim for civil conspiracy where complaint contained "only conclusory statements" and had "no specific allegations regarding the unlawful overt acts each of the multiple Defendants took, nor any factual allegations about a meeting of the minds").

## CONCLUSION

Accordingly, Ragland requests that the Court grant the Motion and dismiss Plaintiffs and Intervenors' claims against him. Ragland additionally requests all further relief, at law or equity, to which he may be justly entitled.

Dated: April 18, 2025

Respectfully Submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

By:    */s/ Matthew S. Muckleroy*
**Matthew S. Muckleroy**
State Bar No. 24066796
mmuckleroy@cwl.law
**Dallas Flick**
State Bar No. 24104675
dflick@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

**ATTORNEY FOR DEFENDANT SHAWN RAGLAND**

## CERTIFICATE OF SERVICE

I hereby certify that all current counsel of record has been served with a copy of the foregoing document via the Court's CM/ECF system on April 18, 2025.

*/s/ Matthew S. Muckleroy*
Matthew S. Muckleroy