UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
Austin C. Nate (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com
Email:  anate@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| In re:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.<br><br>　　　Debtors. | CASE NO. 23-20084-rlj7<br>Chapter No. 7<br><br>(Jointly Administered Cases) |
| In re:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>　　　Debtors. | CASE NO. 23-50096-rlj12<br>Chapter No. 12<br><br>(Jointly Administered Cases) |

| | |
|---|---|
| AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA and THORLAKSON DIAMOND T FEEDERS, LP,<br><br>     Plaintiffs,<br><br>EDWARD DUFURRENA et al.,<br><br>     Intervenor Plaintiffs,<br><br>v.<br><br>RABO AGRIFINANCE LLC et al.,<br><br>     Defendants. | ADVERSARY NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |
| HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>     Plaintiff, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>     Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br>RABO AGRIFINANCE LLC and MECHANICS BANK,<br><br>     Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | ADVERSARY NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |

**RABO AGRIFINANCE LLC'S MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT OF 2B FARMS, A TEXAS GENERAL PARTNERSHIP, TERRY M. ROBINSON, AND REBECCA A. ROBINSON**

Pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6), made applicable to this consolidated Adversary Proceeding by Rules 7008, 7009, and 7012 of the Federal Rules of Bankruptcy Procedure, Defendant Rabo AgriFinance LLC ("**Rabo**"), through counsel, hereby submits this motion to dismiss (the "**Motion**") the *Second Amended Third-Party Complaint* (the "**Complaint**") filed by Third-Party Plaintiffs 2B Farms ("**2B Farms**"), and Terry M. and Rebecca A. Robinson (the "**Robinsons**" and, together with 2B Farms, "**Plaintiffs**").

Plaintiffs purport to assert eleven claims against Rabo. Pursuant to Local Bankruptcy Rule 7001-1, Rabo has filed concurrently herewith a brief in support of the Motion setting forth Rabo's argument, authorities, and contentions of law demonstrating that all eleven claims should be dismissed. In summary:

### Plaintiffs' Seven "Intentional" Claims Fail

#### *Common Law Fraud – Count 1 (along with Conversion)*

Plaintiffs fail to allege, specifically or generally, facts supporting the necessary elements of a fraud claim. Furthermore, there was no duty to disclose as a matter of law.

#### *Conversion – Count 1*

Plaintiffs fail to identify what specific cattle or proceeds Rabo allegedly converted, or who, among the Plaintiffs, such cattle or proceeds even belonged. The Complaint further fails to include allegations that Plaintiffs delivered proceeds to Rabo for safekeeping that were intended to be segregated in a particular form or intact fund.

#### *Aiding and Abetting, Knowing Participation of Fraud – Count 6*

This claim fails because Plaintiffs fail to allege that Rabo (1) knew that the McClain Entities were committing fraud; (2) had intent to assist the McClain Entities in perpetrating the fraud; or (3) gave the McClain Entities assistance or encouragement in perpetrating the fraud.

### *Civil Conspiracy – Count 7*

The Complaint fails to segregate the unlawful conduct allegedly committed by each Defendant, and further fails to contain allegations concerning the "unlawful and overt acts" purportedly committed by Rabo, let alone allegations concerning when such acts occurred, who committed them, and how they occurred.

### *Tortious Interference with Contract – Count 5*

The claim is purportedly based on Rabo's acceptance of loan payments from the McClain Entities, which allegations are insufficient as a matter of law to support the claim.

### *Aiding and Abetting, Knowing Participation in Breach of Fiduciary Duty – Count 8*

The Complaint contains no allegations supporting the required "special relationship of trust and confidence" that existed prior to *and* apart from their business agreements with McClain, which is fatal to this claim.

### *Texas Uniform Fraudulent Transfer Act – Count 4*

Plaintiffs fail to provide specific allegations concerning the transfer, and also fail provide allegations of any intent to hinder, delay, or defraud creditors, or allegations concerning reasonably equivalent value.

### **The Two Negligence Claims Should be Dismissed**

### *Negligence in Lending, Hiring, Supervision, or Management – Count 2*

Plaintiffs fail to segregate the alleged acts of wrongdoing among each of the Defendants and provide no allegations supporting any duty of Rabo, which duty did not exist. The Complaint also fails to allege that any Rabo employee committed an independent, actionable tort against Plaintiffs, or that Plaintiffs' injuries were foreseeable.

*Negligent Undertaking – Count 3*

Plaintiffs fail to segregate the alleged acts of wrongdoing among each of the Defendants, and Plaintiffs have not—and cannot—allege that Rabo undertook to protect them, that Rabo undertook to perform services for them, or that Rabo's undertaking was for the benefit of Plaintiffs.

## Plaintiffs' Bankruptcy Claims Fail

*Avoidance, Preservation, and Return of Fraudulent Transfers & Recovery of Avoided Transfers – Counts 9 & 10*

The Robinsons have no claims here because the allegations and checks show that the McClain Farms Checks were made payable only to "2B Farms," and the 2B Wires were sent from the 2B Farms' business accounts. And because the McClain Farms Checks at issue were dishonored, no transfer occurred, and there is nothing, therefore, to avoid. The 2B Wires cannot support this claim as a matter of law because Rabo was not the initial transferee of the wires.

*Objection to and Disallowance of All Claims – Count 11*

Because this claim is premised upon Rabo's alleged receipt of fraudulent transfers and its failure to return those transfers, and because Rabo does not have fraudulent transfer liability in this case as a matter of law, then there is simply no basis for the Court to disallow Rabo's claims under Section 502(d).[1]

## Numerous Claims Fail for Lack of Standing Under 11 U.S.C. § 541(a)(1)

At least six of Plaintiffs' claims should be dismissed for the additional reason that Plaintiffs have failed to allege facts supporting their standing under 11 U.S.C. § 541(a)(1). At a minimum,

---

[1] At the very end of the Complaint, Plaintiffs include a purported claim for "wrongful offset." The "claim" is not a recognized cause of action and is in the same bucket as the requests for "attorneys' fees" and "damages/exemplary damages." Plaintiffs also submit a "Request for Declaratory Judgment" as to the priority of their claims to cattle and sales proceeds" but provide no allegations related to this claim or what "priority of their claims to cattle and sales proceeds" even means.

Plaintiffs fail to allege facts showing that their second, third, sixth, seventh, eighth, and ninth

causes of action are not exclusively controlled by Kent Ries, the Chapter 7 Trustee of the McClain

Entities.

      WHEREFORE, Rabo prays that its Motion be granted in its entirety, and that all of the

claims against Rabo be dismissed.

      DATED: May 27, 2025.

> UNDERWOOD LAW FIRM, P.C.
> Thomas C. Riney, SBN: 16935100
> W. Heath Hendricks, SBN: 240556451
> 500 South Taylor, Suite 1200, LB 233
> Amarillo, Texas 79101
> Telephone: (806) 376-5613
> Facsimile: (806) 379-0316
> Email: tom.riney@uwlaw.com
> Email: heath.hendricks@uwlaw.com
>
> --and--
>
> RAY QUINNEY & NEBEKER P.C.
> Michael R. Johnson *(Pro Hac Vice)*
> Matthew M. Cannon *(Pro Hac Vice)*
> Austin C. Nate  *(Pro Hac Vice)*
> 36 South State, Suite 1400
> Salt Lake City, UT 84111
> Telephone:  (801) 532-1500
> Facsimile:  (801) 532-7543
> Email:  mjohnson@rqn.com
> Email: mcannon@rqn.com
> Email: anate@rqn.com
>
>
> */s/ Michael R. Johnson*
> Michael R. Johnson
> *Attorneys for Rabo AgriFinance LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2025, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case.

*/s/ Michael R. Johnson*
Michael R. Johnson

1710242