David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Michael S. Duncan, SBN 24097628
mduncan@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES AGTEXAS, PCA AND THORLAKSON DIAMOND T FEEDERS, LP*

John Massouh, SBN 24026866
John.massouh@sprouselaw.com
Josh Kundert, SBN 24143877
Josh.kundert@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

--and--

Abel A. Leal, SBN 24026989
abel@leal.law
LEAL LAW FIRM, LLC
14180 N. Dallas Parkway, Suite 300
Dallas, Texas 75254
(214) 395-5325

*ATTORNEYS FOR DENNIS BUSS, BUSS FAMILY TRUST, EDDIE BRYANT, ROBERT E. GRAY, RONNIE GRAY, GRAY BROTHERS, CRAIG SUTTON, AMY SUTTON, STEVE RYAN, JANICE LAWHON, AJ JACQUES LIVING TRUST, GUNGOLL CATTLE, LLC, LEAH GUNGOLL, MORRISON CAFÉ, LLC, GARY LESH, JAN LESH, LESH FAMILY TRUST, JARED LESH, JORDAN LESH, LLC, JOEL BROOKSHIRE, GENE BROOKSHIRE FAMILY, LP, DOUGLAS FINLEY, SCARLET AND BLACK CATTLE, LLC, BRYAN BLACKMAN, STEVE T SCOTT FARM, INC., SCOTT LIVESTOCK COMPANY, INC., ARNOLD BRAUN TRUST, ROBERT BRAUN, JIM RININGER, ROBERT SPRING, MICHAEL EVANS, MIRANDA EVANS, CHARLES LOCKWOOD, COLE LOCKWOOD, SHERLE LOCKWOOD, NIKKI LOCKWOOD, LYNDAL VAN BUSKIRK, JANET VAN BUSKIRK, COLBY VAN BUSKIRK, SUSAN VAN BUSKIRK, JIMMY GREER, DUSTIN JOHNSON AND DORA BLACKMAN*

Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
CRENSHAW, DUPREE & MILAM, L.L.P.
4411 98th Street, Suite 400
Lubbock TX 79424
(806) 762-5281
(806) 762-3510 (fax)

*ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY*

James D. Bradbury, SBN 02814500
jim@bradburycounsel.com
Kyle K. Weldon, SBN 24097192
kyle@bradburycounsel.com
JAMES D. BRADBURY, PLLC
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

*ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART*

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
TEXAS AMARILLO DIVISION**

| IN RE: | Case No. 23-20084-swe7 |
|---|---|
| McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC., | Jointly Administered |
| Debtors. | |
| IN RE: | Case No. 23-50096-swe12 |
| 2B FARMS, a Texas General Partnership, et al., | Jointly Administered |
| Debtors. | |

| | |
|---|---|
| IN RE:<br><br>AGTEXAS FARM CREDIT SERVICES; AGTEXAS, PCA; AND THORLAKSON DIAMOND T FEEDERS, LP<br><br>    Plaintiffs,<br><br>and<br><br>EDWARD DUFURRENA et al.,<br>    Intervenor-Plaintiffs<br>v.<br><br>RABO AGRIFINANCE, LLC et al.,<br><br>    Defendants | ADV. PROC. NO. 24-02007-swe<br><br>(Consolidated Adversary Proceeding) |
| IN RE:<br><br>HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>    Plaintiffs, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, et al., TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>    Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br>RABO AGRIFINANCE LLC and MECHANICS BANK,<br><br>    Third-Party Defendants, and as to Rabo AgriFinance LLC only, Third-Party | ADV. PROC. NO. 24-02007-swe<br><br>(Consolidated Adversary Proceeding) |

3

Document    Page 4 of 11

| | |
|---|---|
| Counterclaim Plaintiff and Cross-Claim Plaintiff. | |

**PLAINTIFFS' AND INTERVENOR-PLAINTIFFS'
EMERGENCY MOTION TO EXTEND DEADLINES TO RESPOND TO CERTAIN
MOTIONS TO DISMISS AND TO CONTINUE ALL HEARINGS ON SAME**

TO THE HONORABLE JUDGE EVERETT:

Plaintiffs AgTexas Farm Credit Services, AgTexas PCA, and Thorlakson Diamond T. Feeders, LP and Intervenor-Plaintiffs[1] (collectively "Plaintiffs") file this Emergency Motion to Extend Deadlines to Respond to Certain Motions to Dismiss and to Continue All Hearings On Same ("Motion") and respectfully show the Court the following:

I. **Summary of Motion**

Plaintiffs seek emergency relief to extend the deadline to respond to three Motions to Dismiss, and to continue the hearings on all five pending Motions to Dismiss until after the Court first resolves the Trustee's Motion to Intervene and Motion to Enforce Automatic Stay ("Motion to Intervene") [Dkt. No. 140], which raises threshold questions of standing that must be determined before adjudicating five substantive Motions to Dismiss.

Judicial efficiency demands this approach because the Court's decision on the Trustee's Motion to Intervene may render moot the Motions to Dismiss. Furthermore, conserving the Plaintiffs' resources also necessitates this approach, as requiring the Plaintiffs to respond to an

---

[1] The Intervenor-Plaintiffs are Edward Dufurrena, Open A Arena, LLC, Dennis Buss, Buss Family Trust, Eddie Bryant, Robert E Gray, Ronnie Gray, Gray Brothers, Craig Sutton, Amy Sutton, Steve Ryan, Janice Lawhon, AJ Jacques Living Trust, Gungoll Cattle, LLC, Leah Gungoll, Morrison Cafe, LLC, Gary Lesh, Jan Lesh, Lesh Family Trust, Jared Lesh, Jordan Lesh, LLC, Joel Brookshire, Gene Brookshire Family, LP, Douglas Finley, Scarlet and Black Cattle, LLC, Bryan Blackman, Steve T Scott Farm, Inc., Scott Livestock Company, Inc., Arnold Braun Trust, Robert Braun, Jim Rininger, Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Lyndal Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Susan Van Buskirk, Jimmy Greer, Dustin Johnson, Dora Blackman, Ridgefield Capital Asset Management, LP, Robert Ellis, Carraway Cattle, LLC, Big Seven Capital Partners, LLC, Richard Carraway, Drew Phillips, Barry Phillips, Priest Cattle Company, Ltd, Priest Victory Investment, LLC, Wiley Roby Russell, Jr., Trustee of the W. Robbie Russell Living Trust, and Eddie Stewart.

additional three Motions to Dismiss that may be rendered moot would be a waste of the Plaintiffs' resources. Moreover, all Motions to Dismiss are set for hearing on June 30, 2025, which is unworkable because seven separate matters would be presented requiring at least an estimated 9-11.5 hours of this Court's time in a single day.

Plaintiffs have already invested substantial resources in this litigation, conducting eleven depositions while the Trustee remained absent, only to have the Trustee now seek to intervene when recovery appears promising. Requiring Plaintiffs to continue responding to dismissal motions before resolving who owns the claims creates an inefficient use of judicial resources, imposes undue burden on Plaintiffs, and risks duplicative briefing that would unnecessarily increase costs under Bankruptcy Code Section 503(b). Accordingly, Plaintiffs respectfully request that the Court grant this Motion in its entirety.

## II.    Pertinent Procedural Background

Plaintiffs face an unprecedented convergence of five separate motions to dismiss filed by defendants Rabo AgriFinance, LLC ("Rabo"), Mechanics Bank, Meagan Goad, HTLF Bank, and Shawn Ragland, all scheduled for hearing on June 30, 2025. With three response deadlines still pending between June 17-26, 2025, and two responses already filed, the current scheduling creates an untenable burden on both the Plaintiffs and the Court. The following Motions to Dismiss with the pertinent dates are as follows:

1. Motion to Dismiss filed by Rabo AgriFinance, LLC [Dkt. No.128]
    a. Response due June 17, 2025
    b. Hearing set for June 30, 2025

2. Motion to Dismiss filed by Mechanics Bank [Dkt. No. 133]
    a. Response due June 17, 2025
    b. Hearing set for June 30, 2025

3. Motion to Dismiss filed by Meagan Goad [Dkt. No 153]
    a. Response due June 26, 2025

5

      b. Hearing set for June 30, 2025

4. Motion to Dismiss filed by HTLF Bank [Dkt. No. 119]
   a. Response filed May 30, 2025
   b. Hearing set for June 30, 2025

5. Motion to Dismiss filed by Shawn Ragland [Dkt. No. 114]
   a. Response filed May 30, 2025
   b. Hearing set for June 30, 2025

### III.    Argument

Plaintiffs have spent significant resources on conducting discovery, taking depositions and responding to motions to dismiss. The Trustee has now filed a Motion to Intervene on May 29, 2025 [Dkt. 140] seeking to supplant Plaintiffs as the prosecuting party for the various claims challenged in these motions to dismiss.

Plaintiffs submit that judicial efficiency requires the Court first to resolve the Trustee's Motion to Intervene before addressing the Motions to Dismiss. In its Motion to Intervene, the Trustee contends that the Court ought to enforce the automatic stay by dismissing Plaintiffs' claims and allowing the Trustee to pursue Plaintiffs' claims. The Trustee argues he has exclusive standing to assert Plaintiffs' claims against Rabo, Mechanics Bank, Meagan Goad, HTLF Bank, and Shawn Ragland. Plaintiffs vehemently disagree with the Trustee's position on these issues.

Nonetheless, the Trustee's Motion to Intervene raises threshold questions regarding standing that should be decided before the Motions to Dismiss are considered. Once the Court decides the pivotal standing issue, then it will become clear if Plaintiffs will need to respond to the Motions to Dismiss and whether the Court will need to decide the outcome of those Motions to Dismiss.

Plaintiffs also note that they, not the Trustee, have been the driving force behind this litigation's recovery efforts. For example, eleven depositions have been conducted to date, all of

6

which were noticed by either Rabo or the Plaintiffs. The record of these depositions reflects that the Trustee either failed to appear for any of these depositions, or ask any witness a single question. Only now, recognizing an opportunity, does the Trustee and his contingent fee counsel wish to step in to take the "lead." Details of the depositions are submitted herewith as Exhibit A.

If the Court was to grant the Trustee's Motion to Intervene, then Plaintiffs would certainly be entitled to fees and expenses incurred under Bankruptcy Code Section 503(b) for the actual, necessary costs and expenses of preserving the estate. If Plaintiffs were required to respond to the pending motions to dismiss, the costs and expenses sought under Section 503(b) would increase unnecessarily. In addition, attending a hearing on the motions to dismiss would also increase the costs.

Up to this point, the parties have been able to efficiently work together to resolve their scheduling difficulties and concerns by agreement in this very complicated proceeding. But on this issue, Plaintiffs strongly believe the threshold question of ownership of the claims is a paramount concern and deserves the undivided attention of the parties and Court.

As of this filing, Plaintiffs have responded to motions to dismiss filed by HTLF Bank and Shawn Ragland. Requiring further responses before the Court determines the Motion to Intervene would be needlessly duplicative – Plaintiffs would file responses only to have them potentially superseded by the Trustee's future filings. Therefore, a continuance of the deadlines and hearings for the motions to dismiss filed by Rabo AgriFinance, LLC, Mechanics Bank, and Meagan Goad is appropriate.

Finally, the hearings currently set for June 30, 2025, are too extensive to be heard together. Presently set for June 30 at 10:00am are the following matters:

1. Status Conference

2. Trustee's Motion to Intervene
3. Rabo's Motion to Dismiss
4. Mechanic's Bank's Motion to Dismiss
5. HTLF's Motion to Dismiss
6. Ragland's Motion to Dismiss
7. Goad's Motion to Dismiss

Plaintiffs anticipate that because of the number of parties and counsel involved, the complexity of this case, and the related adversary proceedings, the matters set will take significant time to be heard. Plaintiffs estimate the status conference will take at least one (1) hour. Plaintiffs anticipate that the hearing on the Trustee's Motion to Intervene will take at least three (3) hours. In addition, Plaintiffs anticipate that the hearings on the motions to dismiss will take between one (1) to one and half hours (1.5) each. Therefore, at the low end, the anticipated time for the hearings on June 30 will take nine (9) hours and, at the high end, eleven and a half (11.5) hours.

For the reasons set forth above, Plaintiffs respectfully request that the Court continue the deadline for Plaintiffs to respond to the Motions, continue consideration of the pending hearings on the Motions until after it has heard and ruled on the Trustee's Motion to Intervene, and for such further relief to which they may be entitled to at law or in equity.

DATED this 9th day of June, 2025.

Respectfully submitted,

**NAMAN HOWELL SMITH & LEE PLLC**
David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Michael S. Duncan, SBN 24097628
mduncan@namanhowell.com
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

By: ___*/s/ David L. Lebas*___
    David L. LeBas

*ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES AGTEXAS, PCA AND THORLAKSON DIAMOND T FEEDERS, LP*

**AND**

**SPROUSE SHRADER SMITH PLLC**
John Massouh, SBN 24026866
John.massouh@sprouselaw.com
Josh Kundert, SBN 24143877
Josh.kundert@sprouselaw.com
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

--and--

**LEAL LAW FIRM, LLC**
Abel A. Leal, SBN 24026989
abel@leal.law
14180 N. Dallas Parkway, Suite 300
Dallas, Texas 75254
(214) 395-5325

By: ___*/s/ John Massouh*___
    John Massouh

*ATTORNEYS FOR DENNIS BUSS, BUSS FAMILY TRUST, EDDIE BRYANT, ROBERT E. GRAY,*

9

*RONNIE GRAY, GRAY BROTHERS, CRAIG SUTTON, AMY SUTTON, STEVE RYAN, JANICE LAWHON, AJ JACQUES LIVING TRUST, GUNGOLL CATTLE, LLC, LEAH GUNGOLL, MORRISON CAFÉ, LLC, GARY LESH, JAN LESH, LESH FAMILY TRUST, JARED LESH, JORDAN LESH, LLC, JOEL BROOKSHIRE, GENE BROOKSHIRE FAMILY, LP, DOUGLAS FINLEY, SCARLET AND BLACK CATTLE, LLC, BRYAN BLACKMAN, STEVE T SCOTT FARM, INC., SCOTT LIVESTOCK COMPANY, INC., ARNOLD BRAUN TRUST, ROBERT BRAUN, JIM RININGER, ROBERT SPRING, MICHAEL EVANS, MIRANDA EVANS, CHARLES LOCKWOOD, COLE LOCKWOOD, SHERLE LOCKWOOD, NIKKI LOCKWOOD, LYNDAL VAN BUSKIRK, JANET VAN BUSKIRK, COLBY VAN BUSKIRK, SUSAN VAN BUSKIRK, JIMMY GREER, DUSTIN JOHNSON AND DORA BLACKMAN*

**AND**

**CRENSHAW, DUPREE & MILAM, L.L.P.**
Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
4411 98th Street, Suite 400
Lubbock TX 79424
(806) 762-5281
(806) 762-3510 (fax)

By: __*/s/ Amber Miller*__
      Amber S. Miller

*ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY*

**AND**

**JAMES D. BRADBURY, PLLC**
James D. Bradbury, SBN 02814500
jim@bradburycounsel.com
Kyle K. Weldon, SBN 24097192
kyle@bradburycounsel.com
201 Main Street, Suite 600

10

Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

By: */s/ James D. Bradbury*
James D. Bradbury

*ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART*

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 6, 2025, I corresponded by email with counsel for the Trustee, Rabo AgriFinance, Mechanic's Bank, HTLF Bank, and Megan Goad concerning the requested relief. All counsel indicated that they were opposed to the requested relief.

*/s/ John F. Massouh*
John F. Massouh

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, the foregoing document was filed with the Clerk of the Court in the foregoing case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case.

*/s/ John F. Massouh*
John F. Massouh