UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
Austin C. Nate (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com
Email:  anate@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| In re:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.<br><br>    Debtors. | CASE NO. 23-20084-swe7<br>Chapter No. 7<br><br>(Jointly Administered Cases) |
| In re:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>    Debtors. | CASE NO. 23-50096-swe12<br>Chapter No. 12<br><br>(Jointly Administered Cases) |

| | |
|---|---|
| AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA and THORLAKSON DIAMOND T FEEDERS, LP,<br><br>    Plaintiffs,<br><br>EDWARD DUFURRENA et al.,<br><br>    Intervenor Plaintiffs,<br><br>v.<br><br>RABO AGRIFINANCE LLC et al.,<br><br>    Defendants. | ADVERSARY NO. 24-02007-swe<br><br>(Consolidated Adversary Proceeding) |
| HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>    Plaintiff, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>    Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br>RABO AGRIFINANCE LLC and MECHANICS BANK,<br><br>    Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | ADVERSARY NO. 24-02007-swe<br><br>(Consolidated Adversary Proceeding) |

**RABO AGRIFINANCE LLC'S OBJECTION AND RESERVATION OF RIGHTS TO PLAINTIFFS' (JOINED BY 2B FARMS) EMERGENCY MOTION TO STAY MOTION TO EXTEND DEADLINES TO RESPOND TO CERTAIN MOTIONS TO DISMISS AND TO CONTINUE HEARINGS ON SAME**

Defendant Rabo AgriFinance LLC ("**Rabo**"), through counsel, hereby submits its objection and reservation of rights (the "**Objection**") to *Plaintiffs' Emergency Motion to Stay Motion to Extend Deadlines to Respond to Certain Motions to Dismiss and to Continue the Hearings on Same* (the "**Emergency Motion**"), which Emergency Motion was also joined by 2B Farms and the Robinsons (the "**2B Parties**" and, together with Plaintiffs, the "**Movants**").

## OBJECTION AND RESERVATION OF RIGHTS

Through the Emergency Motion, Movants ask the Court to excuse them from having to respond to Rabo's (and other parties') motions to dismiss Movants' complaints until after the Court first resolves the Trustee's Motion to Intervene and Motion to Enforce Automatic Stay (the "**Motion to Intervene**"). Movants contend that the Motion to Intervene "raises threshold questions of standing that must be determined before adjudicating" the motion to dismiss and that "[j]udicial efficiency demands this approach because the Court's decision on the Trustee's Motion to Intervene may render moot the Motions to Dismiss." (Emergency Motion at 4.) Movants complain of facing an "unprecedented convergence" of motions to dismiss. (*Id.* at 5.)

The "unprecedented" problem complained of by Movants is not only one of their own creation, but it is a problem that Rabo specifically and repeatedly tried to prevent for the Movants. Rabo recognizes that the Trustee's Motion to Intervene "raises threshold questions regarding standing that should be decided before the Motions to Dismiss are considered" and that "[o]nce the Court decides the pivotal standing issue, then it will become clear if Plaintiffs will need to respond to the Motions to Dismiss and whether the Court will need to decide the outcome of those Motions to Dismiss." (Mot. at 6.) In fact, this position and recognition is *precisely* why Rabo specifically requested that Movants stipulate to extend Rabo's deadline to file its motions to dismiss the two complaints against it until *after* the Court addressed this threshold question. In

3

other words, Rabo asked Movants for the very same relief that Movants are now asking from the Court. The Movants, however, refused to provide Rabo that relief.[1] Rabo, therefore, was required to spend the very time and money in this case that Movants are now arguing that *they* should not have to incur in the name of judicial economy.

In any event, Movants' Emergency Motion must be denied because of the substantial overlap between many of the issues raised in the Motion to Intervene and the issues raised in Rabo's motions to dismiss Plaintiffs' Complaint (Dkt. 103) and the 2B Parties' <u>Second Amended Third-Party Complaint (Dkt. 104).</u> For example, argument IV of Rabo's brief supporting its motion to dismiss Plaintiffs' Complaint (Dkt. 129) asserts that at least six of the claims being asserted in this case against Rabo are claims that Plaintiffs lack standing to assert. Rabo raised similar arguments in its brief in support of its motion to dismiss the 2B Parties' pleading (Dkt. 135). Because Rabo has independently raised lack of standing as a basis for dismissal of Movants' claims in its own motions to dismiss, Rabo is entitled to be heard on that issue at the June 30 hearing in conjunction with the arguments on the Trustee's Motion to Intervene.

Furthermore, Rabo believes that several claims set forth in Movants' respective complaints are clearly personal claims that the Trustee does not have standing to assert (and is likely not claiming he has standing to assert). For example, Count Ten of Plaintiffs' Complaint alleges a breach of an Intercreditor Agreement between Rabo and Thorlakson and AgTexas, and Count Eleven asserts a claim of Priest Cattle Company Ltd. against Rabo based on an alleged breach of a Letter of Understanding Agreement with Rabo. (*See* Dkt. 103 at 45-49.) Rabo has asserted that

---

[1] Plaintiffs' refusal to give Rabo the relief Plaintiffs are now seeking from the Court calls into question Plaintiffs' statement that "[u]p to this point, the parties have been able to efficiently work together to resolve their scheduling difficulties and concerns by agreement in this very complicated proceeding." (*Id.* at 7.)

4

those claims fail and should be dismissed for various independent reasons that have nothing to do with lack of standing, such as failure to comply with applicable pleading standards and the economic loss rule. (*See* Dkt. 129 at 22-24.) Furthermore, the 2B Parties' pleading includes numerous claims under the Bankruptcy Code that certainly belong to certain 2B Parties' bankruptcy estates, and not the McClain bankruptcy estates. (*See* Dkt. 135 at 21-26 (seeking dismissal of three claims brought under 11 U.S.C. §§ 548(a)(1)(B), 550, 551, and/or 502). Because those claims are clearly personal claims belonging to certain Plaintiffs and 2B Parties, respectively, there is no "threshold question of standing that must be determined before adjudicating" these claims, and the outcome of the Motion to Intervene will have no bearing on whether or not these claims will go forward in this litigation.

Accordingly, Rabo objects to the Movants' Emergency Motion and asks that it be denied. But should the Court grant the Emergency Motion, and should the Court conclude that some of or all the claims at issue in Rabo's motion to dismiss are "owned" by the Trustee, Rabo respectfully and expressly reserves its rights to recover from Movants all attorneys' fees incurred by Rabo in preparing its motions to dismiss.

DATED: June 10, 2025.

>UNDERWOOD LAW FIRM, P.C.
>Thomas C. Riney, SBN: 16935100
>W. Heath Hendricks, SBN: 240556451
>500 South Taylor, Suite 1200, LB 233
>Amarillo, Texas 79101
>Telephone: (806) 376-5613
>Facsimile: (806) 379-0316
>Email: tom.riney@uwlaw.com
>Email: heath.hendricks@uwlaw.com
>           --and—
>RAY QUINNEY & NEBEKER P.C.
>Michael R. Johnson *(Pro Hac Vice)*
>Matthew M. Cannon *(Pro Hac Vice)*
>Austin C. Nate  *(Pro Hac Vice)*

36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com
Email: mcannon@rqn.com
Email: anate@rqn.com

*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2025, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case.

/s/ *Michael R. Johnson*
Michael R. Johnson

1711907