David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Michael S. Duncan, SBN 24097628
mduncan@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES AGTEXAS, PCA AND THORLAKSON DIAMOND T FEEDERS, LP*

John Massouh, SBN 24026866
John.massouh@sprouselaw.com
Josh Kundert, SBN 24143877
Josh.kundert@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

--and--

Abel A. Leal, SBN 24026989
abel@leal.law
LEAL LAW FIRM, LLC
14180 N. Dallas Parkway, Suite 300
Dallas, Texas 75254
(214) 395-5325

*ATTORNEYS FOR DENNIS BUSS, BUSS FAMILY TRUST, EDDIE BRYANT, ROBERT E. GRAY, RONNIE GRAY, GRAY BROTHERS, CRAIG SUTTON, AMY SUTTON, STEVE RYAN, JANICE LAWHON, AJ JACQUES LIVING TRUST, GUNGOLL CATTLE, LLC, LEAH GUNGOLL, MORRISON CAFÉ, LLC, GARY LESH, JAN LESH, LESH FAMILY TRUST, JARED LESH, JORDAN LESH, LLC, JOEL BROOKSHIRE, GENE BROOKSHIRE FAMILY, LP, DOUGLAS FINLEY, SCARLET AND BLACK CATTLE, LLC, BRYAN BLACKMAN, STEVE T SCOTT FARM, INC., SCOTT LIVESTOCK COMPANY, INC., ARNOLD BRAUN TRUST, ROBERT BRAUN, JIM RININGER, ROBERT SPRING, MICHAEL EVANS, MIRANDA EVANS, CHARLES LOCKWOOD, COLE LOCKWOOD, SHERLE LOCKWOOD, NIKKI LOCKWOOD, LYNDAL VAN BUSKIRK, JANET VAN BUSKIRK, COLBY VAN BUSKIRK, SUSAN VAN BUSKIRK, JIMMY GREER, DUSTIN JOHNSON AND DORA BLACKMAN*

Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
CRENSHAW, DUPREE & MILAM, L.L.P.
4411 98th Street, Suite 400
Lubbock TX 79424
(806) 762-5281
(806) 762-3510 (fax)

*ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY*

James D. Bradbury, SBN 02814500
jim@bradburycounsel.com
Kyle K. Weldon, SBN 24097192
kyle@bradburycounsel.com
JAMES D. BRADBURY, PLLC
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

*ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART*

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br>　　Debtors. | Case No. 23-20084-swe7<br><br><br>Jointly Administered |
| IN RE:<br>2B FARMS, a Texas General Partnership, et al.,<br><br>　　Debtors. | Case No. 23-50096-swe12<br><br>Jointly Administered |
| IN RE:<br><br>AGTEXAS FARM CREDIT SERVICES; AGTEXAS, PCA; AND THORLAKSON DIAMOND T FEEDERS, LP | |

2

| | |
|---|---|
|      Plaintiffs,<br><br>and<br><br>EDWARD DUFURRENA et al.,<br>     Intervenor-Plaintiffs<br>v.<br><br>RABO AGRIFINANCE, LLC et al.,<br><br>     Defendants | ADV. PROC. NO. 24-02007-swe<br><br>(Consolidated Adversary Proceeding) |
| IN RE:<br><br>HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>     Plaintiffs, Counter-Defendant, and<br>     Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, et al., TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>     Defendants, Counterclaim-Plaintiffs,<br>     Third-Party Plaintiffs and Third-Party<br>     Counterclaim Defendants,<br><br>v.<br><br>RABO AGRIFINANCE LLC and MECHANICS BANK,<br><br>     Third-Party Defendants, and as to Rabo<br>     AgriFinance LLC only, Third-Party<br>     Counterclaim Plaintiff and Cross-Claim<br>     Plaintiff. | ADV. PROC. NO. 24-02007-swe<br><br>(Consolidated Adversary Proceeding) |

**PLAINTIFFS' AND INTERVENOR-PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSES TO EMERGENCY MOTION TO EXTEND DEADLINES AND
CONTINUE HEARINGS**

TO THE HONORABLE JUDGE EVERETT:

## I.    INTRODUCTION

Plaintiffs and Intervenor-Plaintiffs ("Plaintiffs") respectfully submit this Reply to
Defendants Rabo AgriFinance LLC ("Rabo") Objection and Reservation of Rights to Plaintiffs'
(Joined By 2B Farms) Emergency Motion to Extend Deadlines and to Continue Hearings on Same
[Doc. No. 166] and HTLF's Response to Plaintiffs' and Intervenors' Motion to Extend Deadlines
to Motions to Dismiss and Continue Hearings on Same [Doc. No. 164] and respectfully show the
Court as follows:

## II.    RABO'S RED HERRING ARGUMENT REGARDING ATTEMPTS TO
## AGREE TO SCHEDULING

Plaintiffs' Motion to Continue noted that the parties have generally agreed with each other
on the myriad scheduling problems that accompany any multi-party and complicated litigation.
We continue to maintain this belief.  But Rabo's response now suggests that Plaintiffs have created
a scheduling problem.  We do not propose to present a "he said she said" argument for the Court
to decide but do need to present our view of this point for the record. Rabo claims that it
"specifically requested that Movants stipulate to extend Rabo's deadline to file its motions to
dismiss" until after the Court addressed threshold standing questions, and that "Movants refused
to provide Rabo that relief." *See* [Doc. No. 166 at p.3].  This characterization omits much of the
substance and nuance of the communications.

The email correspondence between Plaintiffs and Rabo reveals the true nature of Rabo's
request.  *See* Exh. "B".  Rabo did not simply ask for an extension to file its motion to dismiss.

Instead, Rabo proposed a comprehensive stipulated order that would have stayed "[a]ll other deadlines, including those for responding to the current pleadings and/or motions to dismiss such pleadings" pending resolution of the Trustee's motion. *Id.* at p. 020. Rabo's proposal was far broader than a simple extension request—it sought to restructure the entire case schedule and procedural posture.

Rabo's proposed stipulation contained legal arguments and cited authority that were not agreeable to Plaintiffs and were unnecessary for a simple scheduling motion. *Id.* at pp. 008-016. Rabo was attempting to force Plaintiffs to take a position on the merits of the Trustee's Motion to Intervene by including substantive argument and case law in what should have been a straightforward procedural stipulation. Plaintiffs advised Rabo that they would respond to the Trustee's Motion to Intervene if it were filed, as is their right.

Plaintiffs did not refuse to extend Rabo's deadline to file its Motion. Instead, Plaintiffs offered to extend Rabo's deadline to file its motion to dismiss to align with Mechanics Bank's deadline. *Id.* at p. 004. Rabo never asked Plaintiffs to extend their deadline to file their motion to dismiss until after the Trustee filed a Motion to Intervene without the need for the entry of its stipulated motion. *Id.* Plaintiffs have worked cooperatively with all parties throughout these proceedings. To suggest otherwise is a mischaracterization of the Plaintiffs' posture taken in this litigation.

## III.    RABO ACKNOWLEDGES THE THRESHOLD NATURE OF THE STANDING ISSUES

Despite their opposition to Plaintiffs' Emergency Motion, Rabo acknowledges the fundamental and substantive point underlying Plaintiffs' request: the Trustee's Motion to Intervene raises threshold standing questions that should be resolved before addressing the substantive motions to dismiss.

Rabo agrees "that the Trustee's Motion to Intervene 'raises threshold questions regarding standing that should be decided before the Motions to Dismiss are considered'" and that "[o]nce the Court decides the pivotal standing issue, then it will become clear if Plaintiffs will need to respond to the Motions to Dismiss and whether the Court will need to decide the outcome of those Motions to Dismiss." *See* [Doc. No. 166 at p. 3]; Exh. B at 3.

Rabo's admission proves Plaintiffs' point: judicial efficiency demands resolving the Trustee's Motion to Intervene first, as doing so may render the motions to dismiss moot or fundamentally alter their scope.

### III.    DEFENDANTS' INVITATION TO PIECEMEAL ADJUDICATION UNDERMINES JUDICIAL EFFICIENCY

Rabo and HTLF argue that because there is "substantial overlap" between their motions to dismiss and the Trustee's Motion to Intervene, the Court should address them simultaneously. Rabo refers the Court to a portion of its Motion to Dismiss to support its argument. *See* [Doc. No. 166 at p. 4], and HTLF acknowledges that its Motion to Dismiss addresses other matters beyond Plaintiffs' standing. *See* [Doc. No. 164 at p. 3]. Rabo and HTLF's argument invites the Court to engage in precisely the type of piecemeal adjudication that undermines judicial efficiency.

If the Court were to address only those portions of the motions to dismiss that supposedly overlap with standing issues, it would be required to parse each motion to determine which arguments relate to standing and which to substantive legal theories. This approach would:

1. Create artificial divisions in otherwise unified legal arguments
2. Risk inconsistent rulings on related issues
3. Generate confusion about which aspects of the motions remain pending
4. Require multiple hearings on related issues
5. Increase rather than decrease the overall burden on the Court and parties

A far more efficient approach is to resolve the threshold standing issues first raised in the Trustee's Motion to Intervene, as Plaintiffs propose. If the Trustee's motion is granted entirely,

6

many or all of the pending motions to dismiss may become moot.  If the Trustee's motion is granted in part, the Court's ruling would clarify which specific claims belong to the Trustee and which remain with Plaintiffs, allowing the parties to focus their motion practice only on the claims that remain in dispute with the proper parties. If the Trustee's motion is denied entirely, the parties can proceed with a clear understanding that Plaintiffs have standing to assert their claims, allowing for more focused and efficient briefing on the substantive issues without the cloud of uncertainty that currently exists.

In each scenario, resolving the standing issues first in the Trustee's Motion to Intervene eliminates confusion, reduces duplicative briefing, and promotes judicial efficiency.

## IV.    RABO'S STRATEGIC SUPPORT FOR THE TRUSTEE'S INTERVENTION REVEALS ITS TRUE MOTIVES

### A.    Rabo's Defenses in the Trustee's Case

A review of Rabo's Motion to Dismiss in the Trustee's Adversary Case Number 25-02005 reveals why Rabo may prefer that the Trustee assert these claims rather than Plaintiffs.  *See* Adversary Proceeding 25-02005, [Doc. Nos. 26-28].  Tellingly, Rabo has filed a joinder in the Trustee's Motion to Intervene, demonstrating its support for transferring control of the Plaintiffs' claims to the Trustee.  *See* [Doc. No. 155]. In the Trustee's case, Rabo asserts powerful defenses including:

1.   <u>*In pari delicto*</u> - arguing that because the Debtors operated the Ponzi scheme, they (and by extension, the Trustee standing in their shoes) cannot recover against Rabo
2.   <u>Express releases and waivers</u> - claiming that the Debtors released all claims against Rabo in the April 2023 Forbearance Agreement
3.   <u>Forum selection clauses</u> - arguing that the loan agreements require all disputes to be litigated in Iowa

*See* Adversary Proceeding 25-02005, [Doc. No. 27 at pp. 20-22, 37-38].

These defenses, if successful, would completely bar the Trustee's claims against Rabo. If the Trustee's Motion to Intervene is granted in full, then Rabo will have accomplished the procedural mechanism through which it may absolve itself of the liability and the damages it caused Plaintiffs—by supporting the transfer of claims to a party against whom Rabo believes it has complete defenses, effectively eliminating any meaningful recovery for Plaintiffs - the victims of Rabo's unlawful conduct.

## V.    THE BURDEN ON THE COURT AND PLAINTIFFS JUSTIFIES THE REQUESTED RELIEF

Plaintiffs have been the driving force behind recovery efforts in this case, as demonstrated by the eleven depositions conducted to date—all noticed by either Plaintiffs or other parties, with the Trustee either failing to appear or asking no questions at any deposition. Only now, when recovery appears promising, does the Trustee seek to intervene with his contingent fee counsel. If the Trustee's intervention is successful, Plaintiffs will likely seek reimbursement under Bankruptcy Code Section 503(b) for the actual, necessary costs of preserving the estate, and requiring Plaintiffs to respond to three additional motions to dismiss that may become moot would unnecessarily increase these costs and ultimately burden the estate and other creditors.

The practical reality of the current scheduling also supports Plaintiffs' request, as seven separate matters are currently set for June 30, 2025, which Plaintiffs estimate would require 9-11.5 hours of Court time. This is simply unworkable and would not provide adequate time for proper consideration of these complex issues, creating an impossible burden on the Court and preventing the thorough analysis these important matters deserve.

## VI.    CONCLUSION

The record demonstrates that Defendants' opposition lacks merit and is driven by strategic considerations rather than genuine concerns about judicial efficiency. Rabo mischaracterizes both

8

its request and Plaintiffs' response, while both Defendants acknowledge that the standing issues should be resolved first. Their invitation to piecemeal adjudication would harm judicial efficiency and create the very problems they claim to want to avoid.

Most tellingly, Rabo's litigation strategy in the Trustee's case reveals why it may prefer Trustee control of these claims—not because it serves judicial efficiency, but because it provides Rabo with contractual defenses that would not be available against Plaintiffs directly.

For these reasons, and those set forth in Plaintiffs' Emergency Motion, the Court should grant the requested relief and continue consideration of the pending motions to dismiss until after resolving the Trustee's Motion to Intervene.

DATED this 11th day of June, 2025.

Respectfully submitted,
**NAMAN HOWELL SMITH & LEE PLLC**
David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Michael S. Duncan, SBN 24097628
mduncan@namanhowell.com
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

By:    */s/ David L. LeBas*
        David L. LeBas

*ATTORNEYS FOR AGTEXAS FARM CREDIT*
*SERVICES AGTEXAS, PCA AND THORLAKSON*
*DIAMOND T FEEDERS, LP*

**AND**

**SPROUSE SHRADER SMITH PLLC**
John Massouh, SBN 24026866
John.massouh@sprouselaw.com
Josh Kundert, SBN 24143877
Josh.kundert@sprouselaw.com

701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

--and--

**LEAL LAW FIRM, LLC**
Abel A. Leal, SBN 24026989
abel@leal.law
14180 N. Dallas Parkway, Suite 300
Dallas, Texas 75254
(214) 395-5325

By:    /s/ John Massouh
       John Massouh

*ATTORNEYS FOR DENNIS BUSS, BUSS FAMILY
TRUST, EDDIE BRYANT, ROBERT E. GRAY,
RONNIE GRAY, GRAY BROTHERS, CRAIG
SUTTON, AMY SUTTON, STEVE RYAN, JANICE
LAWHON, AJ JACQUES LIVING TRUST,
GUNGOLL CATTLE, LLC, LEAH GUNGOLL,
MORRISON CAFÉ, LLC, GARY LESH, JAN LESH,
LESH FAMILY TRUST, JARED LESH, JORDAN
LESH, LLC, JOEL BROOKSHIRE, GENE
BROOKSHIRE FAMILY, LP, DOUGLAS FINLEY,
SCARLET AND BLACK CATTLE, LLC, BRYAN
BLACKMAN, STEVE T SCOTT FARM, INC.,
SCOTT LIVESTOCK COMPANY, INC., ARNOLD
BRAUN TRUST, ROBERT BRAUN, JIM
RININGER, ROBERT SPRING, MICHAEL EVANS,
MIRANDA EVANS, CHARLES LOCKWOOD,
COLE LOCKWOOD, SHERLE LOCKWOOD,
NIKKI LOCKWOOD, LYNDAL VAN BUSKIRK,
JANET VAN BUSKIRK, COLBY VAN BUSKIRK,
SUSAN VAN BUSKIRK, JIMMY GREER, DUSTIN
JOHNSON AND DORA BLACKMAN*

**AND**

**CRENSHAW, DUPREE & MILAM, L.L.P.**
Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
4411 98th Street, Suite 400
Lubbock TX 79424

10

(806) 762-5281
(806) 762-3510 (fax)

By:   */s/ Amber Miller*
     Amber S. Miller

*ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY*

**AND**

**JAMES D. BRADBURY, PLLC**
James D. Bradbury, SBN 02814500
jim@bradburycounsel.com
Kyle K. Weldon, SBN 24097192
kyle@bradburycounsel.com
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

By:   */s/ James D. Bradbury*
     James D. Bradbury

*ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11th, 2025, the foregoing document was filed with the Clerk of the Court in the foregoing case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case.

*/s/ David L. LeBas*
David L. LeBas

EXHIBIT B

📧 Outlook

---

## RE: Consolidated Adversary Proceeding - No. 24-02007

**From** Matthew Cannon <mcannon@rqn.com>

**Date** Thu 2025-05-01 11:02 PM

**To** Amber Miller <amiller@cdmlaw.com>; john.massouh@sprouselaw.com <john.massouh@sprouselaw.com>

**Cc** Timothy T. Pridmore <tpridmore@mcjllp.com>; Michael Johnson <MJohnson@rqn.com>; David LeBas <DLeBas@namanhowell.com>; Jennifer Aucoin <jaucoin@namanhowell.com>; Tom.Riney@uwlaw.com <Tom.Riney@uwlaw.com>; Hudson Jobe <hjobe@jobelawpllc.com>; cbird@kaplanjohnsonlaw.com <cbird@kaplanjohnsonlaw.com>; Lynn Butler <lynn.butler@huschblackwell.com>; todd@farmerwright.com <todd@farmerwright.com>; Dallas Flick <dflick@cwl.law>; Rick Illmer <rick.illmer@huschblackwell.com>; Todd J. Johnston <tjohnston@mcjllp.com>; John H. Lovell <john@lovell-law.net>; mmerriott@mhba.com <mmerriott@mhba.com>; Kent Ries <kent@kentries.com>; Josh Kundert <josh.kundert@sprouselaw.com>; Abel Leal <abel@leal.law>; jim@bradburycounsel.com <jim@bradburycounsel.com>; Kyle Weldon <kyle@bradburycounsel.com>; Alan Dabdoub <adabdoub@lynnllp.com>

---

Thanks, everybody. Greatly appreciated. We will get it on file Friday morning.

Matt

---

**From:** Amber Miller <amiller@cdmlaw.com>
**Sent:** Thursday, May 1, 2025 8:08 PM
**To:** John Massouh <john.massouh@sprouselaw.com>
**Cc:** Matthew Cannon <mcannon@rqn.com>; Timothy T. Pridmore <tpridmore@mcjllp.com>; Michael Johnson <MJohnson@rqn.com>; David LeBas <DLeBas@namanhowell.com>; Jennifer Aucoin <jaucoin@namanhowell.com>; Tom.Riney@uwlaw.com; Hudson Jobe <hjobe@jobelawpllc.com>; cbird@kaplanjohnsonlaw.com; Lynn Butler <lynn.butler@huschblackwell.com>; todd@farmerwright.com; Dallas Flick <dflick@cwl.law>; Rick Illmer <rick.illmer@huschblackwell.com>; Todd J. Johnston <tjohnston@mcjllp.com>; John H. Lovell <john@lovell-law.net>; mmerriott@mhba.com; Kent Ries <kent@kentries.com>; Josh Kundert <josh.kundert@sprouselaw.com>; abel@leal.law; jim@bradburycounsel.com; Kyle Weldon <kyle@bradburycounsel.com>; Alan Dabdoub <adabdoub@lynnllp.com>; Matthew Muckleroy <mmuckleroy@cwl.law>; Michael Duncan <mduncan@namanhowell.com>; Heath Hendricks <heath.hendricks@uwlaw.com>; Liz Beidoun <lbeidoun@rqn.com>
**Subject:** Re: Consolidated Adversary Proceeding - No. 24-02007

---

Agree.

Thank you.

> On May 1, 2025, at 8:13 PM, John Massouh <john.massouh@sprouselaw.com> wrote:
>
> Agree
>
> John Massouh
> Sprouse Shrader Smith, PLLC
> 806-468-3337

On May 1, 2025, at 6:30 PM, Matthew Cannon <mcannon@rqn.com> wrote:

Thank you Tim and David. Attached is a draft Stipulation for a response deadline of May 26.

Would James, John, and Amber please let us know if you are likewise willing to stipulate? Thank you.

---

**From:** Timothy T. Pridmore <tpridmore@mcjllp.com>
**Sent:** Thursday, May 1, 2025 2:15 PM
**To:** Michael Johnson <MJohnson@rqn.com>; David LeBas <DLeBas@namanhowell.com>; Matthew Cannon <mcannon@rqn.com>; Jennifer Aucoin <jaucoin@namanhowell.com>; tom.riney@uwlaw.com; Hudson Jobe <hjobe@jobelawpllc.com>; cbird@kaplanjohnsonlaw.com; Butler, Lynn <lynn.butler@huschblackwell.com>; todd@farmerwright.com; Dallas Flick <dflick@cwl.law>; Illmer, Rick <rick.illmer@huschblackwell.com>; Todd J. Johnston <tjohnston@mcjllp.com>; John H. Lovell <john@lovell-law.net>; mmerriott@mhba.com; Kent Ries <kent@kentries.com>; John Massouh <john.massouh@sprouselaw.com>; Josh Kundert <josh.kundert@sprouselaw.com>; abel@leal.law; amiller@cdmlaw.com; jim@bradburycounsel.com; Kyle Weldon <kyle@bradburycounsel.com>; Alan Dabdoub <adabdoub@lynnllp.com>; Matthew Muckleroy <mmuckleroy@cwl.law>; Michael Duncan <mduncan@namanhowell.com>
**Cc:** Heath Hendricks (heath.hendricks@uwlaw.com) <heath.hendricks@uwlaw.com>; Liz Beidoun <lbeidoun@RQN.COM>
**Subject:** RE: Consolidated Adversary Proceeding - No. 24-02007

---

Mike/Matt,

We agree to the same extension of May 26, 2025.

Regards,
Tim

<image001.png>
Timothy T. Pridmore
McWhorter, Cobb and Johnson, LLP
1722 Broadway
P.O. Box 2547 (79408)
Lubbock, Texas  79401
Phone: (806) 762-0214
Facsimile: (806) 498-4808
tpridmore@mcjllp.com
www.mcjllp.com

*NOTICE:  The information contained in this e-mail is considered by the sender to be confidential and may be of an attorney-client privileged nature.  It is intended only for the use of the individual or entity named above.  If the reader of this message is not the named recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is prohibited.  If you have received this communication in error, please destroy immediately and notify us by contacting the sender of this transmission.TREASURY CIRCULAR 230 DISCLOSURE:  This message is not intended or*

*written to be used, and cannot be used, for the purpose of tax advice or avoiding penalties under the
Internal Revenue Code.*

---

**From:** Michael Johnson <MJohnson@rqn.com>
**Sent:** Thursday, May 1, 2025 3:03 PM
**To:** David LeBas <DLeBas@namanhowell.com>; Matthew Cannon
<mcannon@rqn.com>; Jennifer Aucoin <jaucoin@namanhowell.com>;
tom.riney@uwlaw.com; Hudson Jobe <hjobe@jobelawpllc.com>;
cbird@kaplanjohnsonlaw.com; Butler, Lynn <lynn.butler@huschblackwell.com>;
todd@farmerwright.com; Dallas Flick <dflick@cwl.law>; Illmer, Rick
<rick.illmer@huschblackwell.com>; Todd J. Johnston <tjohnston@mcjllp.com>;
Timothy T. Pridmore <tpridmore@mcjllp.com>; John H. Lovell <john@lovell-law.net>;
mmerriott@mhba.com; Kent Ries <kent@kentries.com>; John Massouh
<john.massouh@sprouselaw.com>; Josh Kundert <josh.kundert@sprouselaw.com>;
abel@leal.law; amiller@cdmlaw.com; jim@bradburycounsel.com; Kyle Weldon
<kyle@bradburycounsel.com>; Alan Dabdoub <adabdoub@lynnllp.com>; Matthew
Muckleroy <mmuckleroy@cwl.law>; Michael Duncan <mduncan@namanhowell.com>
**Cc:** Heath Hendricks (heath.hendricks@uwlaw.com) <heath.hendricks@uwlaw.com>;
Liz Beidoun <lbeidoun@RQN.COM>
**Subject:** RE: Consolidated Adversary Proceeding - No. 24-02007

Thank you David. I agree it makes sense to see what Kent files before we
make any long-term decisions. In the interim, we appreciate the
accommodation in moving our deadline to May 26 to correspond with
Mechanics Bank.

Todd and Tim—May we have the same extension for our response to the Bo
Robinson/2B Farms complaint?

On a somewhat related note, I spoke with Sean Johnstone. While he does not
have any current business planned in the panhandle area he is willing to travel
to Amarillo for his deposition if the parties will reimburse travel expenses
(maybe one night hotel and travel mileage). He is generally available in June
other than June 11-14. I also may want to depose Bo Robinson and one or two
folks from HTLF so perhaps we can find 3-4 days in June for additional
depositions. Thoughts?

**Michael Johnson | Ray Quinney & Nebeker P.C. |** 36 South State Street, Suite 1400 | Salt Lake City,
Utah 84111
Direct: +1 (801) 323-3363 | Facsimile: +1 (801) 532-7543 | www.rqn.com| vCard
This email is from a law firm and may contain privileged or confidential information. Any unauthorized
disclosure, distribution, or other use of this email and its contents is prohibited. If you are not the intended
recipient, please contact the sender and delete this email. Thank you.

**From:** David LeBas <DLeBas@namanhowell.com>
**Sent:** Thursday, May 1, 2025 1:00 PM
**To:** Matthew Cannon <mcannon@rqn.com>; Jennifer Aucoin
<jaucoin@namanhowell.com>; tom.riney@uwlaw.com; Hudson Jobe
<hjobe@jobelawpllc.com>; cbird@kaplanjohnsonlaw.com; Butler, Lynn
<lynn.butler@huschblackwell.com>; todd@farmerwright.com; Dallas Flick
<dflick@cwl.law>; Illmer, Rick <rick.illmer@huschblackwell.com>; Todd J. Johnston
<tjohnston@mcjllp.com>; tpridmore@mcjllp.com; John H. Lovell <john@lovell-
law.net>; mmerriott@mhba.com; Kent Ries <kent@kentries.com>; John Massouh
<john.massouh@sprouselaw.com>; Josh Kundert <josh.kundert@sprouselaw.com>;
abel@leal.law; amiller@cdmlaw.com; jim@bradburycounsel.com; Kyle Weldon
<kyle@bradburycounsel.com>; Alan Dabdoub <adabdoub@lynnllp.com>; Matthew

Muckleroy <mmuckleroy@cwl.law>; Michael Duncan <mduncan@namanhowell.com>
**Cc:** Michael Johnson <MJohnson@rqn.com>; Heath Hendricks
(heath.hendricks@uwlaw.com) <heath.hendricks@uwlaw.com>; Liz Beidoun
<lbeidoun@RQN.COM>
**Subject:** RE: Consolidated Adversary Proceeding - No. 24-02007

Matt,

Plaintiffs and Intervenors respectfully decline to submit the proposed stipulation
and order.  If and when the Trustee files a motion, we will respond.

We are willing to agree to extend Rabo's deadline to answer or otherwise
respond to our Complaint, currently set for May 2, 2025, pursuant to the Order
signed April 11, 2025 (doc. 109) to May 26. This would conform to the date
currently set for Mechanics Bank to respond (see doc. 110).

**David L. LeBas**
Naman Howell Smith & Lee, PLLC
8310 N. Capital of Texas Highway, Suite 490
Austin, Texas 78731 │ 512.807.2460 │ 806.679.6641 *cell* │ 512.474.1901 *fax*
dlebas@namanhowell.com

---

**From:** Matthew Cannon <mcannon@rqn.com>
**Sent:** Wednesday, April 30, 2025 3:04 PM
**To:** David LeBas <DLeBas@namanhowell.com>; Jennifer Aucoin
<jaucoin@namanhowell.com>; tom.riney@uwlaw.com; Hudson Jobe
<hjobe@jobelawpllc.com>; cbird@kaplanjohnsonlaw.com; Butler, Lynn
<lynn.butler@huschblackwell.com>; todd@farmerwright.com; Dallas Flick
<dflick@cwl.law>; Illmer, Rick <rick.illmer@huschblackwell.com>; Todd J. Johnston
<tjohnston@mcjllp.com>; tpridmore@mcjllp.com>; John H. Lovell <john@lovell-
law.net>; mmerriott@mhba.com; Kent Ries <kent@kentries.com>; John Massouh
<john.massouh@sprouselaw.com>; Josh Kundert <josh.kundert@sprouselaw.com>;
abel@leal.law; amiller@cdmlaw.com; jim@bradburycounsel.com; Kyle Weldon
<kyle@bradburycounsel.com>; Alan Dabdoub <adabdoub@lynnllp.com>; Matthew
Muckleroy <mmuckleroy@cwl.law>; Michael Duncan <mduncan@namanhowell.com>
**Cc:** Michael Johnson <MJohnson@rqn.com>; Heath Hendricks
(heath.hendricks@uwlaw.com) <heath.hendricks@uwlaw.com>; Liz Beidoun
<lbeidoun@RQN.COM>
**Subject:** Consolidated Adversary Proceeding - No. 24-02007

Counsel:

Please find attached hereto for your consideration a draft Stipulated Motion for Order
Establishing Deadlines and a proposed order.

In short, the Stipulated Motion/Order sets deadlines in connection with the Trustee's
forthcoming motion on standing (what claims belong to the estate) and stays
pleadings/responses/etc. pending resolution of the motion. (Depositions are to move
forward.)

Specifically, the proposed order provides for the Trustee to file his motion by **May 9**,
responses filed by **May 28**, and any reply filed **June 11**.

Given the likely ramifications of the Trustee's motion, we believe the proposed schedule makes sense on a lot of levels and will save the parties significant time and money in the long run. Please let us know if you would be willing to stipulate to the filing of the attached, and please do so by tomorrow (Thursday) so that Rabo (and any other party working on responses to the current pleadings) will know whether they will need to file their motions to dismiss and/or other response/Answer on Friday. Thank you.

Regards,

Matt

**Matthew Cannon | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: +1 (801) 323-3364 | Facsimile: +1 (801) 532-7543 | www.rqn.com| vCard
This email is from a law firm and may contain privileged or confidential information.  Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited.  If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**Disclaimer**

Important/Confidential: This communication and any files or documents attached to it are intended only for the use of the person or entity to which it is addressed. It contains information that may be privileged, confidential and exempt from disclosure under applicable law. If you are the intended recipient, please be aware that forwarding this message to others may result in a waiver of these privileges. If you are not the intended recipient of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited. If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper). Thank you.

<Stipulation on RAF's Response Deadline to Complaint and TPC.docx>

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

*** DRAFT OF 4-30-25 ***

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN:
240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
Austin C. Nate (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com
Email:  anate@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| In re:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.<br><br>     Debtors. | CASE NO. 23-20084-rlj7<br>Chapter No. 7<br><br>(Jointly Administered Cases) |

1

006

*** DRAFT OF 4-30-25 ***

| | |
|---|---|
| In re: | CASE NO. 23-50096-rlj12 |
| | Chapter No. 12 |
| 2B FARMS, a Texas General Partnership, et al., | |
| | (Jointly Administered Cases) |
| Debtors. | |
| AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA and THORLAKSON DIAMOND T FEEDERS, LP, | |
| Plaintiffs, | ADVERSARY NO. 24-02007-rlj |
| EDWARD DUFURRENA et al., | (Consolidated Adversary Proceeding) |
| Intervenor Plaintiffs, | |
| v. | |
| RABO AGRIFINANCE LLC et al., | |
| Defendants. | |
| HTLF BANK, as successor to FIRST BANK & TRUST, | |
| Plaintiff, Counter-Defendant, and Cross-Claim Defendant, | ADVERSARY NO. 24-02007-rlj |
| | (Consolidated Adversary Proceeding) |
| v. | |
| 2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and REBECCA A. ROBINSON, | |
| Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants, | |
| v. | |

2

*** DRAFT OF 4-30-25 ***

| RABO AGRIFINANCE LLC and MECHANICS BANK, <br><br> Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | |

## STIPULATED MOTION FOR ENTRY OF ORDER ESTABLISHING DEADLINES ADDRESSING FILING AND BRIEFING OF TRUSTEE'S FORTHCOMING MOTION TO INTERVENE AND ABATE, AND OTHER CORRESPONDING DEADLINES

Defendant Rabo AgriFinance LLC ("**Rabo**"), Defendant HTLF Bank, as successor to First Bank & Trust ("**HTLF**"), Defendant Mechanics Bank ("**Mechanics**" and, together with Rabo and HTLF, "**Defendants**"), Plaintiffs 2B Farms, Terry M. Robinson, and Rebecca A. Robinson (collectively, "**2B Farms**"), Plaintiffs AgTexas Farm Credit Services, AgTexas, PCA ("**AgTexas**"), Thorlakson Diamond T Feeders, LP ("**Thorlakson**"), and Intervenors Dennis Buss, Buss Family Trust, Eddie Bryant, Robert E. Gray, Ronnie Gray, Gray Brothers, Steven Ryan, Janice Lawhon, AJ Jacques Living Trust, Gungoll Cattle, LLC, Leah Gungoll, Morrison Cafe, LLC, Gary Lesh, Jan Lesh, Lesh Family Trust, Jared Lesh, Jordan Lesh, LLC, Joel Brookshire, Gene Brookshire Family, LP, Douglas Finley, Scarlet and Black Cattle, LLC, Bryan Blackman, Steve T. Scott Farm, Inc., Scott Livestock Company, Inc., Arnold Braun Trust, Robert Braun, Jim Rininger, Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Lynda Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Susan Van Buskirk, Jimmy Greer, Dustin Johnson, and Dora Blackman (collectively,

3

*** DRAFT OF 4-30-25 ***

"**Intervenors**" and, together with 2B Farms, AgTexas, and Thorlakson "**Plaintiffs**"), and Kent Ries, Chapter 7 Trustee of the McClain Debtors (the "**Trustee**"), all through their respective counsel, hereby file this *Stipulated Motion for Entry of Order Establishing Deadlines Addressing the Filing and Briefing of Trustee's Forthcoming Motion to Intervene and Abate, and Other Corresponding Deadlines* (the "**Stipulated Motion**"). The Plaintiffs, Defendants, and Trustee shall collectively be referred to herein as the "**Parties**."

## INTRODUCTION

The Parties respectfully request that the Court enter the attached Order Establishing Deadlines to address the deadlines related to the critical and consequential issue of what claims belong to the Trustee. Resolution of this issue will have an enormous impact not only on this consolidated adversary proceeding, but on nearly every proceeding in or stemming from the Jointly Administered bankruptcy cases before the Court (collectively, the "**McClain Cases**").

## RELEVANT FACTS

1.     The McClain Cases are comprised of the following:

   a.    The Jointly Administered Chapter 7 Case No. 23-20084 (the "**McClain Bankr Cases**") of the "**McClain Debtors**," comprised of

      i.   *McClain Feed Yard, Inc.* (Case No. 23-20084);
     ii.   *McClain Farms, Inc.* (Case No. 23-20085);
    iii.   *7M Cattle Feeders, Inc.* (Case No. 23-20086).

   b.    The above-captioned Consolidated Adversary Proceeding No. 25-02007 (the "**Consolidated Adversary Proceeding**") comprised of

      i.   *HTLF Bank v. 2B Farms et al.*, (Adv. Proc. No. 23-05002) (as part of the Jointly Administered Chapter 12 Case No. 23-50096, *In re 2B Farms, et al.* ("**In re 2B Farms**"));

4

*** DRAFT OF 4-30-25 ***

     ii.  *HTLF v. 2B Farms et al. v. Rabo AgriFinance LLC et al.* (Adv. Proc. No. 23-05002) (as part of In re 2B Farms);

    iii.  *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance LLC et. al.* (Adv. Proc. No. 23-05002) (as part of McClain Bankr Cases).

c.   The case *Ries v. Community Financial Services Bank et el.,* Adversary Proceeding No. 25-02005 (the "**Trustee v Banks Case**").

d.   The case *Ries v. Angela Robinson et al.*, Adversary Proceeding No. 25-02003 (the "**Trustee v Investors Case**").

e.   The case *Rabo AgriFinance LLC v. Acey Livestock, LLC et al.*, Adversary Proceeding No. 23-02005 (the "**Dealer Trust Case**").

2.     The consolidation of the three actions comprising the Consolidated Adversary Proceeding occurred in August 2024, and was in response to a motion filed by the Trustee in May 2024. (*See Motion to Consolidate and Abate filed by Kent Ries, Chapter 7 Trustee of the McClain Debtors, and Alternatively Trustee's Motion to Intervene and in the Further Alternative, Motion to Enforce Automatic Stay* (the "**Trustee's First Motion**") (Dkt. 32); Court's Order dated August 27, 2024 (the "**Consolidation Order**") (Dkt. 65).)

3.     As outlined in the Trustee's First Motion, consolidation and abatement were appropriate because many of the claims that had been asserted in the three yet-to-be-consolidated cases were claims that that the Trustee argued belonged to the McClain estate/Trustee and could only be asserted by the Trustee. (*See generally* Trustee's First Motion.)

4.     The Consolidation Order acknowledges that "the Trustee is asking the Court to abate these proceedings while he continues to investigate potential McClain *estate* causes of action, which may well overlap with the charges made within the two adversary proceedings." (Consolidation Order at 9.)

010

*** DRAFT OF 4-30-25 ***

5.      The Court granted this request and abated the consolidated action for 120 days. (*Id.* at 12, 15.)

6.      As to the issue of what claims belonged to the Trustee, the Court stated:

As the pleadings presently stand—where the McClain Debtors are not parties to either adversary proceeding—the Court is reluctant to decide if and which specific causes *might* belong to the McClain Debtors' bankruptcy estates. Relief is not sough against the McClain Debtors. Unless and until the Trustee actually intervenes and asserts actions with overlapping facts *on behalf of the estate*, the Court cannot definitively determine the ownership and rightful party to pursue such actions. The Court is *not* prepared to decide that plaintiffs, as primary plaintiff of by counterclaim or cross action, *cannot* bring the actions they assert here.

(*Id.* at 11-12.)

7.      Therefore, the Court denied without prejudice to reurging the Trustee's request to intervene and to enforce the stay in connection with the estate's purported ownership of the claims. (*Id.* at 15.)

8.      On March 14, 2025, Plaintiffs filed in the Consolidated Adversary Proceeding amended pleadings, respectively, containing claims against the Defendants for negligence, knowing participation in breach of fiduciary duties, civil conspiracy, and fraudulent transfer, among others. (*See Plaintiffs' and Intervenors' Original Federal Complaint Amending and Consolidating their State Court Petitions* (the "**AgTexas Complaint**") (Dkt. 103); *2B Farms, a Texas General Partnership, Terry M. Robinson and Rebecca A. Robinson's Second Amended Third-Party Complaint Also Amending and Consolidating Removed State Court Counterclaims Against HTLF Bank* ("**2B Complaint**") (Dkt. 104)).

011

*** DRAFT OF 4-30-25 ***

9.    Also on March 14, 2025, the Trustee filed in the Trustee v Banks Case *Trustee's Original Adversary Complaint* (the "**Trustee Complaint**") (Trustee v Banks Case Dkt. 1), wherein the Trustee asserted claims against the Bank Defendants for negligence, knowing participation in breach of fiduciary duties, civil conspiracy, and fraudulent transfer, among others.

10.    The claims against Defendants in both the Consolidated Adversary Proceeding and in the Trustee v Banks Case are based largely on the same purported facts. (*Compare* 2B Complaint & AgTexas Complaint *with* Trustee Complaint.)

11.    The Trustee intends to soon file in this Consolidated Adversary Proceeding a motion (the "**Trustee's Second Motion**") to specifically address who "owns" the claims that have been asserted (or could be asserted) in the Consolidated Adversary Proceeding.

12.    The Trustee has committed to filing Trustee's Second Motion by no later than May 9, 2025.

## ARGUMENT

The filing, briefing, and resolution of the forthcoming Trustee's Second Motion—which motion addresses the crucial question of who may assert what claims—will have an enormous impact on the claims, parties, and future proceedings in the Consolidated Adversary Proceeding, as well as other McClain Cases.

As this Court is likely keenly aware, in deciding "[w]hether the bankruptcy estate or a creditor can pursue a claim against third parties," courts "focus on whether the creditor has suffered a direct injury or one that is derivative of an injury to the debtor." *In re Buccaneer Res., LLC*, 912 F.3d 291, 293 (5th Cir. 2019). "If the harm to the creditor comes about only because of harm to

7

*** DRAFT OF 4-30-25 ***

the debtor, then its injury is derivative, and the claim is property of the estate." *Id.* But if a claim "does not flow from injury to the debtor," then it belongs to the creditor. *Id.* This is so even where the unlawful conduct also harms the debtor—meaning that in some instances, "the estate and a creditor may have separate claims against a third party arising out of the same events." *Id.* And the same is true even if the creditor alleges a claim that "could be brought by a number of creditors, instead of just one." *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 588 (5th Cir. 2008). Rather, the analysis simply turns on whether the alleged injury "stem[s] from the depletion of estate assets." *Id.* at 295. If a claim belongs to the bankruptcy estate, then the bankruptcy trustee (or other estate representative, including a DIP) has *exclusive* standing to assert that claim. *Id.* at 584.

The case law is replete with examples of estate-exclusive claims. For instance, where a third party lured the debtor into transferring its assets, the injured creditors could not sue even though they had "reduced bankruptcy recovery"; only the estate could. *Id.* at 294 (discussing *In re Lothian Oil, Inc.*, 531 F. App'x 428, 439–40 (5th Cir. 2013)). Similarly, only the estate could sue a "bank for aiding the debtor's managers to encumber the debtor's assets with new liens." *Id.* (discussing *In re R.E. Loans*, 2013 WL 1265205, at *5 (N.D. Tex. Mar. 28, 2013)). And where third parties were alleged to have mismanaged the debtor to the creditor's detriment, again, the claim against the third parties "belong[ed] exclusively to the estate." *In re Educators Grp. Health Tr.*, 25 F.3d 1281, 1284–85 (5th Cir. 1994).

The Parties expect that the filing and subsequent briefing of the Trustee's Second Motion will provide the Court with the facts and law necessary to rule on this issue and otherwise provide critical guidance on how to most efficiently move forward in the McClain Cases. Indeed, the

*** DRAFT OF 4-30-25 ***

Court's ruling could result in potential further consolidations, interventions, abatements and/or dismissal of estate claims, bifurcation/severance of claims, etc., and whether creditors can or should be abated or enjoined from pursuing their own claims (and for how long such abatement should occur). Accordingly, the Parties respectfully request the Court to enter the enclosed Order Establishing Deadlines providing that, among other things, the Trustee will file his Trustee's Second Motion by no later than May 9, 2025, with full briefing on the motion to occur by June.

## CONCLUSION

For the reasons outlined above, the Parties respectfully ask the Court to enter the enclosed Order Establishing Deadlines.

DATED:  May 1, 2025.

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

9

*** DRAFT OF 4-30-25 ***

[ADD SIGNATURES FOR ALL PARTIES]

015

*** DRAFT OF 4-30-25 ***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2025, the foregoing document was filed with the Clerk of

the Court using the CM/ECF system, which sent notice of electronic filing to all electronic filing

users in this case.

*/s/ Michael R. Johnson*
Michael R. Johnson

1707100

*** DRAFT OF 4-30-25 ***

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN:
240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
Austin C. Nate (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com
Email:  anate@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| In re:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.<br><br>        Debtors. | CASE NO. 23-20084-rlj7<br>Chapter No. 7<br><br>(Jointly Administered Cases) |

1

*** DRAFT OF 4-30-25 ***

| | |
|---|---|
| In re:<br><br>2B FARMS, a Texas General Partnership, et al.,<br><br>     Debtors.<br><br>AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA and THORLAKSON DIAMOND T FEEDERS, LP,<br><br>     Plaintiffs,<br><br>EDWARD DUFURRENA et al.,<br><br>     Intervenor Plaintiffs,<br><br>v.<br><br>RABO AGRIFINANCE LLC et al.,<br><br>     Defendants. | CASE NO. 23-50096-rlj12<br>Chapter No. 12<br><br>(Jointly Administered Cases)<br><br><br><br><br><br>ADVERSARY NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |
| HTLF BANK, as successor to FIRST BANK & TRUST,<br><br>     Plaintiff, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and REBECCA A. ROBINSON,<br><br>     Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v. | ADVERSARY NO. 24-02007-rlj<br><br>(Consolidated Adversary Proceeding) |

2

*** DRAFT OF 4-30-25 ***

| RABO AGRIFINANCE LLC and MECHANICS BANK,<br><br>　　Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | |

## ORDER ESTABLISHING DEADLINES ADDRESSING FILING AND BRIEFING OF TRUSTEE'S FORTHCOMING MOTION TO INTERVENE AND ABATE, AND OTHER CORRESPONDING DEADLINES

Before the Court is the *Stipulated Motion for Order Establishing Deadlines Addressing the Filing and Briefing of Trustee's Forthcoming Motion to Intervene and Abate, and Other Corresponding Deadlines* (the "**Stipulated Motion**"), which motion was stipulated to by all parties in this Consolidated Adversary Proceeding as well as Kent Ries, Chapter 7 Trustee of the McClain Debtors (the "**Trustee**").

The Court, having considered the Stipulated Motion, and good cause appearing, hereby **GRANTS** the Stipulated Motion.

**IT IS HEREBY ORDERED** that the following deadlines apply and supersede all prior or pending deadlines insofar as those deadlines are inconsistent:

1.　　The Trustee shall file the Trustee's Second Motion (as that motion is described in the Stipulated Motion) on or before **May 9, 2025**.

2.　　Responses to the Trustee's Second Motion shall be filed on or before **May 28, 2025**.

3.　　Any reply by the Trustee shall be filed by **June 11, 2025**.

019

*** DRAFT OF 4-30-25 ***

     4.    All other deadlines, including those for responding to the current pleadings and/or motions to dismiss such pleadings, are stayed pending resolution of the Trustee's Second Motion.

     5.    Within ten days after the Court's ruling on the Trustee's Second Motion, the Parties are to submit to the Court a proposed schedule for the filing and/or amending of pleadings, and corresponding response deadlines.

DATED:  May 1, 2025.

BY THE COURT:

*/s/*_____

[ADD SIGNATURES FOR ALL PARTIES – APPROVED AS TO FORM]

4

020

*** DRAFT OF 4-30-25 ***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2025, the foregoing document was filed with the Clerk of

the Court using the CM/ECF system, which sent notice of electronic filing to all electronic filing

users in this case.

*/s/ Michael R. Johnson*
Michael R. Johnson

1707373