Timothy T. Pridmore; SBN: 00788224
Todd J. Johnston; SBN: 24050837
MCWHORTER, COBB & JOHNSON, LLP
1722 Broadway (79401)
P. O. Box 2547
Lubbock, Texas 79408
806/762-0214; 806/498-4808 (fax)
*Attorneys for Debtors/Defendants/Counter-Plaintiffs/Third-Party Plaintiffs 2B Farms, a Texas*
*General Partnership, Terry M. Robinson, Rebecca A. Robinson and Non-Debtor, Angela*
*Robinson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| McClain Feed Yard, Inc., et al., | § | Case No. 23-20084-swe |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| | § | |
| In re: | § | |
| | § | |
| 2B Farms, a Texas General Partnership, et al., | § | Case No. 23-50096-swe |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| | § | |
| AgTexas Farm Credit Services, AgTexas, PCA, Thorlakson Diamond T Feeders, LP, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| Edward Dufurrena, et al., | § | |
| | § | |
| Intervenor-Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 24-02007-swe |
| | § | Consolidated Adversary Proceeding |
| Rabo AgriFinance, LLC, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 1 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

HTLF Bank, as successor to First Bank & Trust,

       Plaintiff, Counter-Defendant, and Cross-Claim Defendant,

v.

2B Farms, a Texas General Partnership, Terry M. Robinson, and Rebecca A. Robinson,

       Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,

v.

Rabo AgriFinance, LLC and Mechanics Bank,

       Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Adversary No. 24-02007-swe
Consolidated Adversary Proceeding

---

HTLF Bank, as successor to First Bank & Trust,

       Plaintiff and Counter-Defendant,

v.

2B Farms, a Texas General Partnership, Terry M. Robinson, and Angela Robinson,

       Defendants and Counter-Plaintiffs.

§
§
§
§
§
§
§
§
§
§
§
§
§

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                      Page 2 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

**THIRD-PARTY PLAINTIFF 2B FARMS', A TEXAS GENERAL PARTNERSHIP, BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THIRD-PARTY DEFENDANT MECHANICS BANK**

Pursuant to Federal Rule of Civil Procedure 56, Federal Local Rules 7.1 and 56.5, Federal Rule of Bankruptcy Procedure 7056 and Federal Bankruptcy Local Rules 7007-2 and 7056-1, Third-Party Plaintiff, 2B Farms, a Texas General Partnership ("**2B Farms**"), through its counsel of record, hereby files its Brief in Support of its Motion for Partial Summary Judgment, of even date.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 3 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

## TABLE OF CONTENTS

Page

I.   Introduction.................................................................................................7

II.  Summary Judgment Evidence..................................................................8

III. Undisputed Material Facts for Partial Summary Judgment.....................9

IV. Summary Judgment Standard .................................................................20

V.  Argument and Supporting Case Law ......................................................21

    A.   Avoidance of 2B Farms' Cattle Purchase Wire Transfers to Mechanics Bank .........23

        a.   The Evidence shows that the Elements of Bankruptcy Code Section 548(a)(1)(B) are Met as to 2B Farms' Cattle Purchase Wire Transfers ..........23

            i.    Transfer(s) Made (or Obligation Incurred) of an Interest of the Debtor in Property........................................................................23

            ii.   Transfer(s) Made (or Obligation Incurred) within Two (2) Years of the Petition Date ..................................................................23

            iii.  The Debtor Received Less than Reasonably Equivalent Value in Exchange for such Transfer(s) or Obligation.............................24

            iv.   Transfer(s) Made (or Obligation Incurred) while the Debtor was Insolvent on the Dates they were made, or became Insolvent as a result of such Transfer(s) (or Obligation) ..................................24

        b.   2B Farms is entitled to a Judgment under Section § 550 of the Bankruptcy Code as to the Cattle Purchase Wire Transfers.................................................26

    B.   Avoidance of 2B Farms' Cattle Sales Check Transfers to Mechanics Bank.............27

        a.   The Evidence shows that the Elements of Bankruptcy Code Section 548(a)(1)(B) are Met as to 2B Farms' Cattle Sales Checks............................27

            i.    Transfer(s) Made (or Obligation Incurred) of an Interest of the Debtor in Property........................................................................27

            ii.   Transfer(s) Made (or Obligation Incurred) within Two (2) Years of the Petition Date ..................................................................28

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*        Page 4 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

iii.    The Debtor Received Less than Reasonably Equivalent Value in Exchange for such Transfer(s) or Obligation..............................29

iv.    Transfer(s) Made (or Obligation Incurred) while the Debtor was Insolvent on the Dates they were made, or became Insolvent as a result of such Transfer(s) (or Obligation) ..................................30

b. 2B Farms is entitled to a Judgment under Section § 550 of the Bankruptcy Code as to the Cattle Sales Checks ..................................................30

VI. Conclusion ..........................................................................................................31

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 5 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

## INDEX OF AUTHORITIES

Page(s)

Other Authorities

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .... 20-21

*Bonded Fin. Servs., Inc. v. European Am. Bank,* 838 F.2d 890 (7th Cir. 1988)...........................22

*Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ......................20

*In re Coutee,* 984 F.2d 138 (5th Cir. 1993) ...................................................................22

*Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9 (2d Cir. 1986)..................................................20

*Pioneer Home Builders, Inc.,* 147 B.R. 889 (Bankr. W.D. Tex. 1992) ..................................25, 30

*Pirie v. Chicago Title & Trust Co.,* 182 U.S. 438, 21 S. Ct. 906, 45 L. Ed. 1171 (1901) .............27

*Ray G. Besing v. Lyn Noble Hawthorne,* 981 F.2d 1488 (5th Cir. 1993) ......................................27

Statutes

11 U.S.C. § 101(32) ...............................................................................................25
11 U.S.C. § 101(54) ...............................................................................................27
11 U.S.C. § 548(a)(1)(B) .......................................................................8,11,21,23,26,31
11 U.S.C. § 550(a) .............................................................................8, 22, 26, 30, 31
11 U.S.C. § 550(b)(1) ............................................................................................22
Tex. Bus. & Com. Code Ann. § 24.003(a) ........................................................................25

Rules

Fed. R. Civ. P. 56(c) .............................................................................................20
Fed. R. Bankr. P. 7056(c) .........................................................................................20

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                      Page 6 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

# I
# INTRODUCTION

1.      On June 1, 2023 (the "**Petition Date**"), the Debtors, 2B Farms ("**2B Farms**", "**Debtor**" or "**Third-Party Plaintiff**") and Terry M. Robinson and Rebecca A. Robinson filed their respective voluntary petitions for relief under chapter 12 of title 11 of the United States Code (the "**Bankruptcy Code**").  These bankruptcy cases were administratively consolidated by Order of this Court under Bankruptcy Case No. 23-50096-swe12.  On December 15, 2023, the Court entered its Order Confirming Debtors' Amended Joint Chapter 12 Plan of Reorganization [Dkt. No. 124].

2.      Prior to its bankruptcy filing, 2B Farms had ongoing business transactions with Brian McClain and his entities (collectively, "**McClain**") and HTLF Bank.  These business dealings included buying and selling of cattle, including having cattle owned by 2B Farms that were delivered to one or more of McClain's facilities for growing and health care before they were ready for shipment to a finishing feedyard.  HTLF Bank provided financing for 2B Farms and handled certain aspects of payments to and from 2B Farms and McClain, at his bank (Mechanics Bank).

3.      On April 28, 2023, McClain Feed Yard, Inc. (Case No. 23-20084-swe7), McClain Farms, Inc. (Case No. 23-20085-swe7) and 7M Cattle Feeders, Inc. (Case No. 23-20086-swe7) (collectively referred to as the "**McClain Debtors**") filed Chapter 7 bankruptcy cases with the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division. The Trustee, Kent Ries, is the duly appointed Chapter 7 Trustee ("**McClain Trustee**") in each of the cases of the McClain Debtors.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*      Page 7 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

4.      The McClain Trustee in the bankruptcy proceedings before this Court confirmed that McClain engaged in a massive fraud involving cattle and that over $120,000,000.00 in claims have been filed in the case by over 100 parties, including 2B Farms.

5.      Currently pending before the Court is Adversary Case # 24-02007-swe, *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*, wherein Third-Party Plaintiffs 2B Farms has brought claims under 11 U.S.C. § 548(a)(1)(B) and 550(a), among other state law and bankruptcy derived claims, against Third-Party Defendant Mechanics Bank ("**Mechanics Bank**" or "**Third-Party Defendant**") and others.

## II.
## SUMMARY JUDGMENT EVIDENCE

6.      2B Farms relies upon all of the pleadings and documents filed of record in the this adversary proceeding, the McClain bankruptcy proceeding, and the 2B Farms bankruptcy proceeding, including 2B Farms' Claims Register in case # 23-50096.  As referenced herein, each is incorporated by reference for all purposes as if recited verbatim herein.

7.      2B Farms relies specifically upon all the following summary judgment evidence, both evidence not currently on file with the Court and evidence currently on file with the Court, along with the affidavit of 2B Farms' General Partner, Terry Robinson, which evidence is attached hereto and incorporated herewith by reference for all purposes herein as if recited verbatim herein.

| Bates Numbers | Description |
|---|---|
| 2B 001 – 2B 006 | Cattle Purchase Wires Transfer Documentation from 2B Farms' Account and Supporting McClain Feedyard, Inc. Purchase Invoices dated April 4th, 5th, and 6th, 2023 |
| 2B 007 – 2B 021 | Deposit Account Control Agreements ("DACA") between Rabo, Mechanics and McClain dated March 23, 2023 |
| 2B 022 – 2B 024 | Rabo's Account Instruction Letter to Freeze Accounts to Mechanics Bank dated April 5, 2023 |
| 2B 025 – 2B 033 | Cattle Sale Checks and Supporting McClain Feedyard, Inc. Sale Statements dated April 4th, 5th, and 6th, 2023 |

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 8 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

| 2B 034 – 2B 048 | McClain's Account xxx0197 Statement at Mechanics Bank dated April 2023 |
|---|---|
| 2B 049 – 2B 060 | McClain's Account xxx3070 Statement at Mechanics Bank dated April 2023 |
| 2B 061 | Mechanics Bank's Acknowledgment of Rabo's Correspondence to Freeze Accounts dated April 5, 2023 |
| 2B 062 | Mechanics Bank's Correspondence dated April 7, 2023 acknowledging a $20,872,962.34 "End of Day" Balance on April 6, 2023 |
| 2B 063 – 2B 064 | Mechanics Bank's Internal Correspondence by and between Jamie Rabatin and Mechanics Bank's Senior Fraud Examiner dated April 18, 2023 |
| 2B 065 – 2B 084 | 2B Farms' Schedules A/B (as amended), D and E/F |
| 2B 085 | 2B Farms' Business Records Affidavit for 2B 001 – 2B 006 and 2B 025 – 2B 033 |

## III.
## UNDISPUTED MATERIAL FACTS FOR PARTIAL SUMMARY JUDGMENT

8.     The Transfers of 2B Farms' interests, which are the subject of this *Motion for Partial Summary Judgment* occurred on April 4th, 5th, and 6th, 2023.  It was on these respective dates that three (3) separate wire transfers in the amounts of $2,473,847.58, $2,499,037.72 and $2,486,071.62, were delivered from 2B Farms' account at HTLF Bank to McClain's account at Mechanics Bank (McClain Feed Yard Inc. acct. xxx0197), in the combined total amount of approximately $7,458,956.92 ("**Wire Funds**") [2B Farms' Cattle Purchase Wire Documentation, App'x., p. 2B 002, 004 and 006; Mechanics Bank Account xxx0197 Statement, App'x., p. 2B 036].  The purpose of these wire transfers were to purchase specific cattle based upon sale statements provided to 2B Farms by McClain [2B Farms' Cattle Purchase Wire Documentation, App'x., p. 2B 001, 003 and 005]. As the summary judgment evidence included with this Motion shows, Mechanics Bank was in control of the McClain accounts at this time and was the initial transferee of 2B Farms' Wire Funds [Mechanics Bank Account xxx0197 Statement, App'x., p. 2B 036],  or, in the alternative, was an immediate or mediate transferee of the initial transferee of these fraudulent transfers.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*   Page 9 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

9.      Having uncovered McClain's scheme, Mechanics Bank was only accepting deposits from ranchers and cattle producers, such as 2B Farms, in early April 2023, including the Wire Funds of 2B Farms, to capture as much money as possible to cover its overdrawn account and/or eventually, and allegedly, to turnover to Rabo, but, at the same time, not allowing any funds to be withdrawn from the McClain account by the same ranchers and cattle producers upon their presentation of checks upon the sale of their cattle [Deposit Account Control Agreement, App'x., p. 2B 007 - 021; Rabo's Account Instruction Letter dated April 5, 2023, App'x., p. 2B 022 - 024; Mechanics Bank's Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., p. 2B 061].   Mechanics Bank ultimately did not turn over any funds during this April 2023 time period to Rabo despite the Deposit Account Control Agreements in place and correspondence as further described below, but instead **delivered $1,414,714.60, the final net balance on the McClain Accounts that it had on hand, to the McClain Chapter 7 Trustee on May 30, 2023**.   *See* McClain Chapter 7 Trustee's *Notice of USDA Approved Trust Claims*, Bankr. Case No. 23-20084-swe7, Dkt. No. 126, p. 4, para. 10 (… "MFY received the turnover of $1,414,714.60 on May 30, 2021, from Mechanics [Bank]. Although Rabo asserts a perfected lien on the Debtors' accounts at Mechanics [Bank], **these funds come from a bank-controlled account**, not on account of the Debtors. . . ")(emphasis added). Needless to say, 2B Farms did not receive reasonably equivalent value for its Wire Funds it delivered to Mechanics Bank during this time period (April 4th, 5th and 6th, 2023).

10.      Further, during this same time period, Mechanics Bank, refused to honor three (3) separate checks ("**Cattle Sales Checks**") dated April 4th, 5th and 6th, 2023, in the amounts of $2,530,920.39, $2,559,407.02 and $2,510,991.45, for a combined total amount of $7,601,318.86 [Cattle Sale Checks and supporting McClain Feedyard, Inc. Sale Statements, App'x., p. 2B 025 - 033], drawn on McClain's account at Mechanics Bank (McClain Farms Inc. acct. xxx3070) upon

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 10 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

the sale of 2B Farms' cattle.  These checks were "referred to maker" by Mechanics Bank despite the availability of approximately $46,427,453.70 in funds in the McClain accounts to cover the checks while it had control [Mechanics Bank Account xxx3070 Statement, App'x., p. 2B 051; Mechanics Bank correspondence dated April 7, 2023, App'x., p. 2B 062].  Therefore, a total of six (6) separate, distinct and personal McClain related transactions at the time involving a total of $15,060,275.80 in 2B Farms' funds was improperly taken and fraudulently transferred from 2B Farms.  Movant contends these are avoidable transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

11.    During this time and knowing of the McClain fraud, Mechanics Bank, in conjunction with Rabo, began the process of exercising direct control over the McClain accounts at Mechanics Bank pursuant to the certain Deposit Account Control Agreements ("**DACA**") dated March 23, 2023 [Deposit Account Control Agreement, App'x., p. 2B 007 - 021]. The three (3) DACAs by and between Rabo, Mechanics Bank and McClain state in relevant part:

> 2.    Pledge.  The Debtor (McClain) hereby grants, pledges and assigns to the Secured Party (Rabo), and hereby creates a continuing first priority lien and security interest in favor of the Secured Party in, ***and transfers to the Secured Party (Rabo) all dominion and control over, all of its right, title and interest in and to*** the following:
>
> (a)    ***the Account***, including, without limitation, all documents, passbooks, and similar evidence representing such Account, together with all deposits made from time to time therein and all funds and other property standing to the credit of such Account from time to time; and . . .

[Deposit Account Control Agreement, App'x., p. 2B 007] (emphasis added).  McClain had two (2) primary accounts at Mechanics Bank through which he perpetrated his fraudulent cattle scheme:  Mechanics Bank  account xxx0197 (McClain Feed Yard, Inc. account) and Mechanics Bank Account xxx3070 (McClain Farms, Inc. account) (collectively, the "**McClain Accounts**") [Mechanics Bank Account xxx0197 Statement, App'x., p. 2B 034 - 048 and Mechanics Bank Account xxx3070 Statement, App'x., p. 2B 049 - 060]

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 11 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

12.    Following entry of the DACAs by the three (3) parties, Rabo sent the following

letter to Jamie Rabatin, Senior Vice President/Director of Commercial Servicing at Mechanics

Bank on April 5, 2023:



April 5, 2023

<u>VIA EMAIL, FEDERAL EXPRESS AND REGULAR MAIL</u>

Jamie Rabitin
Senior Vice President/Director of Commercial Servicing
MECHANICS BANK
18400 Von Karman Ave.
Irvine, CA 92612
Email: jamie_rabitin@mechanicsbank.com

Michael A. Johnson
ATTORNEY AT LAW

PO Box 45385
Salt Lake City, Utah
84145-0385

36 South State Street
Suite 1400
Salt Lake City, Utah
84111

801-532-1500 main
801-323-3363 direct
801-532-7543 fax
mjohnson@rqn.com
www.rqn.com

Re:    *Rabo AgriFinance LLC ("RAF" or "Lender"); (A) Deposit Account
Control Agreement Between Lender, Mechanics Bank ("Deposit
Bank") and McClain Farms, Inc. ("MFI Debtor") Regarding
Account* ████3070 *("MFI Account"), (B) Deposit Account Control
Agreement Between Lender, Deposit Bank and 7M Cattle Feeders, Inc.
("7M Debtor") Regarding Account* ████0423 *("7M Account"), (C)
Deposit Account Control Agreement Between Lender, Deposit Bank
and McClain Feed Yard, Inc. ("MFY Debtor") Regarding Account*
████0197 *("MFY Account"); WRITTEN INSTRUCTIONS TO
FREEZE MFI ACCOUNT, 7M ACCOUNT AMD MFY ACCOUNT,
AND TO PREVENT ITEMS FROM BEING WITHDRAWN OR
PAID FROM THE MFI ACCOUNT, 7M ACCOUNT AND MFY
ACCOUNT*

Dear Ms. Rabitin:

This law firm represents RAF with respect to the above-referenced
Deposit Account Control Agreements (the "DACAs") between Lender,
Deposit Bank and each of MFI Debtor (with respect to the MFI Account), 7M
Debtor (with respect to the 7M Account) and MFY Debtor (with respect to the
MFY Account). The MFI Account, 7M Account and MFY Account are
collectively referred to herein as the "**Accounts.**"

On behalf of RAF, written notice is hereby provided to Deposit Bank
that one or more Events of Default have occurred and are ongoing under the
loan and security agreements that exist between Lender and each of MFI
Debtor, 7M Debtor and MFY Debtor (collectively, the "Debtors").

As a result of those Events of Default, and pursuant to paragraph 5(a)
of each of the DACAs, **DEPOSIT BANK IS HEREBY INSTRUCTED TO
IMMEDIATELY FREEZE THE ACCOUNTS. DEPOSIT BANK MAY**

A   PROFESSIONAL   CORPORATION

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                Page 12 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

RAF/McClain/Mechanics Bank
April 5, 2023
Page 2

ALLOW ADDITIONAL ITEMS OR FUNDS TO BE DEPOSITED
INTO THE ACCOUNTS, BUT DEPOSIT BANK IS HEREBY
INSTRUCTED TO PRECLUDE ANY WITHDRAWALS, DRAWS,
TRANSFERS FROM OR OTHER DISPOSITIONS OF ANY FUNDS
OR PROPERTY IN ANY OF THE ACCOUNTS, WITHOUT THE
FURTHER WRITTEN AUTHORIZATION OF LENDER.

Additionally, and unless contrary written instructions are provided to
Deposit Bank at a later date by an authorized representative of Lender, Lender
hereby requests that Deposit Bank remit to Lender all funds currently on
deposit in the Accounts, as well as all funds that are subsequently deposited
into or that otherwise become available in the Accounts. Lender hereby
authorizes Deposit Bank to deduct its standard wire/transfer fees as part of any
transfer of funds from the Accounts to Lender. Lender's payment instructions
are as follows:

## LENDER'S WIRE INSTRUCTIONS

Correspondent Bank: US Bank
#1 US Bank Plaza
St. Louis, MO 63101
ABA Routing Number: ▇▇▇▇▇▇▇
For credit to: Rabo Agrifinance, Inc.
Account Number ▇▇▇▇▇▇▇
For further credit to: "Rabo Agrifinance, Inc. Obligation #3▇▇▇▇▇▇
McClain Farms, Inc."
Contact Servicing Department
(314) 317-8000

## OVERNIGHT SERVICE DELIVERY

Overnight packages should be delivered to:
Rabo Agrifinance, Inc.
Attn: Servicing Department
14767 N Outer 40 Road
Suite 400
St. Louis, MO 63017
(314) 317-8000

Finally, Lender hereby requests that Deposit Bank provide Lender
with online, "read only" access to the Accounts so that Lender can monitor the
activity in the Accounts.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 13 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

RAF/McClain/Mechanics Bank
April 5, 2023
Page 3

     If you would like to discuss this matter further, please contact me by phone at (801) 323-3363 or by email at mjohnson@rqn.com. You also may contact Jeff Hanson, Vice-President and Senior Financial Restructuring Manager for Lender. Mr. Hanson's telephone number is (763) 244-7651, and his email address is jeff.hanson@rabo.com.

     Please advise if this letter needs to be sent to any other authorized representatives of Mechanics Bank.

     Thank you for your urgent attention to this matter.

Sincerely,

RAY QUINNEY & NEBEKER P.C.

Michael R. Johnson

MRJ/mj

cc:   Brian Keith McClain, Authorized Representative for MFI Debtor, 7M Debtor and MFY Debtor (mcclainfarms@gmail.com)
     Jeff Hanson (via email only)
     Linda Kobliska (via email only)
     Kurt Leistikow, Esq. (via email only)
     Brad Bakker (via email only)

1634358

[Rabo's Account Instruction Letter dated April 5, 2023, App'x., p. 2B 022 - 024].

    13.    Instead of shutting down the McClain scheme completely at this time by simply freezing the accounts as to all deposits **and** withdrawals, Rabo advised Mechanics Bank to only freeze the accounts as to any "withdrawals, draws, transfers" (*i.e.* 2B Farms' Cattle Sales Checks) <u>BUT</u> to continue to "allow additional items or funds to be deposited in the accounts" (*i.e.* 2B Farms' Cattle Purchase Wire Transfers). *Id.* This intentional act to capture and control funds of unwitting ranchers and producers, who did not know of the banks' collection scheme,

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*   Page 14 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

ensnared a combined total of approximately $7,458,956.92 in Cattle Purchase Wires transferred from 2B Farms' account at HTLF Bank, which transfers occurred on April 4th, 5th and 6th, 2023 [Cattle Purchase Wires, App'x., p. 2B 002, 004 and 006] (the "**Cattle Purchase Wire Transfers**"). At the same time, Mechanics Bank, on its own volition and control, and at Rabo's instruction, refused to honor 2B Farms' three (3) checks Cattle Sales Checks dated April 4th, 5th and 6th, 2023, in the combined amount of $7,601,318.86. [Cattle Sale Checks and supporting McClain Feedyard, Inc. Sale Statements, App'x., p. 2B 025 - 026, 028 - 029 and 031 - 032] (the "**Cattle Sale Checks**"). Robo specifically gave Mechanics Bank control and authority to act independently here when it states in said Account Instruction Letters "DEPOSIT BANK **MAY** ALLOW ITEMS OR FUNDS TO BE DEPOSITED INTO THE ACCOUNTS…," and Mechanics Bank did, in fact, take control and accepted 2B Farms Cattle Purchase Wire Transfers. [Rabo's Account Instruction Letter dated April 5, 2023, App'x., p. 2B 022 - 024](emphasis added). Both Mechanics Bank and Rabo **knew** of the McClain scheme, but, let the scheme continue nonetheless to their benefit through the McClain Accounts over which Mechanics Bank now had control, but to the extreme personal detriment of 2B Farms.

14. Finally, Rabo's letter dated April 5, 2023 also instructed Mechanics Bank to remit all funds currently held in the McClain Accounts to it, "as well as all funds that are subsequently deposited into or that otherwise become available in the Accounts" and provided Mechanics Bank with wiring instruction to Rabo to accomplish same [Rabo's Account Instruction Letter dated April 5, 2023, App'x., p. 2B 022 - 024]. 2B Farms has obtained bank statements of McClain's account at Mechanics Bank through discovery during this time period and would show that, as of April 6, 2023, McClain's account xxx0197 at Mechanics Bank held $20,872,962.34 [Mechanics Bank's Internal Correspondence dated April 7, 2023, acknowledging a $20,872,962.34 "End of Day" Balance on April 6, 2023 in McClain Feed Yard Inc. account

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 15 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

xxx0197, App'x., p. 2B 062], and McClain's Mechanics Bank Account xxx3070 received a combined total of $25,554,491.40 of deposit transfers on April 3 and 4, 2023 from McClain's account xxx0197 [McClain's Mechanics Bank Account xxx3070 Statement dated April 2023, App'x., p. 2B 051], for a combined total amount of $46,427,453.74 in the McClain Accounts at the time when the Transfers (wires and checks) from 2B Farms occurred and which are the subject of this pleading.  Therefore, there was clearly enough funds in the McClain Accounts to cover the Cattle Sale Checks to 2B Farms, especially when taking into account the Cattle Purchase Wires delivered by 2B Farms over this same period.   Mechanics Bank then took active and direct control and action and refused to allow for the funding/withdrawals from McClain's account to cover the three (3) cattle sales checks to 2B Farms, nor return the three (3) Cattle Purchase Wire Transfer to 2B Farms.

15.      As part of the pre-orchestrated undertaking to take control of the maximum amount of rancher and cattle producer funds, Ms. Rabatin, acknowledged Mechanics Bank's freezing of the McClain accounts and agreed to comply as "instructed" [Mechanics Bank's Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., p. 2B 061].  By her actions, the Senior Vice President of Mechanics Bank further decided to and subsequently did accept deposits from 2B Farms in the McClain account, including the $7,458,956.92 combined total in Cattle Purchase Wire Transfers, and while at the same time denied negotiation of 2B Farms' Cattle Sales Checks totaling $7,601,318.86, for a direct loss of over $15,060,275.80 to 2B Farms. *Id*.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                        Page 16 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

**From:** Jamie Rabatin <Jamie_Rabatin@mechanicsbank.com>
**Sent:** Wednesday, April 5, 2023 6:33 PM
**To:** O'Neal, J (Jacqueline) <Jene.ONeal@raboag.com>
**Cc:** Hanson, J (Jeffrey) <Jeff.Hanson@rabo.com>; nico.didonato@mechanicsbank.com
**Subject:** RE: Rabo AgriFinance/McClain Farms, Inc., McClain Feed Yard, Inc. and 7M Cattle Feeders, Inc.; Demand for Freeze of Borrower Accounts SECURE

> This message was sent securely by Mechanics Bank®

Hi Jene-

The accounts are frozen. I have the wire instructions provided in the letter notifying us of the default.

We will review the accounts daily and wire all collected funds as directed.

I have a question – the letter requested that we provide "read only" access to online Banking to the Lender. Are you able to let me know who needs access? I will arrange to get them set up and trained.

Feel free to contact me any time.

Regards,


Jamie Rabatin
Senior Vice President
Director of Commercial Servicing

Mechanics Bank
18400 Von Karman Ave Suite 1100 | Irvine, CA 92612
Tel (424) 230-5388 | Cell (949) 899-4882

jamie_rabatin@mechanicsbank.com
www.MechanicsBank.com



Recognized by *Forbes* as one of America's Best Banks.

[Mechanics Bank's Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., p. 2B 061].

16.    It is clear from the above summary judgment evidence McClain was no longer in control over the McClain accounts at this point as his fraud was known to both Rabo and Mechanics Bank and his accounts frozen to withdrawals; however, it was Mechanics Bank that was initial transferee or in the alternative, an immediate or mediate transferee of the initial

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 17 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

transferee of the funds in the account and not Rabo.  Ultimately, through its exercise of control over the McClain Accounts (and 2B Farms' funds) during a period when McClain's multi-million dollar fraud scheme was collapsing in early April 2023, Mechanics Bank was able to deliver $1,414,714.60 to the McClain Chapter 7 Trustee on May 30, 2023.  *See* McClain Chapter 7 Trustee's *Notice of USDA Approved Trust Claims*, Bankr. Case No. 23-20084-swe7, Dkt. No. 126, p. 4, para. 10. Incredibly, Mechanics Bank appears to have avoided any net loss on its account balances despite the tens of millions of dollars in transactions and subsequent overdrafts ran through these accounts as shown by its April 2023 bank statements [McClain's Mechanics Bank Account xxx0197 Statement dated April 2023, App'x., p. 2B 038 and McClain's Mechanics Bank Account xxx3070 Statement dated April 2023, App'x., p. 2B 052].  All of which was a direct loss to 2B Farms.

17.    After implementation of the DACAs and acknowledgment by Mechanics Bank's officer, Rabo itself acknowledged that control of the McClain Accounts was, in fact, exercised by Mechanics Bank by and through its "bank-controlled" account, and not Rabo, during this period in its pleading filed of record in the McClain Feed Yard, Inc. (Case No. 23-20084-swe7) Chapter 7 bankruptcy proceeding:

> Furthermore, on April 5, 2023, or prior to the Petition Date, Rabo exercised its rights under the DACAs by delivering to Mechanics Bank its *Written Instructions to Freeze MFI Account, 7M Account and MFY Account, and to Prevent Items from Being Withdrawn or Paid from the MFI Account, 7M Account and MFY Account* (the "Freeze and Turnover Letter"). After it received the Freeze and Turnover Letter, on information and belief, **Mechanics Bank cleared certain items from the Debtors' accounts using a bank-controlled account, and then remitted the $1,414,714.60 to the Trustee**. Significantly, the only accounts that the Debtors had at Mechanics Bank were the three accounts upon which Rabo had a DACA. Thus, the entirety of the $1,414,714.60 consists upon cash upon which Rabo had a perfected lien by control, **and it does not matter that Mechanics Bank first placed the funds into a bank-controlled account before sending the funds to the Trustee**. . . .

*See Rabo AgriFinance LLC's Response to the Trustee's (A) Motion for Status Conference on*

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                    Page 18 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

*Trustee's Notice of USDA Approved Trust Claims, and (B) Notice of Approved Trust Claims*, Bankruptcy Case No. 23-20084-swe7, Dkt. # 134, p. 10; *see also Notice of USDA Approved Trust Claims*, Bankr. Case No. 23-20084-swe7, Dkt. No. 126, p. 4, para. 10.

18. Further evidence of Mechanic Bank's control is the fact that it directly chose to accept and in fact received the following three (3) wires on April 17, 2023, but did not turnover these collected funds to Rabo despite Ms. Rabitan's representations in her correspondence to Rabo:

**Other Credits**

| Date | Description | Amount |
|------|-------------|--------|
| … | … | … |
| 04/17/2023 | MISCELLANEOUS CREDIT DDA | $500,000.00 |
| 04/17/2023 | Wire/In/xxx3328/CFSB/xxxxxxxxxxxxx. | $3,664,137.77 |
| 04/17/2023 | MISCELLANEOUS CREDIT DDA | $3,739,810.71 |

[McClain's Mechanics Bank Account xxx0197 Statement dated April 2023, App'x., p. 2B 036 - 037]. On April 18, 2023, almost two (2) weeks after Rabo's Account Instruction Letter to Mechanics Bank and Ms. Rabitan's acknowledgement of same, Mechanics Bank's Senior Fraud Investigator specifically asked Ms. Rabitan if the bank should allow the recall of the $3,664,137.77 wire referenced above based upon "potential illegal fraudulent activity" asserted by the transferor in its wire recall request [Mechanics Bank's Internal Correspondence dated April 18, 2023 by and between Jamie Rabatin and Mechanics Bank's Senior Fraud Examiner, App'x., p. 2B 063 – 064]. In response to this inquiry by its own fraud examiner, the Senior Vice President of Mechanics Bank, Ms. Rabitan took control yet again and replied, "**We are not returning this wire.**" *Id.* (emphasis added).

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*     Page 19 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

19. Clearly, at the time of the Transfers that are the subject of this Motion, Mechanics Bank, not Rabo and certainly not Brian McClain, was exercising control over the accounts at issue. It alone was in fact exercising control over the accounts to cover subsequent overdrafts and/or deliver funds to the McClain Trustee, and was therefore the initial transferee or in the alternative, immediate or mediate transferee of the initial transferee of 2B Farms' funds (transfers).

## IV.
## SUMMARY JUDGMENT STANDARD

20. Federal Rule of Civil Procedure 56(c), which is made applicable in adversary proceedings in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 7056(c), controls the standard for a motion for summary judgment. Rule 56(c) provides that summary judgment shall be granted if pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, courts must determine if there are any material factual issues to be tried, while at the same time, since the non-moving party would be precluded from a trial if the relief was granted, the Court should resolve ambiguities and draw reasonable inferences against the moving party. *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11 (2d Cir.1986).

21. The burden traditionally rests on the moving party to establish the absence of a genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On the other hand, when the defendant moves for summary judgment and alleges an absence of evidence on a required element of any claim brought by the plaintiff, the burden shifts to the plaintiff to "make a showing sufficient to establish the evidence

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.* Page 20 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

of [the] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. If the non-movant/plaintiff cannot establish a genuine issue of material fact regarding a required element of its claim, summary judgment is proper for the defendant because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The non-moving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to material fact in support of a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). That is, "the mere existence of a scintilla of evidence in support of a [non-movant's] position will be insufficient. There must be evidence on which a jury could reasonably find for the [non-moving party]." *Id.*

## V.
## ARGUMENT AND SUPPORTING CASE LAW

22.    The Transfers as represented by 2B Farms' Cattle Purchase Wires and 2B Farms' Cattle Sale Checks are avoidable under 11 U.S.C. 548(a)(1)(B). As set forth above and below, it is undisputed that all of the elements of a voidable transfer are present: 1) transfer(s) made or an obligation incurred by a debtor of an interest of the debtor; 2) within 2 years before the petition date; 3) the receiving less than a reasonably equivalent value in exchange for such transfer or obligation; and 4) while insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

23.    As an initial matter and as stated previously, Mechanics Bank was exercising control over the McClain Accounts at the time when the Transfers occurred that are of issue in this Motion.  [Deposit Account Control Agreement, App'x., p. 2B 007 - 021, Rabo's Account Instruction Letter dated April 5, 2023, App'x., p. 2B 022 - 024 and Mechanics Bank's

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 21 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., p. 2B 061]. It is this exercise of control that makes Mechanics Bank the "initial transferee" or "immediate or in the alternative, mediate transferee" of 2B Farms' funds and NOT a mere conduit.

24.     In the case of *In re Coutee*, the Fifth Circuit adopted the "dominion or control test" used by other circuit courts of appeals. *In re Coutee*, 984 F.2d 138, 140–41 (5th Cir. 1993). Under this test, "dominion over funds means the right to put the money to one's own use," *id.* at 141 (citing *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 893 (7th Cir. 1988)), and "an entity does not have dominion over the money until it is, in essence, 'free to invest the whole [amount] in lottery tickets or uranium stocks' if it wishes." *Id.* (quoting *Bonded Fin. Servs., Inc.*, 838 F.2d at 894). As noted in *Coutee*, under the Bankruptcy Code, the trustee may ***avoid a fraudulent transfer against the initial transferee irrespective of whether it took the transfer in good faith and paid equivalent value***. *See In re Coutee*, 984 F.2d at 140 n.2 (citing 11 U.S.C.A. § 550(b)(1)); 11 U.S.C.A. § 550(a)(1)(emphasis added).

25.     Both Rabo and the McClain Trustee acknowledge in their pleadings before this Court that Mechanics Bank was operating a "bank-controlled" account and that it ultimately turned over $1,414,714.60 to the McClain Trustee of funds which Rabo contends belonged to it under the DACAs. *See Rabo AgriFinance LLC's Response to the Trustee's (A) Motion for Status Conference on Trustee's Notice of USDA Approved Trust Claims, and (B) Notice of Approved Trust Claims*, Bankruptcy Case No. 23-20084-swe7, Dkt. # 134, p. 10; *Notice of USDA Approved Trust Claims*, Bankr. Case No. 23-20084-swe7, Dkt. No. 126, p. 4, para. 10; *see also* Mechanics Bank's Internal Correspondence dated April 18, 2023 by and between Jamie Rabatin and Mechanics Bank's Senior Fraud Examiner, App'x., p. 2B 063 - 064].

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                    Page 22 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

**A.    Avoidance of 2B Farms' Cattle Purchase Wire Transfers to Mechanics Bank.**

**a.    The Evidence shows that the Elements of Bankruptcy Code Section 548(a)(1)(B) are Met as to 2B Farms' Cattle Purchase Wire Transfers.**

**i.    Transfer(s) Made (or Obligation Incurred) of an Interest of the Debtor in Property.**

26.    Here the transfers of an interest in the Debtor were all in the form of cash wire transactions originating from the Debtor's bank account at HTLF Bank. The following transfers of funds were initiated and sent out from the Debtor's account at HTLF Bank to the McClain account xxx0197 at Mechanics Bank to purchase cattle on behalf of 2B Farms based upon cattle offered for sale by McClain:

| Wire Out Date | Amount | # Cattle Intended to Purchase from McClain |
|---|---|---|
| April 4, 2023 | $2,473,847.58 | 2205 hd |
| April 5, 2023 | $2,499,037.72 | 2222 hd |
| April 6, 2023 | $2,486,071.62 | 2219 hd |
| **TOTAL:** | **$7,458,956.92** | **6,646 hd** |

[2B Farms' Cattle Purchase Wire Documentation, App'x., p. 2B 002, 004 and 006; Mechanics Bank Account xxx0197 Statement, App'x., p. 2B 036]

27.    The record is further clear that the Cattle Purchase Wires appear in the McClain account xxx0197 at Mechanics Bank on the same dates [McClain's Mechanics Bank Account xxx0197 Statement dated April 2023, App'x., p. 2B 036].

**ii.    Transfer(s) Made (or Obligation Incurred) within Two (2) Years of the Petition Date.**

28.    It is undisputed that the transfers from the Debtor's account that are the subject of this Motion occurred within two (2) years of the Debtor's Petition date on June 1, 2023. *See*

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 23 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

Bankruptcy Case No. 23-50096-swe12, Voluntary Petition, Dkt. No. 1.   The Cattle Purchase Wires were sent on April 4th, 5th, and 6th, 2023, which transfers occurred within approximately sixty (60) days of the Debtor's Petition Date [Cattle Purchase Wires, App'x., p. 2B 002, 004 and 006].  Again, these facts and evidence are undeniable.

### iii. The Debtor Received Less than Reasonably Equivalent Value in Exchange for such Transfer(s) or Obligation.

29.     At the time the Cattle Purchase Wires of 2B Farms' funds arrived in Mechanics Bank account xxx0197, Mechanics Bank, and not McClain, was exercising control over the McClain account pursuant to the DACA agreement [Deposit Account Control Agreement, App'x., p. 2B 007 - 021], and as shown by the correspondence by and between Rabo and Mechanics Bank [Rabo's Account Instruction Letter dated April 5, 2023, App'x., p. 2B 022 - 024 and Mechanics Bank's Acknowledgment Correspondence dated April 5, 2023, App'x., p. 2B 061], which clearly gave Mechanics Bank Control over the accounts.  Yet again, this is undeniable.

30.     It is thus undisputed that at this point, Mechanics Bank knew of the McClain scheme and was taking steps to maximize the recovery on its potential losses rather than working to prevent McClain's scheme from further victimizing others such as 2B Farms.   Moreover, it is also again undisputed that 2B Farms received no value for its Cattle Purchase Wire Transfers as the funds were immediately captured by Mechanics Bank or its own benefit, and no cattle were ever received for the wired funds. Any value ($7,458,956.92 in 2B Farms' Wire Funds) were retained by Mechanics Bank at the expense of 2B Farms and to its benefit.

### iv. Transfer(s) Made (or Obligation Incurred) while the Debtor was Insolvent on the Dates they were made, or became Insolvent as a result of such Transfer(s) (or Obligation).

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 24 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

31.      In the case of *Pioneer Home Builders, Inc.*, the Bankruptcy Court addressed the

standard for determining a debtor's insolvency (i.e. the "balance sheet test"):

> As a threshold matter, the court must determine whether the Debtor
> was insolvent at the times of the transfers . . . . Under the Bankruptcy Code, an
> entity is insolvent where its financial condition is "such that the sum of such
> entity's debts is greater than all of such entity's property, *at a fair valuation*...." 11
> U.S.C. § 101(32). TUFTA requires a similar analysis of the debtor-transferee's
> finances. *See* Tex.Bus. & Com.Code Ann., § 24.003(a) (Vernon 1987). . . .

*Pioneer Home Builders, Inc.,* 147 B.R. 889, (Bankr. W.D. Tex. Nov. 20, 1992).   2B Farms'

Schedules A/B (as amended), D and E/F [App'x., p. 2B 065 - 084] as well as HTLF Bank's

Proofs of Claim on the Court's Claims Register nos. 6-1, 7-1, 8-1 and 9-1 in Bankruptcy Case

No. 23-50096-swe12 (in the combined total claim amount of $5,851,353.59) evidence the extent

of this insolvency when comparing the assets versus the liabilities of 2B Farms at the time of the

Transfers at a fair valuation:

> $1,914,947.80 (Value of all 2B Farms' **Assets**, excluding $7,601,318.86 in
> transfers/accounts receivable the subject of this Motion, 2B Farms'
> Schedules A/B (as amended), App'x., p. 2B 066 – 2B 074)
>
> - $9,509,173.23 (Value of all 2B Farms' **Debts**, 2B Farms' Schedules D, E/F, App'x., p.
> 2B 075 – 2B 079)
>
> <span style="color:red">**<$7,594,225.43>** Insolvency</span>

This bankruptcy schedules, which are incorporated by reference herein, and the unliquidated,

disputed claims below show that 2B Farms' combined total indebtedness far exceeded its assets

at the time the Transfers occurred.   Multiple parties have also filed suit against 2B Farms in the

McClain bankruptcy proceeding, alleging claims totaling hundreds of millions of dollars:

-*McClain Chapter 7 Trustee v. 2B Farms,* et al; Adv. Case #25-02003- **$264,945,582.72**
claim (Claim Register no. 11-1);

-*First Bank & Trust v. 2B Farms, et al*; Adv. Case # 24-02007- **$8,783,167.26** claim; and

- *Rabo AgriFinance, LLC v. 2B Farms et al*; Adv. Case # 24-02007- unspecified claim
amount (Claim Register no. 12-1).

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 25 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

Therefore, each element of the Section 548(a)(1)(B) of the Bankruptcy Code has been met to avoid the Cattle Purchase Wire Transfers, and as shown below, the same applies to the Cattle Sales Checks, and there are no questions of fact related to same.

**b.  2B Farms is entitled to a Judgment under Section § 550 of the Bankruptcy Code as to the Cattle Purchase Wire Transfers.**

32.     Once the Cattle Purchase Wire Transfers have been avoided under 11 U.S.C. § 548(a)(1)(B) based on the foregoing analysis, 2B Farms is entitled to a judgment for the property transferred, or its value, pursuant to 11 U.S.C. § 550(a). This Bankruptcy Code statute requires supporting evidence of: (1) of the value of the property transferred; and (2) that the defendant is the initial transferee or an immediate or mediate transferee of the initial transferee.

33.     As for the value of the property transferred, 2B Farms has provided documentation of the Cattle Purchase Wire Transfers [App'x., p. 2B 002, 004 and 006] and documentation of the receipt of these wires by Mechanic Bank [Mechanics Bank account xxx0197 statement dated April 2023 [App'x., p. 2B 036] during the period it was in control of the account. The combined total amount of these three (3) Cattle Purchase Wire Transfers on April 4th, 5th and 6th, 2023 was $7,458,956.92 as shown by the above-referenced exhibits.

34.     This same documentation [Cattle Purchase Wires, App'x., p. 2B 002, 004 and 006 and Mechanics Bank Account xxx0197 Statement dated April 2023, App'x., p. 2B 036], as well as the Mechanics Bank's Acknowledgment Correspondence dated April 5, 2023, [App'x., p. 2B 061] show that Mechanics Bank was in fact the initial transferee or the immediate or mediate transferee of the initial transferee of 2B Farms' Cattle Purchase Wire Transfers.  Thus, this Court should grant the 2B Farms a judgment against Mechanics Bank as to the Cattle Purchase Wire Transfers in that amount of **$7,458,956.92**.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 26 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

**B.   Avoidance of 2B Farms' Cattle Sales Check Transfers to Mechanics Bank.**

**a.   The Evidence shows that the Elements of Bankruptcy Code Section 548(a)(1)(B) are Also Met as to 2B Farms' Cattle Sale Checks.**

35.   As set forth above and incorporated herein for all purposes, Mechanics Bank was in *active control and management* of the McClain Accounts to its benefit during the time period when it was aware of the McClain scheme in early April 2023.  By refusing to allow the Cattle Sale Checks to clear the McClain Accounts at a point when there were funds available in the accounts to honor same and noting "Refer to Maker" on each check, Mechanics Bank received a transfer, even if it was an "indirect transfer" of the funds in the McClain Account to its benefit, as such term is used and defined under Section 101(54)(D) of the Bankruptcy Code.  In the Fifth Circuit case of *Ray G. Besing, et al. v. Lyn Noble Hawthorne*, 981 F.2d 1488, 1492 (5th Cir. 1993), the Fifth Circuit Court of Appeals held the following

> As the Debtors correctly point out, **Congress intended for the Code's definition of "transfer" to be as broad as possible**. *See* S.REP. No. 95–989, 95th Cong.2d Sess. 27 (1978) ("A transfer is a disposition of an interest in property. The **definition ... is as broad as possible**."), *reprinted in* 1978 U.S.C.C.A.N. p. 5787, 5813; H.R.REP. No. 95–595, 95th Cong. 1st Sess. 314 (1977) (same language), *reprinted in* 1978 U.S.C.C.A.N. p. 5963, 6271. "**The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another....**" *Pirie v. Chicago Title & Trust Co.,* 182 U.S. 438, 444, 21 S.Ct. 906, 908, 45 L.Ed. 1171 (1901) (construing former section 1(30) of the Bankruptcy Act from which the current Code definition was derived). Indeed, **the Code's expansive definition literally encompasses "every mode ... of ... parting with ... an interest in property**." 11 U.S.C. § 101(54).

*Besing*, 981 F.2d at 1492. (emphasis added).

**i.   Transfer(s) Made (or Obligation Incurred) of an Interest of the Debtor in Property.**

36.   Here the transfers of an interest in the Debtor were all in the form of checks representing cattle sale proceeds in the McClain Account for three (3) wrongfully dishonored checks in the combined total amount of $7,601,318.86 as set forth below.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*   Page 27 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

37.    The following Cattle Sales Checks were not permitted to clear the Mechanics

Bank account xxx3070 as Mechanics Bank had taken control of the McClain account at that time

and prevented their successful transaction through the McClain account – namely by not

honoring the three (3) checks deposited and for which funds were available to pay.

| Check | Date of Check | Amount of Check |
|---|---|---|
| McClain Farms Inc. Check # 7331 | April 4, 2023 | $2,530,920.39 |
| McClain Farms Inc. Check # 7620 | April 5, 2023 | $2,559,407.02 |
| McClain Farms Inc. Check # 7621 | April 6, 2023 | $2,510,991.45 |
| | TOTAL: | $7,601,318.86 |

[Cattle Sale Checks and supporting McClain Feedyard, Inc. Sale Statements, App'x., p. 2B 025 -

033]. Instead, Mechanics Bank "returned the checks to maker" and used/offset the funds owed

by McClain to 2B Farms to its own benefit and use, all to the detriment to 2B Farms.  *Id.*

### ii.    Transfer(s) Made (or Obligation Incurred) within Two (2) Years of the Petition Date.

38.    It is undisputed that the transfers occurred within two (2) years of the Debtor's

Petition date on June 1, 2023 [*See* Bankruptcy Case No. 23-50096-swe12, Voluntary Petition,

Dkt. No. 1].   The Cattle Sale Checks were sent on April 4th, 5th and 6th, 2023, which occurred

within approximately sixty (60) days of 2B Farms' Petition Date [Cattle Sale Checks and

supporting McClain Feedyard, Inc. Sale Statements, App'x., p. 2B 025 - 033]. At the time the

attempt was made to negotiate the checks, Mechanics Bank had the availability of approximately

$46,427,453.70 in funds in the McClain accounts to cover the checks while it had control

[Mechanics Bank Account xxx3070 Statement, App'x., p. 2B 051; Mechanics Bank

correspondence dated April 7, 2023, App'x., p. 2B 062].  Instead the checks were marked "Refer

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 28 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

to Maker" by Mechanics Bank and returned to 2B Farms. [Cattle Sale Checks and supporting McClain Feedyard, Inc. Sale Statements, App'x., p. 2B 025 – 033].

### iii. The Debtor Received Less than Reasonably Equivalent Value in Exchange for such Transfer(s) or Obligation.

39.    At the time the 2B Farms attempted to negotiate the Cattle Sales Checks in Mechanics Bank account xxx3070, Mechanics Bank was exercising control over the McClain account pursuant to the DACA agreement [Deposit Account Control Agreement, App'x., p. 2B 007 - 021], and as shown by the correspondence by and between Rabo and Mechanics Bank [Rabo's Account Instruction Letter dated April 5, 2023, App'x., p. 2B 022 - 024 and Mechanics Bank's Acknowledgment Correspondence dated April 5, 2023, App'x., p. 2B 061].

40.    It is undisputed that at this point, Mechanics Bank knew of the McClain scheme and was taking steps to maximize the recovery on its own losses rather than working to prevent McClain's scheme from further victimizing others.    As stated by Ms. Rabatin in her e-mail dated April 5, 2023 to Rabo acknowledging Mechanics Bank's exercise of control, "The accounts are frozen.  I have the wire instructions provided in the letter notify us of the default. We will review the accounts daily and wire all collected funds as directed." [Mechanics Bank's Acknowledgment Correspondence dated April 5, 2023, App'x., p. 2B 061].   Rabo further gave Mechanics Bank discretion to receive funds and it chose to do so.  [Rabo's Account Instruction Letter dated April 5, 2023, App'x., p. 2B 022 – 024].  It is also undisputed that 2B Farms received no value for its Cattle Sale Checks as the funds were immediately captured by Mechanics Bank despite the availability of funds on April 6, 2023 to cover the checks. [Mechanics Bank's Internal Correspondence dated April 7, 2023, acknowledging a $20,872,962.34 "End of Day" Balance on April 6, 2023 in McClain Feed Yard Inc. account xxx0197, App'x. p. 2B 062, and an additional $25,554,491.40 Mechanics Bank account

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                Page 29 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

xxx3070, App'x., p. 051]. Ultimately, the net account proceeds of $1,414,714.60 were delivered by Mechanics Bank to the McClain Chapter 7 Trustee on May 30, 2023. *See* McClain Chapter 7 Trustee's *Notice of USDA Approved Trust Claims*, Bankr. Case No. 23-20084-swe7, Dkt. No. 126, p. 4, para. 10. Any value ($7,601,318.86 in 2B Farms' Cattle Sale Checks) was retained by Mechanics Bank at the time to its benefit and at the expense of 2B Farms.

iv. **Transfer(s) Made (or Obligation Incurred) while the Debtor was Insolvent on the Dates they were made, or became Insolvent as a result of such Transfer(s) (or Obligation).**

41.     The balance sheet test as outlined *Pioneer Home Builders, Inc.*, 147 B.R. 889, (Bankr. W.D. Tex. Nov. 20, 1992) unquestionably reveals 2B Farms' insolvency as its debts far exceeded 2B Farm's property at a fair valuation. 2B Farms also adopts and incorporates balance sheet insolvency analysis for the Cattle Purchase Wire Transfers set forth in Section V(A)(iv) above as if fully set forth herein.

b. **2B Farms is entitled to a Judgment under Section § 550 of the Bankruptcy Code as to the Cattle Sales Check Transfers.**

42.     Once the Transfers as represented by the unnegotiated Cattle Sales Checks have been avoided under 11 U.S.C. § 548(a)(1)(B) based on the foregoing analysis, 2B Farms is entitled to a judgment for the property transferred, or its value, pursuant to 11 U.S.C. § 550(a). This Bankruptcy Code statute requires supporting evidence of: (1) of the value of the property transferred; and (2) that the defendant is the initial transferee.

43.     As for the value of the property transferred, 2B Farms has provided documentation of the Cattle Sales Checks and supporting McClain Feedyard, Inc. sale statements [App'x., p. 2B 025 – 033], which were referred back to 2B Farms during the period Mechanics Bank was in control of the account. The combined total amount of these three (3) dishonored

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                              Page 30 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

checks and associated transfers on April 4th, 5th and 6th, 2023 was $7,601,318.86 as shown by the above-referenced exhibits.

44.    This same documentation [Cattle Sales Checks, App'x., p. 2B 025 – 033 and Mechanics Bank Account xxx3070 Statement dated April 2023, App'x., p. 2B 051], as well as the Mechanics Bank's Acknowledgment Correspondence dated April 5, 2023, [App'x., p. 2B 061] show that Mechanics Bank was the initial transferee or in the alternative, an immediate or mediate transferee of the initial transferee of 2B Farms funds.  Thus, this Court should grant the 2B Farms a judgment against Mechanics Bank in that amount is **$7,601,318.86**.

## V.
## CONCLUSION

For these reasons, the 2B Farms, a Texas General Partnership, respectfully requests the Court to grant this Motion for Partial Summary Judgment as to Mechanics Bank, avoid the Transfers in the form of three (3) Cattle Purchase Wires and three (3) Cattle Sales Checks pursuant to 11 U.S.C. § 548(a)(1)(B) and enter a monetary judgment against Mechanics Bank in the amount of $15,060,275.80, or other amount as so determined,  pursuant to 11 U.S.C. § 550(a). The Movant also requests an award of its reasonable attorneys' fees and costs.

Respectfully submitted

**MCWHORTER, COBB & JOHNSON, L.L.P.**
1722 Broadway
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214 - Telephone
(806) 498-4808 – Facsimile

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                         Page 31 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}

Timothy T. Pridmore
SBN: 00788224
*tpridmore@mcjllp.com*
Todd Johnston
SBN: 24050837
*tjohnston@mcjllp.com*


By: /s/ Timothy T. Pridmore
    Timothy T. Pridmore

*Attorneys for Debtors, Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs, Third-Party Counterclaim Defendants 2B Farms, a Texas General Partnership*


**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2025, I electronically filed the foregoing Brief in Support of Motion for Partial Summary Judgment with the United States Bankruptcy Court for the Northern District of Texas by using the CM/ECF system which sent notice to all registered ECF users in this case.

/s/ Timothy T. Pridmore
Timothy T. Pridmore

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                   Page 32 of 32
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Brief in Support of
Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank
{00896552.DOCX - ver}