# MCCLAIN FEEDYARD

**824 MULLINS LANE**

**BENTON KY 42025**

DATE: 4/4/2023

**BO ROBINSON**

Due Upon Receipt

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 353 H 208976# @193.51 | 1835 | 208976 | 1.9351 | 404,389.46 |
| 237 H 134616# @193.90 | 1836 | 134616 | 1.9390 | 261,020.42 |
| 315 H 177975# @193.95 | 1837 | 177975 | 1.9395 | 345,182.51 |
| 260 H 148980# @193.83 | 1838 | 148980 | 1.9383 | 288,767.93 |
| 508 H 299720# @193.52 | 1839 | 299720 | 1.9352 | 580,018.14 |
| 223 H 133131# @193.46 | 1840 | 133131 | 1.9346 | 257,555.23 |
| 309 H 173658# @194.01 | 1841 | 173658 | 1.9401 | 336,913.89 |

Thank you for your business!

SUBTOTAL 2,473,847.58

CHECK OFF

TOTAL $ 2,473,847.58

**IF YOU HAVE ANY QUESTIONS ABOUT THIS INVOICE, PLEASE CONTACT
MEAGAN GOAD AT 270-703-1295 OR MCCLAINFARMS@GMAIL.COM**

2B 001

FirstBank & Trust
9816 Slide Road
Lubbock, TX 79424

Outgoing Wire — Advice of Debit

Date:   04/04/2023

Wire Create Time: 0844

Account #        : *****8270
Originator Name : 2B FARMS
Amount           : $2,473,847.58
GFX Reference    : 20230940072800

Beneficiary Bank: MECH BK WALNUT CR
Beneficiary      : *********7
                   MCCLAIN FEED YARD INC.

Beneficiary Info (OBI):
                   CATTLE PURCHASE

Bank to Bank Info (BBI):

Reference for Beneficiary (RFB):

Fed Reference Number (IMAD):
                   20230404L1LFB83C000133

Please do not respond to this email address as it is an unmonitored
mailbox.

2B 002

# MCCLAIN FEEDYARD

**INVOICE**

824 MULLINS LANE

BENTON KY 42025

| INVOICE # | DATE |
|---|---|
|  | 4/5/2023 |

**BILL TO**

BO ROBINSON

| CUSTOMER ID | TERMS |
|---|---|
|  | Due Upon Receipt |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 161 h 93541# @194.17 | 1842 | 93541 | 1.9417 | 181,628.56 |
| 351 h 203229# @194.20 | 1843 | 203229 | 1.9420 | 394,670.72 |
| 382 h 215448# @194.45 | 1844 | 215448 | 1.9445 | 418,938.64 |
| 304 h 177232# @194.13 | 1845 | 177232 | 1.9413 | 344,060.48 |
| 291 h 172272# @193.98 | 1846 | 172272 | 1.9398 | 334,173.23 |
| 412 h 241844# @194.09 | 1847 | 241844 | 1.9409 | 469,395.02 |
| 321 h 183291# @194.32 | 1848 | 183291 | 1.9432 | 356,171.07 |

*Thank you for your business!*

| | |
|---|---|
| SUBTOTAL | 2,499,037.72 |
| CHECK OFF | |
| TOTAL | $ 2,499,037.72 |

IF YOU HAVE ANY QUESTIONS ABOUT THIS INVOICE, PLEASE CONTACT
MEAGAN GOAD AT 270-703-1295 OR MCCLAINFARMS@GMAIL.COM

2B 003

FX/PAYplus Connect Message Print - Message Inquiry Display Dialog Box

User: blclf      Bank: HEARTLAND FINANCIAL      Date: 04/27/23 11:04:21

Message Status: PNRM
Seq Num: 20230950104800      Related Seq Num: 20230950113100
Entry Method: FED Output      Message ID: FTI0811
Date Recvd: 04/05/2023 10:27:06      Value Date: 04/05/2023

Sender: ████9347,      Receiver: ████8420
Amount:  $2,499,037.72
Debit info --
    Account: ████8270  Inst: 014  Br: 081  Type: D9
    Name:    2B FARMS
    Addr1:   DBA 2 B FARMS
    Addr2:   9397 CR 3114
    Addr3:   SNYDER TX 79549
    Addr4:

Credit info --
    Rcvr:    ████8420
    Name:    MECHANICS BANK
    Addr1:
    Addr2:
    Addr3:
    Addr4:

Advice:              Dept:   DEPT1      Trancode: DOMESTIC
Category:            Linesheet:         Create Template: 2bmc

Message Text:

    Sndr Info    ████30        P
    Msg Type     ████1000
    IMAD         █████████████0251
    Amount       ███████3772
    Sender DI    ██████7847
    Sndr Ref     ███████800*
    Rcvr DI      ██████8420
    Bus Func     ████████
    BNF          ██████0197*
                 MCCLAIN FEED YARD INC.*
    ORG          ██████8270*
                 2B FARMS*
                 DBA 2 B FARMS*
                 9397 CR 3114*
                 SNYDER TX 79549*
    OBI          {6000}CATTLE PURCHASE*

2B 004

# MCCLAIN FEEDYARD

**INVOICE**

824 MULLINS LANE

BENTON KY 42025

| INVOICE # | DATE |
|---|---|
|  | 4/6/2023 |

| BILL TO |
|---|
| BO ROBINSON |

| CUSTOMER ID | TERMS |
|---|---|
|  | Due Upon Receipt |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 233 H 134208# @194.26 | 1849 | 134208 | 1.9426 | 260,712.46 |
| 233 H 132344# @194.38 | 1850 | 132344 | 1.9438 | 257,250.27 |
| 511 H 298935# @194.11 | 1851 | 298935 | 1.9411 | 580,262.73 |
| 263 H 148858# @194.40 | 1852 | 148858 | 1.9440 | 289,379.95 |
| 353 H 208623# @194.03 | 1853 | 208623 | 1.9403 | 404,791.21 |
| 318 H 183486# @194.25 | 1854 | 183486 | 1.9425 | 356,421.56 |
| 308 H 173404# @194.49 | 1855 | 173404 | 1.9449 | 337,253.44 |

*Thank you for your business!*

| SUBTOTAL | 2,486,071.62 |
|---|---|
| CHECK OFF |  |
| TOTAL | $ 2,486,071.62 |

IF YOU HAVE ANY QUESTIONS ABOUT THIS INVOICE, PLEASE CONTACT
MEAGAN GOAD AT 270-703-1295 OR MCCLAINFARMS@GMAIL.COM

2B 005

FX/PAYplus Connect Message Print - Message Inquiry Display Dialog Box

ser: blclf     Bank: HEARTLAND FINANCIAL     Date: 04/27/23 11:04:22

essage Status: PNRM
eq-Num: ████████100     Related Seq Num: ████████700
ay Method: FED Output     Message ID: FTI0811
ate Recvd: 04/06/2023 10:35:15     Value Date: 04/06/2023

ender: ████████9347,     Receiver: ████████420
nount:  $2,486,071.62
ebit info --
    Account: ████████8270   Inst: 014  Br: 081  Type: D9
    Name:    2B FARMS
    Addr1:   DBA 2 B FARMS
    Addr2:   9397 CR 3114
    Addr3:   SNYDER TX 79549
    Addr4:

redit info --
    Rcvr:    ████████8420
    Name:    MECHANICS BANK
    Addr1:
    Addr2:
    Addr3:
    Addr4:

ivice:             Dept:    DEPT1     Trancode: DOMESTIC
ategory:           Linesheet:          Create Template: 2bmc

essage Text:

    Sndr Info   (1500)30          P
    Msg Type    ████████1000
    IMAD        ████████████████████0257
    Amount      ████████████71162
    Sender DI   ████████9347
    Sndr Ref    ████████100*
    Rcvr DI     ████████3420
    Bus Func    ████████CTR
    BNF         ████████197*
                ██████████YARD INC.*
    ORG         ████████270*
                2B FARMS*
                DBA 2 B FARMS*
                9397 CR 3114*
                SNYDER TX 79549*
    OBI         (6000)CATTLE PURCHASE*

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

## DEPOSIT ACCOUNT CONTROL AGREEMENT

This Deposit Account Control Agreement ("Agreement") is entered into and made effective this 23 day of March, 2023, among McClain Farms, Inc. (collectively, the "Debtor"), Rabo AgriFinance LLC, (the "Secured Party") and Mechanics Bank (the "Deposit Bank").

### PRELIMINARY STATEMENTS:

(A) The Debtor and the Secured Party have entered into the Master Security Agreement ("Security Agreement") dated as of August 27, 2021 (as amended, modified, or supplemented from time to time, the "Security Agreement").

(B) It is a condition of the obligation to make the loans secured by the Security Agreement that the Debtor pledge certain collateral to the Secured Party.

(C) The Debtor has established with the Deposit Bank a checking account with account number 3070 in the name of McClain Farms, Inc. (the "Account");

(D) The Deposit Bank has agreed to act in such capacity.

NOW THEREFORE, In consideration of the premises, the parties hereto hereby agree as follows:

1.    Definitions. Unless otherwise defined herein, all capitalized terms used herein and defined in the Security Agreement shall be used herein as therein defined.

2.    Pledge. The Debtor hereby grants, pledges and assigns to the Secured Party, and hereby creates a continuing first priority lien and security interest in favor of the Secured Party in, and transfers to the Secured Party all dominion and control over, all of its right, title and interest in and to the following:

(a)    the Account, including, without limitation, all documents, passbooks, and similar evidence representing such Account, together with all deposits made from time to time therein and all funds and other property standing to the credit of such Account from time to time; and

(b)    all cash and non-cash Proceeds of any and all of the foregoing, including, without limitation, any and all Instruments and Investment Property constituting any such Proceeds.

All of the foregoing shall constitute "Collateral" hereunder and under the Security Agreement.

3.    Security for Obligations; Terms of Pledge. The Collateral hereunder secures the payment and performance of the obligations in accordance with the Security Agreement. The rights and obligations of the Secured Party and the Debtor in respect of the Collateral hereunder shall be as provided in the Security Agreement.

2B 007

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

4. <u>Representations and Warranties of Debtor.</u> The Debtor represents and warrants as follows:

(a) The Debtor is the sole beneficial owner of the Collateral subject to this Agreement and the Security Agreement, free and clear of any lien, option or other encumbrance except for the lien created by this Agreement and the Security Agreement. The Account is not a consumer deposit account.

(b) The pledge of the Collateral pursuant to this Agreement and the Security Agreement creates a valid and perfected first priority lien in the Collateral, securing the payment and performance when due of the obligations.

(c) McClain Farms, Inc. is a corporation duly organized under the Laws of the State of Kentucky and is in good standing in each jurisdiction where the failure to so would have a material adverse effect on its business or properties. 7M Cattle Feeders, Inc. is a corporation duly organized under the Laws of the State of Kentucky and is in good standing in each jurisdiction where the failure to so would have a material adverse effect on its business or properties. McClain Feed Yard, Inc. is a corporation duly organized under the Laws of the State of Texas and is in good standing in each jurisdiction where the failure to so would have a material adverse effect on its business or properties.

(d) The Debtor has full power, authority and legal right to pledge all the Collateral pursuant to this Agreement and the Security Agreement.

(e) This Agreement has been duly authorized, executed and delivered by the Debtor and constitutes a legal, valid and binding obligation of the Debtor enforceable in accordance with its terms, subject to applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws generally affecting creditors' rights and subject to general equitable principles (regardless of whether such principles are considered in a proceeding in equity or at law).

(f) No authorization, approval, or other action by, and no notice to or filing with, any governmental authority or regulatory body is required for the pledge by the Debtor of the Collateral pursuant to this Agreement or the Security Agreement or for the execution, delivery or performance of this Agreement by the Debtor.

(g) The execution, delivery and performance of this Agreement will not violate any provision of any applicable law or regulation or of any order, judgment, writ, award or decree of any court, arbitrator or governmental authority, domestic or foreign, applicable to the Debtor, or of the company documents of the Debtor.

5. <u>Covenants of the Deposit Bank.</u> The Deposit Bank covenants and agrees as follows:

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

(a)    The Deposit Bank acknowledges the lien and security interest hereunder and under the Security Agreement. Until the Deposit Bank has received instructions from the Secured Party to the contrary, the Debtor shall be entitled to present items to be drawn on or otherwise to withdraw or direct the disposition of funds from the Account. The Deposit Bank waives any right to offset any claim which it might have against the Deposit Account or the Collateral hereunder and subordinates any security interest it may have in the Deposit Account and the Collateral hereunder to the lien and security interest granted to the Secured Party.

(b)    The Deposit Bank may resign from its obligations under this Agreement at any time after twenty (20) days prior written notice to the other parties hereto, but in no event shall the Deposit Bank be released of its obligations hereunder unless and until a substitute bank has been designated and assumed the obligations hereunder of the Deposit Bank and all monies in the Deposit Account and Collateral relating thereto have been transferred to the substitute bank in compliance with written instructions from the Secured Party. The Secured Party shall designate a substitute Deposit Bank, in its sole discretion, promptly after receipt of notice of resignation by the Deposit Bank and shall take all reasonable actions necessary to cause such designated successor promptly to assume the obligations of the Deposit Bank hereunder.

(c)    The Deposit Bank agrees that it shall take all actions reasonably necessary and shall cooperate with the Secured Party to facilitate any transfer of its obligations, duties and rights hereunder.

(d)    The Deposit Bank represents and warrants that it has no knowledge of any claim to, security interest in or lien upon any of the Collateral hereunder, other than the lien hereunder and under the Security Agreement.

(e)    The Deposit Bank has not entered into, nor will it enter into, any agreement with any third party regarding any of the Collateral hereunder or agreeing that it will comply with any instructions or orders concerning such Collateral originated by any such third party, nor has the Deposit Bank entered into, nor will it enter into, any arrangement with the Debtor or any third party by which the Deposit Bank agrees to limit or qualify its undertakings to comply with the instructions and orders of the Secured Party as set forth herein.

6.    Termination by Secured Party. The Secured Party may terminate this Agreement at any time after thirty (30) days prior written notice to the other parties hereto.

7.    Notices. All notices and other communications provided for hereunder shall be in writing addressed to the respective parties at their addresses as specified with their signatures below or as to any party at such other address as shall be designated by such party in a written notice to each other party. All such notices and other communications shall be effective upon receipt.

This is a copy view of the Authoritative Copy held
by the designated custodian

8.   Governing Law. This Agreement (including the establishment and maintenance of the Deposit Account and all interests, duties and obligations related thereto) shall be governed by and construed in accordance with the laws of the State of Iowa without reference to its conflicts of laws principles.

9.   Venue and Jurisdiction. Subject only to the exception in the next sentence, the parties hereto hereby agree to the jurisdiction of the federal court of the District of Northern District of Iowa and the state courts of Iowa located in Black Hawk County and waive any objection based on venue or forum non conveniens with respect to any action instituted therein, and agree that any dispute concerning the relationship between the parties or the conduct of any of them in connection with this Agreement or otherwise shall be heard only in the courts described above. Notwithstanding the foregoing: (1) Secured Party shall have the right to bring any action or proceeding against Debtor or its property in any courts of any other jurisdiction Secured Party deems necessary or appropriate in order to realize on the property, or other security to the loan obligations, and (2) each of the parties hereto acknowledges that any appeals from the courts described in the immediately preceding sentence may have to be heard by a court located outside those jurisdictions.

10.   Counterparts. This Agreement may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same instrument.   The Debtor, Secured Party, and the Deposit Bank acknowledge and agree this Agreement may be electronically signed and such electronic signature shall have the same force and effect as a handwritten signature.

IN WITNESS WHEREOF, the Debtor, the Secured Party and the Deposit Bank have caused this Agreement to be duly executed and delivered as of the date first above written.

Address for notices:

824 Mullins Lane
Benton, KY 42025

MCCLAIN FARMS, INC.

By: _____
Name:   Brian Keith McClain
Title   President

2B 010

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

Address for notices:

14767 N. Outer 40 Rd
Suite 400
Chesterfield, MO 63017

SECURED PARTY
Rabo AgriFinance LLC

By: _W.B. Lawson III_
Name: W.B. Lawson III
Title  VP

Address for notices:

18400 Von Karman Ave
Suite 1100
Irvine, CA 92612

DEPOSIT BANK:
Mechanics Bank

By: _Jamie Rabata_
Name: Jamie Rabatin
Title  svp director of commercial servicing

COPY VIEW

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

## DEPOSIT ACCOUNT CONTROL AGREEMENT

This Deposit Account Control Agreement ("Agreement") is entered into and made effective this 23 day of March, 2023, among McClain Feed Yard, Inc. (collectively, the "Debtor"), Rabo AgriFinance LLC, (the "Secured Party") and Mechanics Bank (the "Deposit Bank").

### PRELIMINARY STATEMENTS:

(A) The Debtor and the Secured Party have entered into the Master Security Agreement ("Security Agreement") dated as of August 27, 2021 (as amended, modified, or supplemented from time to time, the "Security Agreement").

(B) It is a condition of the obligation to make the loans secured by the Security Agreement that the Debtor pledge certain collateral to the Secured Party.

(C) The Debtor has established with the Deposit Bank a checking account with account number 0197 in the name of McClain Feedyard, Inc. (the "Account");

(D) The Deposit Bank has agreed to act in such capacity.

NOW THEREFORE, in consideration of the premises, the parties hereto hereby agree as follows:

1.    Definitions. Unless otherwise defined herein, all capitalized terms used herein and defined in the Security Agreement shall be used herein as therein defined.

2.    Pledge. The Debtor hereby grants, pledges and assigns to the Secured Party, and hereby creates a continuing first priority lien and security interest in favor of the Secured Party in, and transfers to the Secured Party all dominion and control over, all of its right, title and interest in and to the following:

(a)    the Account, including, without limitation, all documents, passbooks, and similar evidence representing such Account, together with all deposits made from time to time therein and all funds and other property standing to the credit of such Account from time to time; and

(b)    all cash and non-cash Proceeds of any and all of the foregoing, including, without limitation, any and all Instruments and Investment Property constituting any such Proceeds.

All of the foregoing shall constitute "Collateral" hereunder and under the Security Agreement.

3.    Security for Obligations; Terms of Pledge. The Collateral hereunder secures the payment and performance of the obligations in accordance with the Security Agreement. The rights and obligations of the Secured Party and the Debtor in respect of the Collateral hereunder shall be as provided in the Security Agreement.

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

4.    Representations and Warranties of Debtor. The Debtor represents and warrants as follows:

(a)    The Debtor is the sole beneficial owner of the Collateral subject to this Agreement and the Security Agreement, free and clear of any lien, option or other encumbrance except for the lien created by this Agreement and the Security Agreement. The Account is not a consumer deposit account.

(b)    The pledge of the Collateral pursuant to this Agreement and the Security Agreement creates a valid and perfected first priority lien in the Collateral, securing the payment and performance when due of the obligations.

(c)    McClain Farms, Inc. is a corporation duly organized under the Laws of the State of Kentucky and is in good standing in each jurisdiction where the failure to do so would have a material adverse effect on its business or properties. 7M Cattle Feeders, Inc. is a corporation duly organized under the Laws of the State of Kentucky and is in good standing in each jurisdiction where the failure to so would have a material adverse effect on its business or properties. McClain Feed Yard, Inc. is a corporation duly organized under the Laws of the State of Texas and is in good standing in each jurisdiction where the failure to so would have a material adverse effect on its business or properties.

(d)    The Debtor has full power, authority and legal right to pledge all the Collateral pursuant to this Agreement and the Security Agreement.

(e)    This Agreement has been duly authorized, executed and delivered by the Debtor and constitutes a legal, valid and binding obligation of the Debtor enforceable in accordance with its terms, subject to applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws generally affecting creditors' rights and subject to general equitable principles (regardless of whether such principles are considered in a proceeding in equity or at law).

(f)    No authorization, approval, or other action by, and no notice to or filing with, any governmental authority or regulatory body is required for the pledge by the Debtor of the Collateral pursuant to this Agreement or the Security Agreement or for the execution, delivery or performance of this Agreement by the Debtor.

(g)    The execution, delivery and performance of this Agreement will not violate any provision of any applicable law or regulation or of any order, judgment, writ, award or decree of any court, arbitrator or governmental authority, domestic or foreign, applicable to the Debtor, or of the company documents of the Debtor.

5.    Covenants of the Deposit Bank. The Deposit Bank covenants and agrees as follows:

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

(a)    The Deposit Bank acknowledges the lien and security interest hereunder and under the Security Agreement. Until the Deposit Bank has received instructions from the Secured Party to the contrary, the Debtor shall be entitled to present items to be drawn on or otherwise to withdraw or direct the disposition of funds from the Account. The Deposit Bank waives any right to offset any claim which it might have against the Deposit Account or the Collateral hereunder and subordinates any security interest it may have in the Deposit Account and the Collateral hereunder to the lien and security interest granted to the Secured Party.

(b)    The Deposit Bank may resign from its obligations under this Agreement at any time after twenty (20) days prior written notice to the other parties hereto, but in no event shall the Deposit Bank be released of its obligations hereunder unless and until a substitute bank has been designated and assumed the obligations hereunder of the Deposit Bank and all monies in the Deposit Account and Collateral relating thereto have been transferred to the substitute bank in compliance with written instructions from the Secured Party. The Secured Party shall designate a substitute Deposit Bank, in its sole discretion, promptly after receipt of notice of resignation by the Deposit Bank and shall take all reasonable actions necessary to cause such designated successor promptly to assume the obligations of the Deposit Bank hereunder.

(c)    The Deposit Bank agrees that it shall take all actions reasonably necessary and shall cooperate with the Secured Party to facilitate any transfer of its obligations, duties and rights hereunder.

(d)    The Deposit Bank represents and warrants that it has no knowledge of any claim to, security interest in or lien upon any of the Collateral hereunder, other than the lien hereunder and under the Security Agreement.

(e)    The Deposit Bank has not entered into, nor will it enter into, any agreement with any third party regarding any of the Collateral hereunder or agreeing that it will comply with any instructions or orders concerning such Collateral originated by any such third party, nor has the Deposit Bank entered into, nor will it enter into, any arrangement with the Debtor or any third party by which the Deposit Bank agrees to limit or qualify its undertakings to comply with the instructions and orders of the Secured Party as set forth herein.

6.    Termination by Secured Party. The Secured Party may terminate this Agreement at any time after thirty (30) days prior written notice to the other parties hereto.

7.    Notices. All notices and other communications provided for hereunder shall be in writing addressed to the respective parties at their addresses as specified with their signatures below or as to any party at such other address as shall be designated by such party in a written notice to each other party. All such notices and other communications shall be effective upon receipt.

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

8.    Governing Law. This Agreement (including the establishment and maintenance of the Deposit Account and all interests, duties and obligations related thereto) shall be governed by and construed in accordance with the laws of the State of Iowa without reference to its conflicts of laws principles.

9.    Venue and Jurisdiction. Subject only to the exception in the next sentence, the parties hereto hereby agree to the jurisdiction of the federal court of the District of Northern District of Iowa and the state courts of Iowa located in Black Hawk County and waive any objection based on venue or forum non conveniens with respect to any action instituted therein, and agree that any dispute concerning the relationship between the parties or the conduct of any of them in connection with this Agreement or otherwise shall be heard only in the courts described above. Notwithstanding the foregoing: (1) Secured Party shall have the right to bring any action or proceeding against Debtor or its property in any courts of any other jurisdiction Secured Party deems necessary or appropriate in order to realize on the property, or other security for the loan obligations, and (2) each of the parties hereto acknowledges that any appeals from the courts described in the immediately preceding sentence may have to be heard by a court located outside those jurisdictions.

10.    Counterparts. This Agreement may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same instrument. The Debtor, Secured Party, and the Deposit Bank acknowledge and agree this Agreement may be electronically signed and such electronic signature shall have the same force and effect as a handwritten signature.

IN WITNESS WHEREOF, the Debtor, the Secured Party and the Deposit Bank have caused this Agreement to be duly executed and delivered as of the date first above written.

Address for notices:

824 Mullins Lane
Benton, KY 42025

COPY VIEW

MCLAIN FEED YARD, INC.

By: [signature]
Name: Brian Keith McClain
Title  President

2B 015

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

Address for notices:

14767 N. Outer 40 Rd
Suite 400
Chesterfield, MO 63017

SECURED PARTY
Rabo AgriFinance LLC

By:  W.B. Lawson III

Name:  W.B. Lawson III

Title  vp

Address for notices:

18400 Von Karman Ave
Suite 1100
Irvine, CA 92612

DEPOSIT BANK:
Mechanics Bank

By:  Jamie Rabatin

Name:  Jamie Rabatin

Title  svp/Director of Commercial servicing

COPY VIEW

2B 016

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

## DEPOSIT ACCOUNT CONTROL AGREEMENT

This Deposit Account Control Agreement ("Agreement") is entered into and made effective this 23 day of March, 2023, among 7M Cattle Feeders, Inc. (collectively, the "Debtor"), Rabo AgriFinance LLC, (the "Secured Party") and Mechanics Bank (the "Deposit Bank").

### PRELIMINARY STATEMENTS:

(A) The Debtor and the Secured Party have entered into the Master Security Agreement ("Security Agreement") dated as of August 27, 2021 (as amended, modified, or supplemented from time to time, the "Security Agreement").

(B) It is a condition of the obligation to make the loans secured by the Security Agreement that the Debtor pledge certain collateral to the Secured Party.

(C) The Debtor has established with the Deposit Bank a checking account with account number .0423 in the name of 7M Cattle Feeders, Inc. (the "Account");

(D) The Deposit Bank has agreed to act in such capacity.

NOW THEREFORE, in consideration of the premises, the parties hereto hereby agree as follows:

1.  Definitions. Unless otherwise defined herein, all capitalized terms used herein and defined in the Security Agreement shall be used herein as therein defined.

2.  Pledge. The Debtor hereby grants, pledges and assigns to the Secured Party, and hereby creates a continuing first priority lien and security interest in favor of the Secured Party in, and transfers to the Secured Party all dominion and control over, all of its right, title and interest in and to the following:

    (a)    the Account, including, without limitation, all documents, passbooks, and similar evidence representing such Account, together with all deposits made from time to time therein and all funds and other property standing to the credit of such Account from time to time; and

    (b)    all cash and non-cash Proceeds of any and all of the foregoing, including, without limitation, any and all Instruments and Investment Property constituting any such Proceeds.

All of the foregoing shall constitute "Collateral" hereunder and under the Security Agreement.

3.  Security for Obligations; Terms of Pledge. The Collateral hereunder secures the payment and performance of the obligations in accordance with the Security Agreement. The rights and obligations of the Secured Party and the Debtor in respect of the Collateral hereunder shall be as provided in the Security Agreement.

DocuSign Envelope ID: 6EC8D448-622C-423D-BD9C-4C6C9461216F

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

4.    Representations and Warranties of Debtor. The Debtor represents and warrants as follows:

(a)    The Debtor is the sole beneficial owner of the Collateral subject to this Agreement and the Security Agreement, free and clear of any lien, option or other encumbrance except for the lien created by this Agreement and the Security Agreement. The Account is not a consumer deposit account.

(b)    The pledge of the Collateral pursuant to this Agreement and the Security Agreement creates a valid and perfected first priority lien in the Collateral, securing the payment and performance when due of the obligations.

(c)    McClain Farms, Inc. is a corporation duly organized under the Laws of the State of Kentucky and is in good standing in each jurisdiction where the failure to so would have a material adverse effect on its business or properties. 7M Cattle Feeders, Inc. is a corporation duly organized under the Laws of the State of Kentucky and is in good standing in each jurisdiction where the failure to so would have a material adverse effect on its business or properties. McClain Feed Yard, Inc. is a corporation duly organized under the Laws of the State of Texas and is in good standing in each jurisdiction where the failure to so would have a material adverse effect on its business or properties.

(d)    The Debtor has full power, authority and legal right to pledge all the Collateral pursuant to this Agreement and the Security Agreement.

(e)    This Agreement has been duly authorized, executed and delivered by the Debtor and constitutes a legal, valid and binding obligation of the Debtor enforceable in accordance with its terms, subject to applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws generally affecting creditors' rights and subject to general equitable principles (regardless of whether such principles are considered in a proceeding in equity or at law).

(f)    No authorization, approval, or other action by, and no notice to or filing with, any governmental authority or regulatory body is required for the pledge by the Debtor of the Collateral pursuant to this Agreement or the Security Agreement or for the execution, delivery or performance of this Agreement by the Debtor.

(g)    The execution, delivery and performance of this Agreement will not violate any provision of any applicable law or regulation or of any order, judgment, writ, award or decree of any court, arbitrator or governmental authority, domestic or foreign, applicable to the Debtor, or of the company documents of the Debtor.

5.    Covenants of the Deposit Bank. The Deposit Bank covenants and agrees as follows:

This is a copy view of the Authoritative Copy held
by the designated custodian.

(a)    The Deposit Bank acknowledges the lien and security interest hereunder and under the Security Agreement. Until the Deposit Bank has received Instructions from the Secured Party to the contrary, the Debtor shall be entitled to present items to be drawn on or otherwise to withdraw or direct the disposition of funds from the Account. The Deposit Bank waives any right to offset any claim which it might have against the Deposit Account or the Collateral hereunder and subordinates any security interest it may have in the Deposit Account and the Collateral hereunder to the lien and security interest granted to the Secured Party.

(b)    The Deposit Bank may resign from its obligations under this Agreement at any time after twenty (20) days prior written notice to the other parties hereto, but in no event shall the Deposit Bank be released of its obligations hereunder unless and until a substitute bank has been designated and assumed the obligations hereunder of the Deposit Bank and all monies in the Deposit Account and Collateral relating thereto have been transferred to the substitute bank in compliance with written instructions from the Secured Party. The Secured Party shall designate a substitute Deposit Bank, in its sole discretion, promptly after receipt of notice of resignation by the Deposit Bank and shall take all reasonable actions necessary to cause such designated successor promptly to assume the obligations of the Deposit Bank hereunder.

(c)    The Deposit Bank agrees that it shall take all actions reasonably necessary and shall cooperate with the Secured Party to facilitate any transfer of its obligations, duties and rights hereunder.

(d)    The Deposit Bank represents and warrants that it has no knowledge of any claim to, security interest in or lien upon any of the Collateral hereunder, other than the lien hereunder and under the Security Agreement.

(e)    The Deposit Bank has not entered into, nor will it enter into, any agreement with any third party regarding any of the Collateral hereunder or agreeing that it will comply with any instructions or orders concerning such Collateral originated by any such third party, nor has the Deposit Bank entered into, nor will it enter into, any arrangement with the Debtor or any third party by which the Deposit Bank agrees to limit or qualify its undertakings to comply with the instructions and orders of the Secured Party as set forth herein.

6.    Termination by Secured Party. The Secured Party may terminate this Agreement at any time after thirty (30) days prior written notice to the other parties hereto.

7.    Notices. All notices and other communications provided for hereunder shall be in writing addressed to the respective parties at their addresses as specified with their signatures below or as to any party at such other address as shall be designated by such party in a written notice to each other party. All such notices and other communications shall be effective upon receipt.

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

8.    Governing Law. This Agreement (including the establishment and maintenance of the Deposit Account and all interests, duties and obligations related thereto) shall be governed by and construed in accordance with the laws of the State of Iowa without reference to its conflicts of laws principles.

9.    Venue and Jurisdiction. Subject only to the exception in the next sentence, the parties hereto hereby agree to the jurisdiction of the federal court of the District of Northern District of Iowa and the state courts of Iowa located in Black Hawk County and waive any objection based on venue or forum non conveniens with respect to any action instituted therein, and agree that any dispute concerning the relationship between the parties or the conduct of any of them in connection with this Agreement or otherwise shall be heard only in the courts described above. Notwithstanding the foregoing: (1) Secured Party shall have the right to bring any action or proceeding against Debtor or its property in any courts of any other jurisdiction Secured Party deems necessary or appropriate in order to realize on the property, or other security for the loan obligations, and (2) each of the parties hereto acknowledges that any appeals from the courts described in the immediately preceding sentence may have to be heard by a court located outside those jurisdictions.

10.    Counterparts. This Agreement may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same instrument. The Debtor, Secured Party, and the Deposit Bank acknowledge and agree this Agreement may be electronically signed and such electronic signature shall have the same force and effect as a handwritten signature.

IN WITNESS WHEREOF, the Debtor, the Secured Party and the Deposit Bank have caused this Agreement to be duly executed and delivered as of the date first above written.

Address for notices:

824 Mullins Lane
Benton, KY 42025

7M CATTLE FEEDERS, INC.

By: _____
Name:    Brian Keith McClain
Title    President

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

Address for notices:

14767 N. Outer 40 Rd
Suite 400
Chesterfield, MO 63017

**SECURED PARTY**
Rabo AgriFinance LLC

DocuSigned by:

By: W.B. Lawson III
Name: W.B. Lawson III
Title VP

Address for notices:

18400 Von Karman Ave
Suite 1100
Irvine, CA 92612

**DEPOSIT BANK:**
Mechanics Bank

DocuSigned by:

By: Janie Rabatin
Name: Janie Rabatin
Title svp/director of commercial servicing

COPY VIEW



April 5, 2023

<u>VIA EMAIL, FEDERAL EXPRESS AND REGULAR MAIL</u>

Jamie Rabitin
Senior Vice President/Director of Commercial Servicing
MECHANICS BANK
18400 Von Karman Ave.
Irvine, CA 92612
Email: jamie_rabitin@mechanicsbank.com

Michael R. Johnson
ATTORNEY AT LAW

PO Box 45385
Salt Lake City, Utah
84145-0385

36 South State Street
Suite 1400
Salt Lake City, Utah
84111

801 532-1500 main
801 323-3363 direct
801 532-7543 fax
mjohnson@rqn.com
www.rqn.com

Re:    *Rabo AgriFinance LLC ("RAF" or "Lender"): (A) Deposit Account Control Agreement Between Lender, Mechanics Bank ("Deposit Bank") and McClain Farms, Inc. ("MFI Debtor") Regarding Account▮▮▮▮3070 ("MFI Account"), (B) Deposit Account Control Agreement Between Lender, Deposit Bank and 7M Cattle Feeders, Inc. ("7M Debtor") Regarding Account▮▮▮▮0423 ("7M Account"), (C) Deposit Account Control Agreement Between Lender, Deposit Bank and McClain Feed Yard, Inc. ("MFY Debtor") Regarding Account▮▮▮▮0197 ("MFY Account"); WRITTEN INSTRUCTIONS TO FREEZE MFI ACCOUNT, 7M ACCOUNT AMD MFY ACCOUNT, AND TO PREVENT ITEMS FROM BEING WITHDRAWN OR PAID FROM THE MFI ACCOUNT, 7M ACCOUNT AND MFY ACCOUNT*

Dear Ms. Rabitin:

This law firm represents RAF with respect to the above-referenced Deposit Account Control Agreements (the "DACAs") between Lender, Deposit Bank and each of MFI Debtor (with respect to the MFI Account), 7M Debtor (with respect to the 7M Account) and MFY Debtor (with respect to the MFY Account). The MFI Account, 7M Account and MFY Account are collectively referred to herein as the "Accounts."

On behalf of RAF, written notice is hereby provided to Deposit Bank that one or more Events of Default have occurred and are ongoing under the loan and security agreements that exist between Lender and each of MFI Debtor, 7M Debtor and MFY Debtor (collectively, the "Debtors").

As a result of those Events of Default, and pursuant to paragraph 5(a) of each of the DACAs, DEPOSIT BANK IS HEREBY INSTRUCTED TO IMMEDIATELY FREEZE THE ACCOUNTS. DEPOSIT BANK MAY

A PROFESSIONAL CORPORATION

RAF/McClain/Mechanics Bank
April 5, 2023
Page 2

ALLOW ADDITIONAL ITEMS OR FUNDS TO BE DEPOSITED
INTO THE ACCOUNTS; BUT DEPOSIT BANK IS HEREBY
INSTRUCTED TO PRECLUDE ANY WITHDRAWALS, DRAWS,
TRANSFERS FROM OR OTHER DISPOSITIONS OF ANY FUNDS
OR PROPERTY IN ANY OF THE ACCOUNTS, WITHOUT THE
FURTHER WRITTEN AUTHORIZATION OF LENDER.

Additionally, and unless contrary written instructions are provided to
Deposit Bank at a later date by an authorized representative of Lender, Lender
hereby requests that Deposit Bank remit to Lender all funds currently on
deposit in the Accounts, as well as all funds that are subsequently deposited
into or that otherwise become available in the Accounts. Lender hereby
authorizes Deposit Bank to deduct its standard wire/transfer fees as part of any
transfer of funds from the Accounts to Lender. Lender's payment instructions
are as follows:

## LENDER'S WIRE INSTRUCTIONS

Correspondent Bank: US Bank
#1 US Bank Plaza
St. Louis, MO 63101
ABA Routing Number: ██████████
For credit to: Rabo Agrifinance, Inc.
Account Number ██████████
For further credit to: "Rabo Agrifinance, Inc. Obligation ████2953
McClain Farms, Inc."
Contact Servicing Department
(314) 317-8000

## OVERNIGHT SERVICE DELIVERY

Overnight packages should be delivered to:
Rabo Agrifinance, Inc.
Attn: Servicing Department
14767 N Outer 40 Road
Suite 400
St. Louis, MO 63017
(314) 317-8000

Finally, Lender hereby requests that Deposit Bank provide Lender
with online, "read only" access to the Accounts so that Lender can monitor the
activity in the Accounts.

RAF/McClain/Mechanics Bank
April 5, 2023
Page 3


    If you would like to discuss this matter further, please contact me by phone at (801) 323-3363 or by email at mjohnson@rqn.com. You also may contact Jeff Hanson, Vice-President and Senior Financial Restructuring Manager for Lender. Mr. Hanson's telephone number is (763) 244-7651, and his email address is jeff.hanson@rabo.com.

    Please advise if this letter needs to be sent to any other authorized representatives of Mechanics Bank.

    Thank you for your urgent attention to this matter.

Sincerely,

RAY QUINNEY & NEBEKER P.C.

Michael R. Johnson

MRJ/mj

cc:    Brian Keith McClain, Authorized Representative for MFI Debtor, 7M
    Debtor and MFY Debtor (mcclainfarms@gmail.com)
    Jeff Hanson (via email only)
    Linda Kobliska (via email only)
    Kurt Leistikow, Esq. (via email only)
    Brad Bakker (via email only)


1634358

9347*
04/13/2023
8654

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

RETURN REASON (S)
REFER TO MAKER

# REFER TO MAKER



McClain Farms inc
824 Mullins Ln
Benton, KY 42025-4702

Mechanics Bank

7331

4.4-23

PAY TO THE ORDER OF  2b Farms

$ 2,530,920.39

Two million five hundred thirty thousand nine hundred twenty dollars and 39/100    DOLLARS

MEMO

Meajan Croad
AUTHORIZED SIGNATURE

2036:        3070

2036:                3070        2039.

2B 025



2B 026

rsday

I will send your invoice in just a minute

e y...

rsday

Did you get your stuff?

4.4.23

rsday
ou
tle...

Thank you

esday

esday
sell?

| | | | | | |
|---|---|---|---|---|---|
| LOT | 1815-229 | LOT | 1816-365 | LOT | 1818 516 |
| profit | 5750.19 | profit | 9161.50 | profit | 12,972.84 |
| int | 1104.70 | int | 255.13 | int | 365.31 |
| cost | 201,413.52 | cost | 404,874.08 | cost | 579815.99 |
| total | 207 388.30 | total | 414,294.71 | total | 593153.59 |
| LOT | 1819-152 | LOT | 1820 230 | LOT | 1821-316 |
| profit | 6347.88 | profit | 5786.80 | profit | 7805.80 |
| int | 182.10 | int | 167.15 | int | 217.37 |
| cost | 288987.88 | cost | 157,297.16 | cost | 344950.80 |
| total | 295,517.86 | total | 903,240.09 | total | 352,973.97 |
| LOT | 1824 297 | LOT | | LOT | |
| profit | 4839.11 | profit | | profit | |
| int | 220.11 | int | | int | |
| cost | 251,358.79 | cost | | cost | |
| total | 256,345.61 | total | | total | |

Total - 2,530,920.39

esday

sday

sday

Text Message

sday

APR
25







Thank you sir

4.5.23

| | LOT | 1829.302 | | LOT | 1830.159 | | LOT | 1831.420 |
|---|---|---|---|---|---|---|---|---|
| | profit | 7568.12 | | profit | 3792.49 | | profit | 10512.40 |
| | int | 105.33 | | int | 57.77 | | int | 147.93 |
| | cost | 334791.00 | | cost | 183349.39 | | cost | 469509.52 |
| | total | 341.969.51 | | total | 187399.65 | | total | 480.170.05 |
| | LOT | 1832.371 | | LOT | 1833.351 | | LOT | 1834.320 |
| | profit | 9282.42 | | profit | 8799.57 | | profit | 8019.20 |
| | int | 131.93 | | int | 12444 | | int | 112.35 |
| | cost | 418743.25 | | cost | 344953.17 | | cost | 361583.29 |
| | total | 428152.60 | | total | 405877.18 | | total | 364.714.84 |
| | LOT | 1837.315 | | LOT | | | LOT | |
| | profit | 7881.30 | | profit | | | profit | |
| | int | 54.38 | | int | | | int | |
| | cost | 545182.51 | | cost | | | cost | |
| | total | 553.118.19 | | total | | | total | |

Total - 2,559,457.02

Text Message







LOT  1835 - 353
profit  8833.59
int  127.41
cost  404389.46
total  413352.46

LOT  1836 - 237
profit  5951.07
int  82.24
cost  241020.42
total  247,053.73

LOT  1838 - 260
profit  1052340
int  90.98
cost  288767.93
total  295,382.31

LOT  1839 - 508
profit  12,735.56
int  182.75
cost  580,018.14
total  592,936.45

LOT  1840 - 223
profit  5601.76
int  81.15
cost  257,555.23
total  263,238.14

LOT  1841 - 309
profit  7749.72
int  106.15
cost  336913.89
total  344,769.76

LOT  1848 - 321
profit  8631.44
int  101.11
cost  330191.07
total  342,158.100

LOT
profit
int
cost
total

LOT
profit
int
cost
total

Total - 2540,991.45

# Mechanics Bank

P.O. Box 6010
Santa Maria, CA 93456-6010
800.797.6324
www.mechanicsbank.com

**RETURN SERVICE REQUESTED**

MCCLAIN FEED YARD INC
824 MULLINS LN
BENTON KY 42025-4702

## Statement Ending 04/28/2023

*Page 1 of 8*

### Managing Your Accounts

| | | |
|---|---|---|
| Client Services | 800.797.6324 | |
| Online | www.mechanicsbank.com | |
| Mobile | Download Our Mobile Apps | |



All loans and credit products subject to program eligibility, collateral, underwriting approval and credit approval. Offer is for new lines of credit and does not apply to renewing lines of credit. Subject to change or cancellation without notice. Offer is effective as of 3/17/2022 and subject to change or cancellation without notice. Prime Rate is defined as "the Prime Rate as published daily in the Money Rates section of the Wall Street Journal." For the current Prime Rate, talk to a banker or visit https://www.wsj.com/market-data/bonds/moneyrates.

**WATCH OUT FOR GOVERNMENT IMPERSONATION SCAMS**
Scammers pose as technology support representatives and offer to fix non-existent computer or technology issues.
**Learn how to spot this scam at www.MechanicsBank.com/Security.**

## Summary of Accounts

| Account Type | Account Number | Ending Balance |
|---|---|---|
| ANALYZED CHECKING | XXXXXXXX0197 | $0.00 |



Member
**FDIC**
EQUAL HOUSING LENDER

2B 034

MB0034235

Case 24-02007-swe    Doc 300-1    Filed 11/10/25    Entered 11/10/25 15:33:58    Desc
Summary Judgment Evidence (bates #s 2B 001 - 2B 085)    Page 35 of 85

Statement Ending 04/28/2023    Page 2 of 8

**How to contact us**    800.797.6324
P.O. Box 6010
Santa Maria, CA 93456-6010
www.mechanicsbank.com

This information applies only to consumer accounts as defined by the Electronic Fund Transfer Act and Regulation E.

### IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS

Telephone us at 800.797.6324, during regular business hours, or write us at: Mechanics Bank, Operations, P.O. Box 6010, Santa Maria, CA 93456-6010 as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number.
2. Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

### NOTICE TO BUSINESS AND COMMERCIAL CUSTOMERS:

Accounts owned by business and commercial customers are not subject to consumer regulations, such as the Truth in Savings Act and the Electronic Fund Transfer Act. The information regarding Electronic Transfers does not apply to business or commercial accounts. You acknowledge the risk of loss from unauthorized items. You further acknowledge that the Bank offers various services that allow business and commercial customers to closely monitor their account activity, such as Business Online Banking, Positive Pay, and other services ("Fraud Prevention Services"), which can reduce potential fraud. If you fail to use one or more of the available Fraud Prevention Services, you agree that you will be deemed to have assumed the risk of any losses that could have been prevented if you had used the Fraud Prevention Services.

### How to balance your account

1. Subtract from your check register any service, miscellaneous, or automatic charge(s) posted on this statement.
2. Mark √ your register after each check listed on the front of this statement.
3. Check off deposits shown on the statement against those shown in your check register.
4. Complete the form below.
5. The final "balance" in the form below should agree with your check register balance. If it does not, read "HINTS FOR FINDING DIFFERENCES"

### HINTS FOR FINDING DIFFERENCES

Recheck all additions and subtractions or corrections.

Verify the carryover balance from page to page in your check register

Make sure you have subtracted the service or miscellaneous charge(s) from your check register balance.

### HOW TO BALANCE YOUR ACCOUNTS

| | | |
|---|---|---|
| TRANSFER AMOUNT FROM PAGE ONE | $ | |
| DEPOSITS MADE SINCE ENDING DATE ON STATEMENT | | |
| SUBTOTAL | $ | |
| LIST CHECKS NOT CLEARED ON THIS STATEMENT OR PRIOR STATEMENTS | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL CHECKS NOT LISTED ➡ | | |
| SUBTRACT TOTAL CHECKS NOT LISTED FROM SUBTOTAL ABOVE        BALANCE | $ | |

THIS SHOULD AGREE WITH YOUR CHECK REGISTER BALANCE

 
MEMBER FDIC

Descriptions of ACH items are printed as supplied by originating company.
MKTS584/0420

 **Mechanics Bank** 

**_Statement Ending 04/28/2023_**

*Page 3 of 8*


## EQUIPMENT FINANCING
Great rates for the equipment you need

Learn more at **www.MechanicsBank.com/GetEquipment**


## ANALYZED CHECKING-XXXXXXXX0197

### Account Summary

| Date | Description | Amount |
|---|---|---|
| 04/01/2023 | Beginning Balance | $0.00 |
| | 37 Credit(s) This Period | $60,147,917.99 |
| | 105 Debit(s) This Period | $60,147,917.99 |
| 04/28/2023 | Ending Balance | $0.00 |

### Electronic Credits

| Date | Description | Amount |
|---|---|---|
| 04/03/2023 | Wire/In/█████████████ | $390,739.21 |
| 04/03/2023 | Wire/In/█████████████ | $500,341.56 |
| 04/03/2023 | Wire/In/█████████████ | $550,540.66 |
| 04/03/2023 | Wire/In/█████████████ | $576,533.01 |
| 04/03/2023 | Wire/In/███████████KIRK | $601,206.21 |
| 04/03/2023 | Wire/In/█████████████ | $766,041.83 |
| 04/03/2023 | Wire/In/█████████████ | $1,861,766.55 |
| 04/03/2023 | Wire/In/█████████████ | $2,494,292.97 |
| 04/03/2023 | Remote Deposit | $283,536.63 |
| 04/03/2023 | Remote Deposit | $1,657,639.05 |
| 04/03/2023 | Remote Deposit | $3,132,592.47 |
| 04/04/2023 | Wire/In/█████████████ | $161,402.38 |
| 04/04/2023 | Wire/In/█████████████ | $205,780.14 |
| 04/04/2023 | Wire/In/111319347///2B FARMS | $2,473,847.58 |
| 04/04/2023 | Remote Deposit | $543,912.21 |
| 04/04/2023 | Remote Deposit | $3,130,841.81 |
| 04/04/2023 | Remote Deposit | $3,664,137.77 |
| 04/04/2023 | Remote Deposit | $5,271,162.49 |
| 04/05/2023 | Wire/In/█████████████ | $648,911.23 |
| 04/05/2023 | Wire/In/█████████████ | $1,224,506.86 |
| 04/05/2023 | Wire/In/111319347///2B FARMS | $2,499,037.72 |
| 04/05/2023 | Remote Deposit | $2,639,522.79 |
| 04/05/2023 | Remote Deposit | $10,737,160.78 |
| 04/06/2023 | ████████████████ | $866,307.77 |
| 04/06/2023 | Wire/In/111319347///2B FARMS | $2,486,071.62 |
| 04/07/2023 | ████████████████ | $1,288,289.81 |
| 04/07/2023 | ████████████████ | $26,455.52 |
| 04/07/2023 | ████████████████ | $47,064.55 |
| 04/07/2023 | ████████████████ | $134,960.07 |
| 04/10/2023 | ████████████████ | $1,289,989.70 |

### Other Credits

| Date | Description | Amount |
|---|---|---|
| 04/10/2023 | RETURNED CHECK# 5007, NON-SUFFICIENT FUNDS | $72,027.72 |
| 04/11/2023 | RETURNED CHECK# 5002, NON-SUFFICIENT FUNDS | $900.00 |
| 04/11/2023 | RETURNED CHECK# 5001, NON-SUFFICIENT FUNDS | $1,200.00 |
| 04/11/2023 | RETURNED ITEM, INSUFFICIENT FUNDS, ████████████ | $15,248.84 |
| 04/17/2023 | MISCELLANEOUS CREDIT DDA | $500,000.00 |
| 04/17/2023 | Wire/In/████████████ | $3,664,137.77 |

 **Mechanics Bank**

## *Statement Ending 04/28/2023*

*Page 4 of 8*

## ANALYZED CHECKING-XXXXXXXX0197 (continued)

### Other Credits (continued)

| Date | Description | Amount |
|---|---|---|
| 04/17/2023 | MISCELLANEOUS CREDIT DDA | $3,739,810.71 |

### Electronic Debits

| Date | Description | Amount |
|---|---|---|
| 04/03/2023 | Wire/Out | $510,550.80 |
| 04/03/2023 | Wire/Out | $2,000,164.27 |
| 04/03/2023 | 118422708 Online Transfer to XXXXXX3070 on 4/03/23 at 10:56 | $163,062.91 |
| 04/03/2023 | Rabo AgriFinance COMM LOAN 481 | $3,586.00 |
| 04/03/2023 | | $8,180.75 |
| 04/05/2023 | | $5,164.77 |
| 04/06/2023 | 116370285 Online Transfer to XXXXXX423 on 4/06/23 at 8:51 | $218,615.51 |
| 04/10/2023 | | $15,248.84 |

### Other Debits

| Date | Description | Amount |
|---|---|---|
| 04/03/2023 | TRANSFER TO ANALYZED CHECKING ACCOUNT XXXXXXXXXXXXXXXXXXXXXXXX3070 | $10,125,707.00 |
| 04/04/2023 | TRANSFER TO ANALYZED CHECKING ACCOUNT XXXXXXXXXXXXXXXXXXXXXXXX3070 | $15,428,784.45 |
| 04/07/2023 | Charge Back Item Check 12772 | $117,540.78 |
| 04/07/2023 | Charge Back Item Check 12753 | $117,805.53 |
| 04/07/2023 | Charge Back Item Check 1312 | $163,311.18 |
| 04/07/2023 | Charge Back Item Check 1322 | $163,711.51 |
| 04/07/2023 | Charge Back Item Check 1296 | $163,827.21 |
| 04/07/2023 | Charge Back Item Check 12754 | $165,731.10 |
| 04/07/2023 | Charge Back Item Check 12775 | $166,303.81 |
| 04/07/2023 | Charge Back Item Check 1297 | $178,736.82 |
| 04/07/2023 | Charge Back Item Check 1323 | $179,351.68 |
| 04/07/2023 | Charge Back Item Check 1313 | $179,435.28 |
| 04/07/2023 | Charge Back Item Check 1315 | $290,989.61 |
| 04/07/2023 | Charge Back Item Check 1305 | $291,477.41 |
| 04/07/2023 | Charge Back Item Check 1295 | $291,490.17 |
| 04/07/2023 | Charge Back Item Check 1300 | $324,064.14 |
| 04/07/2023 | Charge Back Item Check 1298 | $324,185.14 |
| 04/07/2023 | Charge Back Item Check 1309 | $324,332.97 |
| 04/07/2023 | Charge Back Item Check 1319 | $324,450.61 |
| 04/07/2023 | Charge Back Item Check 1308 | $324,734.69 |
| 04/07/2023 | Charge Back Item Check 1318 | $325,215.27 |
| 04/07/2023 | Charge Back Item Check 1307 | $345,985.52 |
| 04/07/2023 | Charge Back Item Check 1317 | $346,156.02 |
| 04/07/2023 | Charge Back Item Check 1301 | $346,544.97 |
| 04/07/2023 | Charge Back Item Check 1316 | $347,451.24 |
| 04/07/2023 | Charge Back Item Check 1306 | $347,527.01 |
| 04/07/2023 | Charge Back Item Check 1299 | $347,635.90 |
| 04/07/2023 | Charge Back Item Check 12761 | $357,249.12 |
| 04/07/2023 | Charge Back Item Check 12749 | $357,943.28 |
| 04/07/2023 | Charge Back Item Check 12743 | $374,770.76 |
| 04/07/2023 | Charge Back Item Check 12776 | $374,996.18 |
| 04/07/2023 | Charge Back Item Check 12763 | $375,537.02 |
| 04/07/2023 | Charge Back Item Check 12752 | $415,603.55 |
| 04/07/2023 | Charge Back Item Check 12771 | $415,970.63 |
| 04/07/2023 | Charge Back Item Check 12788 | $416,279.12 |
| 04/07/2023 | Charge Back Item Check 12750 | $416,410.65 |
| 04/07/2023 | Charge Back Item Check 12769 | $416,596.42 |
| 04/07/2023 | Charge Back Item Check 12768 | $417,851.52 |
| 04/07/2023 | Charge Back Item Check 12747 | $417,859.69 |
| 04/07/2023 | Charge Back Item Check 12758 | $423,887.86 |
| 04/07/2023 | Charge Back Item Check 12782 | $424,645.32 |
| 04/07/2023 | Charge Back Item Check 12742 | $425,065.19 |
| 04/07/2023 | Charge Back Item Check 12764 | $425,100.31 |
| 04/07/2023 | Charge Back Item Check 12777 | $425,100.64 |
| 04/07/2023 | Charge Back Item Check 12741 | $425,326.13 |

 **Mechanics Bank**

**Statement Ending 04/28/2023**

Page 5 of 8

## ANALYZED CHECKING-XXXXXXXX0197 (continued)

### Other Debits (continued)

| Date | Description | Amount |
|---|---|---|
| 04/07/2023 | Charge Back Item Check 12762 | $425,922.99 |
| 04/07/2023 | Charge Back Item Check 12779 | $426,143.85 |
| 04/07/2023 | Charge Back Item Check 12773 | $426,371.43 |
| 04/07/2023 | Charge Back Item Check 12748 | $427,301.04 |
| 04/07/2023 | Charge Back Item Check 12781 | $499,118.05 |
| 04/07/2023 | Charge Back Item Check 12746 | $499,598.88 |
| 04/07/2023 | Charge Back Item Check 12766 | $499,848.94 |
| 04/07/2023 | Charge Back Item Check 12745 | $500,008.78 |
| 04/07/2023 | Charge Back Item Check 12767 | $500,099.67 |
| 04/07/2023 | Charge Back Item Check 12783 | $500,479.50 |
| 04/07/2023 | Charge Back Item Check 12784 | $501,073.78 |
| 04/07/2023 | Charge Back Item Check 12786 | $501,190.99 |
| 04/07/2023 | Charge Back Item Check 12759 | $501,394.89 |
| 04/07/2023 | Charge Back Item Check 12760 | $501,576.84 |
| 04/07/2023 | Charge Back Item Check 12757 | $514,749.38 |
| 04/07/2023 | Charge Back Item Check 12778 | $515,200.70 |
| 04/07/2023 | Charge Back Item Check 12751 | $529,778.09 |
| 04/07/2023 | Charge Back Item Check 12770 | $529,797.52 |
| 04/07/2023 | Charge Back Item Check 12787 | $531,849.71 |
| 04/07/2023 | Charge Back Item Check 12765 | $532,006.16 |
| 04/07/2023 | Charge Back Item Check 12744 | $532,110.78 |
| 04/07/2023 | Charge Back Item Check 12785 | $535,330.95 |
| 04/07/2023 | Charge Back Item Check 12756 | $535,527.30 |
| 04/07/2023 | Charge Back Item Check 12755 | $537,568.71 |
| 04/07/2023 | Charge Back Item Check 12780 | $538,041.54 |
| 04/07/2023 | Charge Back Item Check 1320 | $561,391.27 |
| 04/07/2023 | Charge Back Item Check 1310 | $561,518.02 |
| 04/07/2023 | Charge Back Item Check 1302 | $562,479.39 |
| 04/07/2023 | Charge Back Item Check 1311 | $592,519.73 |
| 04/07/2023 | Charge Back Item Check 1321 | $593,461.03 |
| 04/07/2023 | Charge Back Item Check 1304 | $593,628.73 |
| 04/07/2023 | Charge Back Item Check 1314 | $1,249,228.40 |
| 04/10/2023 | Analysis Charges March 2023 | $2,014.69 |
| 04/10/2023 | Overdraft Fee | $35.00 |
| 04/10/2023 | Returned Item Fee | $35.00 |
| 04/11/2023 | Returned Item Fee | $105.00 |
| 04/18/2023 | Wire/Out/21000021//MCCLAIN FARMS INC/JPMCHASE | $500,000.00 |

### Checks Cleared

| Check Nbr | Date | Amount | Check Nbr | Date | Amount | Check Nbr | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 4904 | 04/03/2023 | $875.00 | 4974* | 04/03/2023 | $1,680.00 | 5007* | 04/07/2023 | $72,027.72 |
| 4906* | 04/06/2023 | $2,500.00 | 4977* | 04/04/2023 | $19,002.38 | 5012* | 04/03/2023 | $423.42 |
| 4907 | 04/03/2023 | $1,000.00 | 4989* | 04/04/2023 | $781.50 | 5024* | 04/04/2023 | $2,266.05 |
| 4909* | 04/04/2023 | $250.00 | 5001* | 04/10/2023 | $1,200.00 | 5025 | 04/06/2023 | $2,056.15 |
| 4963* | 04/06/2023 | $220.00 | 5002 | 04/10/2023 | $900.00 | 5044* | 04/07/2023 | $974.78 |

* Indicates skipped check number

### Daily Balances

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 04/03/2023 | $0.00 | 04/06/2023 | $20,872,962.34 | 04/11/2023 | -$7,403,948.48 |
| 04/04/2023 | $0.00 | 04/07/2023 | -$8,763,776.21 | 04/17/2023 | $500,000.00 |
| 04/05/2023 | $17,743,974.61 | 04/10/2023 | -$7,421,192.32 | 04/18/2023 | $0.00 |

2B 038
MB0034239

 **Mechanics Bank** *Statement Ending 04/28/2023*

Page 6 of 8

## ANALYZED CHECKING-XXXXXXX0197 (continued)

**Overdraft and Returned Item Fees**

|  | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft Fees | $35.00 | $35.00 |
| Total Returned Item Fees | $140.00 | $140.00 |

2B 039
MB0034240

# Mechanics Bank

**Statement Ending 04/28/2023**

*Page 7 of 8*



| | | |
|---|---|---|
| #4904 | 04/03/2023 | $875.00 |
| #4906 | 04/06/2023 | $2,500.00 |
| #4907 | 04/03/2023 | $1,000.00 |
| #4909 | 04/04/2023 | $250.00 |
| #4963 | 04/06/2023 | $220.00 |
| #4974 | 04/03/2023 | $1,680.00 |
| #4977 | 04/04/2023 | $19,002.38 |
| #4989 | 04/04/2023 | $781.50 |
| #5001 | 04/10/2023 | $1,200.00 |
| #5002 | 04/10/2023 | $900.00 |

2B 040
MB0034241

# Mechanics Bank

**Statement Ending 04/28/2023**

*Page 8 of 8*



| #5007 | 04/07/2023 | $72,027.72 |
|---|---|---|



| #5012 | 04/03/2023 | $423.42 |
|---|---|---|



| #5024 | 04/04/2023 | $2,266.05 |
|---|---|---|



| #5025 | 04/06/2023 | $2,056.15 |
|---|---|---|



| #5044 | 04/07/2023 | $974.78 |
|---|---|---|

2B 041
MB0034242

 **Mechanics Bank**

P.O. Box 6010
Santa Maria, CA 93456-6010
800.797.6324
www.mechanicsbank.com

| | |
|---|---|
| Account: | *****0197 |
| Date: | 04/07/2023 |
| Page: | 1 |

MCCLAIN FEED YARD INC
824 MULLINS LN
BENTON KY 42025-4702

## Notice of Deposited Items Charged Back to Your Account

The items listed below have been returned and charged back to your account. For your convenience, we have provided substitute items which can be used in place of the original items. If you have any questions or need any assistance, please call us at 1-800-797-6324. Thank you for doing business at Mechanics Bank.

Charge Back Items

| Payor R/T | Return Reason | Amount |
|---|---|---|
| 083903328 | 'C' - Stop Payment | $291,477.41 |
| 083903328 | 'C' - Stop Payment | $347,527.01 |
| 083903328 | 'C' - Stop Payment | $345,985.52 |
| 083903328 | 'C' - Stop Payment | $324,734.69 |
| 083903328 | 'C' - Stop Payment | $324,332.97 |
| 083903328 | 'C' - Stop Payment | $561,518.02 |
| 083903328 | 'C' - Stop Payment | $592,519.73 |
| 083903328 | 'C' - Stop Payment | $163,311.18 |
| 083903328 | 'C' - Stop Payment | $179,435.28 |
| 083903328 | 'C' - Stop Payment | $291,490.17 |
| 083903328 | 'C' - Stop Payment | $163,827.21 |
| 083903328 | 'C' - Stop Payment | $178,736.82 |
| 083903328 | 'C' - Stop Payment | $324,185.14 |
| 083903328 | 'C' - Stop Payment | $347,635.90 |
| 083903328 | 'C' - Stop Payment | $324,064.14 |
| 083903328 | 'C' - Stop Payment | $346,544.97 |
| 083903328 | 'C' - Stop Payment | $562,479.39 |
| 083903328 | 'C' - Stop Payment | $593,628.73 |
| 083903328 | 'C' - Stop Payment | $425,326.13 |
| 083903328 | 'C' - Stop Payment | $374,770.76 |
| 083903328 | 'C' - Stop Payment | $499,598.88 |
| 083903328 | 'C' - Stop Payment | $357,943.28 |
| 083903328 | 'C' - Stop Payment | $117,805.53 |
| 083903328 | 'C' - Stop Payment | $165,731.10 |
| 083903328 | 'C' - Stop Payment | $425,065.19 |

Charge Back Items

| Payor R/T | Return Reason | Amount |
|---|---|---|
| 083903328 | 'C' - Stop Payment | $532,110.78 |
| 083903328 | 'C' - Stop Payment | $500,008.78 |
| 083903328 | 'C' - Stop Payment | $417,859.69 |
| 083903328 | 'C' - Stop Payment | $427,301.04 |
| 083903328 | 'C' - Stop Payment | $416,410.65 |
| 083903328 | 'C' - Stop Payment | $529,778.09 |
| 083903328 | 'C' - Stop Payment | $415,603.55 |
| 083903328 | 'C' - Stop Payment | $537,568.71 |
| 083903328 | 'C' - Stop Payment | $535,527.30 |
| 083903328 | 'C' - Stop Payment | $514,749.38 |
| 083903328 | 'C' - Stop Payment | $423,887.86 |
| 083903328 | 'C' - Stop Payment | $501,394.89 |
| 083903328 | 'C' - Stop Payment | $501,576.84 |
| 083903328 | 'C' - Stop Payment | $425,922.99 |
| 083903328 | 'C' - Stop Payment | $375,537.02 |
| 083903328 | 'C' - Stop Payment | $425,100.31 |
| 083903328 | 'C' - Stop Payment | $500,099.67 |
| 083903328 | 'C' - Stop Payment | $529,797.52 |
| 083903328 | 'C' - Stop Payment | $117,540.78 |
| 083903328 | 'C' - Stop Payment | $426,371.43 |
| 083903328 | 'C' - Stop Payment | $357,249.12 |
| 083903328 | 'C' - Stop Payment | $532,006.16 |
| 083903328 | 'C' - Stop Payment | $499,848.94 |
| 083903328 | 'C' - Stop Payment | $417,851.52 |
| 083903328 | 'C' - Stop Payment | $416,596.42 |
| 083903328 | 'C' - Stop Payment | $415,970.63 |
| 083903328 | 'C' - Stop Payment | $166,303.81 |
| 083903328 | 'C' - Stop Payment | $374,996.18 |
| 083903328 | 'C' - Stop Payment | $416,279.12 |
| 083903328 | 'C' - Stop Payment | $424,645.32 |
| 083903328 | 'C' - Stop Payment | $425,100.64 |
| 083903328 | 'C' - Stop Payment | $426,143.85 |
| 083903328 | 'C' - Stop Payment | $499,118.05 |
| 083903328 | 'C' - Stop Payment | $500,479.50 |
| 083903328 | 'C' - Stop Payment | $501,073.78 |
| 083903328 | 'C' - Stop Payment | $501,190.99 |
| 083903328 | 'C' - Stop Payment | $515,200.70 |
| 083903328 | 'C' - Stop Payment | $531,849.71 |
| 083903328 | 'C' - Stop Payment | $535,330.95 |
| 083903328 | 'C' - Stop Payment | $538,041.54 |
| 083903328 | 'C' - Stop Payment | $163,711.51 |
| 083903328 | 'C' - Stop Payment | $179,351.68 |
| 083903328 | 'C' - Stop Payment | $290,989.61 |
| 083903328 | 'C' - Stop Payment | $324,450.61 |
| 083903328 | 'C' - Stop Payment | $325,215.27 |
| 083903328 | 'C' - Stop Payment | $346,156.02 |
| 083903328 | 'C' - Stop Payment | $347,451.24 |
| 083903328 | 'C' - Stop Payment | $561,391.27 |
| 083903328 | 'C' - Stop Payment | $593,461.03 |
| 083903328 | 'C' - Stop Payment | $1,249,228.40 |

2B 043

MB0034244

Summary
Total Item Count:                                                                75
Total Amount of Items Charged back:           $31,060,506.00
Handling Charges:                                              $900.00
Total Account Deduction:                          $31,061,406.00
Balance After Activity:                             $-39,825,182.21



04/07/2023

This is a LEGAL COPY of your
check. You can use it the
same way you would use the
original check.

RETURN REASON—C
STOP PAYMENT

STOP PAYMENT

CFSB
100 DICK CASTLEMAN BYPASS
MAYFIELD, KY 42066

1305

3/28/2023

PAY TO THE
ORDER OF  McClain Feedyard                    $291,477.41

two hundred ninety one thousand four hundred seventy seven 41/100 —— DOLLARS

MEMO 258 Cattle

---



04/07/2023

This is a LEGAL COPY of your
check. You can use it the
same way you would use the
original check.

RETURN REASON—C
STOP PAYMENT

STOP PAYMENT

CFSB
100 DICK CASTLEMAN BYPASS
MAYFIELD, KY 42066

1306

3/28/2023

PAY TO THE
ORDER OF  McClain Feedyard                    $347,527.01

three hundred forty seven thousand five hundred twenty seven 01/100 —— DOLLARS

MEMO 319 Cattle

---

04/07/2023

This is a LEGAL COPY of your
check. You can use it the
same way you would use the
original check.

RETURN REASON—C
STOP PAYMENT

STOP PAYMENT

CFSB
100 DICK CASTLEMAN BYPASS
MAYFIELD, KY 42066

1307

3/28/2023

PAY TO THE
ORDER OF  McClain Feedyard                    $345,985.52

three hundred forty five thousand nine hundred eighty five 52/100 —— DOLLARS

MEMO 312 Cattle




| Do not endorse or write below this line. |





| Do not endorse or write below this line. |





| Do not endorse or write below this line. |

**2B 046**

MB0034248

## STOP PAYMENT

04/07/2023

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON—C
STOP PAYMENT

CFSB
100 DICK CASTLEMAN BYPASS
MAYFIELD, KY 42066
1308

3/28/2023

PAY TO THE ORDER OF: McClain Feedyard    $324,734.00

three hundred twenty four thousand seven hundred thirty four 00/100 DOLLARS

MEMO 291 Cattle

---

## STOP PAYMENT

04/07/2023

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON—C
STOP PAYMENT

CFSB
100 DICK CASTLEMAN BYPASS
MAYFIELD, KY 42066
1309

3/28/2023

PAY TO THE ORDER OF: McClain Feedyard    $324,332.97

three hundred twenty four thousand three hundred thirty two 00/100 DOLLARS

MEMO 295 Cattle

---

## STOP PAYMENT

04/07/2023

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON—C
STOP PAYMENT

CFSB
100 DICK CASTLEMAN BYPASS
MAYFIELD, KY 42066
1310

3/28/2023

PAY TO THE ORDER OF: McClain Feedyard    $561,518.02

Five hundred sixty one thousand five hundred eighteen 00/100 DOLLARS

MEMO 409 Cattle

2B 047

MB0034249

  

↓ Do not endorse or write below this line. ↓

  

↓ Do not endorse or write below this line. ↓

  

↓ Do not endorse or write below this line. ↓

**2B 048**

MB0034250

# Mechanics Bank®

P.O. Box 6010
Santa Maria, CA 93456-6010
800.797.6324
www.mechanicsbank.com

RETURN SERVICE REQUESTED

MCCLAIN FARMS INC
824 MULLINS LN
BENTON KY 42025-4702

## Managing Your Accounts

| | | |
|---|---|---|
| 👤 | Client Services | 800.797.6324 |
| 🖥 | Online | www.mechanicsbank.com |
| 📱 | Mobile | Download Our Mobile Apps |



BUSINESS LINE OF CREDIT
UP TO $100,000
Prime +0% APR

LIMITED TIME OFFER
www.MechanicsBank.com/GrowIt

All loans and credit products subject to program eligibility, collateral, underwriting approval and credit approval. Offer is for new lines of credit and does not apply to renewing lines of credit. Subject to change or cancellation without notice. Offer is effective as of 3/17/2022 and subject to change or cancellation without notice. Prime Rate is defined as "the Prime Rate as published daily in the Money Rates section of the Wall Street Journal." For the current Prime Rate, talk to a banker or visit https://www.wsj.com/market-data/bonds/moneyrates.

**WATCH OUT FOR GOVERNMENT IMPERSONATION SCAMS**
Scammers pose as technology support representatives and offer to fix non-existent computer or technology issues. Learn how to spot this scam at www.MechanicsBank.com/Security.

## Summary of Accounts

| Account Type | Account Number | Ending Balance |
|---|---|---|
| ANALYZED CHECKING | XXXXXXXX3070 | $0.00 |



Member
FDIC
EQUAL HOUSING LENDER

2B 049
MB0002396

Case 24-02007-swe    Doc 300-1    Filed 11/10/25    Entered 11/10/25 15:33:58    Desc
Summary Judgment Evidence (bates #s 2B 001 - 2B 085)    Page 50 of 85

Statement Ending 04/28/2023                                    Page 2 of 12

**How to contact us**
800.797.6324
P.O. Box 6010
Santa Maria, CA 93456-6010
www.mechanicsbank.com

**This information applies only to consumer accounts as defined by the Electronic Fund Transfer Act and Regulation E.**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS**

Telephone us at 800.797.6324, during regular business hours, or write us at: Mechanics Bank, Operations, P.O. Box 6010, Santa Maria, CA 93456-6010 as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number.
2. Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**NOTICE TO BUSINESS AND COMMERCIAL CUSTOMERS:**

Accounts owned by business and commercial customers are not subject to consumer regulations, such as the Truth in Savings Act and the Electronic Fund Transfer Act. The information regarding Electronic Transfers does not apply to business or commercial accounts. You acknowledge the risk of loss from unauthorized items. You further acknowledge that the Bank offers various services that allow business and commercial customers to closely monitor their account activity, such as Business Online Banking, Positive Pay, and other services ("Fraud Prevention Services"), which can reduce potential fraud. If you fail to use one or more of the available Fraud Prevention Services, you agree that you will be deemed to have assumed the risk of any losses that could have been prevented if you had used the Fraud Prevention Services.

## How to balance your account

1. Subtract from your check register any service, miscellaneous, or automatic charge(s) posted on this statement.
2. Mark √ your register after each check listed on the front of this statement.
3. Check off deposits shown on the statement against those shown in your check register.
4. Complete the form below.
5. The final "balance" in the form below should agree with your check register balance. If it does not, read "HINTS FOR FINDING DIFFERENCES."

**HINTS FOR FINDING DIFFERENCES**

Recheck all additions and subtractions or corrections.

Verify the carryover balance from page to page in your check register.

Make sure you have subtracted the service or miscellaneous charge(s) from your check register balance.

**HOW TO BALANCE YOUR ACCOUNTS**

| | | |
|---|---|---|
| TRANSFER AMOUNT FROM PAGE ONE | $ | |
| DEPOSITS MADE SINCE ENDING DATE ON STATEMENT | | |
| SUBTOTAL | $ | |
| LIST CHECKS NOT CLEARED ON THIS STATEMENT OR PRIOR STATEMENTS | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL CHECKS NOT LISTED ➡ | | |
| SUBTRACT TOTAL CHECKS NOT LISTED FROM SUBTOTAL ABOVE  BALANCE | $ | |

**THIS SHOULD AGREE WITH YOUR CHECK REGISTER BALANCE**

 
FDIC MEMBER FDIC | EQUAL HOUSING LENDER

Descriptions of ACH items are printed as supplied by originating company.
MKT5584/0420

2B 050

MB0002397

 **Mechanics Bank**®

 **EQUIPMENT FINANCING**

Great rates for the equipment you need

Learn more at **www.MechanicsBank.com/GetEquipment**

## ANALYZED CHECKING-XXXXXXX3070

### Account Summary

| Date | Description | Amount |
|---|---|---|
| 04/01/2023 | Beginning Balance | -$163,062.91 |
| | 4 Credit(s) This Period | $26,086,170.32 |
| | 73 Debit(s) This Period | $25,923,107.41 |
| 04/28/2023 | Ending Balance | $0.00 |

### Electronic Credits

| Date | Description | Amount |
|---|---|---|
| 04/03/2023 | 118422708 Online Transfer from XXXXXX197 on 4/03/23 at 10:56 | $163,062.91 |
| 04/05/2023 | Remote Deposit | $368,615.96 |

### Other Credits

| Date | Description | Amount |
|---|---|---|
| 04/03/2023 | TRANSFER FROM ANALYZED CHECKING ACCOUNT XXXXXXXXXXXXXXXXXXXXXXX0197 | $10,125,707.00 |
| 04/04/2023 | TRANSFER FROM ANALYZED CHECKING ACCOUNT XXXXXXXXXXXXXXXXXXXXXXX0197 | $15,428,784.45 |

### Other Debits

| Date | Description | Amount |
|---|---|---|
| 04/03/2023 | TRANSFER TO ANALYZED CHECKING ACCOUNT XXXXXXXXXXXXXXXXXXXXXXXXX0423 | $96,319.57 |
| 04/03/2023 | TRANSFER TO EXTERNAL LOAN XXXXXXXXXXX2953 | $2,585,172.03 |
| 04/04/2023 | TRANSFER TO ANALYZED CHECKING ACCOUNT XXXXXXXXXXXXXXXXXXXXXXXXX0423 | $44,059.11 |
| 04/04/2023 | TRANSFER TO EXTERNAL LOAN XXXXXXXXXXX2953 | $786,755.91 |
| 04/10/2023 | Analysis Charges March 2023 | $100.73 |
| 04/20/2023 | Balance of acount transferred to 2987002099 | $365,208.99 |

### Checks Cleared

| Check Nbr | Date | Amount | Check Nbr | Date | Amount | Check Nbr | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 1733 | 04/04/2023 | $144,550.16 | 7435 | 04/03/2023 | $508.84 | 7504 | 04/03/2023 | $326,532.37 |
| 7121* | 04/04/2023 | $325,187.18 | 7436 | 04/04/2023 | $70.00 | 7505 | 04/03/2023 | $348,495.81 |
| 7232* | 04/03/2023 | $7,484.11 | 7439* | 04/04/2023 | $1,560.00 | 7506 | 04/03/2023 | $565,834.28 |
| 7295* | 04/04/2023 | $201,440.11 | 7453* | 04/04/2023 | $197,793.65 | 7507 | 04/03/2023 | $596,844.92 |
| 7302* | 04/03/2023 | $283.03 | 7469* | 04/03/2023 | $563.28 | 7508 | 04/03/2023 | $1,258,376.45 |
| 7326* | 04/03/2023 | $2,552,476.08 | 7476* | 04/03/2023 | $545.49 | 7509 | 04/03/2023 | $5,191.80 |
| 7327 | 04/04/2023 | $2,551,704.09 | 7477 | 04/04/2023 | $362.36 | 7510 | 04/04/2023 | $29.66 |
| 7345* | 04/04/2023 | $612,755.61 | 7496* | 04/03/2023 | $141,622.31 | 7511 | 04/04/2023 | $300.00 |
| 7346 | 04/04/2023 | $397,418.51 | 7497 | 04/03/2023 | $102,705.85 | 7512 | 04/03/2023 | $264.99 |
| 7347 | 04/04/2023 | $786,941.36 | 7498 | 04/03/2023 | $252,941.03 | 7513 | 04/04/2023 | $293,633.67 |
| 7348 | 04/04/2023 | $587,920.59 | 7499 | 04/03/2023 | $251,679.70 | 7514 | 04/04/2023 | $164,581.52 |
| 7373* | 04/03/2023 | $30.98 | 7500 | 04/03/2023 | $164,823.44 | 7515 | 04/04/2023 | $179,620.93 |
| 7432* | 04/04/2023 | $11,400.00 | 7501 | 04/03/2023 | $181,010.27 | 7516 | 04/04/2023 | $325,375.45 |
| 7433 | 04/03/2023 | $9,151.50 | 7502 | 04/03/2023 | $326,919.69 | 7517 | 04/04/2023 | $349,313.89 |
| 7434 | 04/04/2023 | $484.11 | 7503 | 04/03/2023 | $349,929.18 | 7518 | 04/04/2023 | $325,585.91 |

## Mechanics Bank°

*Statement Ending 04/28/2023*

*Page 4 of 12*

## ANALYZED CHECKING-XXXXXXX3070 (continued)

### Checks Cleared (continued)

| Check Nbr | Date | Amount | Check Nbr | Date | Amount | Check Nbr | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 7519 | 04/04/2023 | $347,781.73 | 7528 | 04/04/2023 | $359,326.39 | 7536 | 04/04/2023 | $427,257.05 |
| 7520 | 04/04/2023 | $564,038.96 | 7529 | 04/04/2023 | $428,832.46 | 7630* | 04/07/2023 | $922.93 |
| 7521 | 04/04/2023 | $595,366.29 | 7530 | 04/04/2023 | $419,601.45 | 7632* | 04/07/2023 | $439.53 |
| 7523* | 04/04/2023 | $167,004.60 | 7531 | 04/04/2023 | $502,196.09 | 7635* | 04/07/2023 | $886.78 |
| 7524 | 04/04/2023 | $118,617.39 | 7532 | 04/04/2023 | $501,946.93 | 7636 | 04/07/2023 | $631.54 |
| 7525 | 04/04/2023 | $418,176.27 | 7533 | 04/04/2023 | $534,651.69 | 7639* | 04/07/2023 | $425.46 |
| 7526 | 04/04/2023 | $532,299.54 | 7534 | 04/04/2023 | $376,811.20 | | | |
| 7527 | 04/04/2023 | $418,927.56 | 7535 | 04/04/2023 | $427,105.07 | | | |

\* Indicates skipped check number

### Daily Balances

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 04/03/2023 | $0.00 | 04/05/2023 | $368,615.96 | 04/10/2023 | $365,208.99 |
| 04/04/2023 | $0.00 | 04/07/2023 | $365,309.72 | 04/20/2023 | $0.00 |

### Overdraft and Returned Item Fees

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

2B 052
MB0002399

# Mechanics Bank®

## Statement Ending 04/28/2023

Page 5 of 12



| #1733 | 04/04/2023 | $144,550.16 |



| #7121 | 04/04/2023 | $325,187.18 |



| #7232 | 04/03/2023 | $7,484.11 |



| #7295 | 04/04/2023 | $201,440.11 |



| #7302 | 04/03/2023 | $283.03 |



| #7326 | 04/03/2023 | $2,552,476.08 |



| #7327 | 04/04/2023 | $2,551,704.09 |



| #7345 | 04/04/2023 | $612,755.61 |



| #7346 | 04/04/2023 | $397,418.51 |



| #7347 | 04/04/2023 | $786,941.36 |

2B 053
MB0002400

# Mechanics Bank®

**_Statement Ending 04/28/2023_**

*Page 6 of 12*



| #7348 | 04/04/2023 | $587,920.59 |



| #7373 | 04/03/2023 | $30.98 |



| #7432 | 04/04/2023 | $11,400.00 |



| #7433 | 04/03/2023 | $9,151.50 |



| #7434 | 04/04/2023 | $484.11 |



| #7435 | 04/03/2023 | $508.84 |



| #7436 | 04/04/2023 | $70.00 |



| #7439 | 04/04/2023 | $1,560.00 |



| #7453 | 04/04/2023 | $197,793.65 |



| #7469 | 04/03/2023 | $563.28 |

# Mechanics Bank®

## Statement Ending 04/28/2023

Page 7 of 12



#7476      04/03/2023      $545.49



#7477      04/04/2023      $362.36



#7496      04/03/2023      $141,622.31



#7497      04/03/2023      $102,705.85



#7498      04/03/2023      $252,941.03



#7499      04/03/2023      $251,679.70



#7500      04/03/2023      $164,823.44



#7501      04/03/2023      $181,010.27



#7502      04/03/2023      $326,919.69



#7503      04/03/2023      $349,929.18

2B 055
MB0002402

# Mechanics Bank®

## Statement Ending 04/28/2023

Page 8 of 12



#7504        04/03/2023        $326,532.37



#7505        04/03/2023        $348,495.81



#7506        04/03/2023        $565,834.28



#7507        04/03/2023        $596,844.92



#7508        04/03/2023        $1,258,376.45



#7509        04/03/2023        $5,191.80



#7510        04/04/2023        $29.66



#7511        04/04/2023        $300.00



#7512        04/03/2023        $264.99



#7513        04/04/2023        $293,633.67

2B 056
MB0002403

## Mechanics Bank®

**Statement Ending 04/28/2023**

*Page 9 of 12*



| #7514 | 04/04/2023 | $164,581.52 |



| #7515 | 04/04/2023 | $179,620.93 |



| #7516 | 04/04/2023 | $325,375.45 |



| #7517 | 04/04/2023 | $349,313.89 |



| #7518 | 04/04/2023 | $325,585.91 |



| #7519 | 04/04/2023 | $347,781.73 |



| #7520 | 04/04/2023 | $564,038.96 |



| #7521 | 04/04/2023 | $595,366.29 |



| #7523 | 04/04/2023 | $167,004.60 |



| #7524 | 04/04/2023 | $118,617.39 |

2B 057
MB0002404

# Mechanics Bank®

**Statement Ending 04/28/2023**

*Page 10 of 12*



| #7525 | 04/04/2023 | $418,176.27 |



| #7526 | 04/04/2023 | $532,299.54 |



| #7527 | 04/04/2023 | $418,927.56 |



| #7528 | 04/04/2023 | $359,326.39 |



| #7529 | 04/04/2023 | $428,832.46 |



| #7530 | 04/04/2023 | $419,601.45 |



| #7531 | 04/04/2023 | $502,196.09 |



| #7532 | 04/04/2023 | $501,946.93 |



| #7533 | 04/04/2023 | $534,651.69 |



| #7534 | 04/04/2023 | $376,811.20 |

# Mechanics Bank®

**_Statement Ending 04/28/2023_**

Page 11 of 12



| #7535 | 04/04/2023 | $427,105.07 |



| #7536 | 04/04/2023 | $427,257.05 |



| #7630 | 04/07/2023 | $922.93 |



| #7632 | 04/07/2023 | $439.53 |



| #7635 | 04/07/2023 | $886.78 |



| #7636 | 04/07/2023 | $631.54 |



| #7639 | 04/07/2023 | $425.46 |

2B 059
MB0002406

 **Mechanics Bank®**

THIS PAGE LEFT INTENTIONALLY BLANK

**2B 060**
MB0002407

**From:** Jamie Rabatin <Jamie_Rabatin@mechanicsbank.com>
**Sent:** Wednesday, April 5, 2023 6:33 PM
**To:** O'Neal, J (Jacqueline) <Jene.ONeal@raboag.com>
**Cc:** Hanson, J (Jeffrey) <Jeff.Hanson@rabo.com>; nico.didonato@mechanicsbank.com
**Subject:** RE: Rabo AgriFinance/McClain Farms, Inc., McClain Feed Yard, Inc. and 7M Cattle Feeders, Inc.; Demand for Freeze of Borrower Accounts SECURE

This message was sent securely by Mechanics Bank

Hi Jene-

The accounts are frozen. I have the wire instructions provided in the letter notifying us of the default.

We will review the accounts daily and wire all collected funds as directed.

I have a question – the letter requested that we provide "read only" access to online Banking to the Lender. Are you able to let me know who needs access? I will arrange to get them set up and trained.

Feel free to contact me any time.

Regards,


Jamie Rabatin
Senior Vice President
Director of Commercial Servicing

Mechanics Bank
18400 Von Karman Ave Suite 1100 | Irvine, CA 92612
Tel (424) 230-5388 | Cell (949) 899-4882

jamie_rabatin@mechanicsbank.com
www.MechanicsBank.com

 

Recognized by *Forbes* as one of America's Best Banks.


**From:** Jene.ONeal@raboag.com <Jene.ONeal@raboag.com>
**Sent:** Wednesday, April 5, 2023 2:48 PM
**To:** Jamie Rabatin <Jamie_Rabatin@mechanicsbank.com>
**Cc:** Jeff.Hanson@rabo.com; nico.didonato@mechanicsbank.com
**Subject:** FW: Rabo AgriFinance/McClain Farms, Inc., McClain Feed Yard, Inc. and 7M Cattle Feeders, Inc.; Demand for Freeze of Borrower Accounts

**Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize and know the content is safe.

Hi Jamie,

Can you confirm the accounts are froze and please let me know what you need in order to have the funds swept or wired to RAF?
Thank you for your help!

# EXHIBIT "E"

2B 061

Message
---

| | |
|---|---|
| **From:** | Jamie Rabatin [Jamie_Rabatin@mechanicsbank.com] |
| **Sent:** | 4/7/2023 9:11:06 PM |
| **To:** | Nico DiDonato [Nico_DiDonato@mechanicsbank.com] |
| **Subject:** | FW: Large Overdraft - Chargeback Item -████0197 - MCCLAIN FEED YARD INC |

Jamie Rabatin
Senior Vice President
Director of Commercial Servicing

Mechanics Bank
18400 Von Karman Ave Suite 1100 | Irvine, CA 92612
Tel (424) 230-5388 | Cell (949) 899-4882

jamie_rabatin@mechanicsbank.com
www.MechanicsBank.com

 

Recognized by *Forbes* as one of America's Best Banks.

**From:** fm_ExceptionProcessing <fm_ExceptionProcessing@mechanicsbank.com>
**Sent:** Friday, April 7, 2023 1:50 PM
**To:** fm_AffiliatesSpecialtyDeposits <fm_AffiliatesSpecialtyDeposits@mechanicsbank.com>
**Cc:** fm_ExceptionProcessing <fm_ExceptionProcessing@mechanicsbank.com>; Overdraft Services
<Overdraft_Services@mechanicsbank.com>; Trisha Limas <Trisha_Limas@mechanicsbank.com>; Vanessa Silva
<Vanessa_Silva@mechanicsbank.com>; Jamie Rabatin <Jamie_Rabatin@mechanicsbank.com>
**Subject:** Large Overdraft - Chargeback Item -████0197 - MCCLAIN FEED YARD INC

Hi,

The below chargeback item(s) is further overdrawing a client who is now in the negative -$($8,763,776.21)

| | |
|---|---|
| **Customer Name** | ████0197 - MCCLAIN FEED YARD INC |
| **Customer Since** | Jun 21, 2019 |
| **Port #** | ████████ |
| **Additional Accounts** | See below |
| **Accounting Branch** | [2099] Commercial Banking - RNA RAF |
| **Prev. Day EOD Balance** | $20,872,962.34 |
| **Avg. Ledger Bal** | $402,259.76 |

Message

| | |
|---|---|
| **From:** | Lori Lasher [Lori_Lasher@mechanicsbank.com] |
| **Sent:** | 4/18/2023 7:45:12 PM |
| **To:** | Jamie Rabatin [Jamie_Rabatin@mechanicsbank.com]; Kelly Kominek [Kelly_Kominek@mechanicsbank.com] |
| **CC:** | FraudInvestigation [FraudInvestigation@mechanicsbank.com]; Beatriz Santana [Beatriz_Santana@mechanicsbank.com] |
| **Subject:** | RE: RECALL REQUEST INCOMING WIRE MCCLAIN FEEDYARD $3,664,137.77 DTD 4-17 |

Thank you Jamie for your prompt response

Regards
Lori

**From:** Jamie Rabatin <Jamie_Rabatin@mechanicsbank.com>
**Sent:** Tuesday, April 18, 2023 12:45 PM
**To:** Kelly Kominek <Kelly_Kominek@mechanicsbank.com>
**Cc:** FraudInvestigation <FraudInvestigation@mechanicsbank.com>; Beatriz Santana <Beatriz_Santana@mechanicsbank.com>
**Subject:** RE: RECALL REQUEST INCOMING WIRE MCCLAIN FEEDYARD $3,664,137.77 DTD 4-17

We are not returning this wire.

Jamie Rabatin
Senior Vice President
Director of Commercial Servicing

Mechanics Bank
18400 Von Karman Ave Suite 1100 | Irvine, CA 92612
Tel (424) 230-5388 | Cell (949) 899-4882

jamie_rabatin@mechanicsbank.com
www.MechanicsBank.com



Recognized by *Forbes* as one of America's Best Banks.

**From:** Kelly Kominek <Kelly_Kominek@mechanicsbank.com>
**Sent:** Tuesday, April 18, 2023 12:38 PM
**To:** Jamie Rabatin <Jamie_Rabatin@mechanicsbank.com>
**Cc:** FraudInvestigation <FraudInvestigation@mechanicsbank.com>
**Subject:** FW: RECALL REQUEST INCOMING WIRE MCCLAIN FEEDYARD $3,664,137.77 DTD 4-17
**Importance:** High

Hi Jamie,

Please review and advise on the attached incoming wire and the subsequent wire recall request with the send claiming potential illegal fraudulent activity...

**2B 063**

Thank you.

Best Regards,

**Kelly Kominek, CFCI**
AVP - Senior Fraud Investigator
Fraud Investigations and Loss Recovery
Financial Intelligence Unit (FIU)

Mechanics Bank
915 Highland Pointe Dr., Ste. 450, Roseville, CA 95678
Tel 916.878.4692 | Internal Extension 64692
Fraud Hotline 916.797.4192 | Fax 916.772.0692
kelly_kominek@mechanicsbank.com
www.mechanicsbank.com

 Mechanics Bank
Where Relationships Matter

*Rabobank, N.A. is now Mechanics Bank.*

**From:** Wire Department <Wire_Department@mechanicsbank.com>
**Sent:** Tuesday, April 18, 2023 12:28 PM
**To:** FraudInvestigation <FraudInvestigation@mechanicsbank.com>
**Cc:** Wire Department <Wire_Department@mechanicsbank.com>; Fraud Mitigation Group
<FraudMitigationGroup@MechanicsBank.com>; Beatriz Santana <Beatriz_Santana@mechanicsbank.com>
**Subject:** RECALL REQUEST INCOMING WIRE MCCLAIN FEEDYARD $3,664,137.77 DTD 4-17
**Importance:** High

Hello,

We just received the attached recall request for an incoming wire received yesterday due to fraud.

Please advise.

Thank you,

Joanna C. Rara
Lead Operations Specialist
Mechanics Bank
18400 Von Karman Ave Suite 1100
Irvine Ca 92612
Tel 949-527-3409
Joanna_Rara@mechanicsbank.com
www.mechanicsbank.com

2B 064

Case 23-50096-swe12   Doc 283   Filed 08/30/23   Entered 08/30/23 17:13:03   Desc Main
Document   Page 1 of 10

**Fill in this information to identify the case:**

Debtor name   **2B Farms, a Texas General Partnership**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **23-50096**

☑ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☑ Amended *Schedule* __**A/B**__
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __**August 30, 2023**__       X **/s/ Terry M. Robinson**
                                          Signature of individual signing on behalf of debtor

                                          **Terry M. Robinson**
                                          Printed name

                                          **General Partner**
                                          Position or relationship to debtor

2B 065

Case 23-50096-swe12 Doc 63 Filed 08/30/23 Entered 08/30/23 17:13:03 Desc Main
Document Page 2 of 16

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **2B Farms, a Texas General Partnership** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF TEXAS |
| Case number (if known) | **23-50096** |

■ Check if this is an
amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

■ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of
debtor's interest

3.  Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| **First Bank & Trust**<br>**4500 College Ave.**<br>**Snyder, TX 79549**<br>3.1.  (acct. # xxxx8270) | **Checking Acct** | 8270 | $0.00 |
| **West Texas State Bank**<br>**5009 College Ave.**<br>**Snyer, TX 79549**<br>3.2.  (Acct. # xxx9805) | **Checking** | 9805 | $8,716.20 |
| **West Texas State Bank**<br>**5009 College Ave.**<br>**Snyer, TX 79549**<br>3.3.  (Acct. # xxx0001) | **Checking Acct.** | 0001 | $0.00 |

4.  Other cash equivalents *(Identify all)*

5.  Total of Part 1.

| | $8,716.20 |
|---|---|

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and Prepayments

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.

☐ Yes Fill in the information below.

Official Form 206A/B                 Schedule A/B Assets - Real and Personal Property                 page 1

2B 066

Debtor   **2B Farms, a Texas General Partnership**                 Case number *(If known)*  **23-50096**

        Name

---

## Part 3:   Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

■ Yes Fill in the information below.

11.   **Accounts receivable**

11a. 90 days old or less:   ___**15,202,637.72**___  -  ___**7,601,318.86**___ = ....     **$7,601,318.86**
                            face amount              doubtful or uncollectible accounts

(A)  11a. 90 days old or less:  ___**63,407.00**___  -  ___**0.00**___ = ....     **$63,407.00**
                                face amount            doubtful or uncollectible accounts

12.   **Total of Part 3.**                                                         | **$7,664,725.86** |

      Current value on lines 11a + 11b = line 12. Copy the total to line 82.

## Part 4:   Investments

**13. Does the debtor own any investments?**

■ No. Go to Part 5.

☐ Yes Fill in the information below.

## Part 5:   Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.

☐ Yes Fill in the information below.

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☐ No. Go to Part 7.

■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28.   **Crops-either planted or harvested** | | | |
| 29.   **Farm animals** *Examples: Livestock, poultry, farm-raised fish* **approx. 603 head cattle** **- 165 bred heifers** **- 231 cows w/ calves (approx. 190)** **- 17 bulls** | Unknown | Appraisal | $802,800.00 |

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property               page 2

| Debtor | 2B Farms, a Texas General Partnership | Case number (If known) 23-50096 |
|---|---|---|
| | Name | |

| | | | | |
|---|---|---|---|---|
| | Debtor purchased 6,646 head of cattle from McClain Feed Yard, Inc. pursuant to wire transfers on invoices dated April 4, April 5 and April 6, 2023, which cattle were undelivered. Debtor had previously purchased an additonal $2,232,807.85 worth of cattle that it thought were held in Kentucky. Given recent developments, Debtor is now uncertain if cattle ever existed as the matter appears to be part of a fraudulent scheme perpetrated by seller. | Unknown | | Unknown |

| | | | | |
|---|---|---|---|---|
| 30. | Farm machinery and equipment (Other than titled motor vehicles) See attached addendum # 1 for list of equipment. | Unknown | Appraisal | $763,550.00 |
| | 2016 Great Plains 3S 4000 Drill (Serial # WHYY2959) | Unknown | Comparable sale | $25,000.00 |
| | 2014 John Deere 8370R Tractor (VIN xxxx3471) | Unknown | Comparable sale | $120,000.00 |
| 31. | Farm and fishing supplies, chemicals, and feed Roundup Herbicide | Unknown | | $10,000.00 |
| | Hay and silage | Unknown | | $2,500.00 |

32.     Other farming and fishing-related property not already listed in Part 6

33.     **Total of Part 6.**

      Add lines 28 through 32. Copy the total to line 85.

> $1,723,850.00

34.     **Is the debtor a member of an agricultural cooperative?**

    ■ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

       ☐ No

       ☐ Yes

35.     **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ■ No

    ☐ Yes. Book value _____    Valuation method _____    Current Value _____

36.     **Is a depreciation schedule available for any of the property listed in Part 6?**

    ■ No

    ☐ Yes

37.     **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ■ No

    ☐ Yes

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

    ■ No. Go to Part 8.

| Official Form 206A/B | Schedule A/B Assets - Real and Personal Property | page 3 |
|---|---|---|

2B 068

Case 24-02007-swe2 Doc 300-1 Filed 11/10/25 Entered 11/10/25 15:33:58 Desc
Summary Judgment Evidence (bates #s 2B 001 - 2B 085) Page 69 of 85

Case 23-50096-swe12 Doc 63 Filed 08/30/23 Entered 08/30/23 17:13:03 Desc Main
Document Page 5 of 10

| Debtor | **2B Farms, a Texas General Partnership** | Case number *(If known)* **23-50096** |
|---|---|---|
| | Name | |

☐ Yes Fill in the information below.

---

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **47.** Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles | | | |
| 47.1. **2021 Chevrolet Tahoe - approx. mileage: 42570** | $0.00 | Comparable sale | $50,000.00 |
| 47.2. **2016 Ford F-250 Super Duty - approx. mileage 145,258** | $0.00 | Comparable sale | $20,266.00 |
| 47.3. **2008 Ford F-250 - approx. mileage 97,949 (rebuilt salvage vehicle)** | $0.00 | Comparable sale | $1,500.00 |

**48.** Watercraft, trailers, motors, and related accessories *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

**49.** Aircraft and accessories

**50.** Other machinery, fixtures, and equipment (excluding farm machinery and equipment)

**51.** Total of Part 8.

Add lines 47 through 50. Copy the total to line 87.

| | |
|---|---|
| | **$71,766.00** |

**52.** Is a depreciation schedule available for any of the property listed in Part 8?

■ No

☐ Yes

**53.** Has any of the property listed in Part 8 been appraised by a professional within the last year?

■ No

☐ Yes

---

| Part 9: | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

■ No. Go to Part 10.

☐ Yes Fill in the information below.

---

| Part 10: | **Intangibles and intellectual property** |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.

☐ Yes Fill in the information below.

---

| Part 11: | **All other assets** |
|---|---|

Official Form 206A/B      Schedule A/B Assets - Real and Personal Property      page 4

Case 24-02007-swe   Doc 300-1   Filed 11/10/25   Entered 11/10/25 15:33:58   Desc
Summary Judgment Evidence (Dates #s 2B 001-2B 085)   Page 70 of 85

Case 23-50096-swe12   Doc 63   Filed 08/30/23   Entered 08/30/23 17:13:03   Desc Main
Document      Page 6 of 10

Debtor  **2B Farms, a Texas General Partnership**                    Case number *(if known)* **23-50096**
      Name

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

■ Yes Fill in the information below.

|                                                                                 | Current value of debtor's interest |
|---------------------------------------------------------------------------------|------------------------------------|
| 71. **Notes receivable**<br>Description (include name of obligor)               |                                    |
| 72. **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) |                    |
| 73. **Interests in insurance policies or annuities**                            |                                    |

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**
    **Counterclaims against in pending in the case of First Bank & Trust vs. 2B Farms, a Texas General Partnership, Terry Robinson and Rebecca Robinson; DC-2023-CV-0565; in the 72nd District Court of Lubbock County, Texas**                                                                  **Unknown**

| Nature of claim | civil |
|-----------------|-------|
| Amount requested | $0.00 |

**Agister's lien claim against First Bank & Trust for the care and feeding of the following catter:**
**25 cow/calf pairs sold on May 24, 2023 for $83,500**
**20 cow/calf pairs sold on May 31, 2023 for $60,000**                                                  **$6,750.00**

| Nature of claim | Agister's Lien |
|-----------------|----------------|
| Amount requested | $6,750.00 |

**Agister's lien claim against First Bank & Trust for the care and feeding of the following catter:**
**170 hd steers sold on May 16, 2023 for $278,396.05**                                                   **$40,458.60**

| Nature of claim | Agister's Lien |
|-----------------|----------------|
| Amount requested | $40,458.60 |

**Claims against 7M Cattle Feeders, Inc., McClain Farms, Inc., McClain Feed Yard, Inc., the Estate of Bryan McClain, deceased, Rabo AgriFinance, LLC, and/or Mechanic's Bank for fraudulent cattle sales/dishonored checks and all other damages related thereto.**                                                           **Unknown**

| Nature of claim | Tort and breach of contract claims |
|-----------------|-------------------------------------|
| Amount requested | $0.00 |

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 5

Case 24-02007-swe2   Doc 300-1   Filed 11/10/25   Entered 11/10/25 15:33:58   Desc
Summary Judgment Evidence (Bates #'s 2B 001 - 2B 085)   Page 71 of 85

Case 23-50096-swe12   Doc 63-1   Filed 08/30/23   Entered 08/30/23 17:13:03   Desc Main
Document   Page 7 of 10

Debtor   **2B Farms, a Texas General Partnership**   Case number *(if known)* **23-50096**
_____
Name

78.   **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | |
|---|---|
| | $47,208.60 |

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No

☐ Yes

Debtor    **2B Farms, a Texas General Partnership**                    Case number *(If known)* **23-50096**
          Name

| **Part 12:** | **Summary** |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $8,716.20 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $7,664,725.86 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $1,723,850.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $71,766.00 | |
| 88. **Real property.** *Copy line 56, Part 9.......................>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $47,208.60 | |
| 91. **Total.** Add lines 80 through 90 for each column | $9,516,266.66 | + 91b.   $0.00 |

92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92          $9,516,266.66

*Addendum #1*

## EQUIPMENT LIST

| Year | Make/Model | VIN |
|------|-----------|-----|
| | | |
| 1997 | John Deere 8400 MFWD Tractor | xxxxxx3244 |
| 1993 | John Deere 4560 2WD Tractor | xxxxxx1732 |
| 1982 | John Deere 4440 2WD Tractor | xxxxxx863R |
| 1978 | John Deere 4440 2WD Tractor | xxxxxx962R |
| 1997 | New Holland 8970 MFWD Tractor | xxxxxx6574 |
| 2010 | John Deere 4730 Self Propelled Sprayer W/Green Star GPS 2630 Screen | xxxxxx9059 xxxxxx7062 |
| 2015 | Kubota SVL 90-2 Skid Steer | xxxxxx6491 |
| 2001 | Caterpillar 928G Rubber Tire Loader | xxxxxx2173 |
| 2016 | Caterpillar 938M Rubber Tire Loader | xxxxxx2508 |
| 2012 | Caterpillar 120M Road Grader | xxxxxx0249 |
| 2012 | Kenworth Day Cab Truck Single Rear Axle | xxxxxx1072 |
| | EZ Steer GPS Screen Light Bar | xxxxxx0098 xxxxxx5850 |
| | Trimble GPS CFX Screen & Receiver Mod. 94510-00 | xxxxxx0624 |
| 2010 | John Deere 2410 Chisel Plow 27 Shanks | xxxxxx2070 |
| | Big Ox 9 Shank V Ripper Plow | xxxxxx2659 |
| 1999 | John Deere 610 Chisel Plow, 15 Shank, 3 Point | xxxxxx7999 |
| | Great Plains 6330UC-12 Chisel Plow 30 FT | xxxxxx0157 |
| | Summers Mfg. Coil Packer Mod 106 30 Ft. | xxxxxx0273 |
| | John Deere 158 Front Loader w/Forks & Bucket | xxxxxx5266 |
| | KBH 1610 Tank Tow Fertilizer Trailer 5th Wheel Chassis With 1610 Gal. Tank | xxxxxx3722 |
| | Wilson 12 Ft. Box Scraper | xxxxxx4316 |
| | John Deere 1418 Shredder 4 row | xxxxxx1695 |
| | AG Krane Hay King Lift | |
| | Shop Made 500 Gal. Diesel Trailer W/12v Pump | |

2B 073

| 1973 | Lufkin Float Flatbed Trailer W/3 – 1,600 Gal. Poly Tanks | xxxxxx3988 |
|---|---|---|
|  | Big Tex HD Utility Trailer 20 Ft. | xxxxxx6050 |
|  | E Z Trail Mod. 3400 Gravity Grain Cart on 1074 Chassis 4 Wheel W/Hyd. |  |
| 2004 | Gooseneck Brand Big Haul Livestock Trailer, 1 Axle, 42 Ft. | xxxxxx8973 |
| 2007 | Big Bend 24 Ft. Livestock Trailer 2 Axle | xxxxxx0247 |
| 2007 | C & C Horse Trailer 3 Horse W/Living Quarters | xxxxxx3602 |
| 2014 | John Deere 469 Round Baler Mega Wide Plus 4,191 Bales | xxxxxx0109 |
| 2008 | Massey Ferguson 1372 Swather, Heston Series W/Swivel Hitch | xxxxxx6459 |
|  | Supreme Feed Mixer Model 700, Type C-3A | xxxxxx0101 |
|  | Trioliet Feed Mixer Mod. Solo Mix 2-2800 | xxxxxx6520 |
|  | 3 – Shop Made Cattle Self Feeders |  |
|  | Diesel Storage Tank 6,700 Gal. With Pump |  |
|  | Propane Tank 500 Gal. |  |
|  | 1,500 Bushel Grain Bin |  |
| 2003 | Lindsay Grow Smart Center Pivot Irrigation System – 8 Tower | xxxxxx1204 |

2B 074

Case 24-02007-swe Doc 300-1 Filed 11/10/25 Entered 11/10/25 15:33:58 Desc
Summary Judgment Evidence (Bates #s 2B 001 - 2B 085) Page 75 of 85

Case 23-50096-swe12 Doc 22-1 Filed 06/26/23 Entered 06/26/23 15:07:37 Desc Main
Document Page 8 of 17

**Fill in this information to identify the case:**

Debtor name    **2B Farms, a Texas General Partnership**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **23-50096**

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?

    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ■ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A — Amount of claim (Do not deduct the value of collateral.) | Column B — Value of collateral that supports this claim |
|---|---|---|

**2.1**  **HTLF Bank, successor by merger to**
Creditor's Name

**First Bank & Trust**
**4500 College Ave.**
**Snyder, TX 79549**
Creditor's mailing address

Creditor's email address, if known

Date debt was incurred
**11-17-2022**

Last 4 digits of account number

Describe debtor's property that is subject to a lien
**approx. 603 head cattle**
  **- 165 bred heifers**
  **- 231 cows w/ calves (approx. 190)**
  **- 17 bulls**

Describe the lien

Is the creditor an insider or related party?
■ No
☐ Yes
Is anyone else liable on this claim?
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| Amount of claim | Value of collateral |
|---|---|
| **$203,286.88** | **$802,800.00** |

Do multiple creditors have an interest in the same property?
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
■ Contingent
■ Unliquidated
■ Disputed

---

**2.2**  **HTLF Bank, successor by merger to**
Creditor's Name

**First Bank & Trust**
**4500 College Ave.**
**Snyder, TX 79549**
Creditor's mailing address

Creditor's email address, if known

Date debt was incurred
**6-9-2022**

Last 4 digits of account number
**3968**

Describe debtor's property that is subject to a lien
**See attached addendum # 1 for list of equipment. Collateral also includes cattle and feed inventory.**

Describe the lien

Is the creditor an insider or related party?
■ No
☐ Yes
Is anyone else liable on this claim?
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| Amount of claim | Value of collateral |
|---|---|
| **$3,526,032.91** | **$763,550.00** |

Official Form 206D          Schedule D: Creditors Who Have Claims Secured by Property          page 1 of 3

Case 24-02007-swe2 Doc 300-1 Filed 11/10/25 Entered 11/10/25 15:33:58 Desc
Summary Judgment Evidence (Dates #s 2B 001-2B 085) Page 76 of 85

Case 23-50096-swe12 Doc 22-1 Filed 06/26/23 Entered 06/26/23 15:07:37 Desc Main
Document Page 9 of 17

| Debtor | **2B Farms, a Texas General Partnership** | Case number (if known) | **23-50096** |
|---|---|---|---|

Name

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
■ Contingent
■ Unliquidated
■ Disputed

---

**2.3** | **John Deere Financial**
Creditor's Name

**P.O. Box 4450
Carol Stream, IL 60197**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**6/24/2020**
**Last 4 digits of account number**
**9782**

**Describe debtor's property that is subject to a lien**
**2016 Great Plains 3S 4000 Drill (Serial # WHYY2959)**

**Describe the lien**

**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

$22,177.50 | $25,000.00

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.4** | **John Deere Financial**
Creditor's Name

**P.O. Box 4450
Carol Stream, IL 60197**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**6/17/2020**
**Last 4 digits of account number**
**3880**

**Describe debtor's property that is subject to a lien**
**2014 John Deere 8370R Tractor (VIN xxxx3471)**

**Describe the lien**

**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

$90,028.33 | $120,000.00

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.  **$3,841,525.62**

**Part 2:** List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

Official Form 206D | Additional Page of Schedule D: Creditors Who Have Claims Secured by Property | page 2 of 3

**2B 076**

Case 24-02007-swe   Doc 300-1   Filed 11/10/25   Entered 11/10/25 15:33:58   Desc
Summary Judgment Evidence (bates #s 2B 001 - 2B 085)   Page 77 of 85

Case 23-50096-swe12   Doc 22   Filed 06/26/23   Entered 06/26/23 15:07:37   Desc Main
Document      Page 10 of 17

| Debtor | **2B Farms, a Texas General Partnership** | Case number (*if known*) | **23-50096** |
|---|---|---|---|
| | Name | | |

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **C. Dunham Biles**<br>**Steptoe & Johnson, PLLC**<br>**500 North Akard Street, Suite 3200**<br>**Dallas, TX 75201** | Line **2.1** | |
| **C. Dunham Biles**<br>**Steptoe & Johnson, PLLC**<br>**500 North Akard Street, Suite 3200**<br>**Dallas, TX 75201** | Line **2.2** | |
| **John H. Lovell**<br>**Lovell, Lovell, Isern & Farabough, LLP**<br>**112 SW 8th Ave, Suite 1000**<br>**Amarillo, TX 79101** | Line **2.1** | |
| **John H. Lovell**<br>**Lovell, Lovell, Isern & Farabough, LLP**<br>**112 SW 8th Ave, Suite 1000**<br>**Amarillo, TX 79101** | Line **2.2** | |

Official Form 206D       Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**       page 3 of 3

2B 077

Case 24-02007-swe2 Doc 300-1 Filed 11/10/25 Entered 11/10/25 15:33:58 Desc Summary Judgment Evidence (Dates #S 2B 601 - 2B 685) Page 78 of 85

Case 23-50096-swe12 Doc 22-1 Filed 06/26/23 Entered 06/26/23 15:07:37 Desc Main Document Page 11 of 17

**Fill in this information to identify the case:**

Debtor name    **2B Farms, a Texas General Partnership**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **23-50096**

☐ Check if this is an amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1**   Priority creditor's name and mailing address
**Internal Revenue Service**
**P.O. Box 21126**
**Philadelphia, PA 19114**

As of the petition filing date, the claim is:
*Check all that apply.*
■ Contingent
■ Unliquidated
■ Disputed

Total claim **$358,712.00**    Priority amount **$358,712.00**

Date or dates debt was incurred

Basis for the claim:
**2022 Federal Income Tax**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

**Part 2:**   List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

**3.1**   Nonpriority creditor's name and mailing address
**AgriSompo North America**
**P.O. Box 69**
**Wolfforth, TX 79382**

Date(s) debt was incurred __
Last 4 digits of account number __3078__

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **cattle equity insurance**

Is the claim subject to offset? ■ No ☐ Yes

Amount of claim **$34,437.00**

**3.2**   Nonpriority creditor's name and mailing address
**HTLF Bank, successor by merger to First First Bank & Trust**
**4500 College Ave.**
**Snyder, TX 79549**

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
■ Contingent
■ Unliquidated
■ Disputed

Basis for the claim: **Disputed claim on account**

Is the claim subject to offset? ☐ No ■ Yes

Amount of claim **$5,274,498.61**

Case 24-02007-swe2    Doc 300-1    Filed 11/10/25    Entered 11/10/25 15:33:58    Desc
Summary Judgment Evidence (Bates #s 2B 001 - 2B 085)    Page 79 of 85

Case 23-50096-swe12    Doc 22    Filed 06/26/23    Entered 06/26/23 15:07:37    Desc Main
Document    Page 12 of 17

| Debtor | 2B Farms, a Texas General Partnership | Case number (if known) | 23-50096 |
| --- | --- | --- | --- |
| | Name | | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
| --- | --- | --- | --- |

Rabo AgriFinance, LLC
c/o Michael R. Johnson
Ray Quinney & Nebeker, P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

### Part 3: List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
| --- | --- | --- | --- |
| 4.1 | C. Dunham Biles<br>Steptoe & Johnson, PLLC<br>500 North Akard Street, Suite 3200<br>Dallas, TX 75201 | Line __3.2__<br>☐ Not listed. Explain ____ | __ |
| 4.2 | John H. Lovell<br>Lovell, Lovell, Isern & Farabough, LLP<br>112 SW 8th Ave, Suite 1000<br>Amarillo, TX 79101 | Line __3.2__<br>☐ Not listed. Explain ____ | __ |

---

### Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
| --- | --- | --- |
| 5a. Total claims from Part 1 | 5a. | $ 358,712.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 5,308,935.61 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ 5,667,647.61 |

| Fill in this information to identify the case: |
| --- |

Debtor name **2B Farms, a Texas General Partnership**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (If known) **23-50096**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases 12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal* *Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | $7,000/yr. for lease of grazing land for cattle. Due: 1/1/2024 | |
| --- | --- | --- | --- |
| | State the term remaining | | **Denny Family Trust** |
| | List the contract number of any government contract | | **7501 98th Street** **Lubbock, TX 79424** |

| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | $44,490/yr. for lease of grazing land for cattle. Due: 1/1/2024 | |
| --- | --- | --- | --- |
| | State the term remaining | | **Robinson Farms, LP, a Texas Limited Part** |
| | List the contract number of any government contract | | **9397 County Road 3114** **Snyder, TX 79549** |

| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | $4,000/yr. for lease of grazing land for cattle. Due 1/1/2024 | |
| --- | --- | --- | --- |
| | State the term remaining | | **Stirling Farm** **c/o James R. Stirling** |
| | List the contract number of any government contract | | **2700 34th St.** **Snyder, TX 79549** |

| 2.4. | State what the contract or lease is for and the nature of the debtor's interest | $25,960/yr. for lease of grazing land for cattle. Due: 1/1/2024 | |
| --- | --- | --- | --- |
| | State the term remaining | | **Triple K** |
| | List the contract number of any government contract | | **P.O. Box 338** **Post, TX 79356** |

Official Form 206G          Schedule G: Executory Contracts and Unexpired Leases          Page 1 of 2

**2B 080**

Debtor 1 __2B Farms, a Texas General Partnership__                    Case number *(if known)*  __23-50096__
    First Name       Middle Name       Last Name

 **Additional Page if You Have More Contracts or Leases**

### 2. List all contracts and unexpired leases

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | **$2,700/yr. for lease of grazing land for cattle.** <br> **Due: 1/1/2024** |
| --- | --- | --- |

      State the term remaining

      List the contract number of any government contract

**Vickey Speed**
**5512 Bent Tree Dr.**
**Dallas, TX 75248**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **2B Farms, a Texas General Partnership** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF TEXAS |
| Case number (if known) | **23-50096** |

☐ Check if this is an amended filing

## Official Form 206H
# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

Column 1: Codebtor

Column 2: Creditor

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Angela Robinson** | c/o Timothy T. Pridmore/Todd J. Johnston McWhorter, Cobb & Johnson Lubbock, TX 79401 | HTLF Bank, successor by merger to | ■ D  2.1 <br> ☐ E/F ___ <br> ☐ G ___ |
| 2.2 | **Rebecca Robinson** | c/o Timothy T. Pridmore/Todd J. Johnston McWhorter, Cobb & Johnson, LLP Lubbock, TX 79401 | HTLF Bank, successor by merger to First | ☐ D ___ <br> ■ E/F  3.2 <br> ☐ G ___ |
| 2.3 | **Rebecca Robinson** | c/o Timothy T. Pridmore/Todd J. Johnston McWhorter, Cobb & Johnson, LLP 1722 Broadway Lubbock, TX 79401 | HTLF Bank, successor by merger to | ■ D  2.2 <br> ☐ E/F ___ <br> ☐ G ___ |
| 2.4 | **Terry and Rebecca Robinson** | 9397 County Road 3114 Snyder, TX 79549 | Internal Revenue Service | ☐ D ___ <br> ■ E/F  2.1 <br> ☐ G ___ |

Official Form 206H

Schedule H: Your Codebtors

Page 1 of 2

Case 23-50096-swe12   Doc 22-1   Filed 06/26/23   Entered 06/26/23 15:07:37   Desc Main
Document      Page 16 of 17

| Debtor | **2B Farms, a Texas General Partnership** | Case number *(if known)* | **23-50096** |
|---|---|---|---|

▰ **Additional Page to List More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.
Column 1: **Codebtor**                                           Column 2: **Creditor**

| 2.5 | **Terry Robinson** | c/o Timothy T. Pridmore/Todd J. Johnston McWhorter, Cobb & Johnson, LLP 1722 Broadway Lubbock, TX 79401 | **HTLF Bank, successor by merger to** | ▰ D ___2.1___ ☐ E/F _____ ☐ G _____ |
| 2.6 | **Terry Robinson** | c/o Timothy T. Pridmore/Todd J. Johnston McWhorter, Cobb & Johnson, LLP 1722 Broadway Lubbock, TX 79401 | **HTLF Bank, successor by merger to First** | ☐ D _____ ▰ E/F ___3.2___ ☐ G _____ |
| 2.7 | **Terry Robinson** | c/o Timothy T. Pridmore/Todd J. Johnston McWhorter, Cobb & Johnson, LLP 1722 Broadway Lubbock, TX 79401 | **HTLF Bank, successor by merger to** | ▰ D ___2.2___ ☐ E/F _____ ☐ G _____ |

Official Form 206H                 Schedule H: Your Codebtors                 Page 2 of 2

# United States Bankruptcy Court
## Northern District of Texas

In re    **2B Farms, a Texas General Partnership**            Case No.   **23-50096**

                                    Debtor(s)        Chapter    **12**

## DECLARATION FOR ELECTRONIC FILING OF BANKRUPTCY
## PETITION, LISTS, STATEMENTS, AND SCHEDULES

### PART I: DECLARATION OF PETITIONER:

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case. I have read the information provided in the petition, lists, statements, and schedules to be filed electronically in this case and *I hereby declare under penalty of perjury* that the information provided therein, as well as the social security information disclosed in this document, is true and correct. I understand that this Declaration is to be filed with the Bankruptcy Court within 7 days after the petition, lists, statements, and schedules have been filed electronically. I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

■      I hereby further declare under penalty of perjury that I have been authorized to file the petition, lists, statements, and schedules on behalf of the debtor in this case.

Date:   **June 26, 2023**               **/s/ Terry M. Robinson**

                                            **Terry M. Robinson**, General Partner

### PART II: DECLARATION OF ATTORNEY:

I declare *under penalty of perjury* that: (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date:    **June 26, 2023**                       **/s/ Todd J. Johnston**

                                            **Todd J. Johnston 24050837**, Attorney for Debtor
                                            **P.O. Box 2547**
                                            **Lubbock, TX 79408**
                                            **806/762-0214 Fax:806/762-8014**

**2B 084**

## BUSINESS RECORDS AFFIDAVIT
## AND VERIFICATION OF TERRY M. ROBINSON

BEFORE ME, the undersigned authority, on this day personally appeared Terry M. Robinson, General Partner of 2B Farms, a Texas General Partnership, the Affiant, who swore on oath that the following facts are within his personal knowledge and are true and correct:

"1. My name is Terry M. Robinson, I am over 18 years of age, of sound mind, and capable of making this Affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"2. My wife, Rebecca Robinson and I are the general partners of 2B Farms, a Texas General Partnership ("2B Farms") and I am the custodian of records of 2B Farms.

"3. I hereby aver that the following records included in 2B Farms' Appendix in Support of its Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank ("Appendix") are true and correct business records of 2B Farms, are kept in the ordinary course of 2B Farms' business, are within the personal knowledge of the affiant, and are just and true:

| Bates Numbers | Description |
|---|---|
| 2B 001 – 2B 006 | Cattle Purchase Wires Transfer Documentation from 2B Farms' Account and Supporting McClain Feedyard, Inc. Purchase Invoices dated April 4th, 5th, and 6th, 2023 |
| 2B 025 – 2B 033 | Cattle Sale Checks and supporting McClain Feedyard, Inc. Sale Statements dated April 4th, 5th, and 6th, 2023 |

All other items included in the Appendix were either produced by Mechanics Bank as part of its discovery responses to 2B Farms and/or are bankruptcy schedules filed of record in 2B Farms' consolidated bankruptcy proceeding (Case No. 23-50096-swe12).

Terry M. Robinson, General Partner,
2B Farms, a Texas General Partnership, *Affiant*

SUBSCRIBED AND SWORN TO BEFORE ME by the said Terry M. Robinson, General Partner, 2B Farms, a Texas General Partnership, on this the ___16th___ day of November, 2025.

Notary Public, State of Texas

2B 085