Timothy T. Pridmore; SBN: 00788224
Todd J. Johnston; SBN: 24050837
MCWHORTER, COBB & JOHNSON, LLP
1722 Broadway (79401)
P. O. Box 2547
Lubbock, Texas 79408
806/762-0214; 806/762-8014 (fax)
*Attorneys for Debtors/Defendants/Counter-Plaintiffs/Third-Party Plaintiffs 2B Farms, a Texas
General Partnership, Terry M. Robinson, Rebecca A. Robinson and Non-Debtor, Angela
Robinson*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| In re:<br><br>McClain Feed Yard, Inc., et al.,<br><br>Debtors. | § § § § § § | Case No. 23-20084-swe<br>Jointly Administered |
| In re:<br><br>2B Farms, a Texas General Partnership, et al.,<br><br>Debtors. | § § § § § § § | Case No. 23-50096-swe<br>Jointly Administered |
| AgTexas Farm Credit Services, AgTexas,<br>PCA, Thorlakson Diamond T Feeders, LP,<br><br>Plaintiffs,<br><br>Edward Dufurrena, et al.,<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>Rabo AgriFinance, LLC, et al.,<br><br>Defendants. | § § § § § § § § § § § § | Adversary No. 24-02007-swe<br>Consolidated Adversary Proceeding |

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                    Page 1 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

HTLF Bank, as successor to First Bank & Trust,

      Plaintiff, Counter-Defendant, and Cross-Claim Defendant,

v.

2B Farms, a Texas General Partnership, Terry M. Robinson, and Rebecca A. Robinson,

      Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,

v.

Rabo AgriFinance, LLC and Mechanics Bank,

      Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff.

§§§§§§§§§§§§§§§§§§§§§§§§§

Adversary No. 24-02007-swe
Consolidated Adversary Proceeding

HTLF Bank, as successor to First Bank & Trust,

      Plaintiff and Counter-Defendant,

v.

2B Farms, a Texas General Partnership, Terry M. Robinson, and Angela Robinson,

      Defendants and Counter-Plaintiffs.

§§§§§§§§§§§§§

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

Page 2 of 44

**DEBTORS/THIRD-PARTY PLAINTIFFS 2B FARMS, A TEXAS GENERAL
PARTNERSHIP, TERRY M. ROBINSON AND REBECCA A. ROBINSON'S
RESPONSE TO THIRD-PARTY DEFENDANT RABO AGRIFINANACE, LLC'S
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED THIRD-PARTY
COMPLAINT**

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 3 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

# TABLE OF CONTENTS

Page

I. Introduction ..................................................................................................................8

II. Argument.....................................................................................................................10

   A. 2B Farms Adequately Pled Its Fraud & Conversion Claims Against Rabo (Count 1)......11

   B. 2B Fraud Claim Does Allege Facts of Rabo's Knowing Participation in A Fraudulent
      Scheme (Count 6) ...................................................................................................15

   C. 2B Farms Satisfied Its Pleading Burden For Civil Conspiracy (Count 7).........................16

   D. 2B Farms Met Its Pleading Burden For Tortious Interference (Count 5).........................18

   E. 2B Farms Has Met Its Pleading Requirements As To Its Aiding and Abetting (Knowingly
      Participating) in Breach of Fiduciary Claim (Count 8) ....................................................23

   F. 2B Farms Has Adequately Identified The Fraudulent Transfers Pled With Particularity
      (Counts 4 and 9).........................................................................................................24

        i.     The Cattle Sale Checks..............................................................................24

        ii.    Cattle Purchase Wires ...........................................................................25

            a.   2B Farms Has Adequately Pled Facts in Support of Its Fraudulent Transfer
                Claims Under 11 U.S.C. § 548(a)(1)(B) for the Cattle Purchase Wires...............27

            b.   2B Farms Has Adequately Plead Facts in Support of Its Fraudulent Transfer
                Claims Under §§ 24.005(a)(2)(B), 24.005(a)(2)(B) and 24.006(b) of TUFTA for
                the Cattle Purchase Wires On April 4th, 5th, and 6th, 2023 During the Period the
                Mechanics Bank Has Control of the McClain Accounts .....................................28

   G. 2B Farms' Responses to Rabo's General Arguments Regarding Counts 9 and 10..........31

   H. 2B Farms' Objection to and Disallowance of Rabo's Proof of Claim Pursuant to 11
      U.S.C. §502(D) and (J) (Count 11)................................................................................34

   I. 2B Farms Met Its Pleading Burden for Negligent Undertaking (Count 3).......................34

   J. 2B Farms Has Standing to Assert Its Claim Against Rabo That Do Not Belong to the
      McClain Trustee........................................................................................................36

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*             Page 4 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

a.  The Court has Already Ruled in Favor of 2B Farms on the Issue of Its Standing to Assert is Claim vis-à-vis the Trustee ....................................................................40

b.  Standing to Pursue the Claims Now Pled Was Previously Addressed in 2B Farms' Favor Per the Court's Plan Confirmation Order Entered on December 15, 2023, [Dkt. No. 124] in 2B Farms' Bankruptcy Proceeding ...........................................38

c.  2B Farms is Asserting Direct and Personal Injury Claims Against Rabo That Is Not Dependent Upon Any Generalized Injury to the McClain Estate, and, Therefore, It Has Standing to Pursue These Claims ...............................................36

III. Conclusion and Prayer ...........................................................................................42

Re: *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                    Page 5 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

# INDEX OF AUTHORITIES

Page(s)

Other Authorities

*Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719 (5th Cir. 2003)........................17

*Delta Fuel Co., Inc. v. Taylor*, 2019 WL 13159879 (W.D. Tex. Mar. 22, 2019)........................11

*Ibe v. Jones*, 836 F.3d 516 (5th Cir. 2016) ................................................................10

*In re MortgageAmerica*, 714 F.2d 1266 (5th Cir. 1983) ........................................................40

*In re MPF Holdings US LLC,* 701 F.3d 449 (5th Cir. 2012)........................................38

*In re Schimmelpenninck,* 183 F.3d 347 (5th Cir. 1999).............................................37

*In re S.I. Acquisition, Inc.,* 817 F.2d 1142 (5th Cir. 1987) ............................................40

*In re SMTC Manufacturing of Texas,* 421 B.R. 251 (Bankr. W.D. Tex. 2009)...........................30

*In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008) ................................38

*Liquidation Trust of Lilis Energy, Inc. v. Ormand*, 2023 WL 3006699
(S.D. Tex. Apr. 19, 2023) ...............................................................................39

*Matter of Educators Group Health Trust*, 25 F.3d 1281 (5th Cir. 1994) .....................................40

*Matter of Life Partners Holdings*, 926 F.3d 103 (5th Cir. 2019) ................................29

*Mr. W Fireworks, Inc. v. NRZ Investment Group, LLC*, 677 S.W.3d 11 (Tex. App. 2023)..........18

*Nall v. Plunkett*, 404 S.W.3d 552 (Tex. 2013)...............................................................34

*Pirie v. Chicago Title & Tr. Co.*, 182 U.S. 438 (1901)...............................................26

*Reagor Auto Mall, Ltd. v. FirstCapital Bank, N.A.*, 2020 WL 4939180
(Bankr. N.D. Tex. Aug. 24, 2020) .................................................................26

*Torrington Co. v. Stutzman*, 46 S.W.3d 829 (Tex. 2000)................................................36

Statutes

11 U.S.C. § 101(54)(D)..............................................................................26

11 U.S.C. § 544(b) ....................................................................................37,38

11 U.S.C. § 548(a)(1)(B) ...................................................................... 10, 24, 27-28

Tex. Bus. & Com. Code § 24.005(a)(2)(A) ...............................................28,29,30

Tex. Bus. & Com. Code § 24.006(a) ......................................................... 30-31

Tex. Bus. & Com. Code § 24.006(b) .........................................................31

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 6 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

Rules

Fed. R. Bankr. P. 7012(b) ...................................................................................................10

Fed. R. Civ. P. 12(b)(6)......................................................................................................10

Fed. R. Civ. P. 8(a)(2).....................................................................................................24, 27

Fed. R. Civ. P. 9(b) ...........................................................................................................26

Other Authorities

H.R. REP. No. 95-595, 95th Cong., 1st Sess. 314 (1977) ..............................................26

Restatement (Second) of Torts § 323..............................................................................36

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                    Page 7 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

TO THE HONORABLE JUDGE OF SAID COURT:

Debtors/Third-Party Plaintiffs 2B Farms, a Texas General Partnership, Terry M. Robinson and Rebecca A. Robinson (collectively, "2B Farms", "Plaintiffs" or "Debtors") submit this response ("Response") to Third-Party Defendant Rabo AgriFinance LLC's ("Rabo") *Motion to Dismiss Third Amended Third-Party Complaint* [Adv. Dkt. No. 262] and *Brief in Support* [Adv. Dkt. No. 263] (collectively, the "Motion").

## I.
## INTRODUCTION

1.     2B Farms, a Texas General Partnership, Terry M. Robinson and Rebecca A Robinson are a small family cattle ranching outfit located outside of Snyder, Texas.  Debtors filed for Chapter 12 bankruptcy on May 31, 2023 as a direct result of the collapse of the McClain fraudulent cattle scheme and their primary lender's, HTLF Bank, immediate and aggressive collection actions and lawsuit instigated against them as a result of the McClain matter.  The Debtors are currently operating under a confirmed Chapter 12 Plan of Reorganization under consolidated bankruptcy case # 23-50096-swe12, in the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division.

2.     On August 18, 2025, 2B Farms filed its *Third Amended Third-Party and Consolidated Complaint* [Adv. Case No. 24-02007, Dkt. No 205].  Prior thereto, on March 29, 2024, 2B Farms filed its *Amended Third-Party Complaint Against Rabo AgriFinance, LLC and Mechanics Bank* [Adv. Case No. 23-05002, Dkt. No. 48].   Moreover, we want to advise the Court that Mechanics Bank filed a *Motion for Protective Order and Stay of Discovery Pending Ruling on Motion to Dismiss* [Adv. Case No. 24-02007, Dkt. No. 37] to prohibit any discovery by Plaintiffs as to this pleading, and the Court previously found:

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 8 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

Mechanics Bank argues that the plaintiffs' complaint "is the quintessential case in which the Court should exercise its discretion to stay discovery while a motion to dismiss is pending…." ECF No. 375 (emphasis added). Mechanics Bank refers specifically to the fraud charges made by plaintiffs and submits plaintiff "2B Farms has fallen far, far short of meeting its pleading burden" and that the stringent pleading requirements under Rule 9 of the Federal Rules for an allegation of fraud warrants the stay—plaintiff must first pass the threshold requirement to plead "with particularity the circumstances constituting fraud" before it engages in discovery as a means to find the circumstances of the alleged fraud. Fed. R. Civ. P. 9. . . .

The Court has made a thorough review of the 2B Farms's complaint. **The complaint is twenty pages in length with allegations of fact and law that are clearly and cogently presented**. The complaint presents a factual background that describes the formal relationships that existed among the parties—the plaintiffs, defendant Rabo AgriFinance, LLC (Rabo), and defendant Mechanics Bank….

**Upon a review of plaintiffs' complaint, the Court can hardly fathom a pleading that could make the charges any clearer**.

*See Order* entered on January 30, 2025, Adv. Case No. 24-02007. Dkt. No. 92 (emphasis added). While 2B Farms' Complaint was pending at the time of the Court's review pursuant to this Order, 2B Farms' allegations of fact and law have only been further refined and pled with even greater specificity in its Third Amended Complaint that is the subject of Rabo's Motion to Dismiss.

3.       In addition to the state law claims the cattle ranchers and producers, including 2B Farms, have asserted, 2B Farms, as a Debtor currently in Chapter 12 Bankruptcy, has also asserted in its Third Amended Complaint certain fraudulent transfer claims available to it under the Bankruptcy Code as well as under the Texas Uniform Fraudulent Transfer Act ("TUFTA") against Rabo.  These fraudulent transfer claims are related to certain transfers of the Debtor's assets to McClain's account at Mechanics Bank in April 2023 and potentially to Rabo thereafter as an immediate or mediate transferee, **immediately prior to** the collapse of the McClain Scheme, during a period when McClain was no longer in control of these accounts.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 9 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

4.      Just as Judge Jones previously found that the prior iteration of 2B Farms'
Complaint contained *"allegations of fact and law that are clearly and cogently presented"* and
that *"the Court can hardly fathom a pleading that could make the charges any clearer" (See
Order*, Adv. Case No. 24-02007, Dkt. No. 92, p. 4 and 6)*,* the Court here should also now deny
Rabo's Motion because it fails to provide any legitimate basis to dismiss 2B Farms' claims.
First, 2B Farms has adequately pled its "intentional" claims: fraud, conversion, aiding and
abetting, civil conspiracy, tortious interference, aiding and abetting breach of fiduciary duty,
fraudulent transfers under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). Second, 2B
Farms' has adequately pled its negligent undertaking claim for Rabo's knowing participation in
the McClain Scheme during a period when it was in control of the McClain Accounts while 2B
Farms transactions (cattle purchase wires and cattle sales check negotiation) were taking place.
Lastly, 2B Farms' bankruptcy has adequately identified the transfers that are the subject of its
fraudulent transfer claims asserted against Rabo under Section 548(a)(1)(B) of the Bankruptcy
Code and under TUFTA and pled detailed facts in support of same.  These claims do not belong
to the McClain Trustee as the transactions at issue occurred when Mechanics Bank and/or Rabo
had control of the McClain Accounts, and, as such, Rabo's standing argument fails for this
reason and others.

## II.
## <u>ARGUMENT</u>

5.      Rule 12(b)(6) of the Federal Rules of Civil Procedure applies to adversary
proceedings pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure. *See* Fed.
Bank. R. 7012(b). "To survive a motion to dismiss, a complaint must contain sufficient factual
matter, **accepted as true, to 'state a claim to relief that is plausible on its face.**" *Ibe v. Jones*,

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 10 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

836 F.3d 516, 524 (5th Cir. 2016) (emphasis added). In conducting this analysis, **courts must "accept [] all well-pleaded facts as true and view [] those facts in the light most favorable to the plaintiff." *Id*.** Moreover, "a plaintiff need not detail in [its] complaint *every* fact on which they may eventually rely to prove their claim." *Delta Fuel Co., Inc. v. Taylor*, No. MO:18-CV-00184-DC, 2019 WL 13159879, at *5 (W.D. Tex. Mar.22, 2019) (emphasis added) (internal quotation marks omitted). 2B Farms refers to and incorporates by reference herein its Amended Third-Party Complaint [Adv. Dkt No. 56]. The facts, allegations and claims made therein clearly warrant the denial Rabo's Motion. Notwithstanding, 2B Farms hereby responds below to each issue raised in the Motion.

### A. 2B FARMS ADEQUATELY PLED ITS FRAUD AND CONVERSION CLAIMS AGAINST RABO (COUNT 1).

6.      In Count One of the 2B Farms' Third Amended Complaint, 2B Farms alleges Rabo is liable for common law fraud and/or conversion in its dealings with 2B Farms and its funds. In its Third Amended Complaint, 2B Farms clearly states a viable claim for both fraud and conversion against Rabo. Specifically, 2B Farms alleges that Rabo and Mechanics Bank maintained three (3) separate accounts at Mechanics Bank (the "McClain Accounts") for the McClain Entities: one for 7M Cattle Feeders, Inc.; one for McClain Farms, Inc.; and one for McClain Feedyards, Inc. (collectively, the "McClain Entities") (Third Amended Complaint at ¶¶ 62). In the months leading up to the fall of the McClain Scheme, a substantial volume of funds, **totaling hundreds of millions of dollars**, flowed in and out of all three (3) McClain Accounts (Third Amended Complaint at ¶¶ 62). Rabo and Mechanics Bank's internal communications, approvals of massive overdrafts, and documentation of suspicious transactions undeniably

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                     Page 11 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

demonstrate that they had full knowledge of McClain's massive fraud, insolvency, and financial

misconduct, yet deliberately chose to allow it to continue to protect their own economic interest

(Third Amended Complaint at ¶¶ 65).   In fact, in February 2023, Michelle Stockett, Sr. AFCID

Collateral Inspector <u>for Rabo</u>, uncovered a stark reality: only around 8,000 cattle were present

(as opposed to 80,000 claimed) at the two facilities in Texas. Stockett testified that she

immediately advised Rabo of her findings and many meetings followed with senior Rabo

officials.   Furthermore, the inspection and subsequent inspection report dated March 10, 2023,

revealed and confirmed that McClain did not even own the cattle in his yards; therefore, they

were not financed by Rabo and were not subject to its security interest. Rather, third-party feed

yard customers, like 2B Farms, owned the cattle that were actually present—not McClain.

Michelle Stockett's report to Rabo (the "<u>Stockett Report</u>") states:

> **"This is basically a worst-case scenario" and a "Possible Fraud Case.**
> **Recommendation to downgrade immediately and take control of cattle as**
> **soon as possible due to concerns related to cattle being owned by other**
> **parties."**

(Third Amended Complaint at ¶¶ 31-33; *see also* Exhibit "A" to same).   Stockett even details

McClain's fraudulent transactions committed against 2B Farms in her report to Rabo giving it

actual knowledge that 2B Farms' funds were involved (". . . Inspector does understand that

McClain's business model is moving cattle and making deals, but in the case of Bo Robinson

[2B Farms], he is not a Client that McClain mentioned as a 'deal' client when Inspection Team

was onsite.   Typically in these types of deals, you do not see a customer price the cattle back on

the same day they are bought." (Third Amended Complaint, Exhibit "A", RAF/AT Subpoena

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                      Page 12 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

Response 001585)(emphasis added).   The Stockett Report even took snapshot pictures of 2B

Farms' cattle and banking records and put them in the report.  *Id.*

7.      Despite their actual knowledge of McClain's fraudulent scheme per the Stockett

Report referenced above and their own internal investigation, Rabo, along with Mechanics Bank

began the process of exercising direct control over the McClain Accounts pursuant to the three

(3) certain Deposit Account Control Agreements ("DACA") dated March 23, 2023 (Third

Amended Complaint at ¶¶ 72), and this was a few weeks before the transactions with 2B Farms

that occurred on April 4th, 5th, and 6th, 2023. The bank statements provided by Mechanics Bank

also prominently display the designation: "Rabo AgriFinance Powered by Mechanics Bank,"

signifying the collaborative and interactive nature of the financial arrangements between the two

banks (Third Amended Complaint at ¶¶ 61).

8.      As of early April 2023, the McClain Entities' bank accounts reached a deposit

amount in excess of $46,427,453.74 (Third Amended Complaint at ¶¶ 75).  Rabo attempted to

freeze the accounts at this point, but not before it had exercised control over the accounts to the

detriment of 2B Farms by knowingly and wrongfully permitting and accepting transfers of 2B

Farms' funds into the McClain Accounts, including three (3) wires totaling $7,458,956.92 on

April 4th, 5th and 6th, 2023, but, at the same time, preventing McClain checks given to 2B Farms

from clearing the McClain Accounts during this exact same time period, totaling $7,601,318.86

(Third Amended Complaint at ¶¶ 74). And further, that it did so during a time period that Rabo

had actual or constructive knowledge of McClain's Scheme. *Id.*

9.      2B Farms further alleges in its Third Amended Complaint that Rabo had prior

knowledge, or should have known, that the McClain Entities were operating a fraudulent

scheme/check-kiting scheme through the McClain Accounts.  That Rabo had both actual and

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 13 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

constructive knowledge of the McClain Scheme based upon the sheer volume and number of transactions, parties and the amount of those transactions going through the McClain Entities' bank accounts cannot be denied. Applicable banking industry standards required Rabo to review these transactions to detect illicit activity (Third Amended Complaint at ¶¶ 129).  But, at the very least, Rabo was aware of the cattle inspection Stockett Report conducted by Rabo's inspector, Michelle Stockett, in February 2023, expressly exposing the McClain Entities' fraud (Third Amended Complaint at ¶¶ 70; *see also* Exhibit "A" to same) and even detailing McClain's fraudulent transactions he was committing against 2B Farms.  It even entered into a DACA agreement for each of the three accounts in March 2023 because of said fraudulent scheme (Third Amended Complaint at ¶¶ 72).   The DACA agreements and inspection report were further attached to 2B Farms' Third Amended Complaint as were communications between Rabo and Mechanics Bank executives about these exact issues (see below paragraphs). But still, Rabo chose not to report nor disclose said fraudulent activity to the detriment of 2B Farms and others, and chose to try and protect its own financial interests by allowing cash deposits to be made into the McClain Accounts, but directing no withdrawals payments be made from same.

10.     Based upon the above, 2B Farms contends that it sufficiently pled, with specificity, facts establishing 'the who, what, when, where, and how' of Rabo's fraud and conversion in this matter both as it relates to 2B Farms' transactions involving the McClain Accounts in April 2023, and prior to this time frame. Furthermore, 2B Farms has pled that Rabo and Mechanics Bank, as the financial institutions exercising direct control over 2B Farms' funds by accepting its wires into the McClain Accounts in early April 2023, but at the same time,

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                    Page 14 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

denying the negotiation of 2B Farms' cattle proceed checks as the basis for its fraud and conversion claims against Rabo.  As such, the Motion should be denied.

**B. 2B FARMS FRAUD CLAIM DOES ALLEGE FACTS OF RABO'S KNOWING PARTICIPATION IN A FRAUDULENT SCHEME (COUNT 6).**

11.    Rabo states in its Motion that "***Plaintiffs' claim 'hinges on [Rabo's] knowledge of [McClain's] alleged fraud' and, consequently, Rabo's 'knowing participation in [that] fraudulent scheme'***". *See* Motion at I(C) at. p. 7.    Rabo further states that allegations that it acted with "willful blindness" are not enough. *Terry v. Tex. Partners Bank (In re Chris Pettit & Assocs., P.C.)*, 670 B.R. 602, 628–29 (W.D. Tex. 2025). *Id.*

12.    2B Farms clearly alleges facts that Rabo <u>knew</u> of McClain's fraud and participated to the extent to cover its own potential loses on its loans to McClain at the expense of 2B Farms.  Again in February 2023, Michelle Stockett, Sr. AFCID Collateral Inspector for Rabo, uncovered McClain's fraudulent cattle scheme and reported it to Rabo:

> **"This is basically a worst-case scenario" and a "Possible Fraud Case. Recommendation to downgrade immediately and take control of cattle as soon as possible due to concerns related to cattle being owned by other parties."**

(Third Amended Complaint at ¶¶ 31-33).

13.    Stockett testified that she immediately called senior bank representatives at Rabo and multiple meetings occurred shortly thereafter to discuss the fraud.  However, despite knowing that McClain was perpetrating a fraudulent scheme as shown by the Stockett Report, "Rabo took rapid action to protect its **own** interests and allowed the fraud to continue to the extreme personal detriment of Plaintiffs' funds and cattle. Rabo (1) presented a Forbearance

Re: *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 15 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

Agreement to McClain to keep the operation afloat; (2) then – after taking control of McClain – installed its own "fixer" to serve as the Chief Restructuring Officer; (3) Rabo, Mechanics and McClain then signed three (3) new DACA Agreements for each of the three (3) bank accounts at Mechanics and (4) in early April of 2023, Rabo and Mechanics Bank coordinated the freezing of the McClain Accounts at Mechanics Bank as to all withdrawals, but continued to allow and accept deposits of funds into the accounts of innocent ranchers and producers, such as 2B Farms, who did not know of McClain's fraudulent scheme, unlike Rabo and Mechanics Bank at the time.  (Third Amended Complaint at ¶¶ 33, 75)

14.     Based upon the above and referenced direct evidence, 2B Farms has alleged facts showing that Rabo knew of McClain's Scheme, including his transactions specifically with 2B Farms as detailed in the Stockett Report, and, nonetheless, knowingly acted in furtherance of McClain's fraud by keeping the McClain Accounts open to deposits (i.e. 2B Farms' Cattle Purchase Wire transfers) in early April 2023, but, at the same time, stopping all withdrawals from the account (i.e. 2B Farms' Cattle Sale Checks), and therefore states a claim to relief. Rabo's Motion as to this claim should be denied.

### C.  2B Farms Satisfied its Pleading Burden for Civil Conspiracy (Count 7).

15.     Rabo contends that 2B Farms' civil conspiracy claim similarly fails because 2B Farms allegedly failed to adequately plead this cause of action.    2B Farms contends that it sufficiently pled, with specificity, facts establishing the five elements necessary to prove a conspiracy and that Rabo and Mechanics Bank intended to protect themselves to the detriment of 2B Farms with unlawful acts causing damage to 2B Farms, as well as "the who, what, when,

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                        Page 16 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

where, and how" of Rabo's fraud and other tort claims pled by 2B Farms in this matter both as it

relates to the transactions involving 2B Farms in April 2023, and also prior to this time frame.

*Benchmark Electronics, Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

16.     In particular and as stated in the immediately preceding section, 2B Farms pled

that despite Rabo's direct and actual knowledge of the February Stockett Cattle Inspection

Report where fraudulent acts were discussed (**including details in the report of specific**

**transactions involving 2B Farms**), Rabo did not shut down the McClain Entities' operation or

inform any others of the massive McClain Scheme, including 2B Farms. Instead, Rabo allowed

the McClain Entities to continue operations and cause damage to parties such as 2B Farms,

including interfering with contracts between McClain and 2B Farms. This decision was

intentional to 2B Farms' detriment. Indeed, Rabo knew that it had invested roughly $50 million

in the McClain Entities' Scheme, which enabled the Scheme to grow exponentially. Yet, Rabo

elected to act and protect its own interest and those of McClain by continuing to allow 2B Farms

and others to deposit millions of dollars in the McClain Accounts while, at the same time,

preventing payments from being made to 2B Farms on checks written on the McClain Accounts

(Third Amended Complaint at ¶¶ 73-74). Additionally, and/or in the alternative and based on

information and belief, Defendants Rabo and Mechanics Bank, and their agents or employees,

had an agreement with and/or understanding among them to commit and to cover up the wrongs

and damages inflicted on Plaintiffs.  On April 5, 2023, instead of simply freezing the McClain

Account as to all deposits and withdrawals when it was known that a crime was being

committed, Rabo instead advised Mechanics Bank to only freeze the accounts as to any

"withdrawals, draws, transfers" <u>BUT</u> that it may "allow additional items or funds to be deposited

in the accounts".  Per Rabo's instruction letter dated April 5, 2023, and its pre-arranged,

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 17 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

orchestrated scheme with Mechanics Bank, Rabo ordered the following, to which Mechanics Bank

agreed and complied:

> As a result of those Events of Default, and pursuant to paragraph 5(a) of each of
> the DACAs, DEPOSIT BANK IS HEREY INSTRUCTED TO IMMEDIATELY
> FREEZE THE ACCOUNTS. DEPOSIT BANK MAY ALLOW ADDITIONAL
> ITEMS OR FUNDS TO BE DEPOSITED INTO THE ACCOUNTS, BUT
> DEPOSIT BANK IS HEREBY INSTRUCTED TO PRECLUDE ANY
> WITHDRAWALS, DRAWS, TRANSFERS FROM OR OTHER
> DISPOSITIONS OF ANY FUNDS OR PROPERTY IN ANY OF THE
> ACCOUNTS, WITH THE FUTHER WRITTEN AUTHORIZATION OF
> LENDER.

*See* Third Amended Complaint, Exhibit "D", Rabo's Account Instruction Letter dated April 5,

2023, p. 1-2. To this end, said Defendants and their agents, employees and/or representatives had

a meeting of the minds and committed unlawful and overt acts and/or lawful acts committed for

an unlawful purpose which proximately caused further and additional damages to 2B Farms.

Therefore, said Defendants and their agents, employees and/or representatives are directly and

vicariously liable for the actions of each other in furtherance of this conspiracy.

17.    As such, the pleadings requirements were met, and this portion of the Motion

should be denied.

### D.  2B FARMS MET ITS PLEADING BURDEN FOR TORTIOUS INTERFERENCE (COUNT 5).

18.    Rabo states the following in its Motion: "The elements of tortious interference

with an existing contract are: (1) an existing contract subject to interference, (2) a willful and

intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury,

and (4) caused actual damages or loss. In evaluating a claim for tortious interference with a

contract, a threshold question is whether the contract itself was 'subject to the alleged

interference.'" *Mr. W Fireworks, Inc. v. NRZ Inv. Grp., LLC*, 677 S.W.3d 11, 26 (Tex. Ct. App.

2023). *See* Motion at I(E) at. p. 9.  Plaintiff has plead that it entered into valid contracts with

Re: *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                                 Page 18 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

McClain for the purchase and sale of cattle. Specific documentation and details of the specific cattle purchased and sold by 2B Farms on April 4th, 5th and 6th, 2023, are shown by Exhibits "F-1", "F-2" and "F-3" and Exhibits "G-1", "G-2" and "G-3" are attached to the Third Amended Complaint and incorporated herein by reference.   Rabo interfered with these contracts by accepting 2B Farms' wires to purchase cattle during a period when had taken steps to freeze the McClain Accounts, but yet, at the same time, prevented the payment of checks McClain had presented to 2B Farms on the sale of its cattle.   *Id.*   Rabo's own counsel sent the letter below to Mechanics Bank detailing the coordinated effort between the bank:

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                    Page 19 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}



April 5, 2023

## VIA EMAIL, FEDERAL EXPRESS AND REGULAR MAIL

Jamie Rabitin
Senior Vice President/Director of Commercial Servicing
MECHANICS BANK
18400 Von Karman Ave.
Irvine, CA 92612
Email: jamie_rabitin@mechanicsbank.com

Michael R. Johnson
ATTORNEY AT LAW

PO Box 45385
Salt Lake City, Utah
84145-0385

36 South State Street
Suite 1400
Salt Lake City, Utah
84111

801 532-1500 FIRM
801 323-3363 DIRECT
801 532-7543 FAX
mjohnson@rqn.com
www.rqn.com

Re:  *Rabo AgriFinance LLC ("**RAF**" or "**Lender**"); (A) Deposit Account Control Agreement Between Lender, Mechanics Bank ("**Deposit Bank**") and McClain Farms, Inc. ("MFI Debtor") Regarding Account⬛⬛⬛⬛3070 ("MFI Account"), (B) Deposit Account Control Agreement Between Lender, Deposit Bank and 7M Cattle Feeders, Inc. ("7M Debtor") Regarding Account⬛⬛⬛⬛0423 ("7M Account"), (C) Deposit Account Control Agreement Between Lender, Deposit Bank and McClain Feed Yard, Inc. ("MFY Debtor") Regarding Account ⬛⬛⬛0197 ("MFY Account"); WRITTEN INSTRUCTIONS TO FREEZE MFI ACCOUNT, 7M ACCOUNT AMD MFY ACCOUNT, AND TO PREVENT ITEMS FROM BEING WITHDRAWN OR PAID FROM THE MFI ACCOUNT, 7M ACCOUNT AND MFY ACCOUNT*

Dear Ms. Rabitin:

This law firm represents RAF with respect to the above-referenced Deposit Account Control Agreements (the "**DACAs**") between Lender, Deposit Bank and each of MFI Debtor (with respect to the MFI Account), 7M Debtor (with respect to the 7M Account) and MFY Debtor (with respect to the MFY Account). The MFI Account, 7M Account and MFY Account are collectively referred to herein as the "**Accounts.**"

On behalf of RAF, written notice is hereby provided to Deposit Bank that one or more Events of Default have occurred and are ongoing under the loan and security agreements that exist between Lender and each of MFI Debtor, 7M Debtor and MFY Debtor (collectively, the "**Debtors**").

As a result of those Events of Default, and pursuant to paragraph 5(a) of each of the DACAs, **DEPOSIT BANK IS HEREBY INSTRUCTED TO IMMEDIATELY FREEZE THE ACCOUNTS. DEPOSIT BANK MAY**

A PROFESSIONAL CORPORATION

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                    Page 20 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

RAF/McClain/Mechanics Bank
April 5, 2023
Page 2

**ALLOW ADDITIONAL ITEMS OR FUNDS TO BE DEPOSITED INTO THE ACCOUNTS, BUT DEPOSIT BANK IS HEREBY INSTRUCTED TO PRECLUDE ANY WITHDRAWALS, DRAWS, TRANSFERS FROM OR OTHER DISPOSITIONS OF ANY FUNDS OR PROPERTY IN ANY OF THE ACCOUNTS, WITHOUT THE FURTHER WRITTEN AUTHORIZATION OF LENDER.**

Additionally, and unless contrary written instructions are provided to Deposit Bank at a later date by an authorized representative of Lender, Lender hereby requests that Deposit Bank remit to Lender all funds currently on deposit in the Accounts, as well as all funds that are subsequently deposited into or that otherwise become available in the Accounts. Lender hereby authorizes Deposit Bank to deduct its standard wire/transfer fees as part of any transfer of funds from the Accounts to Lender. Lender's payment instructions are as follows:

### LENDER'S WIRE INSTRUCTIONS

Correspondent Bank: US Bank
#1 US Bank Plaza
St. Louis, MO 63101
ABA Routing Number: ███████
For credit to: Rabo Agrifinance, Inc.
Account Number ██████████
For further credit to: "Rabo Agrifinance, Inc. Obligation #████████
McClain Farms, Inc."
Contact Servicing Department
(314) 317-8000

### OVERNIGHT SERVICE DELIVERY

Overnight packages should be delivered to:
Rabo Agrifinance, Inc.
Attn: Servicing Department
14767 N Outer 40 Road
Suite 400
St. Louis, MO 63017
(314) 317-8000

Finally, Lender hereby requests that Deposit Bank provide Lender with online, "read only" access to the Accounts so that Lender can monitor the activity in the Accounts.

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                    Page 21 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

RAF/McClain/Mechanics Bank
April 5, 2023
Page 3

     If you would like to discuss this matter further, please contact me by phone at (801) 323-3363 or by email at mjohnson@rqn.com. You also may contact Jeff Hanson, Vice-President and Senior Financial Restructuring Manager for Lender. Mr. Hanson's telephone number is (763) 244-7651, and his email address is jeff.hanson@rabo.com.

     Please advise if this letter needs to be sent to any other authorized representatives of Mechanics Bank.

     Thank you for your urgent attention to this matter.

     Sincerely,

     RAY QUINNEY & NEBEKER P.C.

     Michael R. Johnson

MRJ/mj

cc:  Brian Keith McClain, Authorized Representative for MFI Debtor, 7M
    Debtor and MFY Debtor (mcclainfarms@gmail.com)
    Jeff Hanson (via email only)
    Linda Kobliska (via email only)
    Kurt Leistikow, Esq. (via email only)
    Brad Bakker (via email only)

1634358

*See* Third Amended Complaint, Exhibit "D", which is incorporated by reference herein. But for Rabo knowingly allowing the fraud to continue as to deposits but not as to withdrawals (i.e. 2B Farms' buy/sell cattle contracts with McClain), 2B Farms would not have sustained a direct loss of over $15,000,000 in losses (Third Amended Complaint at ¶¶ 73-74). Each of the elements of this claim have been properly pled and supported, and this intentional act to interfere with 2B Farms' contracts with McClain necessitates denial of Rabo's request for dismissal of this cause

Re: *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*      Page 22 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

of action.

### E. 2B FARMS HAS MET ITS PLEADING REQUIREMENTS AS TO ITS AIDING AND ABETTING (KNOWINGLY PARTICIPATING) IN BREACH OF FIDUCIARY CLAIM (COUNT 8).

19.     2B Farms has specially plead the requirements of Rabo's aiding and abetting McClain's breach of fiduciary duty and, specifically, that it knowingly participated in the breach and/or fraud. 2B Farms incorporated an e-mail dated **<u>February 13, 2023</u>** into its Third Amended Complaint wherein Jamie Rabatin, Senior Vice President of Mechanics Bank, and Chip Lawson, Rabo's Relationship Manager, corresponded regarding the legitimacy of the transactions through the McClain Accounts allegedly involving the buying and selling of cattle ("I don't feel comfortable with what he is doing.  These checks (sic) don't appear to have anything (sic) to do with cattle.") (Third Amended Complaint at ¶¶ 59). 2B Farms has also already referenced for this Court the February 2023 Stockett Report of which Rabo was aware specifically detailing the fraud committed against 2B Farms (Third Amended Complaint, Exhibit "A", RAF/AT Subpoena Response 001585), which eventually led to the placement of the DACAs on March 23, 2023, to which it was a signing party (Third Amended Complaint at ¶¶ 72).   Instead of shutting down the McClain fraudulent cattle buy/sell scheme of which it was aware in early April 2023 by simply freezing the accounts as to all deposits **<u>and</u>** withdrawals, Rabo directed Mechanics Bank to freeze the accounts as to any "withdrawals, draws, transfers" (*i.e.* 2B Farms' Cattle Sales Checks) <u>BUT</u> continued to "allow additional items or funds to be deposited in the accounts" (*i.e.* 2B Farms' Cattle Purchase Wire Transfers).  (Third Amended Complaint at ¶¶ 73).   As shown by the e-mail in Section II(D) above, Rabo knew that McClain was committing fraud on 2B Farms (*See also* Stockett Report) and others, yet let the fraud continue, and in fact participated in order to capture as much of 2B Farms' funds as possible to its and Mechanics Banks own

Re: *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                    Page 23 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

benefit. Rabo's request for dismissal of Count 8 against it should be in all things denied as it has been more than sufficiently pled and supported in 2B Farms' Third Amended Complaint.

### F. 2B FARMS HAS ADEQUATELY IDENTIFIED THE FRAUDULENT TRANSFERS PLED WITH PARTICULARITY (COUNTS 4 AND 9).

20.     2B Farms as a Debtor has asserted fraudulent transfer actions against Rabo related to two (2) separate types of transfers. They include both (i) direct wire transfers ("Cattle Purchase Wires") to the McClain Accounts held at Mechanics Bank as well as (ii) transfers related to checks which Mechanics Bank failed to honor with the blessing of Rabo ("Cattle Sale Checks") despite 2B Farms' repeated attempts to negotiate same. Here, Rabo attacks 2B Farms' fraudulent transfer claims under both the Bankruptcy Code and TUFTA stating that 2B Farms' claims related to the dishonored Cattle Sale Checks and Cattle Purchase Wires are factually deficient, conclusory and lack plausibility.

**(i) The Cattle Sale Checks.**

21.     Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim. With regard to the Cattle Purchase Wires referenced above, Section 548(a)(1)(B) of the Bankruptcy Code sets forth the following elements: (1) a transfer was made of the Debtor's property; (2) the transfer was made within two years of the Petition Date; (3) the Debtor received less than reasonably equivalent value in exchange for such transfer; and (4) the Debtor was insolvent at the time of such transfer, or became insolvent as a result of such transfer or obligation. *Id.* Each of the elements has been pled and satisfied.

22.     2B Farms has pled that in early April 2023, an HTLF representative filled out the following three (3) checks based upon sale statements prepared by McClain Feedyard, and then deposited them into Third-Party Plaintiffs' account without endorsement:

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                     Page 24 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

| Check | Date of Check | Amount of Check |
|---|---|---|
| McClain Farms Inc. Check # 7331 | April 4, 2023 | $2,530,920.39 |
| McClain Farms Inc. Check # 7620 | April 5, 2023 | $2,559,407.02 |
| McClain Farms Inc. Check # 7621 | April 6, 2023 | $2,510,991.45 |
| | **TOTAL:** | **$7,601,318.86** |

(Third Amended Complaint at ¶¶ 80-81). At the time attempts were made to negotiate the checks, the McClain Entities' bank accounts reached a deposit amount in excess of $46,427,453.74, including the near $7,500,000.00 it received from 2B Farms in wire transfers during this same time period (Third Amended Complaint at ¶¶ 82).

23.    In addition to the specific facts pled above, 2B Farms has pled the following with particularity:

- None of the Cattle Sale Checks were permitted to clear the McClain account at Mechanics Bank as Rabo and/or Mechanics Bank had wrongfully taken control of the McClain account at that time and prevented their successful transaction through the McClain account – namely by not honoring the three (3) checks deposited by HTLF into the 2B Farms' account for 2B Farms' cattle McClain sold and for which funds were available to pay (Third Amended Complaint at ¶¶ 81);

- Mechanics Bank and/or Rabo wrongfully used and offset amounts owed by McClain to 2B Farms to their own benefit and use, all to the detriment to 2B Farms (Third Amended Complaint at ¶¶ 81); and

-  2B Farms pled that Mechanics Bank and/or Rabo wrongfully seized and/or offset funds of Plaintiffs in its accounts that represent funds delivered to McClain for the purchase and sale of cattle, and that same should have been held in trust for Plaintiffs (Third Amended Complaint at ¶¶ 101)

24.    Rabo began the process of exercising direct control over the McClain Accounts pursuant to the certain DACA dated March 23, 2023 (Third Amended Complaint at ¶¶ 72) and its account instruction letter to Mechanics Bank dated April 5, 2023 (Third Amended Complaint at ¶¶ 73). Rabo's active control and management of the McClain Accounts to its benefit during

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 25 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

the time period when it was aware of the McClain fraudulent cattle scheme in early April 2023, distinguishes this matter from the case law and argument that it cites in its Motion, and as such the same is applicable to the case at bar.  By refusing to allow the Cattle Sale Checks to clear the McClain Accounts at a point when there were funds available in the accounts to honor same, Rabo received an immediate or mediate transfer for sure, even if it was an "indirect transfer" of the funds in the McClain Account to its benefit, as such term is used and defined under Section 101(54)(D) of the Bankruptcy Code.  This assumes that either Mechanic's Bank was the "initial transferee" or even McClain (for which we strongly disagree).  In the Fifth Circuit case of *Ray G. Besing, et al. v. Lyn Noble Hawthorne*, 981 F.2d 1488, 1492 (5th Cir. 1993), the Fifth Circuit Court of Appeals held the following

> As the Debtors correctly point out, **Congress intended for the Code's definition of "transfer" to be as broad as possible**. *See* S.REP. No. 95–989, 95th Cong.2d Sess. 27 (1978) ("A transfer is a disposition of an interest in property. The **definition ... is as broad as possible**."), *reprinted in* 1978 U.S.C.C.A.N. p. 5787, 5813; H.R.REP. No. 95–595, 95th Cong. 1st Sess. 314 (1977) (same language), *reprinted in* 1978 U.S.C.C.A.N. p. 5963, 6271. "**The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another....**" *Pirie v. Chicago Title & Trust Co.,* 182 U.S. 438, 444, 21 S.Ct. 906, 908, 45 L.Ed. 1171 (1901) (construing former section 1(30) of the Bankruptcy Act from which the current Code definition was derived). Indeed, **the Code's expansive definition literally encompasses "every mode ... of ... parting with ... an interest in property**." 11 U.S.C. § 101(54).

*Besing*, 981 F.2d at 1492. (emphasis added).

25.    Moreover, in the case of *Reagor Auto Mall, Ltd. v. FirstCapital Bank, N.A.*, 2020 WL 4939180 (Bankr. N.D. Tex. Aug. 24, 2020), this Court concluded that the Rule 9(b) standard applies to fraudulent-transfer cases, but explained that Rule 9(b) is "context-specific" and that "there is not a clear checklist on how a plaintiff meets the Rule 9(b) pleading standard." *FirstCapital Bank*, 2020 WL 4939180, at *8-10.  Here, 2B Farms contends that it has adequately

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                                Page 26 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

and specifically pled that Rabo received an indirect transfer of 2B Farms cattle proceeds by dishonoring, or allowing to be dishonored, 2B Farms' checks when funds were available to honor same (while at the same time accepting 2B Farms' Cattle Purchase Wires into the account) in its orchestrated effort to avoid loses in an account that it controlled to its own benefit and to the detriment of 2B Farms.  It did so during a time period that it knew that the McClain Entities had been operating a fraudulent scheme through its accounts at the bank and through Rabo's loan.  As such, the Motion should be denied.

**(ii) Cattle Purchase Wires.**

26.    2B Farms has further pled with the requisite specificity that the following wire transfers were also initiated and sent out to the McClain Accounts at Mechanics Bank to purchase additional cattle based upon cattle offered for sale by McClain:

| Wire Out Date | Recipient | Amount | #Cattle Intended to Purchase from McClain |
|---|---|---|---|
| April 4, 2023 | McClain Feedyard, Inc. | $2,473,847.58 | 2205 hd |
| April 5, 2023 | McClain Feedyard, Inc. | $2,499,037.72 | 2222 hd |
| April 6, 2023 | McClain Feedyard, Inc. | $2,486,071.62 | 2219 hd |
| | **TOTAL:** | **$7,458,956.92** | **6,646 hd** |

(Third Amended Complaint at ¶¶ 82) (Cattle Purchase Wires).

27.    2B Farms has pled that such wires were in fact transfers to Rabo during a time period that Rabo knew of the McClains Entities' on-going fraudulent scheme and controlled the accounts with Mechanics Bank, but accepted 2B Farms' cattle purchase wires nonetheless.  As such, the Motion should be denied.

**(a) 2B Farms has Adequately Pled Facts in Support of Its Fraudulent Transfer Claims Under 11 U.S.C. § 548(a)(1)(B) for the Cattle Purchase Wires.**

28.    Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim.  With regard to the Cattle Purchase Wires referenced above, Section

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                    Page 27 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

548(a)(1)(B) of the Bankruptcy sets forth the following elements: (1) a transfer was made of the Debtor's property; (2) the transfer was made within two years of the Petition Date; (3) the Debtor received less than reasonably equivalent value in exchange for such transfer; and (4) the Debtor was insolvent at the time of such transfer, or became insolvent as a result of such transfer or obligation." *Id.*

29.    With regards to each element, 2B Farms has pled that the wire transfers were its property as they came from the Debtor's account at HTLF Bank.  It is undisputed that the Cattle Purchase Wires were made within two (2) years of 2B Farms' bankruptcy petition date on June 1, 2023.  Further, 2B Farms specifically pled that it was insolvent at the time of the transfers or became insolvent as a result of such transfers based upon its combined loss of $15,060,275.78 within an approximate three (3) day period in early April 2023, when these transfers occurred (Third Amended Complaint at ¶¶ 80-82).  The sheer magnitude of this loss and 2B Farms subsequent insolvency ultimately necessitated its Chapter 12 bankruptcy filing.  Again, these facts cannot be disputed and have been properly pled in the Third Amended Complaint directly or by direct inference.

30.    It was during that period of control that Rabo (not McClain) accepted 2B Farms' wires into the account for no reasonably equivalent value to 2B Farms as, unbeknownst to 2B Farms, the entire enterprise was a sham being perpetrated through the McClain Accounts.  Rabo knew what was happening, but 2B Farms did not.  As such, the Motion should be denied.

**(b) 2B Farms has Adequately Plead Facts in Support of Its Fraudulent Transfer Claims Under §§ 24.005(a)(2)(A), 24.005(a)(2)(B) and 24.006(a) of TUFTA for the Cattle Purchase Wires On April 4th, 5th, and 6th, 2023 During the Period the Mechanics Bank and/or Rabo Has Control of the McClain Accounts.**

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                    Page 28 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

31.    **§ 24.005(a)(2)(A) and § 24.005(a)(2)(B) of TUFTA.**

In the *Matter of Life Partners Holdings, Incorporated*, the Fifth Circuit set forth the

following with respect to § 24.005(a)(2) of TUFTA:

TUFTA's constructive fraudulent transfer provision . . . stipulates:

A transfer made ... by a debtor is fraudulent as to a creditor, whether the creditor's
claim arose before or within a reasonable time after the transfer was made ..., if
the debtor made the transfer ...: without receiving a reasonably equivalent value in
exchange for the transfer ..., and the debtor:

(A)    **was engaged or was about to engage in a business or a transaction for
which the remaining assets of the debtor were unreasonably small in
relation to the business or transaction**; or

(B)    **intended to incur, or believed or reasonably should have believed that
the debtor would incur, debts beyond the debtor's ability to pay as
they became due**.

*Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 119-20 (5th Cir. 2019)(emphasis added).

32.    With respect to the Cattle Purchase Wires, 2B Farms incorporates its response in

the paragraphs above in this Response above with respect to § 24.005(a)(2)'s elements of a (1) a

creditor (HTLF Bank and other creditors of 2B Farms' bankruptcy estate); (2) debtor (2B

Farms); (3) the debtor transferred assets shortly before or after the creditor's claim arose and (4)

without receiving and reasonably equivalent value in exchange.  As for § 24.005(a)(2)(A) of

TUFTA's requirement that 2B Farms was "was engaged or was about to engage in a business or

a transaction for which the remaining assets of the debtor were unreasonably small in relation to

the business or transaction," it is undisputed that the transfers resulted the combined loss of

$15,060,275.78 within an approximate three (3) day period in early April 2023, when these

transfers occurred (Third Amended Complaint at ¶¶ 34, 38 and 144).   As stated in 2B Farms'

Complaint, these transactions resulted in its immediate insolvency due to a $15 million loss and

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                Page 29 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

led directly to its Chapter 12 bankruptcy filing. Also, as result of the Cattle Purchase Wires and the instant credit its primary lender (HTLF Bank) extending for same, 2B Farms reasonably should have believed that it would incur "debts beyond the debtor's ability to pay as they became due." *See* Texas § 24.005(a)(2)(A) of TUFTA.

33.    **§ 24.006(a) of TUFTA.** Under § 24.006(a) of TUFTA, the Trustee must prove the following elements: 1) the transaction constituted a transfer; 2) the debtor received less than reasonably equivalent value in exchange for the transfer; and 3) the debtor was insolvent at the time of the transfer or as a result of the transfer. *See In re SMTC Mfg. of Texas*, 421 B.R. 251, 316 (Bankr. W.D. Tex. 2009). 2B Farms contends that it sufficiently pled facts in support of its TUFTA § 24.006(a) claims to avoid dismissal.

34.    As for the first element of this cause of action, the three (3) wires and the three (3) checks were specifically identified in 2B Farms' Third Amended Complaint as transfers that were subject of its recovery action (Third Amended Complaint at ¶¶ 38 and 144, 81 and 82). Further, 2B Farms pled that Rabo also had both actual and constructive knowledge of McClain's fraudulent cattle scheme at a time when its actively exercised control over the accounts (Third Amended Complaint at ¶¶ 33-35 and 72-75). Importantly, it was during that same time period that it directed Mechanics Bank to allow 2B Farms' wires into the McClain Account for no reasonably equivalent value to 2B Farms (Third Amended Complaint ¶ 71-75). Lastly, 2B Farms specifically pled that it was insolvent at the time of the transfers or became insolvent as a result of such transfers based upon its combined loss of $15,060,275.78 within an approximate three (3) day period in early April 2023, when these transfers occurred (Third Amended Complaint at ¶¶ 34 and 38). The magnitude of this loss ultimately necessitated 2B Farms' Chapter 12 bankruptcy filing. Because the Third Amended Complaint sets forth facts which

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 30 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

establish the elements of a fraudulent transfer claim under § 24.006(a) of TUFTA, the relief requested by Mechanics Bank should be denied.

35.　**§ 24.006(b) of TUFTA**.  To prove a claim under § 24.006(b) of TUFTA, 2B Farms must prove: 1) a transfer made by a debtor which is fraudulent as to a creditor whose claim arose before the transfer was made; 2) the transfer was made to an insider for an antecedent debt; 3) the debtor was insolvent at that time; and 4) the insider had reasonable cause to believe that the debtor was insolvent. *See* TEX. BUS. & COM. CODE § 24.006(b).

36.　2B Farms acknowledges the potential deficiency as to the "insider" element of this particular cause of action.  To avoid causing the Court to expend undue time and judicial resources on this particular matter, 2B Farms agrees to dismiss this claim against Mechanics Bank under § 24.006(b) of TUFTA.

### G. 2B FARMS' RESPONSES TO RABO'S GENERAL ARGUMENTS REGARDING  COUNTS 9 AND 10.

37.　Rabo contends that 2B Farms has not alleged proper fraudulent transfer claims in Counts 9 and 10 of its Third Amended Complaint for the following reasons: a) the transfers did not occur from the Robinsons' account, only 2B Farms, and therefore the Robinsons are not the proper parties to assert the avoidance and recovery claims; b)  the Cattle Sale Checks are not a true transfers because "[u]ntil a check is honored by the drawer bank there can be no transfer of property to the bankruptcy estate"; c) Rabo was not an initial transferee of the transfers because it was McClain Feedyard's account at Mechanics Bank that received 2B Farms' wire transfers and not Rabo; and d) Rabo did not receive any of 2B Farms' funds as the last payment towards its loan with McClain occurred on April 3, 2023, and prior to the transfers identified in 2B

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*　　　　　　　　　　　Page 31 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

Farms' Third Amended Complaint.  2B Farms addresses each of these arguments in turn in the following paragraphs.

38.    Debtors Terry and Rebecca Robinson do not dispute that the transfers at issue in the Third Amended Complaint involve the account of their general partnership, 2B Farms.  To the extent that 2B Farms is a separate legal entity and that the transfers involve no interest of the general partners themselves, then it is conceded that 2B Farms is the proper party to make these claims against Rabo.   However, being a general partnership, we believe they can be treated the same here.

39.    Rabo's claims that the Cattle Sale Checks are not true transfers given that they are simply and allegedly an order to the drawer bank to pay the sum stated and do not constitute a delivery of funds until paid.  This argument avoids the facts regarding control of the McClain Accounts at the time the attempted negotiation of the Cattle Sale Checks and 2B Farms' argument regarding indirect transfers and supporting case law outlined in Section II(F)(i) above (and hereby incorporated into this paragraph).   By refusing to allow the Cattle Sale Checks to clear the McClain Accounts pursuant to its DACAs and instruction letter to Jamie Rabitan at Mechanics Bank to allow wires into the accounts but to deny any withdrawals at a point when there were funds available in the accounts to honor same, Mechanics Bank received a transfer of the funds in the McClain Account to Rabo's benefit.   It is precisely because 2B Farms' Cattle Sale Checks were not allowed to clear the accounts when the banks had control and funds were available to pay same that they were an indirect and avoidable transfers.

40.    Again, while Rabo was not an initial transferee (2B Farms contends that Mechanics Bank was the initial transferee pursuant to Section 550(a) of the Bankruptcy Code), its argument that the "McClain Debtors" were the initial transferees ignores the DACA

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                    Page 32 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

agreements in place at the time of the avoidable transfers.  Rabo, along with Mechanics Bank

began the process of  exercising direct control over the McClain Accounts pursuant to the

DACAs dated March 23, 2023 (*See* Third Amended Complaint, Exhibit "C"), which are

incorporated by reference herein.  The three (3) DACAs by and between Rabo, Mechanics Bank

and McClain state in relevant part:

> 2.    <u>Pledge</u>.  The Debtor (McClain) hereby grants, pledges and assigns
> to the Secured Party (Rabo), and hereby creates a continuing first priority lien and
> security interest in favor of the Secured Party in, ***and transfers to the Secured
> Party (Rabo) all dominion and control over, all of its right, title and interest in
> and to*** the following:

> (a)    ***the Account***, including, without limitation, all documents,
> passbooks, and similar evidence representing such Account, together with all
> deposits made from time to time therein and all funds and other property standing
> to the credit of such Account from time to time; and . . .

*See* Third Amended Complaint, Exhibit "C", p. 1, para. 2 (emphasis added). The same language

was in all three DACAs.  As all right, title and interest in the McClain Accounts belonged to

Rabo as per the above DACAs, the McClain Debtors most certainly were not the "transferees" in

this suit.

41.    Rabo next argues that 2B Farms cannot satisfy certain elements of Section 550 of

the Bankruptcy Code, namely, as it contends, that it was not an initial transferee of the Cattle

Sales Checks or Cattle Purchase Wires, nor did it allegedly benefit from the transfers, because

the last payment it received from the McClain Accounts was on April 3, 2023 and prior to

transfers at issue in the Third Amended Complaint.   Bankruptcy Code Section 550 states that

"the trustee (2B Farms) may recover, for the benefit of the estate, the property transferred, or, if

the court so orders, the value of such property, from — (1) the initial transferee of such transfer

or the entity for whose benefit such transfer was made; or (2) any immediate or mediate

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                                 Page 33 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

transferee of such initial transferee." 11 U.S.C. §§ 550(a)(1), (2). While 2B Farms contends Mechanics Bank was the initial transferee in this case, Rabo is the only other bank in control of the McClain Account during this time period, and therefore was an immediate or mediate transferee of such initial transferee. Lastly, Rabo contends it did not receive any of 2B Farms' funds. However, Mechanics Bank has alluded to the fact that it did and further discovery is needed to confirm same.

### H. 2B FARMS OBJECTION TO AND DISALLOWANCE OF RABO'S PROOF OF CLAIM PURSUANT TO 11 U.S.C. § 502(D) AND (J) (COUNT 11).

42.    Rabo merely states in its Motion that Count 11 is basically inapplicable because "Plaintiffs have no viable claim against Rabo for avoidance and recovery of fraudulent transfers as a matter of law." *See* Motion, Sec. V(B), p.19.   2B Farms contends that that the fraudulent transfers to Rabo are avoidable as pled in 2B Farms' Complaint and therefore this Count is in fact operative upon the Court's finding of Rabo's liability.  As such, Rabo's request for dismissal should be denied.

### I. 2B FARMS MET ITS PLEADING BURDEN FOR NEGLIGENT UNDERTAKING (COUNT 3).

43.    A claim for negligent undertaking asserts a duty where one otherwise would not lie. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). The critical inquiry concerning the duty element of a negligent-undertaking theory is whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist. *Id.*

44.    The Third Amended Complaint states that Rabo and Mechanics Bank, in early April, 2023, they knew McClain was carrying out a massive fraudulent cattle scheme against hundreds of innocent ranchers and producers, specifically including 2B Farms, who were not in the same position as Rabo and Mechanics Bank to know what was taking place through the

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                    Page 34 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

McClain Accounts. (Third Amended Complaint at ¶¶ 110). Instead of stopping the illegal scheme instantly by freezing the McClain Accounts as to all deposits and withdrawals upon becoming aware of same, Rabo instead pre-arranged and orchestrated the following, to which Mechanics Bank fully agreed and complied:

> As a result of those Events of Default, and pursuant to paragraph 5(a) of each of the DACAs, DEPOSIT BANK IS HEREY INSTRUCTED TO IMMEDIATELY FREEZE THE ACCOUNTS. DEPOSIT BANK MAY ALLOW ADDITIONAL ITEMS OR FUNDS TO BE DEPOSITED INTO THE ACCOUNTS, BUT DEPOSIT BANK IS HEREBY INSTRUCTED TO PRECLUDE ANY WITHDRAWALS, DRAWS, TRANSFERS FROM OR OTHER DISPOSITIONS OF ANY FUNDS OR PROPERTY IN ANY OF THE ACCOUNTS, WITH THE FUTHER WRITTEN AUTHORIZATION OF LENDER.

*Id.*

45.    This negligent undertaking ensnared approximately $7.4 +/- million in cattle purchase wire transfers from 2B Farms which occurred on April 4th, 5th, and 6th, 2023.  Also, Mechanics Bank, at Rabo's instruction, chose to and refused to honor 2B Farms' three (3) checks cattle sales checks dated April 4th, 5th, and 6th, 2023 in the amount of $7.6 +/- million (six (6) separate McClain transactions at the time involving a total of approximately $15 million in 2B Farms's funds), and both Mechanics Bank and Rabo **knew** of the McClain Scheme, but, during a period in which they were in complete control of the McClain Accounts,  let the scheme continue nonetheless to the extreme personal detriment of 2B Farms. (Third Amended Complaint at ¶¶ 111).

46.    Negligent undertaking is an alternative negligence theory for imposing a duty of care:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise

Re: *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 35 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

*Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000) (*quoting* RESTATEMENT (Second) of Torts § 323 (1965)). Here both elements are easily met as addressed in this Response and in the Third Amended Complaint. Rabo's personnel's extraordinary actions and inactions referenced herein and in 2B Farms' Third Amended Complaint was an undertaking that increased the risk of harm to 2B Farms and/or 2B Farms suffered because its reliance on those actions.

47.    This knowingly participation in the McClain Scheme during a period when it was in control of the McClain Accounts while 2B Farms transactions (cattle purchase wires and cattle sale check negotiation) were an undertaking where Rabo failed to exercise care that increased the risk of harm and did cause hard to 2B Farms.  To avoid this claim, Rabo should have simply directed Mechanics Bank to freeze the account to both withdrawals and deposits or at a minimum, not direct Mechanics Bank to refuse all withdrawals only.  It failed to do so and instead opted to try and cover its own loses at the expense of innocent ranchers and producers like 2B Farms.  2B Farms' negligence-based claim should not be dismissed for this reason.

**J.  2B FARMS HAS STANDING TO ASSERT ITS CLAIMS AGAINST RABO THAT DO NOT BELONG TO THE MCCLAIN TRUSTEE.**

**a) The Court has Already Ruled in Favor of 2B Farms on the Issue of Its Standing to Assert is Claim vis-à-vis the Trustee.**

48.    In its initial argument, Rabo challenges the standing of 2B Farms to assert its claims vis-à-vis the McClain Trustee.  On July 31, 2025, the Court entered its *Order Granting in Part and Denying in Part the Trustee's Motion to Intervene and Enforce the Automatic Stay* [Dkt.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                                    Page 36 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

No. 203], in which the Court concluded (without prejudice to repleading), that the Trustee had exclusive standing to control and pursue Third-Party Plaintiffs' negligent lending and hiring or supervision and Texas Uniform Fraudulent Transfer claims.  As such, 2B Farms' Third Amended Complaint no longer asserts its Negligent Lending and Hiring cause of action against Rabo; however, 2B Farms maintains and repled its Texas Uniform Fraudulent Transfer ("<u>TUFTA</u>") claims against Rabo as the transfers which are the subject of 2B Farms' claim **<u>ALL</u>** occurred when Rabo and Mechanics Bank were exercising control over the McClain accounts on April 4th, 5th and 6th, 2023.  Rabo's attempt to undermine 2B Farms' causes of action through its allegations that 2B Farms is asserting the McClain Trustee's claim fails in light of the fact that *2B Farms' damages primarily occurred and causes of action primarily derived during a period when Rabo and Mechanics Bank were in control of the McClain Accounts* and not McClain, individually (and, derivatively, therefore, the McClain Trustee), during the period he was in control of the accounts.

49.    Debtor 2B Farms has pled four (4) Counts (4, 9, 10 and 11) in its Third Amended Complaint that are set forth specifically in the Bankruptcy Code (or are available to 2B Farms through Section 544(b)), which undisputedly belong solely to 2B Farms, and not the McClain bankruptcy estates. The Fifth Circuit stated *In re Schimmelpenninck* a "[d]efendant's standing contentions must be considered within this "legal framework for determining whether the trustee or an individual creditor is the appropriate actor."   183 F.3d. at 359 (5th Cir. 1999). This framework is categorized by "three kinds of action:

a)    Actions by the estate that belong to the estate;

b)    Actions by individual creditors asserting a generalized injury to the debtor's estate, which ultimately affects all creditors; and

c)    Actions by individual creditors that affect only that creditor personally."

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                    Page 37 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

*Id.* at 360. "The trustee (2B Farms) is the proper party to advance the first two of these kinds of

claims, and the creditor is the proper party to advance the third." *Id.* (emphasis added) Because

**counts nine, ten and eleven** of its Third Amended Complaint clearly fall into these parameters

of the first category of the test, they belong solely to 2B Farms under the Bankruptcy Code, and

2B Farms asserts there is <u>no issue of standing to be decided as between it and the McClain</u>

<u>Trustee or any of the other defendants who have raised standing issues</u>. Still further, as Section

544(b) of the Bankruptcy Code permits 2B Farms to exercise the rights of an unsecured creditor

in a state law fraudulent transfer avoidance action, 2B Farms' Texas Uniform Fraudulent

Transfer Action claims asserted in **count four** therefore also exclusively belongs to 2B Farms'

bankruptcy estate for the period when the banks were in control of the McClain Account.

Therefore, any standing claims asserted as to counts four, nine, ten and eleven belong

exclusively to 2B Farms, and to no one else.

    **b) Standing to Pursue the Claims Now Pled Was Previously Addressed in 2B Farms'
Favor Per the Court's Plan Confirmation Order Entered on December 15, 2023,
[Dkt. No. 124] in 2B Farms' Bankruptcy Proceeding.**

    50.    In a recent opinion by the U.S. District Court for the Southern District of Texas,

Houston Division, citing Fifth Circuit caselaw, the Court stated the following:

> After the reorganization plan is confirmed by the bankruptcy court, the debtor (or
> its representative) will have **standing to bring claims that the debtor reserved
> in the reorganization plan** but will not have standing to bring claims that were
> not reserved in the plan." *In re MPF Holdings US LLC*, 701 F.3d 449, 454 (5th
> Cir. 2012).

. . . .

> This rule 'is a logical consequence of the nature of a bankruptcy, which is
> designed primarily to secure prompt, effective administration and settlement of all
> debtor's assets and liabilities within a limited time.' *In re United Operating*, LLC,
> 540 F.3d 351, 355 (5th Cir. 2008).

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*        Page 38 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

*See Liquidation Trust of Lilis Energy, Inc. v. Ormand*, No. <u>4:22-CV-02084,</u> 2023 WL
3006699, \*2 (S.D. Houston, April 19, 2023) (emphasis added).

51.    On December 15, 2023, the Court entered its *Order Confirming Debtors' Amend

*Joint Chapter 12 Plan of Reorganization* [Case No. 23-50096-swe12, Dkt. No. 124] ("<u>2B</u>

<u>Farms' Plan Confirmation Order</u>" or "<u>Confirmation Order</u>"). The Confirmation Order

incorporated therein 2B Farms' *Amended Joint Chapter 12 Plan of Reorganization*, which is

found at Docket No. 106 in this proceeding. In 2B Farms' Plan Confirmation Order, <u>Judge Jones</u>

<u>approved</u> the following language in the addendum to his Order (also included in 2B Farms'

Chapter 12 Plan incorporated into the Order), which specifically preserved post-confirmation

standing for the 2B Farms bankruptcy estate to pursue the claims it is now asserting against the

named defendants:

7)    **Specific Reservation of Claims and Causes of Action of the Debtors**:

The Debtors [2B Farms and Terry and Rebecca Robinson] reserve all rights
to assert and/or to continue to assert all claims and causes of action they may have
as of the Petition Date, **including post-plan confirmation standing before the**
**Bankruptcy Court to prosecute or defend the following**:

....

- **All state and federal law and bankruptcy code specific claims and causes**
**of action against Rabo AgriFinance, LLC**, including, but not limited to,
claims available to the Debtors through Chapter 5, Subchapter III of the
Bankruptcy Code for turnover, preference and fraudulent transfer claims,
among others, related to the fraudulent cattle buy/sell transactions through the
McClain account(s) and Rabo AgriFinance, LLC's alleged knowledge,
participation and/or negligence related to same.  Debtors specifically retain
the right to pursue the recovery from Rabo AgriFinance, LLC of three (3) wire
transfers from the account(s) of McClain Feedyard, Inc., McClain Farms, Inc.,
and 7M Feeders, Inc. (collectively, the "McClain Entities") at Mechanics
Bank totaling $7,458,956.92 on April 4, 5 and 6, 2023, as well as
unnegotiated checks totaling $7,601,318.86.

*See Order Confirming Debtors' Amended Joint Chapter 12 Plan of Reorganization,* Bankruptcy

Re: *AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                        Page 39 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

Case No. 23-50096, Dkt. No. 124, addendum pages 3-4, sec. 7 (emphasis added). Therefore, <u>at least as to Debtor 2B Farms</u>, standing to pursue all the claims it is now asserting against Rabo belongs exclusively to it, and not the McClain Trustee, by virtue of the Court's prior Confirmation Order. Thus, all parties standing claims should be denied.

**c) 2B Farms is Asserting <u>Direct and Personal Injury Claims</u> Against Rabo That Is Not Dependent Upon Any Generalized Injury to the McClain Estate, and, Therefore, It Has Standing to Pursue These Claims.**

52.    Separate and apart from the standing arguments made above by 2B Farms, as a debtor in a pending bankruptcy proceeding before this Court, 2B Farms also <u>contends that it has asserted direct and personal claims for its claims made and damages against Rabo and damages suffered thereto,</u> which give it standing to pursue same under the relevant Fifth Circuit case law. As described in more detail above and below, 2B Farms is not asserting generalized claims and injuries to the McClain creditors, which may belong to the McClain Estate. In the *Matter of Educators Group Health Tr.,* the Fifth Circuit stated the following:

> Whether a particular state cause of action belongs to the estate depends on whether under applicable state law the debtor could have raised the claim as of the commencement of the case. *See In re S.I. Acquisition*, 817 F.2d 1142 (5th Cir. 1987) (examining the cause of action premised on alter ego under Texas law); *In re MortgageAmerica*, 714 F.2d 1266, 1275-1277 (1983) (examining the causes of action based on the Fraudulent Transfers Act and "denuding the corporation" theory under Texas law). As part of this inquiry, we look at the nature of the injury for which relief is sought. *See E.F. Hutton Southwest Properties II, Ltd*, 103 B.R. 808, 812 (1989) ("The injury characterization analysis should be considered as an inseparable component of whether an action belongs to the [estate] or individual [creditor]."). **If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate.** *See, e.g., S.I. Acquisition*, 817 F.2d at 1152–53. . . . **Conversely, if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate.**

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                              Page 40 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

25 F.3d 1281, 1283–84 (5th Cir. 1994). Based upon this guidance and holding, this Court should look to whether Plaintiffs' claims "explicitly or implicitly allege harm to the debtor" as a method of determining whether "under applicable state law the debtor could have raised the claim as of the commencement of the case." *Id.*

53.     The transfers of 2B Farms' interests, which are at the basis of its Third Amended Complaint, occurred on April 4th, 5th and 6th, 2023.  It was on these respective dates that three (3) separate wire transfers in the amounts of $2,473,847.58, $2,499,037.72 and $2,486,071.62, were delivered from 2B Farms' account at HTLF Bank to McClain's account at Mechanics Bank (McClain Feed Yard Inc. acct. xxx0197), in the combined total amount of approximately $7,458,956.92.  The purpose of these wire transfers were to purchase specific cattle based upon sale statements provided to 2B Farms by McClain.  As pled in its Third Amended Complaint, Rabo and Mechanics Bank were in control of the McClain Accounts at this time pursuant to the DACAs and Rabo potentially the immediate/mediate transferee of the initial transferee (Mechanics Bank) of these fraudulent transfers.  Having uncovered McClain's Scheme, Rabo directed Mechanics Bank that it may accept deposits from ranchers and cattle producers, such as 2B Farms, in early April 2023, including the Wire Funds of 2B Farms, to capture as much money as possible to eventually and allegedly turnover to Rabo, but at the same time, not allowing any funds to be withdrawn from the McClain account by the same ranchers and cattle producers upon their presentation of checks upon the sale of their cattle.  Needless to say, 2B Farms did not receive reasonably equivalent value for its Cattle Purchase Wires it delivered during this time period (April 4th, 5th and 6th, 2023).

54.     Further, 2B Farms has pled in its Third Amended Complaint during this same time period, Mechanics Bank, at Rabo's direction, refused to honor three (3) separate checks

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                    Page 41 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

dated April 4th, 5th and 6th, 2023, in the amounts of $2,530,920.39, $2,559,407.02 and $2,510,991.45, for a combined total amount of $7,601,318.86, drawn on McClain's account at Mechanics Bank (McClain Feed Yard Inc. acct. xxx3070) upon the sale of 2B Farms' cattle. These checks were "referred to maker" despite the availability of funds in the McClain accounts to cover the checks while it had control. Therefore, a total of six (6) separate, distinct and personal McClain related transactions at the time involving a total of $15,060,275.80 in 2B Farms' funds was improperly taken

55.    It is clear McClain was no longer in control over the McClain accounts at this point as his fraud was known to both Rabo and Mechanics Bank (and Rabo's specific knowledge of McClain's fraud against 2B Farms as detailed in the Stockett Report); however, it was Mechanics Bank that received 2B Farms funds as the initial transferee or Rabo as the immediate/mediate transferee. Ultimately, through its was Rabo and Mechanics Bank exercising of control over the McClain Accounts (and 2B Farms' funds) during a period when McClain's multi-million dollar fraud scheme was collapsing in early April 2023, and thereby caused 2B Farms to file for Chapter 12 Bankruptcy, allowing it the fraudulent transfer protections so provided.

## III.
## CONCLUSION AND PRAYER

Rabo is asking this Court to take actions now which would protect it from its own negligent, intentional and fraudulent actions. It initially took the direct action to "take" 2B Farms' wired funds and at the same time deny the payment of funds to 2B Farms in early April 2023 to make said accounts positive and which then protected the bank, but to 2B Farms extreme detriment. These decisions were made by Rabo, not by other parties. Such decisions

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                                    Page 42 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

benefited Rabo and destroyed 2B Farms.  Such actions have been timely and properly pled by

2B Farms in its Third Amended Complaint.  We believe that additional facts will be developed

in discovery to further support these claims.  To the extent applicable to common claims and

facts, 2B Farms incorporates by reference the Plaintiffs' and Intervenor-Plaintiffs' Omnibus

Response ("Omnibus Response"), as amended, filed under Docket No. 316 in this adversary

proceeding.  Given this Response and the facts and positions set forth in 2B Farms' Third

Amended Complaint and the Plaintiffs' and Intervenor-Plaintiffs' Omnibus Response, we

believe Rabo's Motion to Dismiss should be denied in all things.

WHEREFORE, 2B Farms, a Texas General Partnership, Terry M. Robinson and

Rebecca A Robinson pray that the Motion be denied in its entirety, or, if the Court is inclined to

grant the Motion in any respect, that they be granted leave to amend its complaint.

DATED:  November 25, 2025.

Respectfully submitted,

**McWhorter, Cobb & Johnson, L.L.P.**
1722 Broadway (79401)
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214 - Telephone
(806) 498-4808– Facsimile

Timothy T. Pridmore
SBN:  00788224
*tpridmore@mcjllp.com*
Todd J. Johnston
SBN:  24050837
*tjohnston@mcjllp.com*

By: */s/ Timothy T. Pridmore*
        Timothy T. Pridmore

***ATTORNEYS FOR DEFENDANTS, COUNTER-
PLAINTIFFS, THIRD-PARTY PLAINTIFFS
AND THIRD-PARTY DEFENDANTS 2B***

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.                                          Page 43 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}

*FARMS, A GENERAL TEXAS PARTNERSHIP,*
*TERRY ROBINSON, REBECCA ROBINSON,*
*AND ANGELA ROBINSON*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, the foregoing document was filed with the Clerk of the Court in the foregoing case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in this case.

*/s/ Timothy T. Pridmore*
Timothy T. Pridmore

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                          Page 44 of 44
2B Farms', et al Response to Third-Party Defendant Rabo AgriFinance's Motion to Dismiss
Third Amended Third-Party Complaint
{00908175.DOCX - ver}