Timothy T. Pridmore; SBN: 00788224
Todd J. Johnston; SBN: 24050837
MCWHORTER, COBB & JOHNSON, LLP
1722 Broadway (79401)
P. O. Box 2547
Lubbock, Texas 79408
806/762-0214; 806/498-4808 (fax)
*Attorneys for Debtors/Defendants/Counter-Plaintiffs/Third-Party Plaintiffs 2B Farms, a Texas General Partnership, Terry M. Robinson, Rebecca A. Robinson and Non-Debtor, Angela Robinson*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| In re:<br><br>McClain Feed Yard, Inc., et al.,<br><br>  Debtors. | § § § § § § | Case No. 23-20084-swe<br>Jointly Administered |
| In re:<br><br>2B Farms, a Texas General Partnership, et al.,<br><br>  Debtors. | § § § § § § § | Case No. 23-50096-swe<br>Jointly Administered |
| AgTexas Farm Credit Services, AgTexas, PCA, Thorlakson Diamond T Feeders, LP,<br><br>  Plaintiffs,<br><br>Edward Dufurrena, et al.,<br><br>  Intervenor-Plaintiffs,<br><br>v.<br><br>Rabo AgriFinance, LLC, et al.,<br><br>  Defendants. | § § § § § § § § § § § § § § § § | Adversary No. 24-02007-swe<br>Consolidated Adversary Proceeding |

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 1 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

# EXHIBIT "I"

| | | |
|---|---|---|
| HTLF Bank, as successor to First Bank & Trust,<br><br> Plaintiff, Counter-Defendant, and Cross-Claim Defendant,<br><br>v.<br><br>2B Farms, a Texas General Partnership, Terry M. Robinson, and Rebecca A. Robinson,<br><br> Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants,<br><br>v.<br><br>Rabo AgriFinance, LLC and Mechanics Bank,<br><br> Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Adversary No. 24-02007-swe<br>Consolidated Adversary Proceeding |
| HTLF Bank, as successor to First Bank & Trust,<br><br> Plaintiff and Counter-Defendant,<br><br>v.<br><br>2B Farms, a Texas General Partnership, Terry M. Robinson, and Angela Robinson,<br><br> Defendants and Counter-Plaintiffs. | §§§§§§§§§§§§§§ | |

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*   Page 2 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

**2B FARMS' OBJECTION AND RESPONSE OPPOSED TO MECHANICS BANK'S EXPEDITED MOTION PURSUANT TO FED.R.CIV.P.56(d) TO DEFER CONSIDERATION OF 2B FARMS' MOTION FOR SUMMARY JUDGMENT AND TO CONTINUE HEARING FOR 91 DAYS PENDING DISCOVERY**
**[DKT. NOS. 334 and 336]**

Third-Party Plaintiff and Chapter 12 Debtor, 2B Farms, a Texas General Partnership (the "**Third-Party Plaintiff**", "**Debtor**" or "**2B Farms**"), by the undersigned counsel, hereby files this *Objection and Response Opposed to Mechanics Bank's Expedited Motion Pursuant to FED.R. CIV.P. 56(d) to Defer Consideration of 2B Farms' Motion for Summary Judgment and to Continue Hearing for 91 Days Pending Discovery* ("**Response**") and would show unto the Court the following:

## Executive Summary

Debtor 2B Farms is asking the Court to enter summary judgment on only one (1) of the eight (8) causes of action it has alleged against Third-Party Defendant, Mechanics Bank ("**Third-Party Defendant**" or "**Mechanics Bank**"), in this matter; namely, the avoidance of certain transfers of the interests of the Debtor, which occurred on April 4th, 5th, and 6th, 2023, involving Third-Party Defendant Mechanics Bank. It was on these respective dates that three (3) separate wire transfers in the amounts of $2,473,847.58, $2,499,037.72 and $2,486,071.62, were delivered from 2B Farms' account at HTLF Bank to McClain's account at Mechanics Bank (McClain Feed Yard Inc. acct. xxx0197), in the combined total amount of approximately $7,458,956.92 ("**Cattle Purchase Wires**") [2B Farms' Cattle Purchase Wire Documentation, App'x. Dkt. No. 300-1, p. 2B 002, 004 and 006; Mechanics Bank Account xxx0197 Statement, App'x., Dkt. No. 300-1, p. 2B 036; Mechanics Bank's Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., Dkt. No. 300-1, p. 2B 061]. During this same time period, Mechanics Bank refused to honor three (3) separate checks ("**Cattle Sales Checks**")

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 3 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

dated April 4th, 5th and 6th, 2023, in the amounts of $2,530,920.39, $2,559,407.02 and $2,510,991.45, for a combined total amount of $7,601,318.86 [Cattle Sale Checks and supporting McClain Feedyard, Inc. Sale Statements, App'x. Dkt. No. 300-1, p. 2B 025 – 033; Mechanics Bank's Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., Dkt. No. 300-1, p. 2B 061], drawn on McClain's account at Mechanics Bank. These six (6) separate avoidance claims are ripe for summary judgment as almost all relevant evidence has been provided by Mechanics Bank, itself, and is properly before this Court with no contravening evidence having been provided.

The elements to establish a fraudulent transfer claim under Section 548(a)(1)(B) of the Bankruptcy Code are fairly straightforward and include:

1. A transfer made or an obligation incurred by a debtor;

2. Within 2 years before the petition date;

3. Receiving less than a reasonably equivalent value in exchange for such transfer or obligation; and

4. While insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

On November 10, 2025, 2B Farms filed its *Motion for Partial Summary Judgment* [Dkt. No. 298]("Motion"), *Brief in Support* [Dkt. No. 299] and *Appendix* [Dkt. No. 300] (collectively, the "**Motion**"), wherein it presented probative summary judgment evidence on each of these elements as to the Cattle Purchase Wires and Cattle Sales Checks that are the subject of its Motion. No response or objection was timely filed, nor motion for leave to file a late filed response by Mechanics Bank. By Mechanics Bank's failure to respond and/or timely object to 2B Farms' Motion, the facts as alleged by 2B Farms are considered "**undisputed**" and "the court need only decide whether those undisputed facts are material and entitle the movant to judgment

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 4 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

as a matter of law." *Flowers v. Deutsche Bank Nat. Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015).

<u>Mechanics Bank completely ignores this failure to meet its response/objection deadline in its current pleadings before the Court (and the implications under the guiding Fifth Circuit's case law)</u>, including in its *Expedited Motion Pursuant to FED.R. CIV.P. 56(d) to Defer Consideration of 2B Farms' Motion for Summary Judgment and to Continue Hearing for 91 Days Pending Discovery.* Instead, it argues that it needs additional time to ascertain facts that are allegedly unavailable to it through discovery, specifically on the issues of whether it was an initial transferee with the requisite control over the McClain Accounts at the time and/or whether 2B Farms was insolvent on the date of the transfers. Notwithstanding, it failed to timely respond or object to the Motion, and therefore Mechanics Bank's Motion to secure more time for discovery is irrelevant as it is <u>undisputed</u> the six (6) transfers in question occurred at Mechanics Bank, and their own produced discovery supports this. (See Summary Judgment Evidence). Again, these facts as to the particular elements of 2B Farms' fraudulent transfer claim are undisputed for Mechanics Bank's failure to respond and/or object to 2B Farms' Motion.

2B Farms requests that the Court consider its facts as undisputed for purposes of the Motion as Mechanics Bank's response requirements were not satisfied. *See* Fed. R. Civ. P. 56(e)(2). This is particularly true given that there is no genuine dispute, as 2B Farms has presented summary judgment evidence on each of these elements to show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

2B Farms requests that the Court deny Mechanics Bank's Motion to Defer Consideration and go forward with hearing its Motion as to the undisputed facts, both for nonmovant's failure

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 5 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

to respond and its late filed objection, as well as the summary judgment evidence presented by 2B Farms in its Motion.

## Background

1.  2B Farms, a Texas General Partnership, Terry M. Robinson and Rebecca A Robinson are a small family cattle ranching outfit located outside of Snyder, Texas. Debtors filed for Chapter 12 bankruptcy on May 31, 2023 as a direct result of the six (6) transactions made the basis of the Motion, and the subsequent collapse of the McClain fraudulent cattle scheme and their primary lender's, HTLF Bank, immediate and aggressive collection actions and lawsuit instigated against them, which forced 2B Farms into bankruptcy. The Debtors (2B Farms) are currently operating under a confirmed Chapter 12 Plan of Reorganization under consolidated bankruptcy case # 23-50096-swe12, in the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division.

2.  2B Farms filed its Third-Party Complaint against Mechanics Bank and Rabo AgriFinance on <u>December 14, 2023</u>. *See* Adversary Case No. 23-05002, Dkt No. 17. The bankruptcy avoidance cause of action set forth therein (*i.e.* 11 U.S.C. Sec. 548(a)(1)(B)), which 2B Farms made against Mechanics Bank in this initial pleading two (2) years ago, is nearly identical in both alleged facts and law as pled in its *Third Amended Third-Party and Consolidated Complaint* [Dkt. No. 205] (live pleading) filed on August 18, 2025, and upon which it now seeks partial summary judgment on its pleading presently before the Court.

3.  Nearly two (2) years after its initial pleading and discovery conducted against Mechanics Bank and others, on November 10, 2025, 2B Farms filed its *Motion for Partial Summary Judgment* [Dkt. No. 298], *Brief in Support* [Dkt. No. 299] and *Appendix* [Dkt. No. 300]

Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.    Page 6 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

against Third-Party Defendant Mechanics Bank. At all times thereto, Mechanics Bank could have initiated the discovery contemplated in its Motion, but chose not to.

4. On December 16, 2025, Mechanics Bank filed its *Objection to Third-Party Plaintiffs' Motion for Summary Judgment* [Dkt. No. 333] ("**Objection**") wherein its alleges that 2B Farms has "moved prematurely for summary judgment" on alleged critical issues of law and disputed facts at the "nascency of this litigation", before Mechanics has had a "meaningful opportunity to develop its defense through discovery." *See Objection* [Dkt. No. 333], p. 1, para. 2.

5. On December 17, 2025, Mechanics Bank filed its *Expedited Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of Third-Party Plaintiff 2B Farms', a Texas General Partnership, Motion for Partial Summary Judgment Against Third-Party Defendant Mechanics Bank* [Dkt. No. 334] ("**Motion to Defer Consideration**").

6. On December 18, 2025, Mechanics Bank filed its *Expedited Motion to Continue Hearing for 91 Days Pending Discovery* [Dkt. No. 336] on 2B Farms' Motion.

7. Mechanics Bank's Motion to Defer Consideration is currently set for hearing on January 7, 2026, at 2:00 p.m. via a hybrid hearing.

8. On December 22, 2025, 2B Farms filed its *Response to Third-Party Defendant Mechanics Bank's Objection to 2B Farms' Motion for Partial Summary Judgment* [Dkt. No. 342].

### Argument and Authorities

**<u>Mechanics Bank Has Failed to Timely Respond/Object to 2B Farms' Motion or Even Acknowledge the Same.</u>**

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 7 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

9. 2B Farms opposes Mechanics Bank's Motion to Defer Consideration as the relief requested therein is moot as to its Motion given that all facts asserted by 2B Farms therein are undisputed due to Mechanics Bank's failure to respond and/or timely object.

10. The Agreed Scheduling Order entered on October 3, 2025 [Dkt. No. 270] in this adversary proceeding provides the following with respect to motions for summary judgment:

| | |
|---|---|
| **March 5, 2027** | RESPONSES TO MOTIONS FOR SUMMARY JUDGMENT: All responses to motions for summary judgment must be filed by this date. To the extent a motion for summary judgment is filed on a date earlier than November 8, 2026, the responding party(ies) <u>shall have no less than 21 days to file an objection and response</u>. |

*See Agreed Scheduling Order*, Dkt. No. 270, p. 4 (emphasis added). Still further, Local Bankruptcy Rule 7007.1(e), entitled "Time for Response and Brief", states the following: "A response and brief to an opposed motion shall be filed within **21 days** from the date the motion is filed." (emphasis added).

11. Despite the fact that it has now been fifty (50) days since 2B Farms filed its Motion for Partial Summary Judgment, Mechanics Bank still has not filed a response and brief to 2B Farms' Motion. This is well beyond the 21 days permitted in both the Agreed Scheduling Order and Local Bankruptcy Rule. *Id.*

12. Moreover, <u>the same 21-day deadline</u> set forth for responses to motions for summary judgment <u>also applies to objections</u>. Here Mechanics Bank filed its Objection on December 16, 2025. This is 15 days <u>AFTER</u> the deadline set forth by this Court's Agreed Scheduling Order and by the Local Rules. *Id.*

13. In the case of *Flowers v. Deutsche Bank National Trust Company*, the United States Fifth Circuit Court of Appeals stated the following with regard to a nonmovant's failure to respond to a motion for summary judgment:

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 8 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}
Type text here

> **The failure to respond to a summary judgment motion leaves the movant's facts undisputed**. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law. *Id.*

*See Flowers v. Deutsche Bank Nat. Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015) (emphasis added).

14. Mechanics Banks makes no mention of its failure to timely respond in its Objection or Motion to Defer Consideration and therefore has arguably conceded this issue. Once more, because Mechanics Bank has failed to respond to the Motion, any facts relevant to 2B Farms' Motion which Mechanics Bank considers "disputed" as per its Objection, <u>are, in fact, undisputed as per the Fifth Circuit's decision in *Flowers*</u>. *Id.* Mechanics Bank's Motion to Defer Consideration should be denied to the extent it is trying to avoid issues which have already been determined by not addressing them.

**By Its Motion to Defer Consideration, Mechanics Bank Only Identifies a Few Issues for Additional Discovery Related to 2B Farms' Motion, Which Were Fully Addressed by the Same.**

15. Federal Rule of Civil Procedure 56(d) permits a nonmovant time to seek discovery if it cannot "present facts essential to justify its opposition." The Fifth Circuit stated in the case of *McKay v. Novartis Pharmaceutical Corp*. that the Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.,* 137 F.3d 41, 44 (1st Cir.1998)). If the requesting party "has not diligently pursued discovery, however, she is not entitled to relief" under Rule 56(d). *Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 606 (5th Cir.2001). *See McKay v. Novartis Pharmaceutical Corp*. 751 F.3d 694, 700 (5th Cir. 2014).

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                        Page 9 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

16. First, again, Mechanics Bank's Objection was late and should not be considered. However, notwithstanding, in both its Motion to Defer Consideration and supporting affidavit of Buffey E. Klein, counsel for Mechanics Bank, the bank focuses on certain elements pled in 2B Farms' Motion: 1) whether Mechanics Bank was an initial transferee with the requisite control over the McClain Accounts at the time of the transfers; and 2) whether 2B Farms was insolvent on the date of the transfers. *See* Mechanics Bank's Motion to Defer Consideration [Dkt. No. 334] p. 5-6, paras. 9 and 10.

17. As for the initial transferee with control of the McClain Accounts, it is nonsensical that 2B Farms would be the source of additional discoverable facts addressing this particular issue. The evidence 2B Farms presented in its Motion on these elements were obtained through written discovery it propounded upon Mechanics Bank itself and for which it produced such records (exhibits). 2B Farms is a small family cattle rancher, whose dealings with Brian McClain included buying and selling of cattle, including having cattle owned by 2B Farms that were delivered to one or more of McClain's facilities for growing and health care before they were ready for shipment to a finishing feedyard. It was Mechanics Bank who held the McClain Accounts through which Brian McClain engaged in his massive fraud involving cattle and that over $120,000,000.00 in claims have been filed in the case by over 100 parties, including 2B Farms. It is <u>undisputed</u> that Mechanic's Bank (1) accepted 2B Farms' three (3) Cattle Purchase Wires and (2) refused to honor the three (3) Cattle Sales Checks 2B Farms presented to Mechanic's Bank.

18. As pled and shown in the exhibits attached in 2B Farms' Brief in Support of its Motion, Mechanics Bank <u>was only accepting deposits</u> from ranchers and cattle producers, such as 2B Farms, in early April 2023, including 2B Farms' Cattle Purchase Wires, to capture as

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 10 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

much money as possible to cover its overdrawn account and/or eventually, and allegedly, to turnover to Rabo, <u>but, at the same time, not allowing any funds to be withdrawn from the McClain account</u> by the same ranchers and cattle producers upon their presentation of checks (Cattle Sales Checks) upon the sale of their cattle [Deposit Account Control Agreement, App'x., Dkt. No. 300-1, p. 2B 007 - 021; Rabo's Account Instruction Letter dated April 5, 2023, App'x., Dkt. No. 300-1, p. 2B 022 - 024; Mechanics Bank's Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., Dkt. No. 300-1, p. 2B 061]. Mechanics Bank ultimately did not turn over any funds during this April 2023 time period to Rabo despite the Deposit Account Control Agreements in place and correspondence as further described below, but instead **<u>delivered $1,414,714.60, the final net balance on the McClain Accounts that it had on hand, to the McClain Chapter 7 Trustee on May 30, 2023</u>**. *See* McClain Chapter 7 Trustee's *Notice of USDA Approved Trust Claims*, Bankr. Case No. 23-20084-swe7, Dkt. No. 126, p. 4, para. 10 (… "MFY received the turnover of $1,414,714.60 on May 30, 2021, from Mechanics [Bank]. Although Rabo asserts a perfected lien on the Debtors' accounts at Mechanics [Bank], **<u>these funds come from a bank-controlled account</u>**, not on account of the Debtors. . . ")(emphasis added). It is clear and undisputed Mechanics Bank had control of the accounts and funds thereto during this time period.

19.   As part of the pre-orchestrated undertaking to take control of the maximum amount of rancher and cattle producer funds, Mechanics Bank through Ms. Jamie Rabatin, Senior Vice President and Director of Commercial Servicing, acknowledged Mechanics Bank's freezing of the McClain Accounts and agreed to comply as "instructed" [Mechanics Bank's Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., Dkt. No. 300-1, p. 2B 061]. By her actions, the Senior Vice President of Mechanics Bank further decided to and

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                                                                    Page 11 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

subsequently <u>did accept deposits from 2B Farms in the McClain account, including the $7,458,956.92 combined total in Cattle Purchase Wire Transfers, and while at the same time denied negotiation of 2B Farms' Cattle Sales Checks totaling $7,601,318.86, for a direct loss of over $15,060,275.80 to 2B Farms</u>. *Id.* Each was a clear act of control of 2B Farms' six (6) separate wire transfer funds and checks, respectively.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                              Page 12 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

> From: Jamie Rabatin <Jamie_Rabatin@mechanicsbank.com>
> Sent: Wednesday, April 5, 2023 6:33 PM
> To: O'Neal, J (Jacqueline) <Jene.ONeal@raboag.com>
> Cc: Hanson, J (Jeffrey) <Jeff.Hanson@rabo.com>; nico.didonato@mechanicsbank.com
> Subject: RE: Rabo AgriFinance/McClain Farms, Inc., McClain Feed Yard, Inc. and 7M Cattle Feeders, Inc.; Demand for Freeze of Borrower Accounts SECURE
>
> This message was sent securely by Mechanics Bank®
>
> Hi Jene-
>
> The accounts are frozen. I have the wire instructions provided in the letter notifying us of the default.
>
> We will review the accounts daily and wire all collected funds as directed.
>
> I have a question – the letter requested that we provide "read only" access to online Banking to the Lender. Are you able to let me know who needs access? I will arrange to get them set up and trained.
>
> Feel free to contact me any time.
>
> Regards,
>
> Jamie Rabatin
> Senior Vice President
> Director of Commercial Servicing
>
> Mechanics Bank
> 18400 Von Karman Ave Suite 1100 | Irvine, CA 92612
> Tel (424) 230-5388 | Cell (949) 899-4882
>
> jamie_rabatin@mechanicsbank.com
> www.MechanicsBank.com



> Recognized by *Forbes* as one of America's Best Banks.

[Mechanics Bank's Acknowledgment of Rabo's Correspondence dated April 5, 2023, App'x., Dkt. No. 300-1, p. 2B 061].

    20.    Again, the documents upon which Mechanics Bank could potentially present to the Court to allegedly raise a genuine issue of material fact as to whether or not it was an initial

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 13 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

transferee with control would seemingly be within its own possession, and not 2B Farms, and should have been produced to 2B Farms per its earlier discovery requests.

21.     As for the issue of 2B Farms' insolvency, the Debtor 2B Farms relies upon summary judgment evidence of its own bankruptcy assets as disclosed in its bankruptcy schedules, statement of financial affairs, Cattle Purchase Wire documentation, Cattle Sales Check documentation and proof of claim of HTLF Bank, 2B Farms' primary lender, to establish the insolvency element under Section 548(a)(1)(B) of the Bankruptcy Code.  Over a three day period (April 4th, 5th, and 6th, 2023), 2B Farms wired a combined total of $7,458,956.92 to Brian McClain's account at Mechanics Bank during a period when the bank had taken control of the account (see correspondence of Mechanics Bank's Senior Vice President Jamie Rabitan above) and the same time, Ms. Rabatin denied all withdrawals from the McClain Account, including three (3) Cattle Sales Checks 2B Farms' presented through its bank in the combined total amount of $7,601,318.86.  These transactions with Mechanics Bank resulted in a combined total loss to 2B Farms of approximately $15,060,275.80 over a three (3) day period, April 4th, 5th, and 6th, 2023, which is the time period of the transfers 2B Farms is seeking to avoid.   2B Farms contends that there is no genuine issues of material fact as to the element of its insolvency given this summary judgment evidence, especially when compared to its $1,914,947.80 in assets as disclosed in its bankruptcy schedules.  It is clear and undisputed that 2B Farms was "insolvent" on the dates the transfer(s) were made, or "<u>became insolvent as a result of such transfer[s] or obligation[s]</u>." *See* 2B Farms' Schedules A/B (as amended), App'x., Dkt. No. 300-1, p. 2B 066 – 2B 074); 2B Farms' Cattle Purchase Wire Documentation, App'x. Dkt. No. 300-1, p. 2B 002, 004 and 006; Cattle Sale Checks and supporting McClain Feedyard, Inc. Sale Statements, App'x.

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*                                                                 Page 14 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

Dkt. No. 300-1, p. 2B 025 – 033; HTLF Bank's Proofs of Claim on the Court's Claims Register nos. 6-1, 7-1, 8-1 and 9-1 in Bankruptcy Case No. 23-50096-swe12.

22. Lastly, Mechanics Bank had well over two (2) years to ask 2B Farms and others for discovery, but chose not to. To now claim they are being prejudiced by the same is not factually correct. Still further, to allow them additional time to conduct the same is inequitable to 2B Farms. Mechanics Bank chose to not actively conduct discovery on this case for two (2) years and cannot now claim prejudice by 2B Farms filing its Motion.

23. In conclusion, as a result of Mechanics Bank's failure to timely file a response and objection, each of the facts pled by 2B Farms should be taken as true and its summary judgment motion should be granted. Moreover, to grant them additional time for discovery is improper and not equitable because of their own actions and inactions. Notwithstanding, there is no evidence to contradict 2B Farms' evidence and deferring the summary judgment hearing will produce no evidence to support any late filed response or objection Mechanics Bank has or may file, that would affect this issue.

WHEREFORE, for the reasons set forth herein, Third-Party Plaintiff 2B Farms, a Texas General Partnership, respectfully requests the Court to overrule Third-Party Defendant Mechanics Bank's *Expedited Motion Pursuant to FED.R. CIV.P. 56(d) to Defer Consideration of 2B Farms' Motion for Summary Judgment and to Continue Hearing for 91 Days Pending Discovery*, and grant it such other and further relief as the Court deems just.

        Respectfully submitted

        **MCWHORTER, COBB & JOHNSON, L.L.P.**
        1722 Broadway
        P.O. Box 2547
        Lubbock, Texas 79408
        (806) 762-0214 - Telephone

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 15 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited
Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to
Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}

                    (806) 498-4808 – Facsimile

Timothy T. Pridmore
SBN: 00788224
*tpridmore@mcjllp.com*
Todd Johnston
SBN: 24050837
*tjohnston@mcjllp.com*


By: */s/ Timothy T. Pridmore*
      Timothy T. Pridmore

*Attorneys for Debtors, Defendants, Counterclaim Plaintiffs, Third-Party Plaintiffs, Third-Party Counterclaim Defendants 2B Farms, a Texas General Partnership, Terry M. Robinson, Rebecca A. Robinson and Non-Debtor, Angela Robinson*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 30, 2025, I electronically filed the foregoing Objection with the United States Bankruptcy Court for the Northern District of Texas by using the CM/ECF system which sent notice to all registered ECF users in this case.

                    */s/ Timothy T. Pridmore*
                    Timothy T. Pridmore

*Re: AgTexas Farm Credit Services, et al. v. Rabo AgriFinance, LLC, et al.*    Page 16 of 16
Third-Party Plaintiff 2B Farms', a Texas General Partnership, Objection and Response Opposed to Mechanics Bank's Expedited Motion Pursuant to Fed. R. Civ. P. 56(d) to Defer Consideration of 2B Farms' Motion for Partial Summary Judgment and to Continue Hearing for 91 Days Pending Discovery
{00920522.DOCX - ver}