**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| In re:<br><br>MCCLAIN FEED YARD, INC., *et al.*,[1]<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 7<br><br>Case No. 23-20084-SWE<br><br>(Jointly Administered) |
| In re:<br><br>2B FARMS, a Texas General Partnership, *et al.*,[2]<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 12<br><br>Case No. 23-50096-SWE<br><br>(Jointly Administered) |
| KENT REIS,<br>*Chapter 7 Trustee for the Bankruptcy Estates of*<br>*McClain Feed Yard, Inc., McClain Farms, Inc., and*<br>*7M Cattle Feeders, Inc.*,<br>Plaintiff,<br>v. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br>Adv. Proc. No. 24-2007-SWE |

---

[1] The Debtors in the jointly administered chapter 7 cases, along with their case numbers, are: McClain Feed Yards, Inc. (Case No. 23-20084-SWE); McClain Farms, Inc. (Case No. 23-20085-SWE); and 7M Cattle Feeders, Inc. (Case No. 23-20086-SWE).

[2] The Debtors in the jointly administered chapter 12 cases, along with their case numbers, are: 2B Farms (Case No.23-50096-SWE) and co-debtors Terry M. Robinson and Rebecca A. Robinson (Case No. 23-50097-SWE).

4921-8453-5696

COMMUNITY FINANCIAL SERVICES BANK,
HTLF BANK, MECHANICS BANK, AND RABO
AGRIFINANCE, LLC,

     Defendants.

§   *Previously 25-2005*
§
§
§
§
§

AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA,
THORLAKSON DIAMOND T FEEDERS, LP,

   Plaintiffs,

EDWARD DUFURRENA, *et al.*,[3]

   Intervenor-Plaintiffs,

v.

RABO AGRIFINANCE, LLC, *et al.*,

   Defendants.

§
§
§
§
§
§
§
§   Adv. Proc. No. 24-2007-SWE
§
§   *Previously 23-5002 and 24-2002*
§
§
§
§
§
§
§
§
§

HTLF BANK, as successor to First Bank & Trust,

   Plaintiff, Counter-Defendant, and Cross-Claim
   Defendant,

v.

2B FARMS, a Texas General Partnership,
TERRY M. ROBINSON, and REBECCA A.
ROBINSON,

   Defendants, Counterclaim-
   Plaintiffs, Third-Party Plaintiffs
   and Third-Party Counterclaim
   Defendants,

v.

§
§
§
§
§
§
§
§
§
§
§
§   Adv. Proc. No. 24-2007-SWE
§
§   *Previously 23-5002 and 23-5003*
§
§
§
§
§

---

[3] Dennis Buss, Buss Family Trust, Eddie Bryant, Robert Gray, Ronnie Gray, Gray Brothers, Craig Sutton, Amy Sutton, Steve Ryan, AJ Jacques Living Trust, Gungoll Cattle Co., LLC, Leah Gungoll, Morrison Café, LLC, Lesh Family Trust, Gary Lesh, Jan Lesh, Jared Lesh, Joel Brookshire, Gene Brookshire Family Limited Partnership, Scarlet and Black Cattle, LLC, Janice Lawhon, Jordan Lesh, LLC, Bryan Blackman, Steve T Scott Farm, Inc. Scott Livestock Company, Inc., Arnold Braun Trust, Robert Braun, Jim Rininger, Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Lyndal Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Jimmy Greer, Dustin Johnson, Dora Blackman, Ridgefield Capital Asset Management, LP, Robert Ellis, Big Seven Capital Partners, LLC, Carraway Cattle, LLC, Richard Carraway, Drew Phillips, Barry Phillips, Priest Cattle Company, Ltd., Priest Victory Investment LLC, W. Robbie Russell Living Trust, and Eddie Stewart.

4921-8453-5696

| | |
|---|---|
| RABO AGRIFINANCE, LLC and MECHANICS BANK, | § § |
| Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | § § § § § § |
| HTLF BANK, as successor to First Bank & Trust, | § § § |
| Plaintiff and Counter-Defendant, | § § |
| v. | § § |
| 2B FARMS, a Texas General Partnership, TERRY M. ROBINSON, and ANGELA ROBINSON, | § § § § |
| Defendants and Counter-Plaintiffs. | § |

## **STIPULATION**

Defendant Community Financial Services Bank ("CFSB"), Plaintiff Kent Ries, Chapter 7 Trustee ("Trustee") and HTLF Bank ("HTLF" and, collectively with CFSB and the Trustee, the "Parties"), by and through their undersigned counsel, file this Stipulation and state that the Parties have agreed as to the following:

(a) The Trustee has noticed a Rule 30(b)(6) deposition of CFSB on February 25, 2026 (the "Deposition");

(b) HTLF has cross-noticed a Rule 30(b)(6) deposition of CFSB for the same date;

(c) CFSB would object to the Deposition notices and seek protection from the Bankruptcy Court in the absence of this Stipulation;

(d) The Parties agree that CFSB may serve its responses to the topics listed in Exhibit A by Friday, February 20, 2026, and that CFSB shall present one or more designees for oral Deposition of such Exhibit A topics on February 25, 2026, from 9:00 am ET until 4:00 pm ET, in Louisville, Kentucky;

(e) The Parties further agree that CFSB may serve its responses to the remaining topics listed on Exhibit B by Friday, March 20, 2026, or such later time as the rules permit in the event that the Trustee and/or HTLF amend their notices;

(f) Without waiving any rights, CFSB agrees to provide the Trustee and HTLF additional dates for the Trustee and HTLF to complete the Deposition after March 20, 2026; and

4921-8453-5696

(g) Nothing in this Stipulation shall be construed as an extension, shortening, or modification to the time allowed for the Deposition under the applicable rules, and the Partes expressly reserve the right to serve additional deposition notices or object to the same.

*[remainer of page intentionally left blank]*

4921-8453-5696

DATED: February 19, 2026.

**GRAY REED**

By: _/s/ Aaron M. Kaufman_
      Aaron M. Kaufman
      Texas Bar No. 24033684
      Skyler Y. Stuckey
      Texas Bar No. 24079411
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:      (214) 954-4135
Facsimile:      (214) 953-1332
Email:      akaufman@grayreed.com
      sstuckey@grayreed.com

-and-

**MORGAN POTTINGER MCGARVEY**

By: _/s/ Keith J. Larson_
      Keith J. Larson (admitted pro hac vice)
401 South Fourth Street, Suite 1200
Louisville, KY 40202
Telephone:      (502) 560-6758
Facsimile:      (502) 585-3498
Email:      kjl@mpmfirm.com

_Counsel to Community Financial Services Bank_

By: _/s/ Matthew S. Merriott (with permission)_
**MULLIN HOARD & BROWN, L.L.P.**
Matthew S. Merriott, SBN 24100846
mmeriott@mhba.com
500 South Taylor, Suite 800
Amarillo, TX 79120-1656

_Counsel to HTLF Bank_

By: _/s/ Steven Gerston (with permission)_
      Alan Dabdoub
      State Bar No. 24056836
      adabdoub@lynnllp.com
      Steven G. Gersten
      State Bar No. 24087579
      sgersten@lynnllp.com
      Farsheed Fozouni
      State Bar No. 24097705
      ffozouni@lynnllp.com
      Campbell Sode
      State Nar No. 24134507
      csode@lynnllp.com
**Lynn Pinker Hurst & Schwegmann LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:      214-981-3800
Facsimile:      214-981-3839

**JOBE LAW PLLC**
Hudson M. Jobe
hjobe@jobelawpllc.com
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563

_Special Counsel for the Plaintiff/Trustee_

4921-8453-5696

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on February 19, 2026, a true and correct copy of the foregoing was served upon all counsel of record pursuant to the Federal Rules of Bankruptcy Procedure.

                                    */s/ Aaron M. Kaufman*
                                      Aaron M. Kaufman

4921-8453-5696

## **Exhibit A**

1.   All CFSB officers and/or employees who raised concerns about actual or potential fraud, check kiting, or account irregularities with respect to Debtors, including the identity of the employee(s), the dates on which concerns were raised, the persons notified of such concerns, the nature of the concerns, and the actions taken by CFSB in response to such concerns.

2.   The underlying facts and circumstances discovered that would be appropriate for inclusion in a suspicious activity report relating to Debtors (without disclosing one way or another whether a suspicious activity report was actually filed or the contents of any such report, if filed), including the date(s) upon which the underlying facts and circumstances were discovered, the CFSB employees notified of such facts and circumstances and the date(s) on which that occurred, and a description of the underlying facts and circumstances.

\* \* \*

5.   The refinancing and payoff of CSFB's two loans to Debtors, including the CSFB employees involved in the process, the business motivation for the transactions, and the date of any comments that CFSB should reduce its exposure to Debtors, the specific statements made, the CFSB employee who made the comments, and the CFSB persons with knowledge of such comments (including when such knowledge was acquired).

6.   Any concerns raised about the adequacy of Debtors' collateral, including the person(s) who raised such concerns, the CFSB persons with knowledge of such comments (including when such knowledge was acquired), the dates such concerns were raised, the nature of the concerns, and the actions taken by CFSB in response to such concerns.

7.   All anti-money laundering and fraud alerts identified by CFSB's core systems or AML/Fraud systems relating to Debtors, including the date of such alerts, the information included in such alerts, the CFSB employees who received such alerts, and the actions taken by CFSB in response to such alerts.

\* \* \*

9.   All automated alerts, exception reports, and case files referencing all AML and fraud red flags/alerts relating to Debtors, including suspected check kiting or repetitive circular transfers involving the accounts, including the date of such alerts, the information included in such alerts, and the CFSB employees who received such alerts, and the actions taken by CFSB in response to such alerts.

10.   CFSB's kiting/velocity/structuring exception reports that flagged Debtors, including the date of such reports, the information included in such reports, and the CFSB employees who received such reports (including when they received them), and the actions taken by CFSB in response to such reports.

4921-8453-5696

11. Internal/external audit and compliance monitoring reports, and regulator exam communications, that specifically mention Debtors or suspected kiting/high-velocity circular transfers related to Debtors, including the date of such reports, the information included in such reports, the CFSB employees who received such reports, and the actions taken by CFSB in response to such reports.

4921-8453-5696

**Exhibit B**

3.      CFSB's policies and procedures surrounding employee's identification of a suspicious incident or unusual incidents; and the reporting of these to the BSA department or the SAR reporting group.

4.      The numerical breakdown of SARs from 2018-2024 for structuring, kiting, check fraud, and deposit fraud.

* * *

8.      The AML Daily Velocity Reports processes and procedures, responsibilities, and escalation processes and how these velocity alerts would be evaluated as they relate(d) to Debtors.

* * *

12.     CFSB's history of lending to the Debtors, including the circumstances in or around 2006 when CFSB could not get comfortable with the growth rate of his livestock business, the amount of money it took to do so and the collateral position of the real estate versus livestock, and the subsequent return of McClain's accounts to CFSB after he left Regions Bank, including the reasons CFSB approved the refinancing.

13.     CFSB's involvement in the clawback of deposits made by MAP Enterprises and Wildforest Cattle in April 2023, including all communications between CFSB and the investors (or McClain) regarding the freezing of the Mechanics Bank accounts, the process by which CFSB assisted MAP and Wildforest in clawing back approximately $31 million in deposits, and the CFSB employees involved in or with knowledge of those transactions.

14.     All overdrafts on the Debtors' accounts at CFSB, including the 113 days during which the Debtors' CFSB accounts were in overdraft from 2018 through April 2023, the dollar amounts of the overdrafts, the CFSB employees who approved honoring checks or transactions that caused or continued overdrafts, the communications between CFSB employees regarding the overdrafts, and CFSB's policies and procedures regarding overdrafts and the extent to which those policies were followed.

15.     Chargeback related controls/policy/procedures for chargebacks. A total of $6.927 million was charged back to account 3786 across sixteen occasions between October 2018 and August 2021, mostly check deposits written on McClain Feedyard, Inc. and McClain's other accounts at Mechanics, Frost Bank and First Capital Bank. In addition to the foregoing, please be prepared to answer questions related to the chargeback processes (reversing as of date of deposit vs. date of return), recognition of kiting and fraud, AML cases, deposit operations controls, closing accounts due to chargebacks.

16.     The 238 paid and returned items due to non-sufficient funds. 223 of these were paid items and the remainder were returned items. 57 of the paid item fees were reversed (refunded).

17.     CFSB's closing accounts policy for excessive overdrafts, controls, customer contact, letters and Board approvals for reversing or maintaining relationships.

4921-8453-5696

18.     The 86 occasions the daily ending balance in McClain Farms, Inc.'s account was negative for a total $35,206,554.22, including August 2021 for four consecutive days exceeding $2.44 million and policy/procedure/controls carrying accounts with negative balances.

19.     CFSB's knowledge of and role in the billions of dollars of intercompany transfers between the Debtors' accounts at CFSB and Mechanics Bank from 2018 through April 2023, including the volume and pattern of such transfers, any concerns raised by CFSB employees about the nature or purpose of such transfers, and CFSB's policies and procedures for monitoring large-volume circular transfers.

20.     CFSB's overdraft policy indicating only one fee will be waived per customer, that loan officers may approve overdrafts based on their unsecured lending limits and that the CEO is authorized to approve up to $250,000. The items returned exceeded $1 million. In addition to the foregoing, please be prepared to discuss the policy/procedure and controls as they relate to overdrafts.

21.     Reg CC holds and compliance procedures: when does CFSB place holds; when does CFSB not place holds; and whether Jack Henry (Silverlake) is programmed to require holds and whether employees would have to over-ride these controls.

22.     Whether RDC Deposits exempt having holds placed.

23.     CFSB's personal banking relationships with Brian McClain and his immediate family members, including all personal loans CFSB extended to Brian McClain or his family, the status of those loans as of the Petition Date, and any communications among CFSB employees regarding how the status of the Debtors' business operations might affect the McClains' ability to repay personal obligations.

24.     All transfers of the Debtors' funds in the days and weeks before the Petition Date that were intended to or had the effect of zeroing out the Debtors' accounts at CFSB, including communications between CFSB and Rabo or Mechanics Bank regarding such transfers, and the CFSB employees involved in or with knowledge of such transfers.

25.     CFSB's communications and coordination with Rabo and/or Mechanics Bank regarding the Debtors' accounts, including any discussions about check kiting, overdrafts, unusual account activity, or concerns about the legitimacy of the Debtors' operations.

4921-8453-5696