Aaron M. Kaufman (Texas Bar No. 24060067)
Skyler Y. Stuckey (Texas Bar No. 24079411)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: akaufman@grayreed.com
sstuckey@grayreed.com

Keith J. Larson (admitted *pro hac vice*)
**MORGAN POTTINGER MCGARVEY**
401 South Fourth Street, Suite 1200
Louisville, KY 40202
Telephone: (502) 560-6758
Facsimile: (502) 585-3498
Email: kjl@mpmfirm.com

*Counsel to Community Financial Services Bank*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al., | § | Case No. 23-20084-swe7 |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| In re: | § | |
| | § | |
| 2B FARMS, et al., | § | Case No. 23-50096-swe12 |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| AGTEXAS FARM CREDIT SERVICES, AGTEXAS, PCA and THORLAKSON DIAMOND T FEEDERS, LP, | § | Adv. Proc. No. 24-2007-swe Consolidated |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| RABO AGRIFINANCE LLC et al., | § | |
| | § | |
| Defendants. | § | |

**COMMUNITY FINANCIAL SERVICES BANK'S
OBJECTION TO TRUSTEE'S MOTION FOR RECONSIDERATION
OF THE COURT'S MARCH 27, 2026 ORDER DISMISSING COMMON-LAW
CLAIMS BASED ON THE AFFIRMATIVE DEFENSE OF IN PARI DELICTO**

Community Financial Services Bank ("CFSB") files this objection (the "Objection") to

the *Chapter 7 Trustee's Motion for Reconsideration of the Court's March 27, 2026 Order*

*Dismissing Common-Law Claims Based on the Affirmative Defense of In Pari Delicto*

4936-6104-3366

[Docket No. 414] and supporting Brief [Docket No. 415] (together, the "Motion").  The Trustee asks this Court to reconsider its 26-page memorandum opinion [Docket No. 405] (the "Dismissal Opinion") dismissing all common law claims with prejudice.  For the reasons set forth herein, and any additional reasons proffered by the other three defendants or determined by the Court, the Motion can be and should be denied.

## I.        Preliminary Statement

1.        The Court's Dismissal Opinion followed two amendments to the Trustee's original complaint, extensive briefing by the parties, and three separate hearings to consider oral arguments.  Each defendant filed its own motion to dismiss independently arguing that the Trustee was barred from pursuing common law claims under various theories, including the *in pari delicto* doctrine.  The Trustee filed four separate objections to each dismissal motion and provided the Court with oral arguments on each motion.

2.        The underlying cases were filed on April 28, 2023.  The Trustee had over two years to research the *in pari delicto* doctrine, conduct Rule 2004 examinations, and ensure sufficient facts were plead to avoid dismissal.

3.        The Trustee instead chose to stand on his Second Amended Complaint.  Only now, *after* the Court has dismissed the common law claims with prejudice does the Trustee ask for leave to amend a third time.  On this point, the Trustee makes a rather stunning admission:

> As the Trustee is ***only now*** aware of the Court's view, the Trustee ***only now know[s]*** the specific facts that he must plead to defeat *in pari delicto*. The Trustee has the right, and should have the chance, to plead and prove his case.

*Brief*, Docket No. 415 at 13 (emphasis added).

4.        A bold stratagem relied on by the Trustee. Indeed, all parties would ***like*** an opportunity to know how a court will rule ***before*** determining what facts should be pled to avoid an adverse ruling.  Trials are regularly conducted—in fact, ***always*** conducted—without

4936-6104-3366

knowing what evidence a fact finder might find persuasive.  The rules do not allow the losing party a legal "mulligan" to go back in time and try again.

5.      What the Trustee seeks is not a ***right*** conferred by the Rules and applicable law.

6.      The Trustee's Motion identifies no intervening change in controlling law, no newly discovered evidence that was previously unavailable with reasonable diligence,[1] and no manifest error of law or fact, and it also fails under the operative Rule 15(a) considerations governing a post-dismissal request to amend.

7.      As the Dismissal Opinion correctly explained:

> That argument and those facts—revealed on the face of the
> Second Amended Complaint—are the same now as they will be
> at the summary judgment stage or at a later trial on the merits.
> Now is the time to decide the issue.

*Dismissal Opinion* at p. 8.

8.      The Court has appropriately considered the issue.  The Trustee has had ample opportunity to consider his strategy and act accordingly.  He chose to stand on the Second Amended Complaint.  He further chose to brief and argue his case to the Court four separate times.  The Motion should be denied in all respects.

## II.  Background

9.      The Trustee commenced this adversary proceeding on March 14, 2025, just weeks shy of the two-year anniversary of the bankruptcy petition date of April 28, 2023 (the "Petition Date").  All four defendants immediately moved for dismissal, and the Trustee amended his complaint twice in response to the initial rounds of dismissal motions.  The Trustee filed his Second Amended Complaint several months later on July 2, 2025.

10.     The Trustee filed an Original Complaint on March 14, 2025, then a First Amended Complaint on June 16, 2025, after CFSB filed its first motion to dismiss.  With the

---

[1] Any suggestion that the Trustee could not have obtained such information in the two years before filing the Second Amended Complaint is not only disingenuous, but it runs afoul of Bankruptcy Rule 9011(b).

4936-6104-3366

benefit of the defendants' initial briefing on the issue of *in pari delicto*, the Trustee filed his 80-page Second Amended Complaint.

11. The Court then considered the motions, the pleadings, and argument, and dismissed the common-law claims with prejudice based on *in pari delicto*.

12. Considering the undisputed facts alleged in the Second Amended Complaint, the Court explained that section 541's "snapshot" nature foreclosed any approach that would allow the Trustee to pursue the Debtors' common-law claims while avoiding defenses that would have defeated those claims in the Debtors' hands. *See* Dismissal Opinion at 8–11, 15–24. The Court explained why the Trustee's public policy argument that "innocent creditors will receive less" was unpersuasive, despite its "equitable tug," because the Debtors simply are not entitled to recover from the Defendants considering the Trustee's acknowledgement of the Debtors' own misconduct. *Id.* at 17–21 ("In other words, creditors would not be entitled to a dime for the Defendants' alleged misconduct unless the Debtors themselves are entitled to recover on their common-law claims against the Defendants.") (citing *See In re Buccaneer Res., L.L.C.,* 912 F.3d 291, 293 (5th Cir. 2019)).

13. In dismissing with prejudice, the Court already anticipated, considered, and rejected the Trustee's arguments now proffered in its Motion. Recognizing the "bias in favor of granting leave," the Court found that any further amendment of the Complaint would be futile because the *in pari delicto* defense defeats the common-law claims on the face of the Second Amended Complaint. *See* Dismissal Opinion at 25–26 (noting the two prior amendments to the complaint, the lack of additional facts pled, and the futility of pleading additional facts that would overcome the *in pari delicto* doctrine).

14. While the Motion raises a series of arguments to avoid this ruling, those arguments have already been considered and properly rejected in the Dismissal Opinion. For

4

4936-6104-3366

the reasons set forth in the Dismissal Opinion, and supplemented below, the Motion should be denied.

### III.  Arguments and Authorities

**A.      *Rule 59(e) Is the Procedural Vehicle for the Trustee's Reconsideration Request.***

15.     The Trustee seeks reconsideration of a dismissal with prejudice and requests leave to amend. A request to alter or amend such an order is addressed under Federal Rule of Civil Procedure 59(e), made applicable by Bankruptcy Rule 9023.  It is well-settled that Rule 59(e) is appropriate under three circumstances:  (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.  *See In re SAL ATX, LLC*, 660 B.R. 795, 813 (Bankr. W.D. Tex. 2024) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

16.     The Trustee offers none of these.  There is no intervening change in controlling law.  The Trustee had two years to take fact discovery before standing on his Second Amended Complaint, so there can be no newly discovered evidence that was previously unavailable to the Trustee.  And the Trustee does not argue that the Court made a manifest error of law or fact that needs to be corrected.

17.     The Trustee invokes Rule 54(b), but that does not expand the permissible scope of reconsideration here. The Dismissal Opinion is a merits-based dismissal with prejudice of the Trustee's common-law counts, entered after multiple amendments and full briefing and presentation of the issues.

18.     Rather than articulating a cognizable basis for the Court to reconsider its Dismissal Opinion under the well-settled Rule 59(e) standards, the Trustee simply seeks to relitigate its response to the *in pari delicto* doctrine.  CFSB simply incorporates its prior arguments on these issues, as these matters were already fully briefed, there have been no

4936-6104-3366

changes in this controlling authority, and the Court already considered these arguments. The Motion should be denied under Rule 59(e).

**B.**  ***Fifth Circuit Refinement: Where Reconsideration Is Sought to Amend After Dismissal With Prejudice, Rule 15(a) Governs the Rule 59(e) Analysis.***

19.  The Fifth Circuit applies a somewhat "refined" standard to Rule 59(e) reconsideration motions, where a movant seeks reconsideration of a dismissal with prejudice for the purpose of obtaining leave to amend.  In such cases, the Fifth Circuit considers such motions under Rule 59(e) procedurally, but such considerations on whether to reopen a case to allow amendment follow similar standards as motions for leave under Rule 15(a).  *See, e.g., Stevens v. St. Tammany Parish Gov't*, 17 F.4th 563, 575 (5th Cir. 2021) (citing *U.S. ex. rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).[2]

20.  In dismissing the Trustee's common law claims, the Court undertook an <u>extensive</u> consideration of the *in pari delicto* doctrine and concluded that it was applicable to the facts alleged in each of the Trustee's prior complaints.  *See* Dismissal Opinion at 8–25. Before dismissing those claims <u>with prejudice</u>, the Court expressly considered the factors applicable to Rule 15(a) motions for leave.  *See id*. at 25–26.  In dismissing the Trustee's common law claims with prejudice, the Court explained:

> While there is no evidence demonstrating "undue delay, bad faith or dilatory motive," this is now the Plaintiff's third attempt to file a com-plaint with common-law claims. The Plaintiff filed two of those com-plaints after the Defendants filed Rule 12(b)(6) motions raising *in pari delicto*. **After several months and over 200 pages of complaints, the Second Amended Complaint contains substantially the same causes of action, theories of liability, and operative facts (albeit with more detail) as the previous iterations**.

---

[2] While not directly applicable to Rule 59(e) motions such as the Trustee's present Motion, it is worth noting that the Supreme Court recently rejected a plaintiff's attempt to use Rule 15(a)'s procedural mechanisms to circumvent the Rule 60(b) standards following a ruling on the merits.  *See generally BLOM Bank SAL v. Honickman*, 605 U.S. 204, 145 S.Ct. 1612, 221 L. Ed. 2d 850 (2025).

4936-6104-3366

> When a complaint has been amended twice and no additional facts or information will overcome the pleading standard, dismissal with prejudice is proper. *United States of Am. ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.,* 157 F.4th 758, 765–66 (5th Cir. 2025).
>
> The Defendants here have successfully raised *in pari delicto* as an affirmative, equitable defense. **There are no additional facts the Trustee could assert that would overcome this defense, and the public-policy argument is the same now as it will be in any subsequent pleading. Granting leave to amend the complaint would be futile.** Therefore, the Court dismisses the common-law counts in the Trustee's Second Amended Complaint with prejudice.

*Id.* (emphasis added).

21.     The Trustee's Motion and related briefing do not identify any new facts that would change the Court's ruling.  The Motion instead presents excuses for the shortcomings in the Trustee's prior complaints.  *See Brief* at 1–2.  For example, the Trustee suggests that the "prior two amendments were really only amendment," but this is a problem of the Trustee's own creation after agreeing to four staggered deadlines for each defendant's dismissal motion. The Trustee further complains that "[t]he issue [of *in pari delicto*] was not specially briefed but subsumed among tens of challenged, including choice of law arguments."

22.     Among the many astonishing arguments contained in the Motion, this one is perhaps the most problematic from a Rule 9011(b) perspective. The Trustee and his counsel obviously knew that CFSB's opening brief contained an entire section, spanning six pages and 13 paragraphs, including authorities under both Texas and Kentucky law, on this very issue.[3] CFSB made these same arguments in its first motion to dismiss.[4]  The Trustee even filed a "Notice of Mootness" with what appeared to be his substantive arguments on the merits of CFSB's first motion to dismiss.[5]  So, the Trustee clearly understood CFSB's *in pari delicto*

---

[3] *See* Adv. Proc. No. 25-2005, Docket No. 57, ¶¶ 86–98.

[4] *See* Adv. Proc. No. 25-2005, Docket No. 22, ¶¶ 80–91 (first motion to dismiss)

[5] *See* Adv. Proc. No. 25-2005, Docket No. 42, ¶¶ 43–48 (Trustee's notice of mootness).

4936-6104-3366

defense before filing his first *and* second amended complaints. The Trustee's objection to CFSB's second motion to dismiss also contained an entire section devoted to the *in pari delicto* doctrine, spanning over three pages and eight paragraphs.[6]  CFSB's reply brief briefly responded to the Trustee's arguments as well.[7]

23.   Any suggestion that the *in pari delicto* arguments were somehow "subsumed" among "tens" of other arguments (and, thus, unworthy of the Trustee's consideration) are simply incredible—to say the very least—given the sweeping nature of the Trustee's complaints and the extensive opportunities this Court has given the Trustee to brief these issues. In any event, none of these excuses should be countenanced by this Court or any court of appeals.

24.   The Trustee further contends that he could allege additional facts to qualify for different exceptions to the *in pari delicto* doctrine. *See Brief* at 4–7.  For example, the Trustee has a new theory that CFSB could be considered an "insider" of the Debtor based on "recently produced text messages" that CFSB previously employed McClain family members.  These "new facts" are beside the point.  Not only does the Trustee fail to articulate why CFSB's employment of one of Mr. McClain's ex-wives and two of his children would create an exception to the *in pari delicto* doctrine (it does not), but, more importantly, the Trustee fails to admit the truth to this Court—none of this "new evidence" is truly "new."  The Second Amended Complaint already accused CFSB of having a close relationship with Brian McClain and his family.  Additional detail on this relationship is just rehashing the same arguments this Court has already rejected.

25.   Once again, the underlying case was filed on April 28, 2023.  The Trustee sought and obtained authority to pursue Rule 2004 examinations from CFSB.  CFSB produced

---

[6] *See* Adv. Proc. No. 25-2005, Docket No. 79, ¶¶ 70–77.

[7] Adv. Proc. No. 25-2005, Docket No. 87, ¶¶ 19–20.

4936-6104-3366

documents in response to those orders.  Whatever "new" information the Trustee is now aware of is not actually "new" information at all.  If anything, it is simply additional detail that the Trustee did not believe was relevant until ***now***, after the Court has issued its ruling on the merits adverse to the Trustee.  Even if these facts would create a legal exception to the *in pari delicto* doctrine, which they do not, these additional details were either known or knowable to the Trustee prior to filing the Second Amended Complaint on July 2, 2025.

26.    Neither Rule 59(e) nor Rule 15(a) offers litigants a second bite at the apple as the Trustee seeks here.  The Trustee offers no suggestion that the Court has committed a manifest error of fact or law.  If there was any error at all, it was in the Trustee's decision to stand on his Second Amended Complaint, despite the very strong headwinds of the *in pari delicto* doctrine argued by <u>all four</u> defendants.  This is not an error that this Court or any court of appeals can fix under the applicable rules.  Once there has been an adverse ruling, Rule 15(a) does not require the Court to permit the Trustee's theory-shifting.  Nor does it permit the Trustee to concoct new, previously unpled claims.

27.    In his Brief, the Trustee argues for the first time that Mr. McClain might not have been the sole actor for the Debtor, and that CFSB might have been an alternative "insider" of the Debtor.  *See Brief* at 22–24.  The Trustee's briefing in response to CFSB's dismissal motion made clear that it was <u>*Brian McClain*</u> who breached his fiduciary duties to the Debtor, and <u>*Brian McClain*</u> who engaged in check kiting.  *See* Adv. Proc. No. 25-2005, Docket No. 79. The Court will no doubt recall the Trustee's oral arguments that it was <u>*Brian McClain*</u> driving the car, while the banks merely served as the wheels necessary to allow the car to drive off a cliff.

28.    But now that the Trustee has seen the Court's ruling on the *in pari delicto* defense, the Trustee has a new theory that Brian McClain was <u>*not*</u> the sole actor, because CFSB

9

can be considered an insider under some "adverse interest" exception to the *in pari delicto* doctrine. *See Brief* at 22–24.

29. If litigants are given infinite opportunities to concoct new theories each time a court rejects the previous one, litigation will never end. While the rules contemplate liberal opportunities to replead one's complaint, the Court has already done so here. The Trustee filed his first complaint in March 2025. The Trustee amended his complaint three months later— after the first round of the defendants' dismissal motions. The Trustee then amended his complaint a second time—in response to the second round of dismissal motions.

30. But that was not the end. Nearly nine months passed between July 2, 2025— when the Trustee filed his Second Amended Complaint—and March 27, 2026—when the Court issued its *Dismissal Opinion*. During this intervening time, the Trustee received written discovery from CFSB and took not one, but two, depositions of CFSB's corporate representatives. If the Trustee felt strongly about his new theories, the Trustee could have sought leave to amend his complaint at any time prior to the Court's ruling on March 27, 2026. The simple fact is that the Trustee felt strongly about his choice to stand on his Second Amended Complaint, at least until this Court ruled against him.

31. The Motion now proposes differing angles of argument that were all available to the Trustee long before the Court ruled. But Rule 15(a) does not require the Court to allow a party to present alternative theories of the case after an adverse merits decision. *See St. Tammany Parish Gov't*, 17 F.4th at 575. To be clear, it is not an abuse of discretion to deny leave to amend when a party "attempt[s] to raise facts which were 'available previous to the district court's opinion.'" *Id.* (quoting *Rosenzweig*, 332 F.3d at 864-65).[8]

---

[8] *See also Rosenzweig*, 332 F.3d at 865 (emphasizing that a "busy district court need not allow itself to be imposed upon by the presentation of theories seriatim") (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)).

4936-6104-3366

32.    The Trustee's own Motion underscores why this is so. He does not identify a discrete pleading defect that he could not have addressed earlier with diligence. Instead, he proposes a new constellation of exceptions and theories, including insider status as to multiple defendants, adverse-interest allegations grounded in ownership and staffing structure, and introduces a new contribution theory.

33.    That is exactly the type of "second chance" and "third chance" pleading practice that *St. Tammany Parish Gov't* holds can be denied after a court has already entertained multiple prior amendments. *See* 17 F.4th at 575. These facts and theories were all available to the Trustee over a year ago when he first filed this lawsuit. He chose to stand on his Second Amended Complaint.

34.    Moreover, CFSB would ask the Court to apply judicial estoppel to bar such alternative pleading by the Trustee. *See In re Coastal Plains, Inc.*, 179 F.3d 197, 205–06 (5th Cir. 1999). "The purpose of the [judicial estoppel] doctrine is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* (quoting *Brandon v. Interfirst Corp.,* 858 F.2d 266, 268 (5th Cir.1988)) (cleaned up). The elements for application of the doctrine are all present here. The Trustee took prior inconsistent positions that Brian McClain was the sole driver of the check kiting and Ponzi schemes, and never once argued that CFSB could be considered an insider of the Debtor. The Court considered these positions in reaching its Dismissal Opinion. These positions were obviously intentional, given the sheer number of times the Trustee made these arguments in written and oral argument to the Court. Thus, even if the Court were to allow the Trustee to replead, which it should not, judicial estoppel should bar the Trustee from pursuing the new theories described in the Motion. This adds yet another layer of futility.

35.    Reopening the dismissed common-law claims would further impose undue prejudice on CFSB and the Court's administration of this consolidated adversary

11

proceeding.   CFSB has incurred substantial attorneys' fees defending against all iterations of the Trustee's complaints and would incur additional fees responding to a fourth.   CFSB's witnesses have already been deposed under the Trustee's prior (now dismissed) legal theories. The delay proposed by the Trustee prejudices all parties because the remaining statutory claims cannot proceed to final resolution while common-law claims remain in limbo.

36.     At the end of the day, this Court correctly determined that further amendments would prove futile, a determination that was well within this Court's discretion.   The Court held that the Trustee's common-law claims are barred by *in pari delicto* under Section 541 and that no additional facts would overcome that defense.   The Trustee fails to raise a manifest error of fact or law in that conclusion; he only seeks to find a way around the finality of the Court's ruling to keep litigation alive for the sake of litigating.   The Court should deny the Motion and allow the parties to reach a final judgment on the remaining claims.

## IV.  Prayer

For the foregoing reasons, CFSB respectfully requests that the Court deny the Trustee's Motion for Reconsideration in its entirety and deny the Trustee's alternative request for leave to amend.

[*Remainder of this page intentionally left blank; signature block to follow*]

12

4936-6104-3366

Respectfully submitted this 1st day of May, 2026.

**GRAY REED**

By:   */s/ Aaron M. Kaufman*
    Aaron M. Kaufman
    Texas Bar No. 24060067
    Skyler Y. Stuckey
    Texas Bar No. 24079411
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:    akaufman@grayreed.com
    sstuckey@grayreed.com

-and-

**MORGAN POTTINGER MCGARVEY**
    Keith J. Larson (admitted *pro hac vice)*
401 South Fourth Street, Suite 1200
Louisville, KY 40202
Telephone:    (502) 560-6758
Facsimile:    (502) 585-3498
Email:    kjl@mpmfirm.com

*Counsel to Community Financial Services Bank*

## Certificate of Service

I certify that on May 1, 2026, the above Objection was filed and served via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas on counsel of record, including counsel for the movant.

*/s/ Aaron M. Kaufman*
Aaron M. Kaufman

13

4936-6104-3366