Richard A. Illmer (SBN 10388350)
Buffey Klein (SBN 24032515)
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
t: 214.999.6100
f: 214.999.6170
Rick.Illmer@huschblackwell.com
Buffey.Klein@huschblackwell.com

Lynn Hamilton Butler (SBN 03527350)
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
t: 512.479.9758
f: 512.226.7318
Lynn.Butler@huschblackwell.com

*Counsel for Mechanics Bank*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| McClain Feed Yard, Inc., *et al.*, | § | Case No. 23-20084-swe7 |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| In re: | § | |
| | § | |
| 2B Farms, a Texas General Partnership, *et al.*, | § | Case No. 23-50096-swe12 |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| AgTexas Farm Credit Services, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | Adv. No. 24-2007-swe |
| | § | Consolidated Adversary Proceeding |
| v. | § | |
| | § | |
| Rabo AgriFinance, LLC, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MECHANICS BANK'S OBJECTION TO
TRUSTEE'S MOTION FOR RECONSIDERATION OF
THE COURT'S MARCH 27, 2026 ORDER DISMISSING COMMON-
LAW CLAIMS BASED ON THE AFFIRMATIVE DEFENSE OF *IN PARI DELICTO***

TO: THE HONORABLE SCOTT W. EVERETT, UNITED STATES BANKRUPTCY JUDGE

**Mechanics Bank's Objection to Trustee's
Motion for Reconsideration [ECF 414–15]**

## TABLE OF CONTENT

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

Objection............................................................................................................................... 1

    I.    Legal Standard. ...................................................................................................... 2

        A.    Rule 59(e) is Narrow and Disfavors Reconsideration. .................................... 2

        B.    The Fifth Circuit Standard is Stringent........................................................... 3

        C.    Consideration of New Evidence Subjects Plaintiffs to an Additional Legal Burden. .... 3

        D.    Rule 59(e) is Not a Vehicle to Relitigate or Present Theories *Seriatim*. ........................ 4

    II.    The Trustee has Failed to Identify a Manifest Error of Law. ............................................ 4

        A.    The Court Carefully and Correctly Applied Controlling Fifth Circuit Authority in the Dismissal Order. ........................................................................................................ 4

        B.    The Trustee's "Public Policy Exception" is a New Legal Theory, Not a Manifest Error of Law. ................................................................................................................. 6

    III.    The Trustee's New Theories May Not be Raised in a Rule 59(e) Motion. .................... 7

        A.    Fifth Circuit Jurisprudence Prohibits the Introduction of New Legal Theories Through a Motion to Reconsider. ........................................................................................... 7

        B.    The Trustee had Ample Opportunity to Raise These Theories Before the Court Entered the Dismissal Order................................................................................................... 7

        C.    The Trustee Waived his New Theories.......................................................................... 8

        D.    The Rule Against Presenting Theories *Seriatim* Bars the Trustee's Approach. ........... 10

    IV.    There is No Manifest Injustice in the Court's Dismissal Order................................. 10

    V.    The Dismissal with Prejudice was Appropriate and Should Not be Reopened. .............. 12

Reservation of Rights................................................................................................... 13

Conclusion .................................................................................................................... 13

Certificate of Service ................................................................................................... 14

**Mechanics Bank's Objection to Trustee's**
**Motion for Reconsideration [ECF 414–15]**          **Page i**
HB: 4912-2086-8007.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Garriott v. NCsoft Corp.*, 661 F.3d 243 (5th Cir. 2011) .................................................. 7, 10

*Divane v. Krull Elec. Co., Inc.,*
  194 F.3d 845 (7th Cir. 1999) .................................................................................... 5

*Forsythe v. Saudi Arabian Airlines Corp.,*
  885 F.2d 285 (5th Cir. 1989) .................................................................................... 2

*Frietsch v. Refco, Inc.,*
  56 F.3d 825 (7th Cir. 1995) ...................................................................................... 4

*George v. Comm'r of Soc. Sec.,*
  828 Fed. Appx. 699 (11th Cir. 2020) ....................................................................... 5

*In re Benjamin Moore & Co.,*
  318 F.3d 626 (5th Cir. 2002) .................................................................................... 2

*In re Doctors Hosp. of Hyde Park, Inc.,*
  504 B.R. 900 (Bankr. N.D. Ill. 2014) ...................................................................... 5

*In re Jay-Reyna Homes & Constr., Inc.,*
  387 B.R. 716 (Bankr. W.D. Tex. 2008) ............................................................... 4, 10

*In re Jordan,*
  598 B.R. 396 (Bankr. E.D. La. 2019) ....................................................................... 1

*Infusion Res., Inc. v. Minimed, Inc.,*
  351 F.3d 688 (5th Cir. 2003) .................................................................................... 3

*Jones v. Stephens,*
  998 F. Supp. 2d 529 (N.D. Tex. 2014) ..................................................................... 2

*Jones v. Wells Fargo Bank, N.A.,*
  666 F.3d 955 (5th Cir. 2012) .................................................................................... 5

*Leidos, Inc. v. Hellenic Republic,*
  881 F.3d 213 (D.C. Cir. 2018) ........................................................................... 4, 5, 11

*Riddle v. DynCorp Intern. Inc.,*
  773 F. Supp. 2d 647 (N.D. Tex. 2011) ............................................................... 1, 2, 3

*Ross v. Marshall,*
  426 F.3d 745 (5th Cir. 2005) ....................................................................... 3, 7, 8, 10

**Mechanics Bank's Objection to Trustee's**
**Motion for Reconsideration [ECF 414–15]**                                        **Page ii**
HB: 4912-2086-8007.1

*S. Constructors Grp., Inc. v. Dynalectric Co.,*
  2 F.3d 606 (5th Cir. 1993) ................................................................................. 1, 3, 4, 10

*Simon v. U.S.,*
  891 F.2d 1154 (5th Cir. 1990) ................................................................................. 2

*Templet v. HydroChem Inc.,*
  367 F.3d 473 (5th Cir. 2004) ................................................................................. 1, 2, 3

*Turner v. Baylor Richardson Med. Ctr.,*
  476 F.3d 337 (5th Cir. 2007) ................................................................................. 6, 7

*United States of Am. ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.,*
  157 F.4th 758 (5th Cir. 2025) ................................................................................. 12

## **Statutes**

11 U.S.C. § 101(31)(B)(iii) ................................................................................. 9

11 U.S.C. § 541 ................................................................................. 5

**Mechanics Bank's Objection to Trustee's**
**Motion for Reconsideration [ECF 414–15]**                                      **Page iii**
HB: 4912-2086-8007.1

Defendant Mechanics Bank ("Mechanics") objects (this "Objection") to the *Trustee's Motion for Reconsideration of the Court's March 27, 2026 Order Dismissing Common-Law Claims Based on the Affirmative Defense of In Pari Delicto* [ECF 414] and the *Brief in Support* [ECF 415] (together, the "Motion"), and in support hereof, respectfully states as follows:

### Objection

1. The Trustee asks this Court to reconsider its *Memorandum Opinion and Order Dismissing Common-Law Claims Based on the Affirmative Defense of In Pari Delicto* [Docket No. 405] (the "Dismissal Order") dismissing all common law claims with prejudice on the basis of *in pari delicto*.

2. The motion should be denied. A Rule 59(e) motion "calls into question the correctness of a judgment" and serves the "narrow purpose of allowing a party to correct ***manifest errors*** of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (emphasis added). As the bankruptcy court for the Eastern District of Louisiana, applying Fifth Circuit law, observed—

> A manifest error is evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence. A manifest error is plain and indisputable, and amounts to a complete disregard of the controlling law.

*In re Jordan*, 598 B.R. 396, 404 (Bankr. E.D. La. 2019) (cleaned up).

3. The Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Riddle v. DynCorp Intern. Inc.*, 773 F. Supp. 2d 647, 649 (N.D. Tex. 2011) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem*, 367 F.3d at 479.

4.    The Trustee's motion does not establish manifest error in the Court's carefully reasoned analysis of binding Fifth Circuit precedent.  It presents no newly discovered evidence.  It identifies no intervening change in controlling law. Instead, the Trustee uses the motion as a vehicle to advance new legal theories, new factual allegations, and new exceptions to *in pari delicto* that could have been raised before the Court entered judgment. That is precisely what Rule 59(e) prohibits. The Trustee's new theories have been waived. For the reasons set forth herein, the Court should deny the Motion.

## I.    Legal Standard.

### A.    Rule 59(e) is Narrow and Disfavors Reconsideration.

5.    A motion to alter or amend the judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Riddle v. DynCorp Intern.*, 773 F. Supp. 2d at 649. Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *Id.* The recognized grounds are therefore limited to three: (1) an intervening change in controlling law; (2) newly discovered evidence not previously available; or (3) the need to correct a clear error or prevent manifest injustice. *Jones v. Stephens*, 998 F. Supp. 2d 529, 536 (N.D. Tex. 2014) (citing *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002)). Granting reconsideration under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem*, 367 F.3d at 479.

6.    A Rule 59(e) motion "may not be used to relitigate issues that were resolved to the movant's dissatisfaction," and "may not raise arguments or present evidence that could have been raised prior to entry of judgment." *Riddle v. DynCorp Intern.*, 773 F. Supp. 2d at 649 (citing *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 289 (5th Cir. 1989) and *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to alter or amend judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions

cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

### B.     The Fifth Circuit Standard is Stringent.

7.     District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," but in exercising that discretion, they must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Riddle v. DynCorp Intern.*, 773 F. Supp. 2d at 649. Critically, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Id.* (citing *S. Constructors Grp. v. Dynalectric*, 2 F.3d at 611).

### C.     Consideration of New Evidence Subjects Plaintiffs to an Additional Legal Burden.

8.      When considering a Rule 59(e) motion to reconsider based on newly discovered evidence, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Riddle v. DynCorp Intern.*, 773 F. Supp. 2d at 649 (quoting *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003)). Again, "reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem*, 367 F.3d at 479. To the extent the Trustee alleges that new evidence justifies reconsideration, all of the evidence could have been discovered earlier by proper diligence and the facts are merely cumulative. *See, e.g.*, Dismissal Order at 25 ("There are no additional facts the Trustee could assert that would overcome this defense . . . .").

Document     Page 8 of 18

**D.      Rule 59(e) is Not a Vehicle to Relitigate or Present Theories *Seriatim*.**

9.      Rule 59 provides the means to seek reconsideration of a court's order or judgment; however, a movant may not normally raise arguments or evidence which could have and should have been presented to the court before the order was entered. *In re Jay-Reyna Homes & Constr., Inc.*, 387 B.R. 716, 719 (Bankr. W.D. Tex. 2008). As Judge Posner observed, and as bankruptcy courts in this circuit have applied, "[i]t is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *Id.* (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.)).

10.      This Court need not subject itself to the presentation of theories *seriatim*. *See S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d at 612 ("Southern's attempt to amend its complaint was nothing more than an attempt to try its theories of recovery *seriatim*."). Reduced to its essentials, a motion for reconsideration that seeks to assert a theory not previously presented is nothing more than asking the court to give the movant a second chance. *Id.* at 610. Manifest injustice "does not exist where a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (citation omitted).

**II.    The Trustee has Failed to Identify a Manifest Error of Law.**

11.      The Court should deny reconsideration because the Trustee has failed to identify a manifest error of law.

**A.      The Court Carefully and Correctly Applied Controlling Fifth Circuit Authority in the Dismissal Order.**

12.      The Court's ruling in the Dismissal Order is not a manifest error of law. It reflects a thorough and principled application of the law as expressed by the Fifth Circuit and the overwhelming weight of circuit authority nationwide. Eight federal circuit courts of appeal have

**Mechanics Bank's Objection to Trustee's**
**Motion for Reconsideration [ECF 414–15]**                                                                        **Page 4**
HB: 4912-2086-8007.1

applied *in pari delicto* to bar bankruptcy trustees from pursuing state common-law claims against third parties who allegedly participated in or facilitated wrongful conduct. Dismissal Order at 18.

13.     The Court held that section 541 of the Bankruptcy Code forecloses any interpretation that would give a trustee greater rights in common-law claims than the debtor had as of the bankruptcy filing, and that because the Bankruptcy Code does not specifically grant additional rights for common-law claims, the Trustee is subject to the same defenses that were available against the Debtors. Dismissal Order at 9. This conclusion flows directly from the statutory text and Fifth Circuit guidance. *See id.*

14.     The Court examined the precedential Fifth Circuit opinion, *Jones v. Wells Fargo Bank, N.A.*, 666 F.3d 955 (5th Cir. 2012), in which the Fifth Circuit distinguished the "snapshot" nature of section 541 from receivership cases, favorably quoting the Tenth Circuit's refusal to adopt receivership-style reasoning in bankruptcy and strongly suggesting that section 541 eliminates the viability of a bankruptcy trustee's common-law claims when *in pari delicto* would bar the claim in the debtor's hands. Dismissal Order at 20–21.

15.     A "manifest error" requires more than a disagreement with the Court's reasoning or a competing line of lower-court authority. *See, e.g.*, *George v. Comm'r of Soc. Sec.*, 828 Fed. Appx. 699, 700 (11th Cir. 2020) ("A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief under Rule 59(e)"); *In re Doctors Hosp. of Hyde Park, Inc.*, 504 B.R. 900, 905 (Bankr. N.D. Ill. 2014) (quoting *Divane v. Krull Elec. Co., Inc.,* 194 F.3d 845, 848 (7th Cir. 1999)) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'").

16.     The Trustee's invocation of *In re Vantage Benefits Administrators* and *In re Today's Destiny* as contrary authority does not establish manifest error where the Court expressly considered and distinguished those decisions. The Court acknowledged it was departing from those cases, finding they applied *in pari delicto* in a way the circuit courts of appeal did not, in a way the Fifth Circuit found was "plainly distinguishable," and in a way that would give the trustee greater rights than the debtor had as of the bankruptcy petition date. Dismissal Order at 21. A deliberate, reasoned departure from lower court decisions is not a manifest error of law.

**B.     The Trustee's "Public Policy Exception" is a New Legal Theory, Not a Manifest Error of Law.**

17.     The Trustee's central substantive argument is that Texas law contains a public policy exception to *in pari delicto* that the Court failed to apply. This is not a correction of manifest error. It is a new legal theory that should have been advanced during the original briefing on the motion to dismiss, and it has now been waived.

18.     The Court found there were no additional facts the Trustee could assert that would overcome the *in pari delicto* defense, and that the public-policy argument is the same now as it will be in any subsequent pleading, making any amendment futile. Dismissal Order at 25–26. The Court squarely addressed and rejected the futility of the public-policy framing. The Trustee now seeks to repackage that argument as grounds for reconsideration. That type of re-litigation is precisely what Rule 59(e) prohibits. Because a motion for a new trial cannot be used to argue a case under a new legal theory, the Court should find that the Trustee waived his new legal theories. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347 (5th Cir. 2007) ("Because a motion for a new trial cannot be used to argue a case under a new legal theory, the district court was correct in finding that Turner's mixed-motive claim was waived.") (citation omitted).

### III.   The Trustee's New Theories May Not be Raised in a Rule 59(e) Motion.

19.   The most significant deficiency in the Trustee's motion is that it is replete with new legal theories, new factual allegations, and new exceptions to *in pari delicto* that the Trustee never raised prior to entry of judgment. This Court should decline to consider them.

### A.   Fifth Circuit Jurisprudence Prohibits the Introduction of New Legal Theories Through a Motion to Reconsider.

20.   A motion to alter or amend judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d at 763. The Fifth Circuit applied this rule in *Turner v. Baylor Richardson Med. Ctr.*, holding that because a motion for a new trial cannot be used to argue a case under a new legal theory, the district court was correct in finding that an argument not raised until the motion for new trial was waived. 476 F.3d at 347.

21.   Similarly, in *Garriott v. NCsoft Corp.*, the Fifth Circuit reaffirmed that a motion for a new trial or to amend a judgment "cannot be used to raise arguments which could, and should, have been made before the judgment issued," and that "courts look skeptically at such claims for a do-over." 661 F.3d 243, 248 (5th Cir. 2011).

### B.   The Trustee had Ample Opportunity to Raise These Theories Before the Court Entered the Dismissal Order.

22.   This is not a case where new theories became available only after the Court ruled. The Defendants raised the *in pari delicto* defense at the outset of this litigation, providing the Trustee abundant notice and opportunity to develop every available response. The Court noted that the Plaintiff filed two complaints after the Defendants filed Rule 12(b)(6) motions raising *in pari delicto*, and "after several months and over 200 pages of complaints, the Second Amended

Complaint contained substantially the same causes of action, theories of liability, and operative facts . . . as the previous iterations." Dismissal Order at 25.

23.    This Court found that there was no evidence of undue delay, bad faith, or dilatory motive. Dismissal Order at 25. This was the Plaintiff's third attempt to file a complaint with common-law claims, with two of those complaints filed after the Defendants raised *in pari delicto*. The Trustee thus had not one but multiple opportunities to allege the facts and advance the legal theories now presented for the first time in the reconsideration motion. The Fifth Circuit prohibits do-overs under the guise of alleged manifest error, especially where, as here, the apple has not changed and the Trustee already had three bites at it.

**C.    The Trustee Waived his New Theories.**

24.    Each of the new theories and exceptions the Trustee now raises could have been advanced before entry of the Dismissal Order. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued."). The Court should find that the Trustee has waived these theories.

     i.    **The Texas Public Policy Exception.** The Trustee argues that even if the Debtors are as culpable as Defendants, the *in pari delicto* defense still fails as a matter of policy under Texas law because Texas common law contains a public policy exception. Mot. at 19–20. This legal theory was available to the Trustee when the Defendants first raised *in pari delicto*. The Trustee failed to present this theory with sufficient clarity or development in the prior briefing. The Trustee waived this argument. He cannot raise it now.

     ii.    **The Insider/Control Exception as to Rabo.** The Trustee argues that where a defendant exercises excessive control over a plaintiff, courts have held the defendant cannot invoke *in pari delicto*, and that Rabo's control gives rise to a

reasonable inference that Rabo is an "insider" under 11 U.S.C. § 101(31)(B)(iii) and, therefore, ineligible to invoke in pari delicto. Mot. at 20–22. This is a new exception the Trustee seeks to press on reconsideration. If Rabo's alleged control was a basis for defeating *in pari delicto*, those allegations should have been included in one of the three complaints the Trustee filed. The Trustee waived this argument.

iii. **The Potential Insider Status of CFSB, HTLF, and Mechanics.** The Trustee argues that he could allege facts to render CFSB, HTLF, and Mechanics as insiders of the Debtors if afforded leave to amend, including that Mechanics, for purposes of servicing the Debtors' accounts, could potentially be insiders of Debtors via Rabo. Mot. at 22–23. This speculative new theory of insider status, untethered to any facts alleged in any complaint, cannot save a complaint that has been amended twice with the benefit of prior *in pari delicto* briefing. The Trustee waived this argument.

iv. **The Adverse Interest Exception.** The Trustee argues that he could amend to incorporate facts supporting the "adverse interest" exception, including that Crystal McClain was a 50% owner of at least two Debtors for part of the relevant period and that under the Ponzi scheme presumption, every transfer is considered presumptively fraudulent and adverse to the Debtors' interests. Mot. at 23–24. This exception and the underlying factual theory were always available to the Trustee. The Trustee simply chose not to plead it. The time for that argument has passed.

v. **The Contribution Claim.** The Trustee argues he should be granted leave to amend to assert a contribution claim under Texas Civil Practice and Remedies Code

Chapter 33.001, which is not barred by in pari delicto as a matter of law. Mot. at 24–25. This is an entirely new claim that was never pleaded in any of the three complaints. Introducing an entirely new cause of action through a reconsideration motion is the very conduct Rule 59(e) prohibits. *E.g.*, *Ross v. Marshall*, 426 F.3d at 763. This Court need not subject itself to the presentation of theories *seriatim*. *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d at 612. The failure to provide any satisfactory explanation for failure to assert a theory earlier does not constitute a sufficient reason to subject defendants, and the court system, to another adjudication on the merits. The Trustee has waived this theory. The Fifth Circuit prohibits the Trustee from litigating it anew through Rule 59(e).

**D.    The Rule Against Presenting Theories *Seriatim* Bars the Trustee's Approach.**

25.    The Fifth Circuit has been clear that litigants may not use post-judgment motions as a vehicle for a second chance. A motion for a new trial or to amend a judgment "cannot be used to raise arguments which could, and should, have been made before the judgment issued," and courts look skeptically at claims for a do-over, as holding otherwise would transform the trial court into a trial run. *E.g.*, *Garriott v. NCsoft Corp.*, 661 F.3d at 248. The time to ring that bell was in the Trustee's initial complaint, or either of the subsequent amendments. Fifth Circuit jurisprudence cautions that the time to urge available arguments is not on a motion to reconsider after plaintiff has failed to raise the arguments the first time around. *See In re Jay-Reyna Homes & Constr., Inc.*, 387 B.R. at 720–21.

**IV.    There is No Manifest Injustice in the Court's Dismissal Order.**

26.    The Trustee invokes manifest injustice as a catch-all basis for reconsideration. This argument fails.

---

27.     Manifest injustice "does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d at 217 (citation omitted). Manifest injustice "requires at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Id.* (internal quotations and citations omitted).

28.     The Trustee has not established and cannot establish manifest injustice here. The Trustee is an experienced litigant represented by sophisticated counsel who was well aware of the *in pari delicto* defense, which the Defendants raised repeatedly and briefed extensively over the course of multiple rounds of amendment. The Court dismissed the common-law claims with prejudice because, after the Trustee amended his complaint twice, the Court found that no additional facts or information would overcome the Trustee's failure to meet the pleading standard, thus dismissal with prejudice was proper. Dismissal Order at 25. The Court found there were no additional facts the Trustee could assert that would overcome the *in pari delicto* defense, and that granting leave to amend "would be futile." Dismissal Order at 26.

29.     This outcome is not fundamentally unfair. The Trustee's common law claims fail because the Debtors' own misconduct bars recovery—that is the core function of the *in pari delicto* doctrine. Dismissal Order at 12. Permitting the Trustee to pursue claims that would have been barred in the Debtors' own hands would not be an act of justice, it would be a clear expansion of the Trustee's rights beyond those of the Debtors, which the Fifth Circuit has found impermissible. "Section 541 forecloses any interpretation that would give a trustee greater rights in common-law claims than the debtor had as of the bankruptcy filing." Dismissal Order at 9.

30.     Moreover, the creditors of the estates are not left without a remedy. The Trustee retains the full arsenal of bankruptcy avoiding powers under the Bankruptcy Code, which were not

---

affected by the Court's Dismissal Order, and the Court has granted the Trustee leave to replead his statutory claims to the extent they were dismissed by subsequent orders. The Trustee may also pursue other defendants against which the estates possess claims. That Trustee has chosen not to pursue other defendants does not mean that the Court's dismissal of common-law claims against these Defendants on the basis of *in pari delicto* is manifestly unjust.

## V.    The Dismissal with Prejudice was Appropriate and Should Not be Reopened.

31.     The Trustee's alternative request, that the Court reopen the case to allow a further amendment, is equally without merit. The Court dismissed with prejudice because, when a complaint has been amended twice and no additional facts or information will overcome the pleading standard, dismissal with prejudice is proper. Dismissal Order at 25 (citing *United States of Am. ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.*, 157 F.4th 758, 765–66 (5th Cir. 2025)). The Court found there were no additional facts the Trustee could assert that would overcome the *in pari delicto* defense, and that granting leave to amend would be futile. *Id.*

32.     The Court noted that while there was no evidence of undue delay, bad faith, or dilatory motive, this was the Plaintiff's third attempt to file a complaint with common-law claims, with two of those complaints filed after the Defendants raised *in pari delicto*, and after several months and over 200 pages of complaints, the Second Amended Complaint contained substantially the same causes of action, theories of liability, and operative facts as the previous iterations. *Id.* Given this history, granting a further opportunity to amend would reward the Trustee's failure to develop these theories across three prior complaints and multiply the litigation burden on the Defendants. Allowing the Trustee to relitigate its dismissed claims, therefore, would unduly prejudice Mechanics Bank and the other Defendants. The Trustee has demonstrated nothing to warrant such prejudice. The Court should deny the Trustee's Motion.

**Reservation of Rights**

33.     Mechanics Bank reserves the right to amend or supplement this Objection. Mechanics Bank expressly reserves all rights and remedies at law or in equity against any party in this proceeding. Nothing in this Objection is intended or should be construed to limit Mechanics Bank's rights, remedies, or interests.

**Conclusion**

34.     Nothing in the well-reasoned Dismissal Order indicates "plain and indisputable" error or "a complete disregard of the controlling law." The Trustee has not demonstrated this Court's "wholesale disregard, misapplication, or failure to recognize controlling precedent." Accordingly, the Trustee has failed to establish manifest error warranting reconsideration under Rule 59(e). The Trustee has also failed to point to even a scintilla of new evidence that would change the outcome of the Court's ruling but which the Trustee was unable to discover before the Court dismissed his claims. *See* Dismissal Order at 25 ("Granting leave to amend the complaint would be futile."). The Court should deny the Motion.

*[Remainder of page intentionally left blank.]*

WHEREFORE, Mechanics Bank respectfully requests that the Court deny the Motion and grant such other relief as the Court deems just and proper.

Dated: May 1, 2026.
Dallas, Texas

Respectfully submitted,

**HUSCH BLACKWELL LLP**

/s/ Buffey E. Klein
Richard A. Illmer (SBN 10388350)
Buffey E. Klein (SBN 24032515)
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*
rick.illmer@huschblackwell.com
buffey.klein@huschblackwell.com

Lynn Hamilton Butler (SBN 03527350)
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com

*Counsel for Mechanics Bank*

## Certificate of Service

I hereby certify that on May 1, 2026, I caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

/s/ Buffey E. Klein
Buffey E. Klein