ALAN DABDOUB
LYNN PINKER HURST & SCHWEGMANN LLP
2100 ROSS AVENUE, SUITE 2700
DALLAS, TEXAS 75201

HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

SPECIAL COUNSEL TO THE TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| In re:<br><br>McClain Feed Yard, Inc., et al.,<br><br>    Debtors. | § § § § § § | Case No. 23-20084-swe-7<br>Jointly Administered |
| In re:<br><br>2B Farms, a Texas General Partnership, et al.,<br><br>    Debtors. | § § § § § § § § § | Case No. 23-50096-swe-12<br>Jointly Administered |
| AgTexas Farm Credit Services, AgTexas, PCA, Thorlakson Diamond T Feeders, LP,<br><br>    Plaintiffs,<br>v.<br>Rabo AgriFinance, LLC, et al.,<br><br>    Defendants. | § § § § § § § § | Adv. No. 24-2007-swe<br>Consolidated Adversary Proceeding |

## TRUSTEE'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION IN RESPONSE TO MECHANICS BANK'S OBJECTION [DKT. NO. 424]

**TRUSTEE'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**      **Page 1**

Plaintiff-Intervenor Kent Ries, Chapter 7 Trustee ("Trustee") of the bankruptcy estates of McClain Feed Yard, Inc. (Case No. 23-20084-swe), McClain Farms, Inc. (Case No. 23-20085-swe), and 7M Cattle Feeders, Inc. (Case No. 23-20086-swe) (collectively, the "Debtors"), respectfully submits this Reply Brief in further support of the Trustee's Motion for Reconsideration of the Court's March 27, 2026 Memorandum Opinion and Order [Dkt. No. 405] (the "Order") and in response to the Objection filed by Defendant Mechanics Bank ("Mechanics") [Dkt. No. 424] (the "Objection").

## INTRODUCTION

Mechanics' Objection is premised on a single overriding contention: that the exacting standards of Rule 59(e) govern the Court's reconsideration of its *interlocutory* Order. Based on this false premise, Mechanics posits that every argument the Trustee raises in his Motion for Reconsideration constitutes a "new legal theory" that was "waived" because it could have been raised before the Court entered its Order. According to Mechanics, since there is no new evidence or manifest error of law, Rule 59(e) categorically prohibits the Court from considering the Trustee's public-policy argument, the insider and control exceptions, the adverse-interest exception, and adding a contribution claim. Mechanics is wrong on the facts and wrong on the law.

Mechanics' argument disintegrates for three independent reasons. *First*, since the Court's Order is interlocutory, Rule 54(b)'s broader reconsideration authority–the very authority the Trustee invoked in his Brief in Support, and which Mechanics' Objection fails to address–controls. Further, Mechanics overlooks the Fifth Circuit's "refined" Rule 59(e)/Rule 15(a) standard for post-dismissal leave to amend. *Second*, Mechanics' argument that the Trustee "waived" his "public policy" argument by failing to assert it is factually inaccurate. In response to defendants' motions to dismiss, the Trustee argued that under Texas common-law, the doctrine of *in pari delicto*

contains a public policy component, independent from equitable considerations potentially arising under the Bankruptcy Code, that is outcome determinative in the Trustee's favor considering the unique facts and circumstances of this case. ***Third***, Mechanics' argument that the Trustee "waived" the right to argue plausible scenarios wherein *in pari delicto* would not be established as a matter of law (*e.g.*, adverse interest exception, insider exception, control exception, contribution claim) imposes a legally unprecedented burden on plaintiffs of disproving affirmative defenses at the motion to dismiss stage. At the motion to dismiss stage, Fifth Circuit precedent places the burden on defendants to show an affirmative defense wins out under "any set of facts that *could* be proved consistent with the [plaintiff's] allegations." *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citations omitted). As explained in the Trustee's Motion for Reconsideration, neither Mechanics nor any other defendant met the high burden of showing the Trustee cannot prove facts in support of his common-law claims that would overcome the *in pari delicto* defense.

## ARGUMENT

I.  <u>**Mechanics' Objection is inherently flawed because it is premised on the Court applying the wrong standard of review.**</u>

    **A.**    **The Trustee's Motion is subject to the permissive standard of Rule 54(b) and is not limited by Rule 59.**

Mechanics' Objection is structured on the premise that Federal Rule of Civil Procedure 59(e) is the exclusive vehicle for the Trustee's Motion for Reconsideration, and Rule 59(e)'s narrow grounds for reconsideration are dispositive. But the Trustee moved under both Rule 54(b) and Rule 59(e). Because the Order dismisses only the Trustee's common-law claims while leaving the Trustee's statutory avoidance claims pending, it is an interlocutory order. *Matter of Wood & Locker, Inc.*, 868 F.2d 139, 143 (5th Cir. 1989) (citation omitted) ("If the bankruptcy court has not certified as final an order that is a partial judgment within the meaning of Rule 54(b), the order

will, by operation of the rule, remain interlocutory."). Fifth Circuit precedent is clear. Rule 54(b) grants this Courts expansive discretion to "reconsider and reverse its decision for any reason it deems sufficient." *In re Briar Bldg. Houston LLC*, 645 B.R. 896, 904 (Bankr. S.D. Tex. 2022) (citations omitted); *In re Trevino*, 599 B.R. 526, 535 (Bankr. S.D. Tex. 2019) ("In the Fifth Circuit, a motion to reconsider may be brought under Rule 54(b) or Rule 59(e). Whereas Rule 59(e) applies only to final judgments and does not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits a district court to reverse its decision for any reason."); *see also Cabral v. Brennan*, 853 F.3d 763, 766, n.2 (5th Cir. 2017). The Court should therefore reject Mechanics' Objection.

**B.      Even if Rule 59(e) were to apply, Rule 15(a)'s permissive standard for granting leave to amend still governs the Court's decision to dismiss the claims with prejudice.**

Even setting Rule 54(b) aside, Rule 15(a)(2) instructs that leave to amend "shall be freely given when justice so requires," and the Supreme Court has long held that "[i]n the absence of any apparent or declared reason" such as undue delay, bad faith, repeated failures to cure, or futility, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 330 (5th Cir. 2002) ("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable . . . ."). The Court itself found "no evidence of undue delay, bad faith or dilatory motive." Order at 25. The remaining Rule 15(a) factor—futility—is the only basis on which the Court rested its dismissal with prejudice. As demonstrated below, that conclusion was premature: the Trustee has identified concrete avenues for amendment, including a contribution claim that is legally immune from in pari delicto as a matter of law. Where amendment is not futile, dismissal with prejudice is

improper. Mechanics' reflexive insistence on the "disfavored" status of Rule 59(e) cannot override Rule 15(a)'s independent "freely given" mandate.

**II.** **The Trustee did not waive his argument that the Order conflates the public policy prong of _in pari delicto_ under Texas law with federal law governing whether this common-law defense is preempted by the Bankruptcy Code.**

**A.** **Mechanics' waiver argument is based on a false premise.**

Mechanics' waiver argument–that the Trustee's invocation of the public policy exception to _in pari delicto_ under Texas law is "a new legal theory that should have been advanced during the original briefing," Objection at ¶ 17–fails because it is based on the false premise the Trustee did not previously propound it. He did. The Trustee responded to Mechanics' motion to dismiss based on _in pari delicto_ that the public policy prong of _in pari delicto_ in this case, just like in _In re Vantage Benefits Administrators, Inc._, compels the rejection of _in pari delicto_ because the wrongdoer will not benefit but the public will if the Trustee's common-law claims proceed. Case No. 25-02005, Dkt. No. 82, at ¶¶ 59-60. The Trustee elaborated on the public policy issues in its responses to the other defendants' motions to dismiss. _See, e.g._, Case No. 25-02005, Dkt. No. 99, at 13-16. The Trustee has always argued that Texas common law precludes the application of _in pari delicto_; the argument was never premised on the Trustee's rights under the Bankruptcy Code. That the Trustee now articulates the argument with greater precision, specificity, and legal precedent in light of the Court's ruling does not make it a "new theory"—it makes it a refined response to the Court's specific reasoning.

**B.** **The Order errantly applies § 541 to modify the defense of _in pari delicto_ to remove the public policy prong rather than apply it in full.**

Likewise, regardless of the applicable standard of review, the Court can and should reconsider and reverse its Order because the Order does the very thing it purports not to do. In the Order, the Court explained § 541 means what it says–"a trustee takes property of the estate as he

---

finds it . . . subject to the *same* rights the Debtors had as of the petition date . . . [and] subject to the *same* defenses that were available against the Debtors." Order at 10-11 (emphasis added). The Bankruptcy Code does not alter the common-law defense of *in pari delicto*, so it applies wholesale as it is articulated under applicable state law, *i.e.*, Texas law. *See id.* Texas law requires courts to conduct an exacting public policy analysis in each and every case to determine whether the unique facts and circumstances of any specific case warrant upholding or rejecting *in pari delicto*. *E.g.*, *Lewis v. Davis*, 199 S.W.2d 146, 151 (Tex. 1946). When conducting such analysis, the parties' respective culpability is not controlling; rather, whether a culpable party will benefit if the claims are permitted to proceed is the determinative factor. *E.g.*, *Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 110 (Tex. App.—San Antonio 2011, pet. denied) (citation omitted). So, while it is appropriate to ask which party is more culpable, as the defense may fail at that initial inquiry, that is not the end of the requisite inquiry. Rather, even where the plaintiff is equally or more culpable, the controlling inquiry is whether the plaintiff would benefit from the claims proceeding, and if not, whether the public would benefit. *Id.* Where the uncontested facts show a culpable plaintiff will obtain no ultimate benefit; the public will benefit vis-à-vis greater potential recoveries by innocent creditors and discouraging fraudulent lending and banking practices. And, permitting relief will prevent even purportedly less-culpable defendants from avoiding responsibility altogether. So, Texas law prioritizes the public's interests and compels the rejection of the *in pari delicto* defense.

Here, the Court acknowledged other federal circuit courts have applied *in pari delicto* under different states' laws, in cases involving different factual scenarios and legal considerations. Order at 18, n.13. The Court found that the implicated states' formulations of *in pari delicto* speak to public policy considerations, though not necessarily the same policy considerations. *Id.* at 18-19, n.14. Given the similarities, and ignoring any differences in states' laws, the Court followed

---

these other circuits' interpretations and applications of *in pari delicto* under other states' laws. *Id.* at 20-21. But that is not the Texas public policy test. The Trustee is not contesting that § 541 means the Bankruptcy Code does not preempt common-law defenses to claims brought by trustees. Thus, the import of other circuits' decisions holding § 541 means *in pari delicto* remains a viable defense, and these courts' applications of other states' *in pari delicto* laws to bar trustees' common-law claims, stops there. Those decisions do not apply to Texas law. They do not and cannot control the outcome of the Texas public policy inquiry; Texas prioritizes different policies than other states.[1]

Under the Texas public policy test, the most critical factor is whether the wrongdoer or public will benefit from permitting the Trustee's claims. The Court did not consider this factor. Rather, the Court held that the possibility innocent creditors might benefit is insufficient, on its own, to be outcome determinative. *Id.* The Trustee does not argue to the contrary. Rather, the Trustee's argument on reconsideration is narrowly addressed to the Court's errant prioritization of the culpability factor and failure to consider the most pertinent factors–whether Debtors or the public would benefit. Here, the Debtors will not benefit; creditors will be the beneficiaries. Likewise, McClain is deceased and will not benefit. No other wrongdoer affiliated with the

---

[1] *Cf. Grassmueck v. Am. Shorthorn Ass'n*, 402 F.3d 833, 838 (8th Cir. 2005) (upholding *in pari delicto* under California, Nevada, and Oregon law after considering only the adverse interest exception, and sole actor exception to the exception, but not conducting any public policy analysis); *Kelley v. BMO Harris Bank Nat'l Ass'n*, 115 F.4th 901, 907 (8th Cir. 2024), cert. denied, 145 S. Ct. 2731 (2025) (upholding *in pari delicto* based solely on a culpability analysis under Minnesota law, which is in stark conflict with Texas law); *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 360 (3d Cir. 2001) (no allegation the plaintiff would not benefit from any recovery); *In re Dublin Sec., Inc.*, 133 F.3d 377, 379 (6th Cir. 1997) (same); *In re Hedged-Investments Associates, Inc.*, 84 F.3d 1281, 1286 (10th Cir. 1996) (finding the Bankruptcy Code did not preempt *in pari delicto* despite equitable arguments arising therefrom and conducting no separate public policy analysis); *Mosier v. Callister, Nebeker & McCullough*, 546 F.3d 1271, 1277-78 (10th Cir. 2008) (upholding *in pari delicto* based on culpability and rejecting its preemption by the Bankruptcy Code without a separate public policy analysis); *Baena v. KPMG LLP*, 453 F.3d 1, 7-10 (1st Cir. 2006) (affirming the defense based on culpability without a separate public policy analysis); *In re Derivium Capital LLC*, 716 F.3d 355, 368 (4th Cir. 2013) (affirming *in pari delicto* without a separate public policy analysis); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 162-63 (2d Cir. 2003) (suggesting it was not properly applying Texas law on *in pari delicto*).

---

**TRUSTEE'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**      **Page 7**

Debtors will benefit from any recovery. In contrast, the public benefits from permitting the claims since any recovery will mitigate innocent creditors' losses and discourage other actors like Mechanics from engaging in fraudulent lending and banking practices in the future. Further, rejecting *in pari delicto* here would hold all wrongdoers to account and would not benefit any of them. This outcome is the goal of *in pari delicto*. A dismissal with prejudice based on *in pari delicto* that fails to consider relevant policy implications turns that goal on its head, giving cover to defendants for no reason. Presently, Mechanics and its codefendants are set to benefit from dismissal and move closer to escaping accountability for their joint tortfeasing.

**III.   Mechanics' waiver argument as to the Trustee's request to amend fails because it amounts to improper burden shifting at the motion to dismiss stage.**

Mechanics similarly argues the Trustee waived its right to replead by not repleading prior to the Court issuing its Order or raising potential pleading amendments in response to Mechanics' and its codefendants' motions to dismiss. Objection at 8-10. Mechanics' contention, however, presupposes the Trustee intentionally withheld these potential amendments. That is not so. Rather, the Trustee reasonably relied on prevailing authority that, had the Court ruled consistent therewith, rendered the potential amendments unnecessary to overcome *in pari delicto*.

Nor is the Trustee's reliance on prevailing Texas state-court and federal bankruptcy-court precedent unreasonable at the motion to dismiss stage. The Trustee is not required to anticipate every potential affirmative defense that might be asserted and attempt to plead around such unknowns. *Nobre on behalf of K.M.C. v. Louisiana Dep't of Pub. Safety*, 935 F.3d 437, 442 (5th Cir. 2019) ("A plaintiff is not required to anticipate or overcome affirmative defenses . . . in the complaint."). This comports with Fifth Circuit guidance on adjudicating affirmative defenses raised in a motion to dismiss: dismissal based on an affirmative defense is only appropriate if the "affirmative defense appears on the face of the complaint." *Bell v. Eagle Mountain Saginaw Indep.*

*Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (citation omitted). In other words, "it must be apparent from 'the plaintiff's own allegations' that a defense is fatal to the claim"; that "the pleadings must 'reveal beyond doubt that the plaintiffs can prove no set of facts' that would overcome the defense or otherwise entitle them to relief." *Id.* (citations omitted). Neither Mechanics nor any other defendant met that exacting burden. Neither Mechanics nor any other defendant examined every potential exception to *in pari delicto* or considered whether additional claims immune to *in pari delicto* could be added. Since the Trustee's allegations alone do not foreclose the Trustee from pleading facts to supports exceptions to *in pari delicto* or assert additional claims immune to *in pari delicto*, Mechanics and its codefendants could not possibly show there was no possible set of facts consistent with the Trustee's allegations that would overcome *in pari delicto*. Mechanics and its codefendants are therefore not entitled to dismissal of the Trustee's common-law claims because the defense is not irrefutably established based on the Complaint alone. *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 471 (5th Cir. 2006) (reversing dismissal because there were two possible scenarios in which plaintiff could overcome limitations); *Accord U.S. ex rel. Coppock v. Northrop Grumman Corp.*, No. CIV.A. 398CV2143D, 2002 WL 1796979, at *11 (N.D. Tex. Aug. 1, 2002) ("In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint.").

While the Court briefly considered some of the exceptions such as the adverse-interest exception, Order at 13 n.8, the Court did not exhaust all potential exceptions and scenarios in which they might apply. Nor was that the Court's burden–it was Mechanics' and the defendants' burden. Moreover, the Court's summary consideration of the adverse-interest exception and citation to an opinion applying Massachusetts law is precisely the kind of unbriefed observation

that Rule 54(b) reconsideration is designed to address. Under Texas law, the adverse-interest exception is governed by *In re Sunpoint Sec., Inc.*, 377 B.R. 513, 566 (Bankr. E.D. Tex. 2007), and *FDIC v. Ernst & Young*, 967 F.2d 166, 170 (5th Cir. 1992)—authorities the Order does not address because the issue was not briefed. Order at 13 n.8 ("Nor has the Trustee raised this issue."). Furthermore, the Court's consideration of potential exceptions should not be limited to the allegations in the complaint since the Trustee's proposed amendments are not contravened or foreclosed by his present allegations. *Nobre*, 935 F.3d at 442 (explaining "the court was not prohibited from considering sources beyond the pleadings" when considering an affirmative defense at the dismissal stage).

Even limiting the analysis to the Trustee's allegations, none of the allegations preclude the Trustee from establishing the adverse-interest exception, in that all transactions in a Ponzi scheme are fraudulent and harmful to the debtors (hence, the *Ponzi*-scheme presumption of fraud), and the inapplicability of the sole-actor exception to the adverse-interest exception. Indeed, the Complaint notes McClain's daughter worked for Debtors, thus making McClain *not* a sole actor. The Complaint further alleges Mechanics was "'powering Rabo' and working hand-in-hand with it" as if it were still Rabobank, N.A., prior to its acquisition by Mechanics, Compl. ¶ 86, and that Rabo controlled Debtors, Compl. ¶ 92, such that it is possible Mechanics could be considered an insider vis-à-vis its relationship with Rabo at the time. And any additional allegations the Trustee might add to further build an "insider" case against Mechanics, such as Mechanics' regular directives to Debtors regarding where Debtors needed to deposit and/or send money, and in what amounts, and thereby controlled Debtors financial activities, would be consistent with the Trustee's allegation that "Mechanics and Rabo used their *control* over Debtors' bank accounts . . . ." Compl. ¶ 126. Similarly, all facts needed to support a contribution claim are already in the Complaint.

---

**TRUSTEE'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION** **Page 10**

These are not the introductions of "new theories"—they are the correct legal characterizations of, inferences from, and elaborations upon, existing allegations. These potential scenarios are consistent with, and not foreclosed by, the allegations in the Complaint. Regardless, the Trustee was not required to anticipate the Court would depart from recent jurisprudence amongst the bankruptcy courts in the Fifth Circuit and plead all potential facts that would overcome *in pari delicto* prior to the Court's first consideration of the merits of the Trustee's claims.

Mechanics' emphasis on the "three complaints" the Trustee filed also overstates the procedural significance of the earlier amendments. The First Amended Complaint focused on amendments relating to CFSB, and the Second Amended Complaint followed shortly thereafter pursuant to a stipulation with CFSB. No party answered or moved to dismiss the First Amended Complaint before the Second Amended Complaint became the live pleading. As a result, although the Trustee had amended twice as a docket matter, the March 27 Order was the *first* ruling addressing the application of in pari delicto to the Trustee's common-law claims. Pre-ruling amendments do not substitute for the opportunity to address the Court's actual legal analysis. Rule 15(a)(2)'s "freely given" standard is not defeated merely because a plaintiff amended before receiving the Court's ruling on the specific dispositive issue.

Since the Court's consideration of the merits of the *in pari delicto* defense was the first time the Court considered the merits of *any* of the claims and defenses; the Court departed from the majority of courts within this circuit to consider this issue; the Court found there has not been undue delay, bad faith or dilatory motive; and the Trustee has shown amendment would not be futile, the Court should at minimum vacate its order dismissing the common-law claims with prejudice and instead grant the Trustee an opportunity to amend.

**IV.**    **<u>Granting leave to amend would not result in manifest injustice–but denying leave is a manifest injustice.</u>**

Finally, Mechanics argues there is no "manifest injustice" in the Court's Order because the Trustee "is an experienced litigant represented by sophisticated counsel who was well aware of the in pari delicto defense." Mechanics further asserts that "the creditors of the estates are not left without a remedy" because the Trustee retains his statutory avoidance powers.

The first argument proves too much: under Mechanics' reasoning, any represented party who loses on a dispositive motion has no claim to injustice because counsel should have anticipated the adverse ruling. That is not the law. In fact, it is the opposite. The second argument—that creditors have alternative remedies—does not address whether it is *just* to permanently foreclose the Trustee's common-law claims without ever affording him the opportunity to amend in response to the Court's first ruling on a dispositive defense, particularly since the Court's holding deviated from numerous other bankruptcy courts in this district and within the Fifth Circuit.

The Court's Order dismissed the common-law claims with prejudice based on a finding that "[t]here are no additional facts the Trustee could assert that would overcome this defense." The Trustee's Motion—and this Reply—demonstrate that this conclusion was premature. The Trustee has identified at minimum four concrete avenues for amendment: (1) the Texas public-policy exception, supported by over a century of case law; (2) the insider/control exception as to Rabo, supported by allegations already in the SAC; (3) potential insider status as to Mechanics through its relationship with Rabo; and (4) a statutory contribution claim that is legally immune from in pari delicto. Whether every one of these theories ultimately prevails is not the question. If any one of them supplies a plausible, non-futile amendment, dismissal with prejudice cannot stand—that is the entire premise of the futility inquiry.

The Fifth Circuit has held that dismissal with prejudice is appropriate when a complaint has been amended twice and the movant has not shown "what additional facts or information she could provide that would make amendment fruitful." *United States of Am. ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.*, 157 F.4th 758, 765–66 (5th Cir. 2025). But the Trustee *has* identified additional facts and additional legal theories that could overcome the defense. The true manifest injustice is that four sophisticated banking defendants—who are alleged to have facilitated a $100 million-plus Ponzi scheme, who participated in check kiting on a massive scale, whose own employees admitted knowledge of the fraud, and who profited from the scheme—would be permitted to escape accountability for their tortious conduct due to a dismissal with prejudice of common law claims at the 12b6 stage based on an equitable defense analyzed under other courts' applications of other states' laws with different fact scenarios. If there were ever a case in which leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), this is it.

### CONCLUSION

For the foregoing reasons, Mechanics' Objection should be overruled. The Trustee respectfully requests that the Court grant the Trustee's Motion for Reconsideration, vacate the Order, and deny defendants' motions to dismiss based on *in pari delicto*, or alternatively, permit the Trustee leave to amend, and grant such other and further relief as the Court deems just and proper.

Dated: May 8, 2026

Respectfully submitted,

/s/ Alan Dabdoub

Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
P. Campbell Sode
State Bar No. 24134507
csode@lynnllp.com
Farsheed Fozouni
State Bar No. 24097705
ffozouni@lynnllp.com
Steven G. Gersten
State Bar No. 24087579
sgersten@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:     214-981-3800
Facsimile:     214-981-3839

Hudson M. Jobe
State Bar No. 24041189
hjobe@jobelawpllc.com
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
Telephone:     214-807-0563

**SPECIAL COUNSEL TO THE TRUSTEE**